**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**Nos. 06-245T, 06-246T, and 06-247T**
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

**PLAINTIFF MURPHY PORK PARTNERS, LLC'S COUNT OF THE UNITED STATES' INTERROGATORIES**

INTERROGATORY NO. 1: Identify each person that you have reason to believe was involved in the development and marketing of the COBRA transaction, describing each such person's role, and identifying all substantiating documents.

1. **Identify each person that you have reason to believe was involved in the development of the COBRA transaction, describing each such person's role.**
2. **Identify all substantiating documents.**
3. **Identify each person that you have reason to believe was involved in the marketing of the COBRA transaction, describing each such person's role.**
4. **Identify all substantiating documents.**



**EXHIBIT C**

INTERROGATORY NO. 2: For each Individual Participant, identify each person, including, but not limited to, individuals from Ernst & Young, the Deutsche Bank, Jenkens & Gilchrist, Brown & Wood, Proskauer Rose, your personal attorneys, personal accountants, and financial advisors that you had discussions with regarding your proposed investment in the COBRA transactions, and provide a summary of the essential aspects of those discussions.

5. **For each Individual Participant, identify each person that you had discussions with regarding your proposed investment in the COBRA transactions, and provide a summary of the essential aspects of those discussions.**

INTERROGATORY NO. 3: Identify all documents that were provided to you or that you generated or were generated by other individuals during the course of the discussions referred to in your response to Interrogatory No. 2.

6. **Identify all documents that were provided to you or that you generated or were generated by other individuals during the course of the discussions referred to in your response to Interrogatory No. 2.**

INTERROGATORY NO. 4: Identify all capital contributions made by WHM Ventures, LLC, WHMJ, LLC, WMC, LLC, JMN, LLC [sic], and ANB, LLC, to MURFAM Farms, LLC, and the reason for each separate contribution.

**NOT APPLICABLE**

INTERROGATORY NO. 5: Identify all capital contributions made by HDM, LLC, MDM Ventures, LLC, and SKM Ventures to PSM Farms, LLC, and the reason for each separate contribution.

**NOT APPLICABLE**

INTERROGATORY NO. 6: Identify all capital contributions made by WHM Ventures, LLC, WHMJ, LLC, and HDM, LLC, to Murphy Pork Partners, LLC, and the reason for each separate contribution.

7. **Identify all capital contributions made by WHM Ventures, LLC, WHMJ, LLC, and HDM, LLC, to Murphy Pork Partners, LLC.**

8. **Identify the reason for each separate contribution.**

INTERROGATORY NO. 7: During the calendar year 2000, did the Deutsche Bank, on behalf of MURFAM Farms, LLC, PSM Farms, LLC, or Murphy Pork Partners, LLC, buy or sell stock of any banking institutions?

9. **During the calendar year 2000, did the Deutsche Bank, on behalf of Murphy Pork Partners, LLC, buy or sell stock of any banking institutions?**

INTERROGATORY NO. 8: If your answer to the previous interrogatory was "yes", then please identify all persons with whom the Individual Participants consulted concerning these specific stock purchases and state the reasons why this stock was bought and sold during the time period.

10. **If your answer to the previous interrogatory was "yes", then please identify all persons with whom the Individual Participants consulted concerning these specific stock purchases.**

11. **State the reasons why this stock was bought and sold during the time period.**

INTERROGATORY NO. 9: In calendar year 2000, did the Deutsche Bank, on behalf of any of the Plaintiffs, purchase foreign currency?

12. **In calendar year 2000, did the Deutsche Bank, on behalf of Murphy Pork Partners, LLC, purchase foreign currency?**

<u>INTERROGATORY NO. 10:</u> If your answer to the previous interrogatory was "yes", please identify all persons with whom the Individual Participants consulted concerning the purchase of this currency and state the reasons why specific currency was purchased.

**13. Please identify all persons with whom the Individual Participants consulted concerning the purchase of this currency.**

**14. State the reasons why specific currency was purchased.**

<u>INTERROGATORY NO. 11:</u> Describe how the currency options purchased by the Additional Participants and contributed by them to the Plaintiffs were closed out, including, but not limited to, whether or not any of the options were exercised at the end of their term, whether they expired out of the money, or whether they were terminated prior to the expiration of the option period in return for a partial payment.

**15. Describe how the currency options purchased by the Additional Participants and contributed by them to Murphy Pork Partners, LLC were closed out, including, but not limited to, whether or not any of the options were exercised at the end of their term, whether they expired out of the money, or whether they were terminated prior to the expiration of the option period in return for a partial payment.**

<u>INTERROGATORY NO. 12:</u> If any of the options were terminated prior to the expiration of the option period, identify all persons involved in the early termination and why the early termination was made, and explain how the payment amount was determined.

**16. If any of the options were terminated prior to the expiration of the option period, identify all persons involved in the early termination.**

**17. Explain how the payment amount was determined.**

**18. Explain why the early termination was made.**

INTERROGATORY NO. 13: State the source of all income reported on the tax returns of the Plaintiffs and any expenses associated with incurring this income.

**19. State the source of all income reported on the tax return of Murphy Pork Partners, LLC.**

**20. State the source of all expenses associated with incurring this income.**

INTERROGATORY NO. 14: Please describe all representations that the Individual Participants made to Proskauer Rose for purposes of the preparations of legal opinions of the Transactions, including, but not limited to, their representations referenced on pages 2-4 of the letters from Proskauer Rose to each of the Individual Participants, detailing as to each such representation the date of the representation, the mode of the representation (e.g. whether by telephone, letter, facsimile, e-mail, in person, or any other form), the identity of all persons party to the representation, the substance of the representation, and the identity of all substantiating documents.

**21. Please describe all representations that the Individual Participants made to Proskauer Rose for purposes of the preparations of legal opinions of the Transactions, including, but not limited to, their representations referenced on pages 2-4 of the letters from Proskauer Rose to each of the Individual Participants, detailing as to each such representation the date of the representation, the mode of the representation (e.g. whether by telephone, letter, facsimile, e-mail, in person, or any other form), the identity of all persons party to the representation, and the substance of the representation.**

**22. Identify all substantiating documents.**

INTERROGATORY NO. 15: To the extent that you contend that there was a business purpose for the formation of the Plaintiffs and the Additional Participants, as to each entity fully describe the basis for your contention that there was a business purpose for the formation of that entity and identify all substantiating documents.

**23. Fully describe the basis for your contention that there was a business purpose for the formation of Murphy Pork Partners, LLC.**

**24. Identify all substantiating documents.**

**25. Fully describe the basis for your contention that there was a business purpose for the formation of WHM Ventures, LLC.**

**26. Identify all substantiating documents.**

**27. Fully describe the basis for your contention that there was a business purpose for the formation of WHMJ LLC.**

**28. Identify all substantiating documents.**

**29. Fully describe the basis for your contention that there was a business purpose for the formation of HDM, LLC.**

**30. Identify all substantiating documents.**

**31. Fully describe the basis for your contention that there was a business purpose for the formation of Murphy Pork, Inc.**

**32. Identify all substantiating documents.**

INTERROGATORY NO. 16: Describe fully the investment experience that each Individual Participant had with the purchase and sale of foreign currency derivatives, and specifically including European digital options on foreign currencies prior to their investment, through LLCs, in the COBRA transactions.

**33. Describe fully the investment experience that each Individual Participant had with the purchase and sale of foreign currency derivatives, and specifically including European digital options on foreign currencies prior to their investment, through LLCs, in the COBRA transactions.**

<u>INTERROGATORY NO. 17:</u> If any of the Individual Participants purchased or sold foreign currency options prior to April 14, 2000, either directly or indirectly, as to each such trade describe the transaction, including the date, the amounts, the currencies and the parties, and identify all substantiating documents, including the tax returns on which those transactions were reported.

**34. If any of the Individual Participants purchased or sold foreign currency options prior to April 14, 2000, either directly or indirectly, as to each such trade describe the transaction, including the date, the amounts, the currencies and the parties.**

**35. Identify all substantiating documents, including the tax returns on which those transactions were reported.**

<u>INTERROGATORY NO. 18:</u> List all fees incurred by Plaintiffs, the Additional Participants, and the Individual Participants on the purchase of the Transactions, including, but not limited to fees paid to Ernst & Young, Jenkens & Gilchrist, Deutsche Bank, Scheef & Stone, Proskauer Rose, and any law, accounting or financial services' firms who provided services in connection with the purchase of the COBRA transactions and the reporting of the tax consequences of the Transactions on the 2000 federal income tax returns filed by Plaintiffs, the Additional Participants, and/or the Individual Participants.

**36. List all fees incurred by Murphy Pork Partners, LLC, the Additional Participants, and the Individual Participants on the purchase of the Transactions, including, but not limited to fees paid to Ernst & Young, Jenkens & Gilchrist, Deutsche Bank, Scheef & Stone, Proskauer Rose, and any law, accounting or financial services' firms who provided services in connection with the purchase of the COBRA transactions and the reporting of the tax consequences of the Transactions on the 2000 federal income tax returns filed by Murphy Pork Partners, LLC, the Additional Participants, and/or the Individual Participants.**

INTERROGATORY NO. 19: For each of the fees listed in your response to the previous Interrogatory, identify the person or entity who was invoiced for such amount, and identify the person or entity who made the payment of the amount, and where the person or entity making the payment is different than who was invoiced for the amount, provide an explanation for this difference.

**37. For each of the fees listed in your response to the previous Interrogatory, identify the person or entity who was invoiced for such amount, and identify the person or entity who made the payment of the amount, and where the person or entity making the payment is different than who was invoiced for the amount, provide an explanation for this difference.**

INTERROGATORY NO. 20: Identify each person that was involved in the preparation and/or review of the tax returns that were filed by the Plaintiffs, the Individual Participants, and/or the Additional Participants, on which the Transactions were reported, listing as to each such person

all communications regarding the preparation any of these tax returns, the substance of those communications, and the identity of all substantiating documents.

**38. Identify each person that was involved in the preparation and/or review of the tax returns that were filed by Murphy Pork Partners, LLC and Murphy Pork Inc., on which the Transactions were reported, listing as to each such person all communications regarding the preparation any of these tax returns, the substance of those communications.**

**39. Identify all substantiating documents.**

**40. Identify each person that was involved in the preparation and/or review of the tax returns that were filed by the Individual Participants on which the Transactions were reported, listing as to each such person all communications regarding the preparation any of these tax returns, the substance of those communications.**

**41. Identify all substantiating documents.**

INTERROGATORY NO. 21: State whether the Individual Participants were aware that Ernst & Young was coordinating the preparation of the returns for all COBRA participants and, if so, detail the Individual Participants' understanding of the reason for so doing and identify all substantiating documents.

**42. State whether the Individual Participants were aware that Ernst & Young was coordinating the preparation of the returns for all COBRA participants.**

**43. Detail the Individual Participants' understanding of the reason for so doing.**

**44. Identify all substantiating documents.**

INTERROGATORY NO. 22: If any of the Individual Participants ever discussed the manner in which the fees paid to Ernst & Young, and/or Proskauer Rose were to be reported on their tax returns, please detail the date of any such discussions, all persons who were party to those discussions, the substance of those discussions, and the identity of all substantiating documents.

**45. If any of the Individual Participants ever discussed the manner in which the fees paid to Ernst & Young, and/or Proskauer Rose were to be reported on their tax returns, please detail the date of any such discussions, all persons who were party to those discussions, and the substance of those discussions.**

**46. Identify all substantiating documents.**

INTERROGATORY NO. 23: State whether any of the Individual Participants were members of the class in *Camferdam, et al. v. Ernst & Young International, Inc., et al.*, No. 02 Civ. 10100 (S.D.N.Y.)(BSJ)(Class Action), and if so, as to each, the date(s) upon which he read the complaint, amended complaint, and/or second amended complaint in that action (or any portions thereof), the portions of the complaint(s) that he read at that time, and identify any substantiating documents.

**47. State whether any of the Individual Participants were members of the class in *Camferdam, et al. v. Ernst & Young International, Inc., et al.*, No. 02 Civ. 10100 (S.D.N.Y.)(BSJ)(Class Action), and if so, as to each, the date(s) upon which he read the complaint, amended complaint, and/or second amended complaint in that action (or any portions thereof), the portions of the complaint(s) that he read at that time.**

**48. Identify any substantiating documents.**

<u>INTERROGATORY NO. 24:</u> If the Plaintiffs, any of the Additional Participants, and/or any Individual Participant opted out of the Class Action, identify as to each the date on which they opted out, the reasons for their decision to opt out, and identify any substantiating documents.

**49. If Murphy Pork Partners, LLC, any of the Additional Participants, and/or any Individual Participant opted out of the Class Action, identify as to each the date on which they opted out.**

**50. State the reasons for their decision to opt out.**

**51. Identify any substantiating documents.**

<u>INTERROGATORY NO. 25:</u> If the Plaintiffs, any of the Additional Participants, and/or Individual Participant participate in the Mediated Settlement Agreement in the Class Action, identify as to each the date on which they began their participation, the extent of their participation, and identify any substantiating documents.

**52. If Murphy Pork Partners, LLC, any of the Additional Participants, and/or Individual Participant participate in the Mediated Settlement Agreement in the Class Action, identify as to each the date on which they began their participation, and the extent of their participation.**

**53. Identify any substantiating documents.**

<u>INTERROGATORY NO. 26:</u> In the Second Amended Complaint filed in the Class Action, it was alleged at ¶ 61 that:

> Plaintiffs and all other Class members entered into FX Contracts during the Class Period that were structured similarly, if not identically, to those described in paragraphs 57-60 herein. In most cases, both options expired "out of the money," thus allowing the Deutsche Defendants to retain the fees they had received. In any event, all Plaintiffs and Class Members lost money after taking into account the fees paid to Jenkens, the Deutsche Defendants and the Marketing Participants (e.g. the Ernst & Young Defendants). Neither the dates nor the currencies are believed to be material to the transactions, as it was represented that such would

not affect the outcome of the transaction. Specifically, it was represented by the Marketing Participants that, regardless of the currencies chosen as the basis for the FX Contracts, the probable outcome was a 38% likelihood of making 31% on the investment at the conclusion of a thirty-day period.

Regardless as to whether or not the Plaintiffs or any of the Individual Participants or Additional Participants were members of the Class Action suit or even whether any of the Individual Participants had previously read the Class Complaint, state whether you agree or disagree with each of these allegations, describing as to each of these allegations the factual and/or legal basis for your agreement and/or disagreement and identifying all substantiating documents.

**54. State whether you agree or disagree with "Plaintiffs and all other Class members entered into FX Contracts during the Class Period that were structured similarly, if not identically, to those described in paragraphs 57-60 herein."**

**55. Describe the factual and/or legal basis for your agreement and/or disagreement.**

**56. Identify all substantiating documents.**

**57. State whether you agree or disagree with "In most cases, both options expired "out of the money," thus allowing the Deutsche Defendants to retain the fees they had received."**

**58. Describe the factual and/or legal basis for your agreement and/or disagreement.**

**59. Identify all substantiating documents.**

**60. State whether you agree or disagree with "In any event, all Plaintiffs and Class Members lost money after taking into account the fees paid to Jenkens,**

**the Deutsche Defendants and the Marketing Participants (e.g. the Ernst & Young Defendants).”**

61. **Describe the factual and/or legal basis for your agreement and/or disagreement.**
62. **Identify all substantiating documents.**
63. **State whether you agree or disagree with “Neither the dates nor the currencies are believed to be material to the transactions, as it was represented that such would not affect the outcome of the transaction.”**
64. **Describe the factual and/or legal basis for your agreement and/or disagreement.**
65. **Identify all substantiating documents.**
66. **State whether you agree or disagree with “it was represented by the Marketing Participants that, regardless of the currencies chosen as the basis for the FX Contracts, the probable outcome was a 38% likelihood of making 31% on the investment at the conclusion of a thirty-day period.”**
67. **Describe the factual and/or legal basis for your agreement and/or disagreement.**
68. **Identify all substantiating documents.**

INTERROGATORY NO. 27: In the Second Amended Complaint filed in the Class Action, it was alleged at ¶ 64 that the defendants therein engaged in misrepresentations and omissions of material fact by –

- Failing to disclose the true likelihood that the FX Contracts would pay out;
- Failing to disclose that the Defendants retained virtually unlimited discretion to determine whether the Digital Options would pay out

therefore, could ensure, if they so chose, that the Digital Options would *not* pay out; and

- Failing to apprise the Plaintiffs and Class Members that the FX Contract had no reasonable possibility of a profit (certainly not in excess of the fees paid), and that, in reality, the net effect of the Digital Options they were purchasing and selling was nothing more than a wager, like buying a lottery ticket, on where the price of the underlying currency would be at exactly 10 a.m. on a given date thirty days hence.

Regardless as to whether or not the Plaintiffs or any of the Individual Participants or Additional Participants were members of the Class Action suit or even whether any of the Individual Participants had previously read the Class Complaint, state whether you agree or disagree with each of these allegations, or any part thereof, describing as to each of these allegations the factual and/or legal basis for your agreement and/or disagreement and identifying all substantiating documents.

**69. State whether you agree or disagree with "Failing to disclose the true likelihood that the FX Contracts would pay out."**

**70. Describe the factual and/or legal basis for your agreement and/or disagreement.**

**71. Identify all substantiating documents.**

**72. State whether you agree or disagree with "Failing to disclose that the Defendants retained virtually unlimited discretion to determine whether the Digital Options would pay out and therefore, could ensure, if they so chose, that the Digital Options would *not* pay out."**

**73. Describe the factual and/or legal basis for your agreement and/or disagreement.**

**74. Identify all substantiating documents.**

**75. State whether you agree or disagree with "Failing to apprise the Plaintiffs and Class Members that the FX Contracts had no reasonable possibility of a profit (certainly not in excess of the fees paid), and that, in reality, the net effect of the Digital Options they were purchasing and selling was nothing more than a wager, like buying a lottery ticket, on where the price of the underlying currency would be at exactly 10 a.m. on a given date thirty days hence."**

**76. Describe the factual and/or legal basis for your agreement and/or disagreement.**

**77. Identify all substantiating documents.**

INTERROGATORY NO. 28: In the Second Amended Complaint filed in the Class Action, it was alleged at ¶ 339 that "the Defendants knowingly acted in concert to market and implement the fraudulent and illegal COBRA tax shelter transaction." Regardless as to whether or not the Plaintiffs or any of the Individual Participants or Additional Participants were members of the Class Action suit or even whether any of the Individual Participants had previously read the Class Complaint, state whether you agree or disagree with this allegation, describing the factual and/or legal basis for your agreement and/or disagreement and identifying all substantiating documents.

**78. In the Second Amended Complaint filed in the Class Action, it was alleged at ¶ 339 that "the Defendants knowingly acted in concert to market and implement the fraudulent and illegal COBRA tax shelter transaction." Regardless as to whether or not the Plaintiffs or any of the Individual Participants or Additional Participants were members of the Class Action**

**suit or even whether any of the Individual Participants had previously read the Class Complaint, state whether you agree or disagree with this allegation.**

79. **Describe the factual and/or legal basis for your agreement and/or disagreement.**

80. **Identify all substantiating documents.**

INTERROGATORY NO. 29: During the marketing, promotion and/or sale of the Transactions to the Individual Participants, detail what, if anything, was communicated to the Individual Participants with respect to Jenkens & Gilchrist and its role in the development and/or implementation of the Transactions, including, but not limited to, whether the Individual Participants were asked to sign a Jenkens & Gilchrist confidentiality agreement.

81. **Detail what, if anything, was communicated to the Individual Participants with respect to Jenkens & Gilchrist and its role in the development of the Transactions, including, but not limited, to whether the Individual Participants were asked to sign a Jenkens & Gilchrist confidentiality agreement.**

82. **Detail what, if anything, was communicated to the Individual Participants with respect to Jenkens & Gilchrist and its role in the implementation of the Transactions.**

INTERROGATORY NO. 30: During the marketing, promotion and/or sale of the Transactions to the Individual Participants, detail what, if anything, was communicated to the Individual Participants with respect to Proskauer Rose and its role in the development and/or implementation of the Transactions, including, but not limited to, whether the Individual Participants were asked to sign a Proskauer Rose confidentiality agreement.

**83. Detail what, if anything, was communicated to the Individual Participants with respect to Proskauer Rose and its role in the development of the Transactions, including, but not limited, to whether the Individual Participants were asked to sign a Proskauer Rose confidentiality agreement.**

**84. Detail what, if anything, was communicated to the Individual Participants with respect to Proskauer Rose and its role in the implementation of the Transactions.**

INTERROGATORY NO. 31: Please identify, and provide the information listed below for, every person having knowledge of the formation of the entities, the purpose for such entities, and the series of transactions described in Part V of the Complaints, whether or not the person has information supporting Plaintiffs' claims:

- the person's full name;
- the person's present or last known address and telephone number;
- the person's present or last known place of employment, when referring to a natural person;
- the person's occupation, employer, and title at that employer during the period of 1999-2001, when referring to a natural person;
- and the subject matter and a brief summary of the person's knowledge.

Please organize this information in a table sorted alphabetically by the last name of each person.

**85. Please identify, and provide the [requested] information listed below for, every person having knowledge of the formation of the entities.**

**86. Please identify, and provide the [requested] information listed below for, every person having knowledge of the purpose for such entities.**

87. Please identify, and provide the [requested] information listed below for, every person having knowledge of the investment in foreign currency digital options.

88. Please identify, and provide the [requested] information listed below for, every person having knowledge of the contributions of the foreign currency digital options by the partners to Murphy Pork Parnters, LLC.

89. Please identify, and provide the [requested] information listed below for, every person having knowledge of the distribution of the partnership interests by the Additional Participant LLCs to the Individual Participants.

90. Please identify, and provide the [requested] information listed below for, every person having knowledge of the acquisition and sale of publicly traded stocks and securities by Murphy Pork Partners, LLC.

91. Please identify, and provide the [requested] information listed below for, every person having knowledge of the acquisition of foreign currency by Murphy Pork Partners, LLC.

92. Please identify, and provide the [requested] information listed below for, every person having knowledge of the contribution of the partnership interests in Murphy Pork Partners, LLC to Murphy Pork, Inc.

93. Please identify, and provide the [requested] information listed below for, every person having knowledge of the liquidation of Murphy Pork Partners, LLC and distribution of all of its assets to Murphy Pork, Inc.

**94. Please identify, and provide the [requested] information listed below for, every person having knowledge of the sale of foreign currency by Murphy Pork, Inc.**

INTERROGATORY NO. 32: Please identify, and provide the information listed below for every person that was involved in the design and/or development of the transactions described in Part V of the Complaints, whether or not the person has information supporting Plaintiffs' claims:

- the person's full name;
- the person's present or last known address and telephone number;
- the person's present or last known place of employment, when referring to a natural person;
- the person's occupation, employer, and title at that employer during the period of 1999-2001, when referring to a natural person; and
- the subject matter and a brief summary of the person's knowledge.

Please organize this information in a table sorted alphabetically by the last name of each person.

**95. Please identify, and provide the [requested] information listed below for, every person that was involved in the design and/or development of the transactions.**

INTERROGATORY NO. 33: Please explain completely and accurately how the Individual Participants and/or any advisor thereof were first introduced or became aware of the transactions in Part V of the Complaint.

**96. Please explain completely and accurately how the Individual Participants and/or any advisor thereof were first introduced or became aware of the transactions in Part V of the Complaint.**

INTERROGATORY NO. 34: Please identify, and provide the information listed below for every communication the Individual Participants and/or any advisor thereof have had with any person concerning the transactions described in Part V of the Complaints:

- the date on which the communication was made;
- the means of communication (e.g., in person, by phone, by email, by fax), and, if in person, the place where the communication was made;
- the person who made the communication;
- the person to whom the communication was made;
- the person who heard or received any portion of the communication, if different or in addition to those individuals to whom the communication was made;
- the duration of the communication;
- the nature and content of the communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;
- the nature, content, and person making any response, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words; and
- a description of any document memorializing the communication.

Please organize this information in a table sorted chronologically by the date on which the communication was made.

97. Please identify, and provide the [requested] information listed below for, every communication the Individual Participants and/or any advisor thereof have had with any person concerning the investment in foreign currency digital options.

98. Describe any document memorializing the communication.

99. Please identify, and provide the [requested] information listed below for, every communication the Individual Participants and/or any advisor thereof have had with any person concerning the contributions of the foreign currency digital options by the partners to Murphy Pork Partners, LLC.

100. Describe any document memorializing the communication.

101. Please identify, and provide the [requested] information listed below for, every communication the Individual Participants and/or any advisor thereof have had with any person concerning the distribution of the partnership interests by the Additional Participant LLCs to the Individual Participants.

102. Describe any document memorializing the communication.

103. Please identify, and provide the [requested] information listed below for, every communication the Individual Participants and/or any advisor thereof have had with any person concerning the acquisition and sale of publicly traded stocks and securities by Murphy Pork Partners, LLC.

104. Describe any document memorializing the communication.

105. Please identify, and provide the [requested] information listed below for, every communication the Individual Participants and/or any advisor thereof have had with any person concerning the acquisition of foreign currency.

**106. Describe any document memorializing the communication.**

**107. Please identify, and provide the [requested] information listed below for, every communication the Individual Participants and/or any advisor thereof have had with any person concerning the contribution of the partnership interests in Murphy Pork Partners, LLC to Murphy Pork, Inc.**

**108. Describe any document memorializing the communication.**

**109. Please identify, and provide the [requested] information listed below for, every communication the Individual Participants and/or any advisor thereof have had with any person concerning the liquidation of Murphy Pork Partners, LLC and the distribution of all of its assets to Murphy Pork, Inc.**

**110. Describe any document memorializing the communication.**

**111. Please identify, and provide the [requested] information listed below for, every communication the Individual Participants and/or any advisor thereof have had with any person concerning the sale of foreign currency by Murphy Pork, Inc.**

**112. Describe any document memorializing the communication.**

INTERROGATORY NO. 35: Please identify and provide the information listed below for every marketing or other material used in presenting the transactions described in Part V of the Complaints to the Individual Participants and/or any advisor thereof:

- type of document or other tangible thing;
- general subject matter;
- date of the document or other tangible thing; and
- author(s), addressee(s), and recipient(s).