# In the United States Court of Federal Claims

No. 06-245 T

(Filed: February 13, 2008)

****************************************
**MURFAM FARMS, LLC,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
****************************************

## ORDER

On November 15, 2007, Defendant filed a motion to compel responses to interrogatories pursuant to Rules 37(a) and 37(d) of the Rules of the United States Court of Federal Claims (RCFC). By its motion, Defendant seeks an order compelling Plaintiffs to respond to a set of interrogatories that Plaintiffs objected to. Def.'s Mot. at 1. In the alternative, Defendant moves for an order enlarging discovery under RCFC 26(b)(2). *Id.* Defendant's motion also seeks an award of attorneys' fees and expenses associated with bringing the present motion, pursuant to RCFC 37(a)(4)(A). *Id.* at 5.

Defendant served on Plaintiffs a set of interrogatories, numbered 71-95, on September 25, 2007. *Id.* at 2. Each of these interrogatories was a contention interrogatory. On October 26, 2007, Plaintiffs objected to each interrogatory on the basis that Defendant had exceeded the allowable number of interrogatories. Def.'s Reply at 4. It was on November 6, 2007, that Plaintiffs informed Defendant of the specific grounds for these objections. Def.'s Mot. at 4. Plaintiffs contend that the interrogatories they answered prior to the September 25 set of interrogatories consisted of compound questions having multiple discrete subparts. *Id.* at 3. Counting each subpart as a separate question, Plaintiff refused to answer Defendant's September 25 interrogatories on the basis that Defendant had already served more than the permissible number of interrogatories. *Id.* at 2.

According to RCFC 33, "[w]ithout leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number . . . ." The

Court's Order of October 5, 2006, increased the permissible number of interrogatories to a "maximum of one hundred (100) per party for each of the three cases" consolidated in this action. Defendant admits that it misnumbered the September 25 set of interrogatories, and in fact should have labeled its interrogatories 92-116. *Id.* However, Defendant contends it is entitled to 300 total interrogatories in the consolidated cases, and thus its 116 interrogatories would not exceed the allowable number. *Id.* To counter Plaintiffs' compound question argument, Defendant cites several cases, not binding on this Court, for the proposition that an interrogatory subpart should not be counted as a separate question if (1) taken together, the subparts constitute a common theme or (2) the subparts are logically, factually, and/or necessarily related to the primary question. Def.'s Mot. at 3 (*citing Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 620 (D. Kan. 2005); *Ginn v. Gemini, Inc.*, 137 F.R.D. 320, 322 (D. Nev. 1991)). In the alternative, if the Court were to find that Defendant has exceeded its interrogatory limit, Defendant asks the Court to enlarge discovery to permit Defendant to propound its September 25 set of interrogatories. Def.'s Mot. at 4.

In response, Plaintiffs contend Defendant exceeded its 100-interrogatory per-party limit before the September 25 set, and fails to demonstrate a particularized need to enlarge discovery. Pl.'s Opp'n at 1-2. Plaintiffs contend that Defendant had already propounded more than 170 interrogatories on each party before Defendant served its September 25 set. Pl.'s Opp'n at 3-4. However, Plaintiffs admit they did not object to Defendant's interrogatories on the grounds that Defendant had exceeded its limit, before the present dispute arose. Def.'s Reply at 3; Pl's Opp'n at 13 ("Plaintiffs did not object to certain excessive interrogatories served prior to those at issue"). In other words, Plaintiffs did not object to the previous interrogatories for being compound questions until after Plaintiffs had already answered them. Additionally, Plaintiffs assert that allowing the parties to attempt to stipulate to the facts and issues in Defendant's interrogatories would be more efficient than ordering Plaintiffs to respond to the interrogatories. Pl.'s Opp'n at 15.

"Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court." *Florsheim Shoe Co. v. U.S.*, 744 F.2d 789, 797 (Fed. Cir. 1984) (*citing Marroquin-Manriquez v. INS*, 699 F.2d 129, 134 (3d Cir. 1983)). In general, the scope and conduct of discovery should be directed "to allow the defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case." *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). Here, because Plaintiffs have already answered, without objection, the interrogatories Defendant propounded before the current set, the Court declines to retroactively consider whether they exceeded the maximum allowable number by containing multiple subparts. *See AAB Joint Venture v. United States*, 75 Fed. Cl. 448, 457 (2007) (regarding interrogatory objections, "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown").

On October 5, 2006, the Court specified a maximum number of 100 interrogatories "per

party" for each of the three cases consolidated into this action. By its own admission, Defendant is attempting to propound interrogatories numbered up to 116 upon Plaintiffs. Def.'s Mot. at 2. Defendant misconstrues the Court's Order when it states it "is entitled to serve 300 interrogatories . . . ." *Id.* Pursuant to the October 5 Order, Defendant may propound 100 interrogatories upon each of the three parties. Because Defendant has submitted all of its interrogatories individually to each Plaintiff, the interrogatories numbered 101-116 exceed the allowable number.

Therefore, the Court must consider whether to enlarge Defendant's discovery to allow for the sixteen additional interrogatories. RCFC 33(a) states that "[l]eave to serve additional interrogatories shall be granted to the extent consistent with the principles of RCFC 26(b)(2)."[1] Defendant's interrogatories are contention interrogatories. The sixteen interrogatories are not unreasonably cumulative or burdensome because Plaintiffs, preparing for trial, have formed these contentions already. Also, because Defendant's interrogatories ask Plaintiffs to state their views on applications of law to fact, there is no source other than Plaintiffs that can supply the information. Contention interrogatories, such as these, can be an efficient way for the parties to determine each other's theories and narrow the disputed issues. *See, e.g., Exxon Research and Eng'g Co. v. United States*, 44 Fed. Cl. 597 (1999). And, contention interrogatories can be particularly appropriate at the end of discovery, after facts have been ascertained and theories more fully developed. Regarding Plaintiffs' proffered alternative of stipulating to facts and issues, the Court sees no reason why the parties cannot continue to discuss the possibility of stipulation, whether or not related to the September 25 set of interrogatories. Thus, the Court finds sufficient reason to enlarge Defendant's discovery to permit the sixteen interrogatories, which, at present, seem to be aimed at narrowing issues before trial.

Accordingly, the Court hereby GRANTS Defendant's motion to compel and GRANTS Defendant's motion to enlarge discovery by sixteen interrogatories. Plaintiffs are ORDERED to respond to Defendant's last set of interrogatories on or before March 14, 2008.

In regard to Defendant's request for attorneys' fees and expenses under RCFC 37(a)(4)(A), the Court does not find that Plaintiff's objections to Defendant's interrogatories were unjustified. Defendant did exceed the allowable number of interrogatories of the Order dated October 5, 2006, and Plaintiffs' count of Defendant's interrogatories is sufficiently

---

[1] RCFC 26(b)(2)(C) contains the standard by which a court may limit otherwise allowable discovery:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . .

reasonable to avoid sanctions. Accordingly, Defendant's motion for an award of attorneys' fees and expenses is DENIED.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge