C Treas. Reg. § 1.6662-4

**Effective: [See Text Amendments]**

Code of Federal Regulations Currentness
Title 26. Internal Revenue
Chapter I. Internal Revenue Service, Department of the Treasury
Subchapter A. Income Tax
Part 1. Income Taxes (Refs & Annos)
Procedure and Administration
Additions to the Tax, Additional Amounts, and Assessable Penalties

**→§ 1.6662-4 Substantial understatement of income tax.**

**(a) In general.** If any portion of an underpayment, as defined in section 6664(a) and § 1.6664-2, of any income tax imposed under subtitle A of the Code that is required to be shown on a return is attributable to a substantial understatement of such income tax, there is added to the tax an amount equal to 20 percent of such portion. Except in the case of any item attributable to a tax shelter (as defined in paragraph (g)(2) of this section), an understatement is reduced by the portion of the understatement that is attributable to the tax treatment of an item for which there is substantial authority, or with respect to which there is adequate disclosure. General rules for determining the amount of an understatement are set forth in paragraph (b) of this section and more specific rules in the case of carrybacks and carryovers are set forth in paragraph (c) of this section. The rules for determining when substantial authority exists are set forth in § 1.6662-4(d). The rules for determining when there is adequate disclosure are set forth in § 1.6662-4(e) and (f). This penalty does not apply to the extent that the reasonable cause and good faith exception to this penalty set forth in § 1.6664-4 applies.

**(b) Definitions and computational rules--(1) Substantial.** An understatement (as defined in paragraph (b)(2) of this section) is "substantial" if it exceeds the greater of--

**(i)** 10 percent of the tax required to be shown on the return for the taxable year (as defined in paragraph (b)(3) of this section); or

**(ii)** $5,000 ($10,000 in the case of a corporation other than an S corporation (as defined in section 1361(a)(1)) or a personal holding company (as defined in section 542)).

**(2) Understatement.** Except as provided in paragraph (c)(2) of this section (relating to special rules for carrybacks), the term "understatement" means the excess of--

**(i)** The amount of the tax required to be shown on the return for the taxable year (as defined in paragraph (b)(3) of this section), over

**(ii)** The amount of the tax imposed which is shown on the return for the taxable year (as defined in paragraph (b)(4) of this section), reduced by any rebate (as defined in paragraph (b)(5) of this section).

The definition of understatement also may be expressed as--

Understatement = X - (Y - Z)

where X = the amount of the tax required to be shown on the return; Y = the amount of the tax imposed which is shown on the return; and Z = any rebate.

**(3) Amount of the tax required to be shown on the return.** The "amount of the tax required to be shown on the return" for the taxable year has the same meaning as the "amount of income tax imposed" as defined in § 1.6664-2(b).

**(4) Amount of the tax imposed which is shown on the return.** The "amount of the tax imposed which is shown on the return" for the taxable year has the same meaning as the "amount shown as the tax by the taxpayer on his return," as defined in § 1.6664-2(c), except that--

**(i)** There is no reduction for the excess of the amount described in § 1.6664-2(c)(1)(i) over the amount described in § 1.6664-2(c)(1)(ii), and

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.



EXHIBIT 9

(ii) The tax liability shown by the taxpayer on his return is recomputed as if the following items had been reported properly:

(A) Items (other than tax shelter items as defined in § 1.6662-4(g)(3)) for which there is substantial authority for the treatment claimed (as provided in § 1.6662-4(d)).

(B) Items (other than tax shelter items as defined in § 1.6662-4(g)(3)) with respect to which there is adequate disclosure (as provided in § 1.6662-4(e) and (f)).

(C) Tax shelter items (as defined in § 1.6662-4(g)(3)) for which there is substantial authority for the treatment claimed (as provided in § 1.6662- 4(d)), and with respect to which the taxpayer reasonably believed that the tax treatment of the items was more likely than not the proper tax treatment (as provided in § 1.6662-4(g)(4)).

**(5) Rebate.** The term rebate has the meaning set forth in § 1.6664-2(e), except that--

(i) "Amounts not so shown previously assessed (or collected without assessment)" includes only amounts not so shown previously assessed (or collected without assessment) as a deficiency, and

(ii) The amount of the rebate is determined as if any items to which the rebate is attributable that are described in paragraph (b)(4) of this section had received the proper tax treatment.

**(6) Examples.** The following examples illustrate the provisions of paragraph (b) of this section. These examples do not take into account the reasonable cause exception under § 1.6664-4:

**Example 1.** In 1990, Individual A, a calendar year taxpayer, files a return for 1989, which shows taxable income of $18,200 and tax liability of $2,734. Subsequent adjustments on audit for 1989 increase taxable income to $51,500 and tax liability to $12,339. There was substantial authority for an item resulting in an adjustment that increases taxable income by $5,300. The item is not a tax shelter item. In computing the amount of the understatement, the amount of tax shown on A's return is determined as if the item for which there was substantial authority had been given the proper tax treatment. Thus, the amount of tax that is treated as shown on A's return is $4,176, i.e., the tax on $23,500 ($18,200 taxable income actually shown on A's return plus $5,300, the amount of the adjustment for which there was substantial authority). The amount of the understatement is $8,163, i.e., $12,339 (the amount of tax required to be shown) less $4,176 (the amount of tax treated as shown on A's return after adjustment for the item for which there was substantial authority). Because the $8,163 understatement exceeds the greater of 10 percent of the tax required to be shown on the return for the year, i.e., $1,234 ($12,339 x .10) or $5,000, A has a substantial understatement of income tax for the year.

**Example 2.** Individual B, a calendar year taxpayer, files a return for 1990 that fails to include income reported on an information return, Form 1099, that was furnished to B. The Service detects this omission through its document matching program and assesses $3,000 in unreported tax liability. B's return is later examined and as a result of the examination the Service makes an adjustment to B's return of $4,000 in additional tax liability. Assuming there was neither substantial authority nor adequate disclosure with respect to the items adjusted, there is an understatement of $7,000 with respect to B's return. There is also an underpayment of $7,000. (See § 1.6664-2.) The amount of the understatement is not reduced by imposition of a negligence penalty on the $3,000 portion of the underpayment that is attributable to the unreported income. However, if the Service does impose the negligence penalty on this $3,000 portion, the Service may only impose the substantial understatement penalty on the remaining $4,000 portion of the underpayment. (See § 1.6662-2(c), which prohibits stacking of accuracy-related penalty components.)

**(c) Special rules in the case of carrybacks and carryovers--(1) In general.** The penalty for a substantial understatement of income tax applies to any portion of an underpayment for a year to which a loss, deduction or credit is carried that is attributable to a "tainted item" for the year in which the carryback or carryover of the loss, deduction or credit arises (the "loss or credit year"). The determination of whether an understatement is substantial for a carryback or carryover year is made with respect to the return of the carryback or carryover year. "Tainted items" are taken into account with items arising in a carryback or carryover year to determine whether the

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

understatement is substantial for that year.

(2) **Understatements for carryback years not reduced by amount of carrybacks.** The amount of an understatement for a carryback year is not reduced on account of a carryback of a loss, deduction or credit to that year.

(3) **Tainted items defined--(i) In general.** Except in the case of a tax shelter item (as defined in paragraph (g)(3) of this section), a "tainted item" is any item for which there is neither substantial authority nor adequate disclosure with respect to the loss or credit year.

(ii) **Tax shelter items.** In the case of a tax shelter item (as defined in paragraph (g)(3) of this section), a "tainted item" is any item for which there is not, with respect to the loss or credit year, both substantial authority and a reasonable belief that the tax treatment is more likely than not the proper treatment.

(4) **Transition rule for carrybacks to pre-1990 years.** A 20 percent penalty under section 6662(b)(2) is imposed on any portion of an underpayment for a carryback year, the return for which is due (without regard to extensions) before January 1, 1990, if--

(i) That portion is attributable to one or more "tainted items" (as defined in paragraph (c)(3) of this section) arising in a loss or credit year; and

(ii) The return for the loss or credit year is due (without regard to extensions) after December 31, 1989.

The preceding sentence applies only if the understatement in the carryback year is substantial. See Example 2 in paragraph (c)(5) of this section.

(5) **Examples.** The following examples illustrate the rules of paragraph (c) of this section regarding carrybacks and carryovers. These examples do not take into account the reasonable cause exception under § 1.6664-4.

**Example 1.** (i) Corporation N, a calendar year taxpayer, is a C corporation. N was formed on January 1, 1987, and timely filed the following income tax returns:

[In dollars]

| | Tax Year | | | |
|---|---|---|---|---|
| | 1987 | 1988 | 1989 | 1990 (before NOLCO) |
| Taxable income | 30,000 | 100,000 | (300,000) | 50,000 |
| Tax liability | 4,575 | 22,250 | ........ | 7,500 |

(ii) During 1990, N files Form 1139, Corporation Application for Tentative Refund, to carry back the NOL generated in 1989 (NOLCB). N received refunds of $4,575 for 1987 and $22,250 for 1988.

(iii) For tax year 1990, N carries over $50,000 of the 1989 loss to offset $50,000 of income earned in 1990 and reduce taxable income to zero. N would have reported $7,500 of tax liability for 1990 if it were not for use of the net operating loss carryover (NOLCO). N assumes there is a remaining NOLCO of $120,000 to be applied for tax year 1991.

(iv) In June 1991, the Service completes its examination of the 1989 loss year return and makes the following adjustment:

| | |
|---|---|
| Taxable income per 1989 return | ($300,000) |
| Adjustment: Unreported income | 310,000 |
| Corrected taxable income | $10,000 |
| Corrected tax liability | $1,500 |

(v) There was not substantial authority for N's treatment of the items comprising the 1989 adjustment and N did not make adequate disclosure.

(vi) As a result of the adjustment to the 1989 return, N had an understatement of $4,575 for tax year 1987; an understatement of $22,250 for tax year 1988; an understatement of $1,500 for tax year 1989; and an understatement of $7,500 for tax year 1990. Only the $22,250 understatement for 1988 is a substantial understatement, i.e., it exceeds the greater of (a) $2,225 (10 percent of the tax required to be shown on the return for the taxable year (.10 X $22,250)) or (b) $10,000. The underpayment for 1988 is subject to a penalty rate of 20 percent.

**Example 2.** The facts are the same as in Example 1, except that in addition to examining the 1989 return, the Service also examines the 1987 return and makes an adjustment that results in an understatement. (This adjustment is unrelated to the adjustment on the 1987 return for the disallowance of the NOLCB from 1989.) If the understatement resulting from the adjustment to the 1987 return, when combined with the understatement resulting from the disallowance of the NOLCB from 1989, exceeds the greater of (a) 10 percent of the tax required to be shown on the return for 1987 or (b) $10,000, the underpayment for 1987 will also be subject to a substantial understatement penalty. The portion of the underpayment attributable to the adjustment unrelated to the disallowance of the NOLCB will be subject to a penalty rate of 25 percent under former section 6661. The portion of the underpayment attributable to the disallowance of the NOLCB will be subject to a penalty rate of 20 percent under section 6662.

**Example 3.** Individual P, a calendar year single taxpayer, files his 1990 return reporting taxable income of $10,000 and a tax liability of $1,504. An examination of the 1990 return results in an adjustment for unreported income of $25,000. There was not substantial authority for P's failure to report the income, and P did not make adequate disclosure with respect to the unreported income. P's correct tax liability for 1990 is determined to be $7,279, resulting in an understatement of $5,775 (the difference between the amount of tax required to be shown on the return ($7,279) and the tax shown on the return ($1,504)). Because the understatement exceeds the greater of (a) $728 (10 percent of the tax required to be shown on the return (.10 x $7,279)) or (b) $5,000, the understatement is substantial. Subsequently, P files his 1993 return showing a net operating loss. The loss is carried back to his 1990 return, reducing his taxable income for 1990 to zero. However, the amount of the understatement for 1990 is not reduced on account of the NOLCB to that year. P is subject to the 20 percent penalty rate under section 6662 on the underpayment attributable to the substantial understatement for 1990, notwithstanding that the tax required to be shown on the return for that year, after application of the NOLCB, is zero.

**(d) Substantial authority--(1) Effect of having substantial authority.** If there is substantial authority for the tax treatment of an item, the item is treated as if it were shown properly on the return for the taxable year in computing the amount of the tax shown on the return. Thus, for purposes of section 6662(d), the tax attributable to the item is not included in the understatement for that year. (For special rules relating to tax shelter items see § 1.6662-4(g).)

**(2) Substantial authority standard.** The substantial authority standard is an objective standard involving an analysis of the law and application of the law to relevant facts. The substantial authority standard is less stringent than the more likely than not standard (the standard that is met when there is a greater than 50-percent likelihood of the position being upheld), but more stringent than the reasonable basis standard as defined in § 1.6662- 3(b)(3). The possibility that a return will not be audited or, if audited, that an item will not be raised on audit, is not relevant in determining whether the substantial authority standard (or the reasonable basis standard) is satisfied.

**(3) Determination of whether substantial authority is present --(i) Evaluation of authorities.** There is substantial authority for the tax treatment of an item only if the weight of the authorities supporting the treatment is substantial in relation to the weight of authorities supporting contrary treatment. All authorities relevant to the tax treatment of an item, including the authorities contrary to the treatment, are taken into account in determining whether substantial authority exists. The weight of authorities is determined in light of the pertinent facts and circumstances in the manner prescribed by paragraph (d)(3)(ii) of this section. There may be substantial authority for more than one position with respect to the same item. Because the substantial

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

authority standard is an objective standard, the taxpayer's belief that there is substantial authority for the tax treatment of an item is not relevant in determining whether there is substantial authority for that treatment.

**(ii) Nature of analysis.** The weight accorded an authority depends on its relevance and persuasiveness, and the type of document providing the authority. For example, a case or revenue ruling having some facts in common with the tax treatment at issue is not particularly relevant if the authority is materially distinguishable on its facts, or is otherwise inapplicable to the tax treatment at issue. An authority that merely states a conclusion ordinarily is less persuasive than one that reaches its conclusion by cogently relating the applicable law to pertinent facts. The weight of an authority from which information has been deleted, such as a private letter ruling, is diminished to the extent that the deleted information may have affected the authority's conclusions. The type of document also must be considered. For example, a revenue ruling is accorded greater weight than a private letter ruling addressing the same issue. An older private letter ruling, technical advice memorandum, general counsel memorandum or action on decision generally must be accorded less weight than a more recent one. Any document described in the preceding sentence that is more than 10 years old generally is accorded very little weight. However, the persuasiveness and relevance of a document, viewed in light of subsequent developments, should be taken into account along with the age of the document. There may be substantial authority for the tax treatment of an item despite the absence of certain types of authority. Thus, a taxpayer may have substantial authority for a position that is supported only by a well-reasoned construction of the applicable statutory provision.

**(iii) Types of authority.** Except in cases described in paragraph (d)(3)(iv) of this section concerning written determinations, only the following are authority for purposes of determining whether there is substantial authority for the tax treatment of an item: Applicable provisions of the Internal Revenue Code and other statutory provisions; proposed, temporary and final regulations construing such statutes; revenue rulings and revenue procedures; tax treaties and regulations thereunder, and Treasury Department and other official explanations of such treaties; court cases; congressional intent as reflected in committee reports, joint explanatory statements of managers included in conference committee reports, and floor statements made prior to enactment by one of a bill's managers; General Explanations of tax legislation prepared by the Joint Committee on Taxation (the Blue Book); private letter rulings and technical advice memoranda issued after October 31, 1976; actions on decisions and general counsel memoranda issued after March 12, 1981 (as well as general counsel memoranda published in pre-1955 volumes of the Cumulative Bulletin); Internal Revenue Service information or press releases; and notices, announcements and other administrative pronouncements published by the Service in the Internal Revenue Bulletin. Conclusions reached in treatises, legal periodicals, legal opinions or opinions rendered by tax professionals are not authority. The authorities underlying such expressions of opinion where applicable to the facts of a particular case, however, may give rise to substantial authority for the tax treatment of an item. Notwithstanding the preceding list of authorities, an authority does not continue to be an authority to the extent it is overruled or modified, implicitly or explicitly, by a body with the power to overrule or modify the earlier authority. In the case of court decisions, for example, a district court opinion on an issue is not an authority if overruled or reversed by the United States Court of Appeals for such district. However, a Tax Court opinion is not considered to be overruled or modified by a court of appeals to which a taxpayer does not have a right of appeal, unless the Tax Court adopts the holding of the court of appeals. Similarly, a private letter ruling is not authority if revoked or if inconsistent with a subsequent proposed regulation, revenue ruling or other administrative pronouncement published in the Internal Revenue Bulletin.

**(iv) Special rules**--(A) Written determinations. There is substantial authority for the tax treatment of an item by a taxpayer if the treatment is supported by the conclusion of a ruling or a determination letter (as defined in § 301.6110-2(d) and (e)) issued to the taxpayer, by the conclusion of a technical advice memorandum in which the taxpayer is named, or by an affirmative statement in a revenue agent's report with respect to a prior taxable year of the taxpayer ("written determinations"). The preceding sentence does not apply, however, if--

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

(1) There was a misstatement or omission of a material fact or the facts that subsequently develop are materially different from the facts on which the written determination was based, or

(2) The written determination was modified or revoked after the date of issuance by--

(i) A notice to the taxpayer to whom the written determination was issued,

(ii) The enactment of legislation or ratification of a tax treaty,

(iii) A decision of the United States Supreme Court,

(iv) The issuance of temporary or final regulations, or

(v) The issuance of a revenue ruling, revenue procedure, or other statement published in the Internal Revenue Bulletin.

Except in the case of a written determination that is modified or revoked on account of § 1.6662-4(d)(3)(iv)(A)(1), a written determination that is modified or revoked as described in § 1.6662-4(d)(3)(iv)(A)(2) ceases to be authority on the date, and to the extent, it is so modified or revoked. See section 6404(f) for rules which require the Secretary to abate a penalty that is attributable to erroneous written advice furnished to a taxpayer by an officer or employee of the Internal Revenue Service.

(B) Taxpayer's jurisdiction. The applicability of court cases to the taxpayer by reason of the taxpayer's residence in a particular jurisdiction is not taken into account in determining whether there is substantial authority for the tax treatment of an item. Notwithstanding the preceding sentence, there is substantial authority for the tax treatment of an item if the treatment is supported by controlling precedent of a United States Court of Appeals to which the taxpayer has a right of appeal with respect to the item.

(C) When substantial authority determined. There is substantial authority for the tax treatment of an item if there is substantial authority at the time the return containing the item is filed or there was substantial authority on the last day of the taxable year to which the return relates.

**(v) Substantial authority for tax returns due before January 1, 1990.** There is substantial authority for the tax treatment of an item on a return that is due (without regard to extensions) after December 31, 1982 and before January 1, 1990, if there is substantial authority for such treatment under either the provisions of paragraph (d)(3)(iii) of this section (which set forth an expanded list of authorities) or of § 1.6661-3(b)(2) (which set forth a narrower list of authorities). Under either list of authorities, authorities both for and against the position must be taken into account.

**(e) Disclosure of certain information--(1) Effect of adequate disclosure.** Items for which there is adequate disclosure as provided in this paragraph (e) and in paragraph (f) of this section are treated as if such items were shown properly on the return for the taxable year in computing the amount of the tax shown on the return. Thus, for purposes of section 6662(d), the tax attributable to such items is not included in the understatement for that year.

**(2) Circumstances where disclosure will not have an effect.** The rules of paragraph (e)(1) of this section do not apply where the item or position on the return--

(i) Does not have a reasonable basis (as defined in § 1.6662-3(b)(3));

(ii) Is attributable to a tax shelter (as defined in section 6662(d)(2)(C)(iii) and paragraph (g)(2) of this section); or

(iii) Is not properly substantiated, or the taxpayer failed to keep adequate books and records with respect to the item or position.

**(3) Restriction for corporations.** For purposes of paragraph (e)(2)(i) of this section, a corporation will not be treated as having a reasonable basis for its tax treatment of an item attributable to a multi-party

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

financing transaction entered into after August 5, 1997, if the treatment does not clearly reflect the income of the corporation.

**(f) Method of making adequate disclosure--(1) Disclosure statement.** Disclosure is adequate with respect to an item (or group of similar items, such as amounts paid or incurred for supplies by a taxpayer engaged in business) or a position on a return if the disclosure is made on a properly completed form attached to the return or to a qualified amended return (as defined in § 1.6664-2(c)(3)) for the taxable year. In the case of an item or position other than one that is contrary to a regulation, disclosure must be made on Form 8275 (Disclosure Statement); in the case of a position contrary to a regulation, disclosure must be made on Form 8275-R (Regulation Disclosure Statement).

**(2) Disclosure on return.** The Commissioner may by annual revenue procedure (or otherwise) prescribe the circumstances under which disclosure of information on a return (or qualified amended return) in accordance with applicable forms and instructions is adequate. If the revenue procedure does not include an item, disclosure is adequate with respect to that item only if made on a properly completed Form 8275 or 8275-R, as appropriate, attached to the return for the year or to a qualified amended return.

**(3) Recurring item.** Disclosure with respect to a recurring item, such as the basis of recovery property, must be made for each taxable year in which the item is taken into account.

**(4) Carrybacks and carryovers.** Disclosure is adequate with respect to an item which is included in any loss, deduction or credit that is carried to another year only if made in connection with the return (or qualified amended return) for the taxable year in which the carryback or carryover arises (the "loss or credit year"). Disclosure is not also required in connection with the return for the taxable year in which the carryback or carryover is taken into account.

**(5) Pass-through entities.** Disclosure in the case of items attributable to a pass-through entity (pass-through items) is made with respect to the return of the entity, except as provided in this paragraph (f)(5). Thus, disclosure in the case of pass-through items must be made on a Form 8275 or 8275-R, as appropriate, attached to the return (or qualified amended return) of the entity, or on the entity's return in accordance with the revenue procedure described in paragraph (f)(2) of this section, if applicable. A taxpayer (i.e., partner, shareholder, beneficiary, or holder of a residual interest in a REMIC) also may make adequate disclosure with respect to a pass-through item, however, if the taxpayer files a properly completed Form 8275 or 8275-R, as appropriate, in duplicate, one copy attached to the taxpayer's return (or qualified amended return) and the other copy filed with the Internal Revenue Service Center with which the return of the entity is required to be filed. Each Form 8275 or 8275-R, as appropriate, filed by the taxpayer should relate to the pass-through items of only one entity. For purposes of this paragraph (f)(5), a pass-through entity is a partnership, S corporation (as defined in section 1361(a)(1)), estate, trust, regulated investment company (as defined in section 851(a)), real estate investment trust (as defined in section 856(a)), or real estate mortgage investment conduit ("REMIC") (as defined in section 860D(a)).

**(g) Items relating to tax shelters--(1) In general--(i) Noncorporate taxpayers.** Tax shelter items (as defined in paragraph (g)(3) of this section) of a taxpayer other than a corporation are treated for purposes of this section as if such items were shown properly on the return for a taxable year in computing the amount of tax shown on the return, and thus the tax attributable to such items is not included in the understatement for the year, if--

(A) There is substantial authority (as provided in paragraph (d) of this section) for the tax treatment of that item; and

(B) The taxpayer reasonably believed at the time the return was filed that the tax treatment of that item was more likely than not the proper treatment.

**(ii) Corporate taxpayers**--(A) In general. Except as provided in paragraph (g)(1)(ii)(B) of this section, all tax shelter items (as defined in paragraph (g)(3) of this section) of a corporation are taken into account in computing the amount of any understatement.

(B) Special rule for transactions occurring prior to December 9, 1994. The tax shelter items of a corporation arising in connection with

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

transactions occurring prior to December 9, 1994 are treated for purposes of this section as if such items were shown properly on the return if the requirements of paragraph (g)(1)(i) are satisfied with respect to such items.

**(iii) Disclosure irrelevant.** Disclosure made with respect to a tax shelter item of either a corporate or noncorporate taxpayer does not affect the amount of an understatement.

**(iv) Cross-reference.** See § 1.6664-4(f) for certain rules regarding the availability of the reasonable cause and good faith exception to the substantial understatement penalty with respect to tax shelter items of corporations.

**(2) Tax shelter--(i) In general.** For purposes of section 6662(d), the term "tax shelter" means--

(A) A partnership or other entity (such as a corporation or trust),

(B) An investment plan or arrangement, or

(C) Any other plan or arrangement,

if the principal purpose of the entity, plan or arrangement, based on objective evidence, is to avoid or evade Federal income tax. The principal purpose of an entity, plan or arrangement is to avoid or evade Federal income tax if that purpose exceeds any other purpose. Typical of tax shelters are transactions structured with little or no motive for the realization of economic gain, and transactions that utilize the mismatching of income and deductions, overvalued assets or assets with values subject to substantial uncertainty, certain nonrecourse financing, financing techniques that do not conform to standard commercial business practices, or the mischaracterization of the substance of the transaction. The existence of economic substance does not of itself establish that a transaction is not a tax shelter if the transaction includes other characteristics that indicate it is a tax shelter.

**(ii) Principal purpose.** The principal purpose of an entity, plan or arrangement is not to avoid or evade Federal income tax if the entity, plan or arrangement has as its purpose the claiming of exclusions from income, accelerated deductions or other tax benefits in a manner consistent with the statute and Congressional purpose. For example, an entity, plan or arrangement does not have as its principal purpose the avoidance or evasion of Federal income tax solely as a result of the following uses of tax benefits provided by the Internal Revenue Code: the purchasing or holding of an obligation bearing interest that is excluded from gross income under section 103; taking an accelerated depreciation allowance under section 168; taking the percentage depletion allowance under section 613 or section 613A; deducting intangible drilling and development costs as expenses under section 263(c); establishing a qualified retirement plan under sections 401-409; claiming the possession tax credit under section 936; or claiming tax benefits available by reason of an election under 992 to be taxed as a domestic international sales corporation ("DISC"), under section 927(f)(1) to be taxed as a foreign sales corporation ("FSC"), or under section 1362 to be taxed as an S corporation.

**(3) Tax shelter item.** An item of income, gain, loss, deduction or credit is a "tax shelter item" if the item is directly or indirectly attributable to the principal purpose of a tax shelter to avoid or evade Federal income tax. Thus, if a partnership is established for the principal purpose of avoiding or evading Federal income tax by acquiring and overstating the basis of property for purposes of claiming accelerated depreciation, the depreciation with respect to the property is a tax shelter item. However, a deduction claimed in connection with a separate transaction carried on by the same partnership is not a tax shelter item if the transaction does not constitute a plan or arrangement the principal purpose of which is to avoid or evade tax.

**(4) Reasonable belief--(i) In general.** For purposes of section 6662(d) and paragraph (g)(1)(i)(B) of this section (pertaining to tax shelter items of noncorporate taxpayers), a taxpayer is considered reasonably to believe that the tax treatment of an item is more likely than not the proper tax treatment if (without taking into account the possibility that a return will not be audited, that an issue will not be raised on audit, or that an issue will be settled)--

(A) The taxpayer analyzes the pertinent facts and authorities in the manner described in paragraph (d)(3)(ii) of this section, and in reliance upon that analysis, reasonably concludes in good faith that

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

there is a greater than 50- percent likelihood that the tax treatment of the item will be upheld if challenged by the Internal Revenue Service; or

(B) The taxpayer reasonably relies in good faith on the opinion of a professional tax advisor, if the opinion is based on the tax advisor's analysis of the pertinent facts and authorities in the manner described in paragraph (d)(3)(ii) of this section and unambiguously states that the tax advisor concludes that there is a greater than 50-percent likelihood that the tax treatment of the item will be upheld if challenged by the Internal Revenue Service.

**(ii) Facts and circumstances; reliance on professional tax advisor.** All facts and circumstances must be taken into account in determining whether a taxpayer satisfies the requirements of paragraph (g)(4)(i) of this section. However, in no event will a taxpayer be considered to have reasonably relied in good faith on the opinion of a professional tax advisor for purposes of paragraph (g)(4)(i)(B) of this section unless the requirements of § 1.6664-4(c)(1) are met. The fact that the requirements of § 1.6664-4(c)(1) are satisfied will not necessarily establish that the taxpayer reasonably relied on the opinion in good faith. For example, reliance may not be reasonable or in good faith if the taxpayer knew, or should have known, that the advisor lacked knowledge in the relevant aspects of Federal tax law.

**(5) Pass-through entities.** In the case of tax shelter items attributable to a pass-through entity, the actions described in paragraphs (g)(4)(i)(A) and (B) of this section, if taken by the entity, are deemed to have been taken by the taxpayer and are considered in determining whether the taxpayer reasonably believed that the tax treatment of an item was more likely than not the proper tax treatment.

[T.D. 8381, 56 FR 67499, Dec. 31, 1991; T.D. 8381, 57 FR 6165, Feb. 20, 1992; T.D. 8617, 60 FR 45665, Sept. 1, 1995; T.D. 8790, 63 FR 66435, Dec. 2, 1998; T.D. 9109, 68 FR 75128, Dec. 30, 2003]

26 C. F. R. § 1.6662-4, **26 CFR § 1.6662-4**

Current through February 28, 2008; 73 FR 10969

Copr. © 2008 Thomson/West

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.