EXHIBIT
B.5.

**Federal Regulations**

# Reg § 1.752-7. Partnership assumption of partner's §1.752-7 liability on or after June 24, 2003.

**(a) Purpose and structure.** The purpose of this section is to prevent the acceleration or duplication of loss through the assumption of obligations not described in §1.752-1(a)(4)(i) in transactions involving partnerships. Under paragraph (c) of this section, any such obligation that is assumed by a partnership from a partner in a transaction governed by section 721(a) is treated as section 704(c) property. Paragraphs (e), (f), and (g) of this section provide rules for situations where a partnership assumes such an obligation from a partner and, subsequently, that partner transfers all or part of the partnership interest, that partner receives a distribution in liquidation of the partnership interest, or another partner assumes part or all of that obligation from the partnership. These rules prevent the duplication of loss by prohibiting the partnership and any person other than the partner from whom the obligation was assumed from claiming a deduction, loss, or capital expense to the extent of the built-in loss associated with the obligation. These rules also prevent the acceleration of loss by deferring the partner's deduction or loss attributable to the obligation (if any) until the satisfaction of the §1.752-7 liability (within the meaning of paragraph (b)(8) of this section). Paragraph (d) of this section provides a number of exceptions to paragraphs (e), (f), and (g) of this section, including a de minimis exception. Paragraph (i) provides a special rule for situations in which an amount paid to satisfy a §1.752-7 liability is capitalized into other partnership property. Paragraph (j) of this section provides special rules for tiered partnership transactions.

**(b) Definitions.** For purposes of this section, the following definitions apply:

*(1) Assumption.* The principles of §1.752-1(d) and (e) apply in determining if a §1.752-7 liability has been assumed.

*(2) Adjusted value.* The adjusted value of a partner's interest in a partnership is the fair market value of that interest increased by the partner's share of partnership liabilities under §§1.752-1 through 1.752-5.

*(3) §1.752-7 liability.*

(i) In general. A §1.752-7 liability is an obligation described in §1.752-1(a)(4)(ii) to the extent that either—

(A) The obligation is not described in §1.752-1(a)(4)(i); or

(B) The amount of the obligation (under paragraph (b)(3)(ii) of this section) exceeds the amount taken into account under §1.752- 1(a)(4)(i).

(ii) Amount and share of §1.752-7 liability. The amount of a §1.752-7 liability (or, for purposes of paragraph (b)(3)(i) of this section, the amount of an obligation) is the amount of cash that a willing assignor would pay to a willing assignee to assume the § 1.752-7 liability in an arm's-length transaction. If the obligation arose under a contract in exchange for rights granted to the obligor under that contract, and those contractual rights are contributed to the partnership in connection with the partnership's assumption of the contractual obligation, then the amount of the §1.752-7 liability or obligation is the amount

of cash, if any, that a willing assignor would pay to a willing assignee to assume the entire contract. A partner's share of a partnership's §1.752-7 liability is the amount of deduction that would be allocated to the partner with respect to the §1.752-7 liability if the partnership disposed of all of its assets, satisfied all of its liabilities (other than §1.752-7 liabilities), and paid an unrelated person to assume all of its § 1.752-7 liabilities in a fully taxable arm's-length transaction (assuming such payment would give rise to an immediate deduction to the partnership).

(iii) Example. In 2005, A, B, and C form partnership PRS. A contributes $10,000,000 in exchange for a 25% interest in PRS and PRS's assumption of a debt obligation. The debt obligation was issued for cash and the issue price was equal to the stated redemption price at maturity ($5,000,000). The debt obligation bears interest, payable quarterly, at a fixed rate of interest, which was a market rate of interest when the debt obligation was issued. At the time of the assumption, all accrued interest has been paid. Prior to the partnership assuming the obligation, interest rates decrease, resulting in the debt obligation bearing an above-market interest rate. Assume that, as a result of the decline in interest rates, A would have had to pay a willing assignee $6,000,000 to assume the debt obligation. The assumption of the debt obligation by PRS from A is treated as an assumption of a §1.752-1 (a)(4)(i) liability in the amount of $5,000,000 (the portion of the total amount of the debt obligation that has created basis in A's assets, that is, the $5,000,000 that was issued in exchange for the debt obligation ) and an assumption of a §1.752-7 liability in the amount of $1,000,000 (the difference between the total obligation, $6,000,000, and the §1.752-1 (a)(4)(i)liability, $5,000,000).

*(4) §1.752-7 liability transfer.*

(i) In general. Except as provided in paragraph (b)(4)(ii) of this section, a §1.752-7 liability transfer is any assumption of a §1.752-7 liability by a partnership from a partner in a transaction governed by section 721(a).

(ii) Terminations under section 708(b)(1)(B). In determining if a deemed contribution of assets and assumption of liability as a result of a technical termination is treated as a §1.752-7 liability transfer, only §1.752-7 liabilities that were assumed by the terminating partnership as part of an earlier §1.752-7 liability transfer are taken into account and, then, only to the extent of the remaining built-in loss associated with that §1.752-7 liability.

*(5) §1.752-7 liability partner.*

(i) In general. A §1.752- 7 liability partner is a partner from whom a partnership assumes a §1.752-7 liability as part of a §1.752-7 liability transfer or any person who acquires a partnership interest from the §1.752- 7 liability partner in a transaction to which paragraph (e)(3) of this section applies.

(ii) Tiered partnerships.

(A) Assumption by a lower-tier partnership. If, in a §1.752-7 liability transfer, a partnership (lower-tier partnership) assumes a §1.752-7 liability from another partnership (upper-tier partnership), then both the upper-tier partnership and the partners of the upper-tier partnership are § 1.752-7 liability partners. Therefore, paragraphs (e) and (f) of this section apply on a sale or liquidation of any partner's interest in the upper-tier partnership and on a sale or liquidation of the upper-tier partnership's interest in the lower-tier partnership. See paragraph (j)(3) of this section. If, in a §1.752-7 liability transfer, the upper-tier partnership assumes a §1.752-7 liability from a partner, and, subsequently, in another §1.752-7 liability transfer, a lower-tier partnership assumes that §1.752-7 liability from the upper-tier partnership, then the partner from whom the upper- tier partnership assumed the §1.752-7 liability continues to be the §1.752-7 liability partner of the lower-tier partnership with respect to the remaining built-in loss associated with that § 1.752-7 liability. Any new built-in loss associated with the § 1.752-7 liability that is created on

the assumption of the §1.752- 7 liability from the upper-tier partnership by the lower-tier partnership is shared by all the partners of the upper-tier partnership in accordance with their interests in the upper-tier partnership, and each partner of the upper-tier partnership is treated as a §1.752- 7 liability partner with respect to that new built-in loss. See paragraph (e)(3)(ii), Example 3 of this section.

(B) Distribution of partnership interest. If, in a transaction described in §1.752-7(e)(3), an interest in a partnership (lower- tier partnership) that has assumed a §1.752-7 liability is distributed by a partnership (upper-tier partnership) that is the § 1.752-7 liability partner with respect to that liability, then the persons receiving interests in the lower-tier partnership are § 1.752-7 liability partners with respect to the lower-tier partnership to the same extent that they were prior to the distribution.

*(6) Remaining built-in loss associated with a §1.752-7 liability.*

(i) In general. The remaining built-in loss associated with a §1.752-7 liability equals the amount of the §1.752-7 liability as of the time of the assumption of the §1.752-7 liability by the partnership, reduced by the portion of the § 1.752-7 liability previously taken into account by the §1.752-7 liability partner under paragraph (j)(3) of this section and adjusted as provided in paragraph (c) of this section and §1.704-3 for—

(A) Any portion of that built-in loss associated with the § 1.752-7 liability that is satisfied by the partnership on or prior to the testing date (whether capitalized or deducted); and

(B) Any assumption of all or part of the §1.752-7 liability by the §1.752-7 liability partner (including any assumption that occurs on the testing date).

(ii) Partial dispositions and assumptions. In the case of a partial disposition of the §1.752-7 liability partner's partnership interest or a partial assumption of the §1.752-7 liability by another partner, the remaining built-in loss associated with § 1.752-7 liability is pro rated based on the portion of the interest sold or the portion of the §1.752-7 liability assumed.

*(7) §1.752-7 liability reduction.*

(i) In general. The § 1.752-7 liability reduction is the amount by which the §1.752-7 liability partner is required to reduce the basis in the partner's partnership interest by operation of paragraphs (e), (f), and (g) of this section. The §1.752-7 liability reduction is the lesser of—

(A) The excess of the §1.752-7 liability partner's basis in the partnership interest over the adjusted value of that interest (as defined in paragraph (b)(2) of this section); or

(B) The remaining built-in loss associated with the §1.752-7 liability (as defined in paragraph (b)(6) of this section without regard to paragraph (b)(6)(ii) of this section).

(ii) Partial dispositions and assumptions. In the case of a partial disposition of the §1.752-7 liability partner's partnership interest or a partial assumption of the §1.752-7 liability by another partner, the §1.752-7 liability reduction is pro rated based on the portion of the interest sold or the portion of the § 1.752-7 liability assumed.

*(8) Satisfaction of §1.752-7 liability—In general.* A § 1.752-7 liability is treated as satisfied (in whole or in part) on the date on which the partnership (or the assuming partner) would have been allowed to take the §1.752-7 liability into account for federal tax purposes but for this section. For example, a §1.752-7 liability is treated as satisfied when, but for this section, the § 1.752-7 liability would give rise to—

(i) An increase in the basis of the partnership's or the assuming partner's assets (including cash);

(ii) An immediate deduction to the partnership or to the assuming partner;

(iii) An expense that is not deductible in computing the partnership's or the assuming partner's taxable income and not properly chargeable to capital account; or

(iv) An amount realized on the sale or other disposition of property subject to that liability if the property was disposed of by the partnership or the assuming partner at that time.

*(9) Testing date.* The testing date is—

(i) For purposes of paragraph (e) of this section, the date of the sale, exchange, or other disposition of part or all of the §1.752- 7 liability partner's partnership interest;

(ii) For purposes of paragraph (f) of this section, the date of the partnership's distribution in liquidation of the §1.752-7 liability partner's partnership interest; and

(iii) For purposes of paragraph (g) of this section, the date of the assumption (or partial assumption) of the §1.752-7 liability by a partner other than the §1.752-7 liability partner.

*(10) Trade or business.*

(i) In general. A trade or business is a specific group of activities carried on by a person for the purpose of earning income or profit, other than a group of activities consisting of acquiring, holding, dealing in, or disposing of financial instruments, if the activities included in that group include every operation that forms a part of, or a step in, the process of earning income or profit. Such group of activities ordinarily includes the collection of income and the payment of expenses. The group of activities must constitute the carrying on of a trade or business under section 162(a) (determined as though the activities were conducted by an individual).

(ii) Examples. The following examples illustrate the provisions of this paragraph (b)(10):

*Example (1).* Corporation Y owns, manages, and derives rental income from an office building and also owns vacant land that may be subject to environmental liabilities. Corporation Y contributes the land subject to the environmental liabilities to PRS in a transaction governed by section 721(a). PRS plans to develop the land as a landfill. The contribution of the vacant land does not constitute the contribution of a trade or business because Corporation Y did not conduct any significant business or development activities with respect to the land prior to the contribution.

*Example (2).* For the past 5 years, Corporation X has owned and operated gas stations in City A, City B, and City C. Corporation X transfers all of the assets associated with the operation of the gas station in City A to PRS for interests in PRS and the assumption by PRS of the §1.752-7 liabilities associated with that gas station. PRS continues to operate the gas station in City A after the contribution. The contribution of the gas station to PRS constitutes the contribution of a trade or business.

*Example (3).* For the past 7 years, Corporation Z has engaged in the manufacture and sale of household products. Throughout this period, Corporation Z has maintained a research department for use in connection with its manufacturing activities. The research department has 10 employees actively engaged in the development of new products. Corporation Z contributes the research department to PRS in exchange for a PRS interest and the assumption by PRS of pension liabilities with respect to the employees of the research department. PRS continues the research operations on a contractual basis with several businesses, including Corporation Z. The contribution of the research operations to PRS constitutes a contribution of a trade or business.

**(c) Application of section 704(b) and (c) to assumed §1.752-7 liabilities.**

*(1) In general.*

(i) Section 704(c). Except as otherwise provided in this section, sections 704(c)(1)(A) and (B), section 737, and the regulations thereunder, apply to §1.752-7 liabilities. See § 1.704-3(a)(12). However, §1.704-3(a)(7) does not apply to any person who acquired a partnership interest from a §1.752-7 liability partner in a transaction to which paragraph (e)(1) of this section applies.

(ii) Section 704(b). Section 704(b) and §1.704-1(b) apply to a post-contribution change in the value of a §1.752-7 liability. If there is a decrease in the value of a §1.752-7 liability that is reflected in the capital accounts of the partners under §1.704- 1(b)(2)(iv)(f), the amount of the decrease constitutes an item of income for purposes of section 704(b) and §1.704-1(b). Conversely, if there is an increase in the value of a §1.752-7 liability that is reflected in the capital accounts of the partners under §1.704- 1(b)(2)(iv)(f), the amount of the increase constitutes an item of loss for purposes of section 704(b) and §1.704-1(b).

*(2) Example.* The following example illustrates the provisions of this paragraph (c):

*Example.* (i) Facts. In 2004, A, B, and C form partnership PRS. A contributes Property 1 with a fair market value and basis of $400X, subject to a §1.752-7 liability of $100X, for a 25% interest in PRS. B contributes $300X cash for a 25% interest in PRS, and C contributes $600X cash for a 50% interest in PRS. Assume that the partnership complies with the substantial economic effect safe harbor of §1.704-1(b)(2). Under §1.704-1(b)(2)(iv)(b), A's capital account is credited with $300X (the fair market value of Property 1, $400X, less the §1.752-7 liability assumed by PRS, $100X). In accordance with §§1.752-7(c)(1)(i) and 1.704-3, the partnership can use any reasonable method for section 704(c) purposes. In this case, the partnership elects the traditional method under §1.704-3(b) and also elects to treat the deductions or losses attributable to the §1.752-7 liability as coming first from the built-in loss. In 2005, PRS earns $200X of income and uses it to satisfy the §1.752-7 liability which has increased in value to $200X. Assume that the cost to PRS of satisfying the §1.752-7 liability is deductible by PRS. The $200X of partnership income is allocated according to the partnership agreement, $50X to A, $50X to B, and $100X to C.

| A | | B | | C | | |
|---|---|---|---|---|---|---|
| Book | Tax | Book | Tax | Book | Tax | |
| ---- | --- | ---- | --- | ---- | --- | |
| $300 | $400 | $300 | $300 | $600 | $600 | Initial Contribution |
| 50 | 50 | 50 | 50 | 100 | 100 | Income |
| (25) | (125) | (25) | (25) | (50) | (50) | Satisfaction of Liability |
| --- | --- | --- | --- | --- | --- | |
| $325 | $325 | $325 | $325 | $650 | $650 | |

(ii) Analysis. Pursuant to paragraph (c) of this section, $100X of the deduction attributable to the satisfaction of the § 1.752-7 liability is specially allocated to A, the §1.752-7 liability partner, under section 704(c)(1)(A) and §1.704-3. No book item corresponds to this tax allocation. The remaining $100X of deduction attributable to the satisfaction of the §1.752-7 liability is allocated, for both book and tax purposes, according to the partnership agreement, $25X to A, $25X to B, and $50X to C. If the partnership, instead, satisfied the §1.752-7 liability over a number of years, the first $100X of deduction with respect to the §1.752-7 liability would be allocated to A, the §1.752-7 liability partner, before any deduction with respect to the § 1.752-7 liability would be allocated to the other partners. For example, if PRS were to satisfy $50X of the §1.752-7 liability, the $50X deduction with respect to the §1.752-7 liability would be allocated to A for tax purposes only. No deduction would arise for book purposes. If PRS later paid a further $100X in satisfaction of the §1.752-7 liability, $50X of the deduction with respect to the §1.752-7 liability would be allocated, solely for tax purposes, to A and the remaining $50X would be allocated, for both book and tax purposes, according to the partnership agreement. Under these circumstances, the partnership's method of allocating the built-in loss associated with the §1.752-7 liability is reasonable.

**(d) Special rules for transfers of partnership interests, distributions of partnership assets, and assumptions of the § 1.752-7 liability after a §1.752-7 liability transfer.**

*(1) In general.* Except as provided in paragraphs (d)(2) and (i) of this section, paragraphs (e), (f), and (g) of this section apply to certain partnership transactions occurring after a §1.752-7 liability transfer.

*(2) Exceptions.*

(i) In general. Paragraphs (e), (f), and (g) of this section do not apply—

(A) If the partnership assumes the §1.752-7 liability as part of a contribution to the partnership of the trade or business with which the liability is associated, and the partnership continues to carry on that trade or business after the contribution (for the definition of a trade or business, see paragraph (b)(10) of this section); or

(B) If, immediately before the testing date, the amount of the remaining built-in loss with respect to all §1.752-7 liabilities assumed by the partnership (other than §1.752-7 liabilities assumed by the partnership with an associated trade or business) in one or more §1.752-7 liability transfers is less than the lesser of 10% of the gross value of partnership assets or $1,000,000.

(ii) Examples. The following examples illustrate the principles of this paragraph (d)(2):

*Example (1).* For the past 5 years, Corporation X, a C corporation, has been engaged in Business A and Business B. In 2004, Corporation X contributes Business A, in a transaction governed by section 721(a), to PRS in exchange for a PRS interest and the assumption by PRS of pension liabilities with respect to the employees engaged in Business A. PRS plans to carry on Business A after the contribution. Because PRS has assumed the pension liabilities as part of a contribution to PRS of the trade or business with which the liabilities are associated, the treatment of the pension liabilities is not affected by paragraphs (e), (f), and (g) of this section with respect to any transaction occurring after the §1.752-7 liability transfer of the pension liabilities.

*Example (2).* (i) Facts. The facts are the same as in Example 1, except that PRS also assumes from Corporation X certain pension liabilities with respect to the employees of Business B. At the time of the assumption, the amount of the pension liabilities with respect to the employees of Business A is $3,000,000 (the A liabilities) and the amount of the pension liabilities associated with the employees of Business B (the B liabilities) is $2,000,000. Two years later, Corporation X sells its interest in PRS to Y for $9,000,000. At the time of the sale, the remaining built-in loss associated with the A liabilities is $2,100,000, the remaining built-in loss associated with the B liabilities is $900,000, and the gross value of PRS's assets (excluding §1.752-7 liabilities) is $20,000,000. Assume that PRS has no §1.752-7 liabilities other than those assumed from Corporation X.

PRS Balance Sheet at Time of X's Sale of PRS Interest
(in millions)

| Assets | Liabilities | |
|---|---|---|
| $20 | | Gross Assets (including Business A) |
| | ($2.1) | A Liabilities |
| | (0.9) | B Liabilities |

(ii) Analysis. The only liabilities assumed by PRS from Corporation X that were not assumed as part of Corporation X's contribution of Business A were the B liabilities. Immediately before the testing date, the remaining built-in loss associated with the B liabilities

($900,000) was less than the lesser of 10% of the gross value of PRS's assets ($2,000,000) or $1,000,000. Therefore, paragraph (d)(2)(i)(B) of this section applies to exclude Corporation X's sale of the PRS interest to Y from the application of paragraph (e) of this section.

**(e) Transfer of §1.752-7 liability partner's partnership interest.**

*(1) In general.* Except as provided in paragraphs (d)(2), (e)(3), and (i) of this section, immediately before the sale, exchange, or other disposition of all or a part of a §1.752-7 liability partner's partnership interest, the §1.752-7 liability partner's basis in the partnership interest is reduced by the §1.752-7 liability reduction (as defined in paragraph (b)(7) of this section). No deduction, loss, or capital expense is allowed to the partnership on the satisfaction of the §1.752-7 liability (within the meaning of paragraph (b)(8) of this section) to the extent of the remaining built- in loss associated with the §1.752-7 liability (as defined in paragraph (b)(6) of this section). For purposes of section 705(a)(2)(B) and §1.704-1(b)(2)(ii)(b) only, the remaining built-in loss associated with the §1.752-7 liability is not treated as a nondeductible, noncapital expenditure of the partnership. Therefore, the remaining partners' capital accounts and bases in their partnership interests are not reduced by the remaining built-in loss associated with the §1.752-7 liability. If the partnership (or any successor) notifies the §1.752-7 liability partner of the satisfaction of the §1.752-7 liability, then the §1.752-7 liability partner is entitled to a loss or deduction. The amount of that deduction or loss is, in the case of a partial satisfaction of the §1.752-7 liability, the amount that the partnership would, but for this section, take into account on the partial satisfaction of the §1.752-7 liability (but not, in total, more than the §1.752-7 liability reduction) or, in the case of a complete satisfaction of the § 1.752-7 liability, the remaining §1.752-7 liability reduction. To the extent of the amount that the partnership would, but for this section, take into account on the satisfaction of the §1.752-7 liability, the character of that deduction or loss is determined as if the §1.752-7 liability partner had satisfied the liability. To the extent that the §1.752-7 liability reduction exceeds the amount that the partnership would, but for this section, take into account on the satisfaction of the §1.752-7 liability, the character of the §1.752-7 liability partner's loss is capital.

*(2) Examples.* The following examples illustrate the principles of paragraph (e)(1) of this section:

*Example (1).* (i) Facts. In 2004, A, B, and C form partnership PRS. A contributes Property 1 with a fair market value of $5,000,000 and basis of $4,000,000 subject to a §1.752-7 liability of $2,000,000 in exchange for a 25% interest in PRS. B contributes $3,000,000 cash in exchange for a 25% interest in PRS, and C contributes $6,000,000 cash in exchange for a 50% interest in PRS. In 2006, when PRS has a section 754 election in effect, A sells A's interest in PRS to D for $3,000,000. At the time of the sale, the basis of A's PRS interest is $4,000,000, the remaining built-in loss associated with the §1.752-7 liability is $2,000,000, and PRS has no liabilities (as defined in §1.752-1(a)(4)). Assume that none of the exceptions of paragraph (d)(2) of this section apply and that the satisfaction of the §1.752-7 liability would have given rise to a deductible expense to A. In 2007, PRS pays $3,000,000 to satisfy the liability.

PRS Balance Sheet (in millions)

| Assets Value | Assets Basis | | Liabilities/Equity Value | Liabilities/Equity Basis | |
|---|---|---|---|---|---|
| $5 | $4 | Property 1 | | | |
| $9 | $9 | Cash | $2 | - | §1.752-7 Liability Partner's Equity: |
| | | | $3 | $4 | A |
| | | | $3 | $3 | B |
| | | | $6 | $6 | C |

(ii) Sale of A's PRS interest. Immediately before the sale of the PRS interest to D, A's basis in the PRS interest is reduced (to $3,000,000) by the §1.752-7 liability reduction, i.e., the lesser of the

excess of A's basis in the PRS interest ($4,000,000) over the adjusted value of that interest ($3,000,000), $1,000,000, or the remaining built-in loss associated with the §1.752-7 liability, $2,000,000. Therefore, A neither realizes nor recognizes any gain or loss on the sale of the PRS interest to D. D's basis in the PRS interest is $3,000,000. D's share of the adjusted basis of partnership property, as determined under §1.743-1(d), equals D's interest in the partnership's previously taxed capital of $2,000,000 (the amount of cash that D would receive on a liquidation of the partnership, $3,000,000, increased by the amount of tax loss that would be allocated to D in the hypothetical transaction, $0, and reduced by the amount of tax gain that would be allocated to D in the hypothetical transaction, $1,000,000). Therefore, the positive basis adjustment under section 743(b) is $1,000,000.

Computation of §1.752-7 Liability Reduction
(in millions)

| | | |
|---|---|---|
| 1. Basis of A's PRS interest | | $4 |
| 2. Less adjusted value of A's PRS interest | | (3) |
| | | --- |
| 3. Difference | | $1 |
| 4. Remaining built-in loss from §1.752-7 liability | 2 | --- |
| 5. §1.752-7 liability reduction (lesser of 3 or 4) | | $1 |

Gain/Loss on Sale of A's PRS Interest (in millions)

| | |
|---|---|
| 1. Amount realized on sale | $3 |
| 2. Less basis of PRS interest | |
| Original | 4 |
| §1.752-7 liability reduction | 1 |
| | --- |
| Difference | ($3) |
| | --- |
| 3. Gain/Loss | 0 |

(iii) Satisfaction of §1.752-7 liability. Neither PRS nor any of its partners is entitled to a deduction, loss, or capital expense upon the satisfaction of the §1.752-7 liability to the extent of the remaining built-in loss associated with the § 1.752-7 liability ($2,000,000). PRS is entitled to a deduction, however, for the amount by which the cost of satisfying the § 1.752-7 liability exceeds the remaining built-in loss associated with the §1.752-7 liability. Therefore, in 2007, PRS may deduct $1,000,000 (cost to satisfy the §1.752-7 liability, $3,000,000, less the remaining built-in loss associated with the §1.752-7 liability, $2,000,000). If PRS notifies A of the satisfaction of the §1.752-7 liability, then A is entitled to an ordinary deduction in 2007 of $1,000,000 (the §1.752-7 liability reduction).

PRS's Deduction on Satisfaction of Liability (in millions)

| | |
|---|---|
| 1. Amount paid by PRS to satisfy §1.752-7 liability | $3 |
| 2. Remaining built-in loss for §1.752-7 liability | (2) |
| | --- |
| 3. Difference | $1 |

*Example (2)*. The facts are the same as in Example 1 except that, at the time of A's sale of the PRS interest to D, PRS has a nonrecourse liability of $4,000,000, of which A's share is $1,000,000. A's basis in PRS is $5,000,000. At the time of the sale of the PRS interest to D, the adjusted value of A's interest is $4,000,000 (the fair market value of the interest ($3,000,000), increased by A's share of partnership liabilities ($1,000,000)). The difference between the basis of A's interest ($5,000,000) and the adjusted value of that interest ($4,000,000) is $1,000,000. Therefore, the §1.752-7 liability reduction is $1,000,000 (the lesser of this difference or the remaining built-in loss associated with the §1.752-7 liability, $2,000,000). Immediately before the sale of the PRS interest to D, A's basis is reduced from $5,000,000 to $4,0000,000. A's amount realized on the sale of the PRS interest to D is $4,000,000 ($3,000,000 paid by D, increased under section 752(d)

by A's share of partnership liabilities, or $1,000,000). Therefore, A neither realizes nor recognizes any gain or loss on the sale. D's basis in the PRS interest is $4,000,000. Because D's share of the adjusted basis of partnership property is $3,000,000 (D's share of the partnership's previously taxed capital, $2,000,000, plus D's share of partnership liabilities, $1,000,000), the basis adjustment under section 743(b) is $1,000,000.

PRS Balance Sheet (in millions)

| Assets Value | Assets Basis | | Liabilities/Equity Value | Liabilities/Equity Basis | |
|---|---|---|---|---|---|
| $ 5 | $4 | Property 1 | | | |
| $13 | $13 | Cash | | | |
| | | | $4 | - | Nonrecourse Debt |
| | | | $2 | - | §1.752-7 Liability |
| | | | | | Partner's Equity: |
| | | | $3 | $5 | A |
| | | | $3 | $4 | B |
| | | | $6 | $8 | C |

Computation of §1.752-7 Liability Reduction (in millions)

| | |
|---|---|
| 1. Basis of A's PRS interest | $5 |
| 2. Less adjusted value of A's PRS interest | |
| Value of PRS interest | 3 |
| A's share of nonrecourse debt | 1 |
| Total | (4) |
| 3. Difference between 1 and 2 | 1 |
| 4. Remaining built-in loss from §1.752-7 liability | 2 |
| 5. §1.752-7 liability reduction (lesser of 3 or 4) | $1 |

Gain/Loss on Sale of A's PRS Interest (in millions)

| | |
|---|---|
| 1. Amount realized on sale | |
| Value of PRS interest | $3 |
| A's share of nonrecourse debt | 1 |
| Total | $4 |
| 2. Less basis of PRS interest | |
| Original | $5 |
| §1.752-7 liability reduction | $1 |
| Difference | ($4) |
| 3. Gain/Loss | 0 |

*Example (3).* The facts are the same as in Example 1, except that the satisfaction of the §1.752-7 liability would have given rise to a capital expense to A or PRS. Neither PRS nor any of its partners are entitled to a capital expense upon the satisfaction of the §1.752-7 liability to the extent of the remaining built-in loss associated with the §1.752-7 liability ($2,000,000). PRS may, however, increase the basis of appropriate partnership assets by the amount by which the cost of satisfying the §1.752-7 liability exceeds the remaining built-in loss associated with the §1.752-7 liability. Therefore, in 2007, PRS may capitalize $1,000,000 (cost to satisfy the §1.752-7 liability, $3,000,000, less the remaining built-in loss associated with the §1.752-7 liability, $2,000,000) to the appropriate partnership assets. If A is notified by PRS that the §1.752-7 liability has been satisfied, then A is entitled to a capital loss in 2007 as provided in paragraph (e)(1) of this section, the year of the satisfaction of the §1.752-7 liability.

*(3) Exception for nonrecognition transactions.*

(i) In general. Paragraph (e)(1) of this section does not apply where a §1.752-7 liability partner transfers all or part of the partner's partnership interest in a transaction in which the transferee's basis in the partnership interest is determined in whole or in part by reference to the transferor's basis in the partnership interest. In addition, paragraph (e)(1) of this section does not apply to a distribution of an interest in the partnership (lower-tier partnership) that has assumed the §1.752-7 liability by a partnership that is the §1.752-7 liability partner (upper-tier partnership) if the partners of the upper-tier partnership that were §1.752-7 liability partners with respect to the lower-tier partnership prior to the distribution continue to be §1.752-7 liability partners with respect to the lower-tier partnership after the distribution. See paragraphs (b)(4)(ii) and (j)(3) of this section for rules on the application of this section to partners of the §1.752-7 liability partner.

(ii) Examples. The following examples illustrate the provisions of this paragraph (e)(3):

*Example (1)*. Transfer of partnership interest to lower-tier partnership. (i) Facts. In 2004, X contributes undeveloped land with a value and basis of $2,000,000 and subject to environmental liabilities of $1,500,000 to partnership LTP in exchange for a 50% interest in LTP. LTP develops the land as a landfill. In 2005, in a transaction governed by section 721 (a), X contributes the LTP interest to UTP in exchange for a 50% interest in UTP. In 2008, X sells the UTP interest to A for $500,000. At the time of the sale, X's basis in UTP is $2,000,000, the remaining built-in loss associated with the environmental liability is $1,500,000, and the gross value of UTP's assets is $2,500,000. The environmental liabilities were not assumed by LTP as part of a contribution by X to LTP of a trade or business with which the liabilities were associated. (See paragraph (b)(10)(ii), Example 1 of this section.)

(ii) Analysis. Because UTP's basis in the LTP interest is determined by reference to X's basis in the LTP interest, X's contribution of the LTP interest to UTP is exempted from the rules of paragraph (e)(1) of this section. Under paragraph (j)(1) of this section, X's contribution of the LTP interest to UTP is treated as a contribution of X's share of the assets of LTP and UTP's assumption of X's share of the LTP liabilities (including §1.752-7 liabilities). Therefore, X's transfer of the LTP interest to UTP is a §1.752-7 liability transfer. The §1.752-7 liabilities deemed transferred by X to UTP are not associated with a trade or business transferred to UTP for purposes of paragraph (d)(2)(i)(A) of this section, because they were not associated with a trade or business transferred by X to LTP as part of the original § 1.752-7 liability transfer. See paragraph (j)(2) of this section. Because none of the exceptions described in paragraph (d)(2) of this section apply to X's taxable sale of the UTP interest to A in 2008, paragraph (e)(1) of this section applies to that sale.

*Example (2)*. Transfer of partnership interest to corporation. The facts are the same as in Example 1, except that, rather than transferring the LTP interest to UTP in 2005, X contributes the LTP interest to Corporation Y in an exchange to which section 351 applies. Because Corporation Y's basis in the LTP interest is determined by reference to X's basis in that interest, X's contribution of the LTP interest is exempted from the rules of paragraph (e)(1) of this section. But see section 358(h) and § 1.358-7 for appropriate basis adjustments.

*Example (3)*. Partnership merger. (i) Facts. In 2004, A, B, C, and D form equal partnership PRS1. A contributes Blackacre with a value and basis of $2,000,000 to PRS1 and PRS1 assumes from A $1,500,000 of pension liabilities unrelated to Blackacre. B, C, and D each contribute $500,000 cash to PRS1. PRS1 uses the cash contributed by B, C, and D ($1,500,000) to purchase Whiteacre. In 2006, PRS1 merges into PRS2 in an assets-over merger under §1.708-1(c)(3). Assume that, under §1.708- 1(c), PRS2 is the surviving partnership and PRS1 is the terminating partnership. At the time of the merger, the value of Blackacre is still $2,000,000, the remaining built-in loss with respect to the pension liabilities is still $1,500,000, but the value of Whiteacre has declined to $500,000.

(ii) Deemed assumption by PRS2 of PRS1 liabilities. Under § 1.708-1(c)(3), the merger is treated as a contribution of the assets and liabilities of PRS1 to PRS2, followed by a

distribution of the PRS2 interests by PRS1 in liquidation of PRS1. Because PRS2 assumes a §1.752-7 liability (the pension liabilities) of PRS1, PRS1 is a §1.752-7 liability partner of PRS2. Under paragraph (b)(5)(ii)(A) of this section, A is also §1.752-7 liability partner of PRS2 to the extent of the remaining $1,500,000 built-in loss associated with the pension liabilities. B, C, and D are not §1.752-7 liability partners with respect to PRS1. If the amount of the pension liabilities had increased between the date of PRS1's assumption of those liabilities from A and the date of the merger of PRS1 into PRS2, then B, C, and D would be §1.752-7 liability partners with respect to PRS2 to the extent of their respective shares of that increase. See paragraph (b)(5)(ii) of this section.

(iii) Deemed distribution of PRS2 interests. Paragraph (e)(1) does not apply to PRS1's deemed distribution of the PRS2 interests, because, under paragraph (b)(5)(ii)(B) of this section, all of the partners that were §1.752-7 liability partners with respect to PRS2 before the distribution, i.e., A, continue to be §1.752-7 liability partners after the distribution. After the distribution, A's share of the pension liabilities now held by PRS2 will continue to be $1,500,000.

*Example (4)*. Partnership division; no shifting of §1.752-7 liability. The facts are the same as in Example 3, except that PRS1 does not merge with PRS2, but instead contributes Blackacre to PRS2 in exchange for PRS2 interests and the assumption by PRS2 of the pension liabilities. Immediately thereafter, PRS1 distributes the PRS2 interests to A and B in liquidation of their interests in PRS1. The analysis is the same as in Example 3. After the assumption of the pension liabilities by PRS2, A is a §1.752-7 liability partner with respect to PRS2. After the distribution of a PRS2 interest to A, A continues to be a §1.752-7 liability partner with respect to PRS2, and the amount of A's built-in loss with respect to the §1.752-7 liabilities continues to be $1,500,000. Therefore, paragraph (e)(1) of this section does not apply to the distribution of the PRS2 interests to A and B.

*Example (5)*. Partnership division; shifting of §1.752-7 liability. The facts are the same as in Example 4, except that PRS1 distributes the PRS2 interests not to A and B, but to C and D, in liquidation of their interests in PRS1. After this distribution, A does not continue to be a §1.752-7 liability partner of PRS2, because A no longer has an interest in PRS2. Therefore, paragraph (e)(1) of this section applies to the distribution of the PRS2 interests to C and D.

**(f) Distribution in liquidation of §1.752-7 liability partner's partnership interest.**

*(1) In general*. Except as provided in paragraphs (d)(2) and (i) of this section, immediately before a distribution in liquidation of a §1.752-7 liability partner's partnership interest, the §1.752-7 liability partner's basis in the partnership interest is reduced by the §1.752-7 liability reduction (as defined in paragraph (b)(7) of this section). This rule applies before section 737. No deduction, loss, or capital expense is allowed to the partnership on the satisfaction of the §1.752-7 liability (within the meaning of paragraph (b)(8) of this section) to the extent of the remaining built-in loss associated with the § 1.752-7 liability (as defined in paragraph (b)(6) of this section). For purposes of section 705(a)(2)(B) and §1.704-1(b)(2)(ii)(b) only, the remaining built-in loss associated with the §1.752-7 liability is not treated as a nondeductible, noncapital expenditure of the partnership. Therefore, the remaining partners' capital accounts and bases in their partnership interests are not reduced by the remaining built-in loss associated with the §1.752-7 liability. If the partnership (or any successor) notifies the §1.752-7 liability partner of the satisfaction of the §1.752-7 liability, then the §1.752-7 liability partner is entitled to a loss or deduction. The amount of that deduction or loss is, in the case of a partial satisfaction of the §1.752-7 liability, the amount that the partnership would, but for this section, take into account on the partial satisfaction of the §1.752-7 liability (but not, in total, more than the §1.752-7 liability reduction) or, in the case of a complete satisfaction of the §1.752-7 liability, the remaining §1.752-7 liability reduction. To the extent of the amount that the partnership would, but for this section, take into account on satisfaction of the §1.752-7 liability, the character of that deduction or loss is determined as if the §1.752-7 liability partner had satisfied the liability. To the extent that the § 1.752-7 liability reduction exceeds the amount that the partnership would, but for this section, take into account on satisfaction of the §1.752-7 liability, the character of the §1.752-7 liability partner's loss is capital.

(2) *Example*. The following example illustrates the provision of this paragraph (f):

*Example*. (i) Facts. In 2004, A, B, and C form partnership PRS. A contributes Property 1 with a fair market value and basis of $5,000,000 subject to a §1.752-7 liability of $2,000,000 for a 25% interest in PRS. B contributes $3,000,000 cash for a 25% interest in PRS, and C contributes $6,000,000 cash for a 50% interest in PRS. In 2012, when PRS has a section 754 election in effect, PRS distributes Property 2, which has a basis and fair market value of $3,000,000, to A in liquidation of A's PRS interest. At the time of the distribution, the fair market value of A's PRS interest is still $3,000,000, the basis of that interest is still $5,000,000, and the remaining built-in loss associated with the §1.752-7 liability is still $2,000,000. Assume that none of the exceptions of paragraph (d)(2) of this section apply to the distribution and that the satisfaction of the §1.752-7 liability would have given rise to a deductible expense to A. In 2013, PRS pays $1,000,000 to satisfy the entire §1.752-7 liability.

PRS Balance Sheet (in millions)

| Assets Value | Assets Basis | | Liabilities/Equity Value | Liabilities/Equity Basis | |
|---|---|---|---|---|---|
| $5 | $5 | Property 1 | | | |
| $9 | $9 | Cash | | | |
| | | | $2 | - | §1.752-7 Liability |
| | | | | | Partner's Equity: |
| | | | $3 | $5 | A |
| | | | $3 | $3 | B |
| | | | $6 | $6 | C |

(ii) Liquidation of A's PRS interest. Immediately before the distribution of Property 2 to A, A's basis in the PRS interest is reduced (to $3,000,000) by the §1.752-7 liability reduction, i.e., the lesser of the excess of A's basis in the PRS interest ($5,000,000) over the adjusted value ($3,000,000) of that interest ($2,000,000) or the remaining built-in loss associated with the §1.752-7 liability ($2,000,000). Therefore, A's basis in Property 2 under section 732(b) is $3,000,000. Because this is the same as the partnership's basis in Property 2 immediately before the distribution, the partnership's basis adjustment under section 734(b) is $0.

Computation of §1.752-7 Liability Reduction (in millions)

| | | |
|---|---|---|
| 1. Basis of A's PRS interest | | $5 |
| 2. Less adjusted value of A's PRS interest | | (3) |
| | | -- |
| 3. Difference | | $2 |
| 4. Remaining built-in loss from §1.752-7 liability | 2 | |
| | | -- |
| 5. §1.752-7 liability reduction (lesser of 3 or 4) | | $2 |

(iii) Satisfaction of §1.752-7 liability. PRS is not entitled to a deduction, loss, or capital expense on the satisfaction of the §1.752-7 liability to the extent of the remaining built-in loss associated with the §1.752-7 liability ($2,000,000). Because this amount exceeds the amount paid by PRS to satisfy the §1.752-7 liability ($1,000,000), PRS is not entitled to any deduction for the §1.752-7 liability in 2013. If, however, PRS notifies A of the satisfaction of the §1.752-7 liability, A is entitled to an ordinary deduction in 2013 of $1,000,000 (the amount paid in satisfaction of the §1.752-7 liability) and a capital loss of $1,000,000 (the remaining § 1.752-7 liability reduction).

PRS's Deduction on Satisfaction of Liability (in millions)

| | |
|---|---|
| Amount paid by PRS to satisfy §1.752-7 liability | $1 |
| Remaining built-in loss for §1.752-7 liability | (2) |
| | -- |
| Difference (but not below zero) | $0 |

**(g) Assumption of §1.752-7 liability by a partner other than §1.752-7 liability partner.**

*(1) In general.* If this paragraph (g) applies, section 704(c)(1)(B) does not apply to an assumption of a §1.752-7 liability from a partnership by a partner other than the §1.752-7 liability partner. The rules of paragraph (g)(2) of this section apply only if the §1.752-7 liability partner is a partner in the partnership at the time of the assumption of the §1.752-7 liability from the partnership. The rules of paragraphs (g)(3) and (4) of this section apply to any assumption of the §1.752-7 liability by a partner other than the §1.752-7 liability partner, whether or not the §1.752-7 liability partner is a partner in the partnership at the time of the assumption from the partnership.

*(2) Consequences to §1.752-7 liability partner.* If, at the time of an assumption of a §1.752-7 liability from a partnership by a partner other than the §1.752-7 liability partner, the § 1.752-7 liability partner remains a partner in the partnership, then the §1.752-7 liability partner's basis in the partnership interest is reduced by the §1.752-7 liability reduction (as defined in paragraph (b)(7) of this section). If the assuming partner (or any successor) notifies the §1.752-7 liability partner of the satisfaction of the §1.752-7 liability (within the meaning of paragraph (b)(8) of this section), then the §1.752-7 liability partner is entitled to a deduction or loss. The amount of that deduction or loss is, in the case of a partial satisfaction of the §1.752-7 liability, the amount that the assuming partner would, but for this section, take into account on the satisfaction of the §1.752-7 liability (but not, in total, more than the §1.752-7 liability reduction) or, in the case of a complete satisfaction of the §1.752-7 liability, the remaining §1.752-7 liability reduction. To the extent of the amount that the assuming partner would, but for this section, take into account on the satisfaction of the §1.752-7 liability, the character of that deduction or loss is determined as if the §1.752-7 liability partner had satisfied the liability. To the extent that the § 1.752-7 liability reduction exceeds the amount that the assuming partner would, but for this section, take into account on the satisfaction of the §1.752-7 liability, the character of the § 1.752-7 liability partner's loss is capital.

*(3) Consequences to partnership.* Immediately after the assumption of the §1.752-7 liability from the partnership by a partner other than the §1.752-7 liability partner, the partnership must reduce the basis of partnership assets by the remaining built-in loss associated with the §1.752-7 liability (as defined in paragraph (b)(6) of this section). The reduction in the basis of partnership assets must be allocated among partnership assets as if that adjustment were a basis adjustment under section 734(b).

*(4) Consequences to assuming partner.* No deduction, loss, or capital expense is allowed to an assuming partner (other than the § 1.752-7 liability partner) on the satisfaction of the §1.752-7 liability assumed from a partnership to the extent of the remaining built-in loss associated with the §1.752-7 liability. Instead, upon the satisfaction of the §1.752-7 liability, the assuming partner must adjust the basis of the partnership interest, any assets (other than cash, accounts receivable, or inventory) distributed by the partnership to the partner, or gain or loss on the disposition of the partnership interest, as the case may be. These adjustments are determined as if the assuming partner's basis in the partnership interest at the time of the assumption were increased by the lesser of the amount paid (or to be paid) to satisfy the §1.752-7 liability or the remaining built-in loss associated with the §1.752-7 liability. However, the assuming partner cannot take into account any adjustments to depreciable basis, reduction in gain, or increase in loss until the satisfaction of the §1.752-7 liability.

*(5) Example.* The following example illustrates the provisions of this paragraph (g):

*Example.* (i) Facts. In 2004, A, B, and C form partnership PRS. A contributes Property 1, a nondepreciable capital asset with a fair market value and basis of $5,000,000, in exchange for a 25% interest in PRS and assumption by PRS of a §1.752-7 liability of $2,000,000. B contributes $3,000,000 cash for a 25% interest in PRS, and C contributes $6,000,000 cash for a 50% interest in PRS. PRS uses the cash contributed to purchase Property 2. In 2007, PRS distributes Property 1, subject to the §1.752-7 liability to B in liquidation of B's interest in PRS. At the time of the distribution, A's interest in PRS still has a value of $3,000,000 and a basis of $5,000,000, and B's interest in PRS still has a value and basis of $3,000,000. Also at that time, Property 1 still has a value and basis of $5,000,000, Property 2 still has a value and basis of $9,000,000, and the remaining built-in loss associated with the §1.752-7 liability still is $2,000,000. Assume that none

of the exceptions of paragraph (d)(2)(i) of this section apply to the assumption of the §1.752-7 liability by B and that the satisfaction of the §1.752-7 liability by A would have given rise to a deductible expense to A. In 2010, B pays $1,000,000 to satisfy the entire §1.752-7 liability. At that time, B still owns Property 1, which has a basis of $3,000,000.

PRS Balance Sheet (in millions)

| Assets | | | Liabilities/Equity | | |
|---|---|---|---|---|---|
| Value | Basis | | Value | Basis | |
| $5 | $5 | Property 1 | | | |
| $9 | $9 | Property 2 | $2 | - | §1.752-7 Liability |
| | | | | | Partner's Equity: |
| | | | $3 | $5 | A |
| | | | $3 | $3 | B |
| | | | $6 | $6 | C |

(ii) Assumption of §1.752-7 liability by B. Section 704(c)(1)(B) does not apply to the assumption of the §1.752-7 liability by B. Instead, A's basis in the PRS interest is reduced (to $3,000,000) by the §1.752-7 liability reduction, i.e., the lesser of the excess of A's basis in the PRS interest ($5,000,000) over the adjusted value ($3,000,000) of that interest ($2,000,000), or the remaining built-in loss associated with the §1.752-7 liability as of the time of the assumption ($2,000,000). PRS's basis in Property 2 is reduced (to $7,000,000) by the $2,000,000 remaining built-in loss associated with the §1.752-7 liability. B's basis in Property 1 under section 732(b) is $3,000,000 (B's basis in the PRS interest). This is $2,000,000 less than PRS's basis in Property 1 before the distribution of Property 1 to B. If PRS has a section 754 election in effect for 2007, PRS may increase the basis of Property 2 under section 734(b) by $2,000,000.

§1.752-7 Liability Reduction (in millions)

| | |
|---|---|
| 1. Basis of A's PRS interest | $5 |
| 2. Less adjusted value of A's PRS interest | (3) |
| | -- |
| 3. Difference | $2 |
| 4. Remaining built-in loss from §1.752-7 liability | 2 |
| 5. §1.752-7 liability reduction (lesser of 3 or 4) | $2 |

A's Basis in PRS after Assumption by B (in millions)

| | |
|---|---|
| 1. Basis before assumption | $5 |
| 2. Less §1.752-7 liability reduction | (2) |
| | -- |
| 3. Basis after assumption | $3 |

PRS's Basis in Property 2 after Assumption by B (in millions)

| | |
|---|---|
| 1. Basis before assumption | $9 |
| 2. Less remaining built-in loss from §1.752-7 liability | (2) |
| 3. Plus section 734(b) adjustment (if partnership has a section 754 election) | 2 |
| | -- |
| 4. Basis after assumption | $9 |

(iii) Satisfaction of §1.752-7 liability. B is not entitled to a deduction on the satisfaction of the §1.752-7 liability in 2010 to the extent of the remaining built-in loss associated with the §1.752-7 liability ($2,000,000). As this amount exceeds the amount paid by B to satisfy the §1.752-7 liability, B is not entitled to any deduction on the satisfaction of the §1.752-7 liability in 2010. B may, however, increase the basis of Property 1 by the lesser of the remaining built-in loss

associated with the §1.752-7 liability ($2,000,000) or the amount paid to satisfy the §1.752-7 liability ($1,000,000). Therefore, B's basis in Property 1 is increased to $4,000,000. If B notifies A of the satisfaction of the §1.752-7 liability, then A is entitled to an ordinary deduction in 2010 of $1,000,000 (the amount paid in satisfaction of the §1.752-7 liability) and a capital loss of $1,000,000 (the remaining §1.752-7 liability reduction).

B's Basis in Property 1 After Satisfaction of Liability
[In millions]

| | | | |
|---|---|---|---|
| 1. Basis in Property 1 after distribution | | $3 | |
| 2. Plus lesser of remaining built-in loss ($2) or amount paid to satisfy liability ($1) | 1 | | -- |
| 3. Basis in Property 1 after satisfaction of liability | | | $4 |

**(h) Notification by the partnership (or successor) of the satisfaction of the §1.752-7 liability.** For purposes of paragraphs (e), (f), and (g) of this section, notification by the partnership (or successor) of the satisfaction of the §1.752-7 liability must be attached to the §1.752-7 liability partner's return (whether an original or an amended return) for the year in which the loss is being claimed and must include—

*(1)* The amount paid in satisfaction of the §1.752-7 liability, and whether the amounts paid were in partial or complete satisfaction of the §1.752-7 liability;

*(2)* The name and address of the person satisfying the §1.752-7 liability;

*(3)* The date of the payment on the §1.752-7 liability; and

*(4)* The character of the loss to the §1.752-7 liability partner with respect to the §1.752-7 liability.

**(i) Special rule for amounts that are capitalized prior to the occurrence of an event described in paragraphs (e), (f), or (g).**

*(1) In general.* If all or a portion of a §1.752-7 liability is properly capitalized (capitalized basis) prior to an event described in paragraph (e), (f), or (g) of this section, then, before an event described in paragraph (e), (f), or (g) of this section, the partnership may take the capitalized basis into account for purposes of computing cost recovery and gain or loss on the sale of the asset to which the basis has been capitalized (and for any other purpose for which the basis of the asset is relevant), but after an event described in paragraph (e), (f), or (g) of this section, the partnership may not take any remaining capitalized basis into account for tax purposes.

*(2) Example.* The following example illustrates the provisions of this paragraph (i):

*Example.* (i) Facts. In 2004, A and B form partnership PRS. A contributes Property 1, a nondepreciable capital asset, with a fair market value and basis of 5,000,000, in exchange for a 25% interest in PRS and an assumption by PRS of a §1.752-7 liability of $2,000,000. B contributes $9,000,000 in cash in exchange for a 75% interest in PRS. PRS uses $7,000,000 of the cash to purchase Property 2, also a nondepreciable capital asset. In 2007, when PRS's assets have not changed, PRS satisfies the §1.752-7 liability by paying $2,000,000. Assume that PRS is required to capitalize the cost of satisfying the §1.752-7 liability. In 2008, A sells his interest in PRS to C for $3,000,000. At the time of the sale, the basis of A's interest is still $5,000,000.

(ii) Analysis. On the sale of A's interest to C, A realizes a loss of $2,000,000 on the sale of the PRS interest (the excess of $5,000,000, the basis of the partnership interest, over $3,000,000, the amount realized on sale). The remaining built-in loss associated with the §1.752-7 liability at that time is zero because all of the §1.752-7 liability as of the time of the assumption of the §1.752-7 liability by the partnership was capitalized by the partnership. The partnership may not take any remaining capitalized basis into account for tax purposes.

Gain/Loss on Sale of A's PRS Interest (in millions)

| | |
|---|---|
| 1. Amount realized on sale | $3 |
| 2. Less basis of PRS interest | |
| Original Basis | $5 |
| §1.752-7 liability reduction | $0 |
| Difference | ($5) |
| 3. Gain/Loss | ($2) |

(iii) Partial Satisfaction. Assume that, prior to the sale of A's interest in PRS to C, PRS had paid $1,500,000 to satisfy a portion of the §1.752-7 liability. Therefore, immediately before the sale of the PRS interest to C, A's basis in the PRS interest would be reduced (to $4,500,000) by the $500,000 remaining built-in loss associated with the §1.752-7 liability ($2,000,000 less the 1,500,000 portion capitalized by the partnership as that time). On the sale of the PRS interest, A realizes a loss of $1,500,000 (the excess of $4,500,000, the basis of the PRS interest, over $3,000,000, the amount realized on the sale). Neither PRS nor any of its partners is entitled to a deduction, loss, or capital expense upon the satisfaction of the §1.752-7 liability to the extent of the remaining built-in loss associated with the §1.752-7 liability ($500,000). If PRS notifies A of the satisfaction of the remaining portion of the § 1.752-7 liability, then A is entitled to a deduction or loss of $500,000 (the remaining §1.752-7 liability reduction). The partnership may not take any remaining capitalized basis into account for tax purposes.

Gain/Loss on Sale of A's PRS Interest (in millions)

| | |
|---|---|
| 1. Amount realized on sale | $3 |
| 2. Less basis of PRS interest | |
| Original Basis | $5 |
| §1.752-7 liability reduction | ($0.5) |
| Difference | ($4.5) |
| 3. Gain/Loss | ($1.5) |

**(j) Tiered partnerships.**

*(1) Look-through treatment.* For purposes of this section, a contribution by a partner of an interest in a partnership (lower-tier partnership) to another partnership (upper-tier partnership) is treated as a contribution by the partner of the partner's share of each of the lower-tier partnership's assets and an assumption by the upper-tier partnership of the partner's share of the lower-tier partnership's liabilities (including §1.752-7 liabilities). See paragraph (e)(3)(ii) Example 1 of this section. In addition, a partnership is treated as having its share of any § 1.752-7 liabilities of the partnerships in which it has an interest.

*(2) Trade or business exception.* If a partnership (upper-tier partnership) assumes a §1.752-7 liability of a partner, and, subsequently, another partnership (lower-tier partnership) assumes that §1.752-7 liability from the upper-tier partnership, then the § 1.752-7 liability is treated as associated only with any trade or business contributed to the upper-tier partnership by the §1.752-7 liability partner. The same rule applies where a partnership assumes a §1.752-7 liability of a partner, and, subsequently, the § 1.752-7 liability partner transfers that partnership interest to another partnership. See paragraph (e)(3)(ii) Example 1 of this section.

*(3) Partnership as a §1.752-7 liability partner.* If a transaction described in paragraph (e), (f), or (g) of this section occurs with respect to a partnership (upper-tier partnership) that is a §1.752-7 liability partner of another partnership (lower-tier partnership), then such transaction will also be treated as a transaction described in paragraph (e), (f), or (g) of this section, as appropriate, with respect to the partners of the upper-tier partnership, regardless of whether the upper-tier partnership assumed the §1.752-7 liability from those partners. (See paragraph (b)(5) of this section for rules relating to the treatment of transactions by the partners of the upper-tier partnership). In such a case, each partner's share of the §1.752-7 liability reduction in the upper-

tier partnership is equal to that partner's share of the §1.752-7 liability. The partners of the upper-tier partnership at the time of the transaction described in paragraph (e), (f), or (g) of this section, and not the upper-tier partnership, are entitled to the deduction or loss on the satisfaction of the §1.752-7 liability. Similar principles apply where the upper-tier partnership is itself owned by one or a series of partnerships. This paragraph does not apply to the extent that §1.752-7(j)(4) applied to the assumption of the §1.752-7 liability by the lower-tier partnership.

*(4) Transfer of §1.752-7 liability by partnership to another partnership or corporation after a transaction described in paragraph (e), (f), or (g).*

(i) In general. If, after a transaction described in paragraph (e), (f), or (g) of this section with respect to a § 1.752-7 liability assumed by a partnership (the upper-tier partnership), another partnership or a corporation assumes the § 1.752-7 liability from the upper-tier partnership (or the assuming partner) in a transaction in which the basis of property is determined, in whole or in part, by reference to the basis of the property in the hands of the upper-tier partnership (or assuming partner), then—

(A) The upper-tier partnership (or assuming partner) must reduce its basis in any corporate stock or partnership interest received by the remaining built-in loss associated with the §1.752-7 liability, at the time of the transaction described in paragraph (e), (f), or (g) of this section (but the partners of the upper-tier partnership do not reduce their bases or capital accounts in the upper- tier partnership); and

(B) No deduction, loss, or capital expense is allowed to the assuming partnership or corporation on the satisfaction of the § 1.752-7 liability to the extent of the remaining built-in loss associated with the §1.752-7 liability.

(ii) Subsequent transfers. Similar rules apply to subsequent assumptions of the §1.752-7 liability in transactions in which the basis of property is determined, in whole or in part, by reference to the basis of the property in the hands of the transferor. If, subsequent to an assumption of the §1.752-7 liability by a partnership in a transaction to which paragraph (j)(4)(i) of this section applies, the §1.752-7 liability is assumed from the partnership by a partner other than the partner from whom the partnership assumed the §1.752-7 liability, then the rules of paragraph (g) of this section apply.

*(5) Example.* The following example illustrates the provisions of paragraphs (j)(3) and (4) of this section:

*Example.* (i) Assumption of §1.752-7 liability by UTP and transfer of §1.752-7 liability partner's interest in UTP. In 2004, A, B, and C form partnership UTP. A contributes Property 1 with a fair market value and basis of $5,000,000 subject to a § 1.752-7 liability of $2,000,000 in exchange for a 25% interest in UTP. B contributes $3,000,000 cash in exchange for a 25% interest in UTP, and C contributes $6,000,000 cash in exchange for a 50% interest in UTP. UTP invests the $9,000,000 cash in Property 2. In 2006, A sells A's interest in UTP to D for $3,000,000. At the time of the sale, the basis of A's UTP interest is $5,000,000, the remaining built-in loss associated with the §1.752-7 liability is $2,000,000, and UTP has no liabilities other than the § 1.752-7 liabilities assumed from A. Assume that none of the exceptions of paragraph (d)(2) of this section apply and that the satisfaction of the §1.752-7 liability would give rise to a deductible expense to A and to UTP. Under paragraph (e) of this section, immediately before the sale of the UTP interest to D, A's basis in UTP is reduced to $3,000,000 by the $2,000,000 §1.752- 7 liability reduction. Therefore, A neither realizes nor recognizes any gain or loss on the sale of the UTP interest to D. D's basis in the UTP interest is $3,000,000.

```
   UTP Balance Sheet Prior to A's Sale (in millions)

   Assets                              Liabilities/Equity
Value  Basis                             Value     Basis
-----  -----                             -----     -----
  $5     $5    Property 1
```

| | | | | | |
|---|---|---|---|---|---|
| $9 | $9 | Property 2 | | | |
| | | | $2 | | §1.752-7 Liability |
| | | | | | Partner's Equity: |
| | | | $3 | $5 | A (25%) |
| | | | $3 | $3 | B (25%) |
| | | | $6 | $6 | C (50%) |
| | | | $12 | $14 | Total Equity |

Gain/Loss on Sale of A's PRS Interest to D (in millions)

| | |
|---|---|
| 1. Amount realized on sale | $3 |
| 2. Less basis of PRS interest | |
| Original | $5 |
| §1.752-7 liability reduction | ($2) |
| | -- |
| Difference | ($3) |
| | -- |
| 3. Gain/Loss | $0 |

(ii) Assumption of §1.752-7 liability by LTP from UTP. In 2008, at a time when the estimated amount of the §1.752-7 liability has increased to $3,500,000, UTP contributes Property 1 and Property 2, subject to the §1.752-7 liability, to LTP in exchange for a 50% interest in LTP. At the time of the contribution, Property 1 still has a value and basis of $5,000,000 and Property 2 still has a value and basis of $9,000,000. UTP's basis in LTP under section 722 is $14,000,000. Under paragraph (j)(4)(i) of this section, UTP must reduce its basis in LTP by the $2,000,000 remaining built-in loss associated with the §1.752-7 liability (as of the time of the sale of the UTP interest by A). The partners in UTP are not required to reduce their bases in UTP by this amount. UTP is a §1.752-7 liability partner of LTP with respect to the entire $3,500,000 §1.752-7 liability assumed by LTP. However, as A is no longer a partner of UTP, none of the partners of UTP (as of the time of the assumption of the §1.752-7 liability by LTP) are §1.752-7 liability partners of LTP with respect to the $2,000,000 remaining built-in loss associated with the §1.752-7 liability (as of the time of the sale of the UTP interest by A). The UTP partners (as of the time of the assumption of the §1.752-7 liability by LTP) are §1.752-7 liability partners of LTP with respect to the $1,500,000 increase in the amount of the §1.752- 7 liability of UTP since the assumption of that §1.752-7 liability by UTP from A.

UTP Balance Sheet Immediately Before Contribution to LTP (in millions)

| Assets | | Liabilities/Equity | | |
|---|---|---|---|---|
| Value | Basis | Value | Basis | |
| ----- | ----- | ----- | ----- | |
| $5 | $5 | | | Property 1 |
| $9 | $9 | | | Property 2 |
| | | | | §1.752-7 Liability |
| | | $2 | | Assumed from A |
| | | $1.5 | | Additional |
| | | ---- | | |
| | | $3.5 | | Total |
| | | | | Partner's Equity: |
| | | $2.625 | $3 | D (25%) |
| | | $2.625 | $3 | B (25%) |
| | | $5.25 | $6 | C (50%) |
| | | ----- | --- | |
| | | $10.5 | $12 | Total Equity |

UTP's Basis in LTP Immediately After Contribution (in millions)

| | |
|---|---|
| 1. Basis in assets | $14 |
| 2. Less remaining built-in loss at time of A's sale | ($2) |
| | --- |
| 3. UTP's basis in LTP | $12 |

(iii) Sale by UTP of LTP interest. In 2010, UTP sells its interest in LTP to E for $10,500,000. At the time of the sale, the LTP interest still has a value of $10,500,000 and a basis of $12,000,000, and the remaining built-in loss associated with the §1.752-7 liability is $3,500,000. Under paragraph (e) of this section, immediately before the sale, UTP must reduce its basis in the LTP interest by the §1.752-7 liability reduction. Under paragraph (a)(4) of this section, the remaining built-in loss associated with the §1.752-7 liability is $1,500,000 (remaining built-in loss associated with the §1.752-7 liability, $3,500,000, reduced by the amount of the §1.752-7 liability taken into account under paragraph (j)(4) of this section, $2,000,000). The difference between the basis of the LTP interest held by UTP ($12,000,000) and the adjusted value of that interest ($10,500,000) is also $1,500,000. Therefore, the §1.752-7 liability reduction is $1,500,000 and UTP's basis in the LTP interest must be reduced to $10,500,000. In addition, UTP's partners must reduce their bases in their UTP interests by their proportionate shares of the §1.752-7 liability reduction. Thus, the basis of each of B's and D's interest in UTP must be reduced by $375,000 and the basis of C's interest in UTP must be reduced by $750,000. In 2011, D sells the UTP interest to F.

Computation of §1.752-7 Liability Reduction (in millions)

| | | |
|---|---|---|
| 1. Basis of UTP's LTP interest | | $12 |
| 2. Less adjusted value of UTP's LTP interest | | ($10.5) |
| 3. Difference between 1 and 2 | | $1.5 |
| 4. Remaining built-in loss from §1.752-7 liability | $1.5 | |
| 5. §1.752-7 liability reduction (lesser of 3 or 4) | | $1.5 |

Gain/Loss on Sale of UTP's PRS Interest to E (in millions)

| | |
|---|---|
| 1. Amount realized on sale | $10.5 |
| 2. Less basis of PRS interest | |
| Original | $12 |
| §1.752-7 liability reduction | ($1.5) |
| Difference | ($10.5) |
| 3. Gain/Loss | $0 |

Partner's Bases in UTP Interests after Sale of LTP Interest (in millions)

| | B | C | D |
|---|---|---|---|
| Basis prior to sale | $3 | $6 | $3 |
| Share of §1.752-7 liability Reduction | ($0.375) | ($0.75) | ($0.375) |
| Basis after sale | $2.625 | $5.25 | $2.625 |

(iv) Deduction, expense, or loss associated with the § 1.752-7 liability by LTP. In 2012, LTP pays $3,500,000 to satisfy the §1.752-7 liability. Under paragraphs (e) and (j)(4) of this section, LTP is not entitled to any deduction with respect to the §1.752-7 liability. Under paragraph (j)(3) of this section, UTP also is not entitled to any deduction with respect to the § 1.752-7 liability. If LTP notifies A, B, C and D of the satisfaction of the §1.752-7 liability, then A is entitled to a deduction in 2012 of $2,000,000, B and D are each entitled to deductions in 2012 of $375,000, and C is entitled to a deduction in 2012 of $750,000.

**(k) Effective dates.**

*(1) In general.* This section applies to § 1.752-7 liability transfers occurring on or after June 24, 2003. For assumptions occurring after October 18, 1999, and before June 24, 2003, see §1.752-6. For §1.752-7 liability transfers occurring on or after June 24, 2003 and before May 26, 2005, taxpayers may rely on the exception for trading and investment partnerships in paragraph (b)(8)(ii) of §1.752.7 (2003-28 I.R.B. 46; 68 FR 37434).

*(2) Election to apply this section to assumptions of liabilities occurring after October 18, 1999 and before June 24, 2003.*

(i) In general. A partnership may elect to apply this section to all assumptions of liabilities (including §1.752-7 liabilities) occurring after October 18, 1999, and before June 24, 2003. Such an election is binding on the partnership and all of its partners. A partnership making such an election must apply all of the provisions of §1.752-1 and §1.752-7, including §1.358-5T, §1.358- 7, §1.704-1(b)(1)(ii) and (b)(2)(iv)(b), §1.704-2(b)(3), §1.704-3(a)(7), (a)(8)(iv), and (a)(12), §1.704-4(d)(1)(iv), §1.705-1(a)(8), §1.732-2(d)(3)(iv), and §1.737-5.

(ii) Manner of making election. A partnership makes an election under this paragraph (k)(2) by attaching the following statement to its timely filed return: [Insert name and employer identification number of electing partnership] elects under §1.752-7 of the Income Tax Regulations to be subject to the rules of §1.358-5T, §1.358- 7, §1.704-1(b)(1)(ii) and (b)(2)(iv)(b), §1.704-2(b)(3), §1.704-3(a)(7), (a)(8)(iv), and (a)(12), §1.704-4(d)(1)(iv), §1.705-1(a)(8), §1.732-2(d)(3)(iv), and §1.737-5 with respect to all liabilities (including §1.752-7 liabilities) assumed by the partnership after October 18, 1999 and before June 24, 2003. In the statement, the partnership must list, with respect to each liability (including each §1.752-7 liability) assumed by the partnership after October 18, 1999 and before June 24, 2003—

(A) The name, address, and taxpayer identification number of the partner from whom the liability was assumed;

(B) The date on which the liability was assumed by the partnership;

(C) The amount of the liability as of the time of its assumption; and

(D) A description of the liability.

(iii) Filing of amended returns. An election under this paragraph (k)(2) will be valid only if the partnership and its partners promptly amend any returns for open taxable years that would be affected by the election.

(iv) Time for making election. An election under this paragraph (k)(2) must be filed with any timely filed Federal income tax return filed by the partnership on or after September 24, 2003 and on or before December 31, 2005.

---

T.D. 9207, 5/23/2005 .

---

END OF DOCUMENT -

© 2008 Thomson/RIA. All rights reserved.