EXHIBIT
tabbies
B.10.

**Internal Revenue Code**

# § 704 Partner's distributive share.

**(a) Effect of partnership agreement.**
A partner's distributive share of income, gain, loss, deduction, or credit shall, except as otherwise provided in this chapter, be determined by the partnership agreement.

**(b) Determination of distributive share.**
A partner's distributive share of income, gain, loss, deduction, or credit (or item thereof) shall be determined in accordance with the partner's interest in the partnership (determined by taking into account all facts and circumstances), if—

**(1)** the partnership agreement does not provide as to the partner's distributive share of income, gain, loss, deduction, or credit (or item thereof), or

**(2)** the allocation to a partner under the agreement of income, gain, loss, deduction, or credit (or item thereof) does not have substantial economic effect.

**(c) Contributed property.**

**(1) In general.**
Under regulations prescribed by the Secretary—

(A) income, gain, loss, and deduction with respect to property contributed to the partnership by a partner shall be shared among the partners so as to take account of the variation between the basis of the property to the partnership and its fair market value at the time of contribution,

(B) if any property so contributed is distributed (directly or indirectly) by the partnership (other than to the contributing partner) within 7 years of being contributed—

(i) the contributing partner shall be treated as recognizing gain or loss (as the case may be) from the sale of such property in an amount equal to the gain or loss which would have been allocated to such partner under subparagraph (A) by reason of the variation described in subparagraph (A) if the property had been sold at its fair market value at the time of the distribution,

(ii) the character of such gain or loss shall be determined by reference to the character of the gain or loss which would have resulted if such property had been sold by the partnership to the distributee, and

(iii) appropriate adjustments shall be made to the adjusted basis of the contributing

partner's interest in the partnership and to the adjusted basis of the property distributed to reflect any gain or loss recognized under this subparagraph, and

(C) if any property so contributed has a built-in loss—

(i) such built-in loss shall be taken into account only in determining the amount of items allocated to the contributing partner, and

(ii) except as provided in regulations, in determining the amount of items allocated to other partners, the basis of the contributed property in the hands of the partnership shall be treated as being equal to its fair market value at the time of contribution.

For purposes of subparagraph (C) , the term "built-in loss" means the excess of the adjusted basis of the property (determined without regard to subparagraph (C)(ii) ) over its fair market value at the time of contribution.

**(2) Special rule for distributions where gain or loss would not be recognized outside partnerships.**
Under regulations prescribed by the Secretary, if—

(A) property contributed by a partner (hereinafter referred to as the "contributing partner") is distributed by the partnership to another partner, and

(B) other property of a like kind (within the meaning of section 1031 ) is distributed by the partnership to the contributing partner not later than the earlier of—

(i) the 180th day after the date of the distribution described in subparagraph (A) , or

(ii) the due date (determined with regard to extensions) for the contributing partner's return of the tax imposed by this chapter for the taxable year in which the distribution described in subparagraph (A) occurs,

then to the extent of the value of the property described in subparagraph (B) , paragraph (1)(B) shall be applied as if the contributing partner had contributed to the partnership the property described in subparagraph (B) .

**(3) Other rules.**
Under regulations prescribed by the Secretary, rules similar to the rules of paragraph (1) shall apply to contributions by a partner (using the cash receipts and disbursements method of accounting) of accounts payable and other accrued but unpaid items. Any reference in paragraph (1) or (2) to the contributing partner shall be treated as including a reference to any successor of such partner.

**(d) Limitation on allowance of losses.**
A partner's distributive share of partnership loss (including capital loss) shall be allowed only to the extent of the adjusted basis of such partner's interest in the partnership at the end of the partnership year in which such loss occurred. Any excess of such loss over such basis shall be allowed as a deduction at the end of the partnership year in which such excess is repaid to the partnership.

**(e) Family partnerships.**

**(1) Recognition of interest created by purchase or gift.**
A person shall be recognized as a partner for purposes of this subtitle if he owns a capital interest in a partnership in which capital is a material income-producing factor, whether or not such interest was derived by purchase or gift from any other person.

**(2) Distributive share of donee includible in gross income.**

In the case of any partnership interest created by gift, the distributive share of the donee under the partnership agreement shall be includible in his gross income, except to the extent that such share is determined without allowance of reasonable compensation for services rendered to the partnership by the donor, and except to the extent that the portion of such share attributable to donated capital is proportionately greater than the share of the donor attributable to the donor's capital. The distributive share of a partner in the earnings of the partnership shall not be diminished because of absence due to military service.

**(3) Purchase of interest by member of family.**
For purposes of this section, an interest purchased by one member of a family from another shall be considered to be created by gift from the seller, and the fair market value of the purchased interest shall be considered to be donated capital. The "family" of any individual shall include only his spouse, ancestors, and lineal descendants, and any trusts for the primary benefit of such persons.

**(f) Cross reference.**
For rules in the case of the sale, exchange, liquidation, or reduction of a partner's interest, see section 706(c)(2) .

END OF DOCUMENT -
© 2008 Thomson/RIA. All rights reserved.