tabbles' EXHIBIT B.12.

**Internal Revenue Code**

# § 351 Transfer to corporation controlled by transferor.

**(a) General rule.**
No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock in such corporation and immediately after the exchange such person or persons are in control (as defined in section 368(c) ) of the corporation.

**(b) Receipt of property.**
If subsection (a) would apply to an exchange but for the fact that there is received, in addition to the stock permitted to be received under subsection (a) , other property or money, then—

**(1)** gain (if any) to such recipient shall be recognized, but not in excess of—

(A) the amount of money received, plus

(B) the fair market value of such other property received; and

**(2)** no loss to such recipient shall be recognized.

**(c) Special rules where distribution to shareholders.**

**(1) In general.**
In determining control for purposes of this section , the fact that any corporate transferor distributes part or all of the stock in the corporation which it receives in the exchange to its shareholders shall not be taken into account.

**(2) Special rule for section 355 .**
If the requirements of section 355 (or so much of section 356 as relates to section 355 ) are met with respect to a distribution described in paragraph (1) , then, solely for purposes of determining the tax treatment of the transfers of property to the controlled corporation by the distributing corporation, the fact that the shareholders of the distributing corporation dispose of part or all of the distributed stock, or the fact that the corporation whose stock was distributed issues additional stock, shall not be taken into account in determining control for purposes of this section .

**(d) Services, certain indebtedness, and accrued interest not treated as property.**
For purposes of this section , stock issued for—

**(1)** services,

**(2)** indebtedness of the transferee corporation which is not evidenced by a security, or

**(3)** interest on indebtedness of the transferee corporation which accrued on or after the beginning of the transferor's holding period for the debt,

shall not be considered as issued in return for property.

**(e) Exceptions.**
This section shall not apply to—

**(1) Transfer of property to an investment company.**
A transfer of property to an investment company. For purposes of the preceding sentence, the determination of whether a company is an investment company shall be made—

(A) by taking into account all stock and securities held by the company, and

(B) by treating as stocks and securities:

(i) money,

(ii) stocks and other equity interests in a corporation, evidences of indebtedness, options, forward or futures contracts, notional principal contracts and derivatives,

(iii) any foreign currency,

(iv) any interest in a real estate investment trust, a common trust fund, a regulated investment company, a publicly-traded partnership (as defined in section 7704(b) ) or any other equity interest (other than in a corporation) which pursuant to its terms or any other arrangement is readily convertible into, or exchangeable for, any asset described in any preceding clause, this clause or clause (v) or (viii) ,

(v) except to the extent provided in regulations prescribed by the Secretary, any interest in a precious metal, unless such metal is used or held in the active conduct of a trade or business after the contribution,

(vi) except as otherwise provided in regulations prescribed by the Secretary, interests in any entity if substantially all of the assets of such entity consist (directly or indirectly) of any assets described in any preceding clause or clause (viii) ,

(vii) to the extent provided in regulations prescribed by the Secretary, any interest in any entity not described in clause (vi) , but only to the extent of the value of such interest that is attributable to assets listed in clauses (i) through (v) or clause (viii) , or

(viii) any other asset specified in regulations prescribed by the Secretary.

The Secretary may prescribe regulations that, under appropriate circumstances, treat any asset described in clauses (i) through (v) as not so listed.

**(2) Title 11 or similar case.**
A transfer of property of a debtor pursuant to a plan while the debtor is under the jurisdiction of a court in a title 11 or similar case (within the meaning of section 368(a)(3)(A) ), to the extent that the stock received in the exchange is used to satisfy the indebtedness of such debtor.

**(f) Treatment of controlled corporation.**
If—

**(1)** property is transferred to a corporation (hereinafter in this subsection referred to as the "controlled corporation") in an exchange with respect to which gain or loss is not recognized (in

whole or in part) to the transferor under this section , and

**(2)** such exchange is not in pursuance of a plan of reorganization,

section 311 shall apply to any transfer in such exchange by the controlled corporation in the same manner as if such transfer were a distribution to which subpart A of part I applies.

**(g) Nonqualified preferred stock not treated as stock.**

**(1) In general.**
In the case of a person who transfers property to a corporation and receives nonqualified preferred stock—

(A) subsection (a) shall not apply to such transferor, and

(B) if (and only if) the transferor receives stock other than nonqualified preferred stock—

(i) subsection (b) shall apply to such transferor; and

(ii) such nonqualified preferred stock shall be treated as other property for purposes of applying subsection (b) .

**(2) Nonqualified preferred stock.**
For purposes of paragraph (1) —

(A) In general. The term "nonqualified preferred stock" means preferred stock if—

(i) the holder of such stock has the right to require the issuer or a related person to redeem or purchase the stock,

(ii) the issuer or a related person is required to redeem or purchase such stock,

(iii) the issuer or a related person has the right to redeem or purchase the stock and, as of the issue date, it is more likely than not that such right will be exercised, or

(iv) the dividend rate on such stock varies in whole or in part (directly or indirectly) with reference to interest rates, commodity prices, or other similar indices.

(B) Limitations. Clauses (i) , (ii) , and (iii) of subparagraph (A) shall apply only if the right or obligation referred to therein may be exercised within the 20-year period beginning on the issue date of such stock and such right or obligation is not subject to a contingency which, as of the issue date, makes remote the likelihood of the redemption or purchase.

(C) Exceptions for certain rights or obligations.

(i) In general. A right or obligation shall not be treated as described in clause (i) , (ii) , or (iii) of subparagraph (A) if—

(I) it may be exercised only upon the death, disability, or mental incompetency of the holder, or

(II) in the case of a right or obligation to redeem or purchase stock transferred in connection with the performance of services for the issuer or a related person (and which represents reasonable compensation), it may be exercised only upon the holder's separation from service from the issuer or a related person.

(ii) Exception. Clause (i)(I) shall not apply if the stock relinquished in the exchange, or the stock acquired in the exchange is in—

(I) a corporation if any class of stock in such corporation or a related party is readily tradable on an established securities market or otherwise, or

(II) any other corporation if such exchange is part of a transaction or series of transactions in which such corporation is to become a corporation described in subclause (I) .

**(3) Definitions.**
For purposes of this subsection —

(A) Preferred stock. The term "preferred stock" means stock which is limited and preferred as to dividends and does not participate in corporate growth to any significant extent. Stock shall not be treated as participating in corporate growth to any significant extent unless there is a real and meaningful likelihood of the shareholder actually participating in the earnings and growth of the corporation. If there is not a real and meaningful likelihood that dividends beyond any limitation or preference will actually be paid, the possibility of such payments will be disregarded in determining whether stock is limited and preferred as to dividends. If there is not a real and meaningful likelihood that dividends beyond any limitation or preference will actually be paid, the possibility of such payments will be disregarded in determining whether stock is limited and preferred as to dividends.

(B) Related person. A person shall be treated as related to another person if they bear a relationship to such other person described in section 267(b) or 707(b) .

**(4) Regulations.**
The Secretary may prescribe such regulations as may be necessary or appropriate to carry out the purposes of this subsection and sections 354(a)(2)(C) , 355(a)(3)(D) , and 356(e) . The Secretary may also prescribe regulations, consistent with the treatment under this subsection and such sections, for the treatment of nonqualified preferred stock under other provisions of this title.

**(h) Cross references.**

**(1)** For special rule where another party to the exchange assumes a liability, see section 357 .

**(2)** For the basis of stock or property received in an exchange to which this section applies, see sections 358 and 362 .

**(3)** For special rule in the case of an exchange described in this section but which results in a gift, see section 2501 and following.

**(4)** For special rule in the case of an exchange described in this section but which has the effect of the payment of compensation by the corporation or by a transferor, see section 61(a)(1) .

**(5)** For coordination of this section with section 304 , see section 304(b)(3) .

END OF DOCUMENT -
© 2008 Thomson/RIA. All rights reserved.