Track It | Regs | WG&L Treatises

# Treasury Decision 9207, 05/24/2005, IRC Sec(s). 752

---

## Treatment of certain liabilities—partnership's assumption of partner's liability.

## Headnote:

Final regs were issued concerning partnership's assumption of certain fixed and contingent obligations in connection with issuance of partnership interest, along with temporary regs relating to the assumption of certain liabilities under Code Sec. 358(h);. Reg § 1.752-6 applies to assumptions of liabilities by a partnership occurring after 10/18/1999, and before 6/24/2003. All other final regs, as well as the temporary regs under Code Sec. 358;, apply to liabilities assumed on or after 6/24/2003.

***Reference(s):*** ¶ 7524.01; Code Sec. 752;

EXHIBIT
tabbles
B.20.

## Full Text:

### Rin 1545-AX93

### Assumption of Partner Liabilities

**AGENCY:** Internal Revenue Service (IRS), Treasury.

**ACTION:** Final and temporary regulations; and removal of temporary regulations.

**SUMMARY:** This document contains final regulations relating to the definition of liabilities under section 752 of the Internal Revenue Code (Code). These regulations provide rules regarding a partnership's assumption of certain fixed and contingent obligations in connection with the issuance of a partnership interest and provide conforming changes to certain regulations. These regulations also provide rules under section 358(h) for assumptions of liabilities by corporations from partners and partnerships. Finally, this document also contains temporary regulations relating to the assumption of certain liabilities under section 358(h). The text of the temporary regulations also serves as the text of the proposed regulations set forth in the notice of proposed rulemaking on this subject in the proposed rules section in this issue of the Federal Register.

DATES: Effective Date: These regulations are effective May 26, 2005.

Applicability Dates: The final §1.752-6 regulations apply to assumptions of liabilities by a partnership occurring after October 18, 1999, and before June 24, 2003. All of the other final regulations in this Treasury Decision, as well as the temporary regulations under section 358, apply to liabilities assumed on or after June 24, 2003, except as otherwise noted.

**FOR FURTHER INFORMATION CONTACT:** Laura Fields at (202) 622-3050 (not a toll-free number).

## Supplementary Information:

## Paperwork Reduction Act

The collection of information contained in these final regulations has been reviewed and approved by the Office of Management and Budget in accordance with the Paperwork Reduction Act of 1995 (44 U.S.C. 3507(d)) under control number 1545-1843. Responses to these collections of information are mandatory and are required to obtain a benefit. The collections of information in this final regulation is in , , §1.752-7(e), (f), (g), and (h). This information is required for a former or current partner of a partnership to take deductions, losses, or capital expenses attributable to the satisfaction of the §1.752-7 liability. This information will be used by the partner in order to take a deduction, loss, or capital expense. An additional collection of information in this final regulation is in §1.752-7(k)(2). This information is required to inform the IRS of partnerships making the designated election and to report income appropriately. The collection of information is required to obtain a benefit, i.e., to elect to apply the provisions of §1.752-7 of the regulations in lieu of §1.752-6. The likely respondents are business or other for-profit institutions and small businesses or organizations.

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid control number assigned by the Office of Management and Budget.

Estimated total annual reporting burden: 125 hours.

The estimated annual burden per respondent varies from 20 to 40 minutes, depending on individual circumstances, with an estimated average of 30 minutes.

Estimated number of respondents: 250.

Estimated annual frequency of responses: On occasion.

Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be sent to the **Internal Revenue Service**, Attn: IRS Reports Clearance Officer, SE:W:CAR:MP:T:T:SP Washington, DC 20224, and to the **Office of Management and Budget**, Attn: Desk Officer for the Department of the Treasury, Office of Information and Regulatory Affairs, Washington, DC 20503.

Books or records relating to this collection of information must be retained as long as their contents may become material in the administration of any internal revenue law. Generally, tax returns and tax return information are confidential, as required by 26 U.S.C. 6103.

## Background

This document contains amendments to 26 CFR part 1 under sections 358, 704, 705, 737 and 752 of the Internal Revenue Code (Code).

As part of the Community Renewal Tax Relief Act of 2000 (the Act)(114 Stat. 2763), Congress enacted, on December 15, 2000, section 358(h), effective October 18, 1999, to address certain situations in which property is transferred to a corporation in exchange for both stock and the corporation's assumption of certain obligations of the transferor. In these situations, transferors took the position that the obligations were not liabilities within the meaning of section 357(c) or that they were described in section 357(c)(3), and, therefore, the obligations did not reduce the basis of the transferor's stock. These assumed obligations, however, did reduce the value of the stock. The transferors then sold the stock and claimed a loss. In this way, taxpayers attempted to duplicate a loss in corporate stock and to accelerate deductions that

typically are allowed only on the economic performance of these types of obligations.

Section 358(h) addresses these transactions by requiring that, after the application of section 358(d), the basis in stock received in an exchange to which section 351, 354, 355, 356, or 361 applies be reduced (but not below the fair market value of the stock) by the amount of any liability assumed in the exchange. Exceptions to section 358(h) are provided where: (1) the trade or business with which the liability is associated is transferred to the person assuming the liability as part of the exchange; or (2) substantially all of the assets with which the liability is associated are transferred to the person assuming the liability as part of the exchange. The Secretary, however, has the authority to limit these exceptions. The term liability for purposes of section 358(h) includes any fixed or contingent obligation to make payment without regard to whether the obligation is otherwise taken into account for purposes of the Code.

Congress recognized that taxpayers were attempting to use partnerships and S corporations to carry out the same types of abuses that section 358(h) was designed to deter. Therefore, in sections 309(c) and (d)(2) of the Act, Congress directed the Secretary to prescribe rules to provide "appropriate adjustments under subchapter K of chapter 1 of the Code to prevent the acceleration or duplication of losses through the assumption of (or transfer of assets subject to) liabilities described in section 358(h)(3) . . . in transactions involving partnerships." Under the statute, these rules are to "apply to assumptions of liability after October 18, 1999, or such later date as may be prescribed in such rules."

In response to this directive, a notice of proposed rulemaking (REG-106736-00; 2003-28 I.R.B. 46) under sections 358, 704, 705, and 752 was published in the Federal Register (68 FR 37434) on June 24, 2003. In addition, temporary regulations (TD 9062) were published on that same day (68 FR 37414). The proposed and temporary regulations provide rules to prevent the duplication and acceleration of loss through the assumption by a partnership of certain liabilities from a partner. Section 1.752-6T of the temporary regulations (the temporary regulations) applies to liabilities assumed by a partnership after October 18, 1999, and before June 24, 2003. Section 1.752-7 of the proposed regulations (the proposed regulations) applies to liabilities assumed by a partnership on or after June 24, 2003. However, taxpayers may elect to apply the proposed regulations, instead of the temporary regulations, to liabilities assumed by a partnership after October 18, 1999, and before June 24, 2003.

The temporary regulations adopt the approach of section 358(h), with some modifications. For example, the exception for contributions of "substantially all of the assets with which the liability is associated" does not apply to certain abusive transactions described in Notice 2000-44, released to the public on August 11, 2000, and published on September 5, 2000 (2000-2 C.B. 255).

The proposed regulations deviate somewhat from the rules of section 358(h). In particular, the proposed regulations do not reduce the partner's basis in the partnership at the time of the assumption of a §1.752-7 liability by the partnership, but delay that reduction until an event occurs that separates the partner from the liability (triggering event). The triggering events are: (1) a disposition (or partial disposition) of the partnership interest by the partner; (2) a liquidation of the partner's interest in the partnership; and (3) the assumption of the liability by another partner. After a triggering event, the partnership's (or the assuming partner's) deduction on the economic performance of the §1.752-7 liability is limited. However, if the partnership (or the assuming partner) notifies the partner of the economic performance of the §1.752-7 liability, then the partner may take a loss or deduction in the amount of the prior basis reduction.

The proposed regulations include an exception, similar to the exception in section 358(h)(2)

(A), for transactions in which the partner contributes to the partnership the trade or business with which the liability is associated as part of the exchange (the trade or business exception), but do not include an exception, similar to the exception in section 358(h)(2)(B), for transactions in which the partner contributes to the partnership substantially all of the assets associated with the liability as part of the exchange. The proposed regulations also include an additional exception for situations in which, immediately before the triggering event, the amount of the remaining built-in loss with respect to all §1.752-7 liabilities assumed by the partnership (other than §1.752-7 liabilities assumed by the partnership with an associated trade or business) in one or more §1.752-7 liability transfers is less than the lesser of 10% of the gross value of partnership assets or $1,000,000 (the de minimis exception).

In addition, the proposed regulations provide detailed rules to address the treatment of the liability between the date of the assumption of that liability by the partnership and the date of a triggering event and to address tiered entity situations.

The proposed regulations distinguish between a §1.752-1 liability, for which a basis reduction is required when the liability is assumed by the partnership from a partner, and a §1.752-7 liability, for which a basis reduction is not required until the occurrence of a triggering event. Under the proposed regulations, an obligation is a §1.752-1 liability to the extent the obligation creates or increases the basis of any of the obligor's assets (including cash), gives rise to an immediate deduction to the obligor, or gives rise to an expense that is not deductible in computing the obligor's taxable income and is not properly chargeable to capital. All remaining obligations are §1.752-7 liabilities. Under the proposed regulations, §1.752-7 liabilities are subject to the rules of section 704(c) and the regulations thereunder.

The American Jobs Creation Act of 2004, Public Law 108-357 (118 Stat. 1418) (the Act), was enacted on October 22, 2004. Section 833(a) of the Act amended section 704(c) of the Code by adding section 704(c)(1)(C), effective for contributions of property to a partnership after October 22, 2004. Under new section 704(c)(1)(C), if "built-in loss" property is contributed to a partnership, the built-in loss shall be taken into account only in determining the items allocated to the contributing partner, and, except as provided in regulations, in determining the amount of items allocated to the other partners, the basis of the contributed property shall be treated as being equal to its fair market value at the time of contribution. For this purpose, a "built-in loss" is defined to mean the excess of the adjusted basis of the property in the hands of the contributing partner over its fair market value at the time of its contribution to the partnership.

Section 833(b) of the Act requires basis adjustments to be made following certain transfers of interests in partnerships for which no section 754 election is in effect. As amended by the Act, section 743 (a) and (b) of the Code requires a partnership to reduce the basis of partnership property upon the transfer of an interest in the partnership by sale or exchange or upon the death of a partner, if, at the time of the relevant transfer, the partnership has a "substantial built-in loss." Section 743(d)(1) provides that, for purposes of section 743, a partnership has a substantial built-in loss with respect to a transfer of a partnership interest if the partnership's adjusted basis in the partnership's property exceeds by more than $250,000 the fair market value of such property. Exceptions are provided for electing investment partnerships and for securitization partnerships, as defined in the Act. See also sections 734(b) and (d), as amended by section 833(c) of the Act (requiring a basis adjustment to be made following a distribution from a partnership for which no section 754 election is in effect in the case of a "substantial basis reduction").

The IRS and the Treasury Department are aware of certain similarities between the treatment of

§1.752-7 liabilities in these regulations and the treatment of built-in losses under sections 704(c)(1)(C), 734, and 743 of the Code, as added by the Act. For example, it is possible to view the contribution of property with an adjusted tax basis equal to the fair market value of the property, determined without regard to any §1.752-7 liabilities, as "built-in loss" property after the §1.752-7 liability is taken into account in those cases where the §1.752-7 liability is related to the contributed property. Although a partnership's assumption of a §1.752-7 liability as part of the contribution of property to the partnership can be analogized to a property with an adjusted tax basis greater than fair market value, the purposes of section 704(c)(1)(C) and §1.752-7 are different in certain respects. Section 704(c)(1)(C) and the other changes in section 833 of the Act are directed toward loss duplication whereas §1.752-7 is directed at both loss duplication and loss acceleration. Therefore, to the extent of any built-inloss attributable to a §1.752-7 liability, §1.752-7 shall be applied without regard to the amendments made by the Act, unless future guidance provides to the contrary. Any such guidance would be prospective in application.

Written comments were received in response to the notice of proposed rulemaking, and a public hearing was held on October 14, 2003. Two commentators requested to speak at that hearing. After consideration of the comments, the proposed and temporary regulations are adopted as modified by this Treasury decision.

## Explanation of Provisions

These final regulations generally follow the proposed and temporary regulations with the changes described below.

1. Comments on §1.752-6T

Several commentators suggested that the issuance of §1.752-6T exceeded the authority granted to the Secretary in section 309 of the Act. More specifically, some commentators suggested that §1.752-6T results in the inappropriate denial of a bona fide loss, that §1.752-6T was issued to bootstrap the IRS's litigating position regarding transactions described in Notice 2000-44 (2000-2 C.B. 255), and that section 309 of the Act only granted the Secretary the authority to prescribe rules to address situations in which a partnership liability is assumed by a corporation. In addition, several commentators argued that the Treasury Department and the IRS exceeded their authority in providing that §1.752-6T applies retroactively to assumptions of liabilities occurring after October 18, 1999, and before June 24, 2003, the date the regulations were issued.

The Treasury Department and the IRS believe that §1.752-6T does not result in the inappropriate denial of a bona fide loss. The exceptions in §1.752-6T generally limit the application of the regulations to transactions that are abusive in nature and that lack a business purpose. In addition, the regulations allow taxpayers to elect into §1.752-7 so as to avoid the immediate basis reduction under §1.752-6T. Recognizing, however, that some taxpayers may not have expected the approach taken in §1.752-7 when engaging in transactions in prior years, §1.752-6T employs rules similar to section 358(h) for partnership transactions.

Those commentators who suggested that the IRS issued §1.752-6T to "bootstrap" its litigating position in Notice 2000-44 pointed to the fact that Notice 2000-44 did not mention that regulations would be issued in the future to challenge the transactions described in that notice. As

discussed earlier, the Act was enacted with a retroactive effective date and granted the Treasury Department and the IRS the authority to issue retroactive regulations. The Treasury Department and the IRS believe that they have appropriately exercised this grant of authority. Also, Notice 2000-44 was released on August 11, 2000. The Act was not enacted into law until December 15, 2000, after the release of Notice 2000-44. Therefore, the Treasury Department and the IRS could not reference regulations promulgated under the Act in Notice 2000-44.

The Treasury Department and the IRS have concluded that the Secretary's authority under section 309(c) is not limited to addressing assumptions of liabilities by corporations from partnerships. The plain language of the legislative directive is not so limited and the legislative history does not support such a limitation.

To the contrary, the Treasury Department and the IRS believe that the rules of §1.752-6T carry out the explicit directive of section 309(c) of the Act by applying to partnership transactions rules that are analogous to the rules that apply to corporate transactions under section 358(h). For example, if the transactions described in Notice 2000-44 were effected through a contribution to a corporation, rather than a contribution to a partnership, section 358(h) would generally apply to such a transaction, causing a basis reduction identical to that provided by §1.752-6T.

Section 7805(b) addresses when a regulation (temporary, proposed, or final) may be effective retroactively. Section 7805(b)(1) generally provides that no temporary, proposed, or final regulations relating to the internal revenue laws shall apply to any taxable period ending before the earliest of the following dates: (A) the date on which such regulation is filed with the Federal Register; (B) in the case of any final regulation, the date on which any proposed or temporary regulation to which such final regulation relates was filed with the Federal Register; or (C) the date on which any notice substantially describing the expected contents of any temporary, proposed, or final regulation is issued to the public. However, section 7805(b) provides a list of exceptions to the general rule stated above. Included in that list, and relevant in this context, is section 7805(b)(6). Section 7805(b)(6) provides that the limitation may be superseded "by a legislative grant from Congress authorizing the Secretary to prescribe the effective date with respect to any regulation." Also included among the exceptions to the general rule in section 7805(b)(1) is section 7805(b)(3). Section 7805(b)(3) states that the "Secretary may provide that any regulation may take effect or apply retroactively to prevent abuse."

The retroactive effective date of §1.752-6T is in accordance with the directive in section 309(c) and (d)(2) of the Act and section 7805(b)(6). Furthermore, pursuant to section 7805(b)(3), the Secretary has determined that a retroactive effective date is appropriate to prevent abuse.

For these reasons, the Treasury Department and the IRS have concluded that §1.752-6T is a valid exercise of the Secretary's regulatory authority under the Code and section 309 of the Act.

2. <u>Extension of Time to Adopt the Provisions of §1.752-7 in lieu of §1.752-6T</u>

Section 1.752-6T(d)(2) provides that partnerships may elect to apply the provisions of §1.752-7 of the proposed regulations to all assumptions of liabilities by the partnership occurring after October 18, 1999, and before June 24, 2003, in lieu of applying §1.752-6T of the

temporary regulations. The election must be filed with the first Federal income tax return filed by the partnership on or after September 24, 2003.

Several commentators expressed a need for additional time to make this election. In response to these comments, the election period described in §1.752-6T(d)(2) has been extended. Under the extension, an election to apply the regulations under §1.752-7, rather than the regulations under §1.752-6, to all liabilities assumed by a partnership after October 18, 1999, and before June 24, 2003, must be filed with a Federal income tax return filed by the partnership on or after September 24, 2003, and on or before December 31, 2005.

3. Section 1.358-5T, Special Rules For Assumption of Liabilities

The preamble to the proposed regulations advised taxpayers that, with respect to an exchange to which §358(a)(1) applies, the Treasury Department and the IRS were considering exercising their authority under §358(h)(2) to issue regulations that would limit the exceptions to §358(h)(1) to follow the exceptions set forth in the proposed regulations under §1.752-7 (other than the de minimis exception). The preamble indicated that such regulations would be retroactive to the extent necessary to prevent abuse. No comments were received regarding the appropriate scope or substance of such regulations. The Treasury Department and the IRS have determined that removing the exception of §358(h)(2)(B) (which applies where substantially all of the assets with which the liability is associated are transferred to the person assuming the liability as part of the exchange) is necessary to prevent the abuse that §358(h) was designed to prevent. Therefore, with respect to an exchange to which §358(a)(1) applies, this document contains temporary regulations providing that the exception contained in §358(h)(2)(B) does not apply to exchanges under §358(a)(1) in which liabilities are assumed on or after June 24, 2003.

4. Section 1752-7 Liability

Commentators have asked for clarification on whether an obligation could be a §1.752-1 liability in part and a §1.752-7 liability in part. Certain obligations that create liabilities under §1.752-1 may also create §1.752-7 liabilities. For example, a fixed obligation that gives rise to basis can have a component portion that changes in value between the time the obligation is first incurred by the partner and the time that the partnership assumes the obligation due to changes in interest rates, stock price, or other similar factors. In these and other cases, the value of the obligation to the holder has increased and, as a result, the cost to the obligor has increased by a like amount. The final regulations clarify that an obligation can be treated in part as a §1.752-7 liability and in part as a §1.752-1 liability.

5. Satisfaction Other than by Economic Performance

The proposed regulations allow the §1.752-7 liability partner to claim a loss or deduction upon "economic performance" of the obligation. Certain §1.752-7 liabilities may be settled in cash or in kind, extinguished, satisfied or otherwise resolved under circumstances where there may not be an "economic performance" of the obligation within the meaning of that term. See section 461 (h) and §1.461-4. In addition, economic performance only applies to "liabilities" as defined in §1.446-1(c)(1)(ii)(B), and it is possible that some §1.752-7 liabilities may not come within the meaning of that term. As a result, the final regulations allow the §1.752-7 liability partner

to claim a loss or deduction under §1.752-7 upon the "satisfaction of the §1.752-7 liability". A §1.752-7 liability is treated as satisfied on the date upon which, but for §1.752-7, the partnership, or the assuming partner, would have been allowed to take the §1.752-7 liability into account for federal tax purposes. The final regulations provide a nonexclusive list of examples of when the §1.752-7 liability would be taken into account for these purposes.

6. Application of Section 704(c)

Under §1.752-7(c), any §1.752-7 liability assumed by a partnership in a §1.752-7 liability transfer is treated under section 704(c) principles as having a built-in loss equal to the amount of the §1.752-7 liability as of the date of the partnership's assumption of the §1.752-7 liability. The proposed regulations provide that, if a §1.752-7 liability is assumed from the partnership by a partner other than the §1.752-7 liability partner, and the trade or business or de minimis exceptions does not apply, then section 704(c)(1)(B) does not apply to the assumption and instead the rules of §1.752-7(g) apply. Commentators asked whether section 704(c)(1)(B) applies to the assumption of a §1.752-7 liability by another partner if the trade or business or de minimis exceptions apply to that assumption. In addition, commentators questioned whether the successor partner rule of §1.704-3(a)(7) applies to the built-in loss amount of the §1.752-7 liability. The successor partner rule provides that, if a contributing partner transfers a partnership interest, built-in gain or loss must be allocated to the transferee partner as it would have been allocated to the transferor partner.

The intent of the Treasury Department and the IRS was that all of the rules of section 704(c), §1.704-3, and §1.704-4, including section 704(c)(1)(B), apply to §1.752-7 liabilities unless otherwise specifically stated. The §1.752-7 regulations have been modified to make this clear. In addition, §1.704-3 has been amended to provide that §1.752-7 liabilities are section 704(c) property and to provide that in general, the successor partner rule does not apply to §1.752-7 liabilities.

Comments were also received regarding the application of section 704(c) principles to the extent that a §1.752-7 liability has decreased after the partnership's assumption of the liability. Consistent with the principles of §1.704-3, the final regulations provide that, if there is a post-assumption change in the value of the §1.752-7 liability, resulting in an obligation amount that is either greater or less than the initial amount of the obligation, the change in the amount will be treated as a section 704(b) and not a section 704(c) item, thereby creating book income or loss to be allocated to the partners. The final regulations also provide that, if the value of the §1.752-7 liability decreases after the assumption of the obligation by the partnership, the "ceiling rule" applies, and the partnership and the partners are entitled to adopt one of the reasonable methods specified in §1.704-3 to correct any ceiling rule disparities.

7. Section 1.752-7 Liabilities that are Capitalized and Not Deducted

The proposed regulations make reference in several places to a "deduction or capital expense", but no rules are provided as to how the capital expense is taken into account. For example, no rules are provided in the proposed regulations for situations where the contributing partner is still a partner in the partnership at the time that the obligation is recognized for federal tax purposes and capitalized into the tax basis of one or more assets of the partnership.

The final regulations add a rule to §1.704-3 providing that, to the extent a partnership properly capitalizes all or a portion of an item as described in paragraph §1.704-3(a)(12), then the item or items to which such cost is properly capitalized is treated as section 704(c) property with the same amount of built-in loss as corresponds to the amount capitalized. Similar rules are provided under §§1.704-4 and 1.737-2.

In addition, the proposed regulations do not provide any guidance as to the appropriate tax treatment if a triggering event occurs after a §1.752-7 liability has been capitalized into the basis of one or more assets of the partnership. Under the final regulations, no reduction in the partner's basis in the partnership interest is required with respect to such a capitalized amount as a result of the triggering event, but, after the triggering event, neither the partnership nor the remaining partners may use the capitalized basis.

8. <u>Exception for Trading and Investment Partnerships</u>.

The proposed regulations contain an exception to , §1.752-7(e), (f), and (g) for assumptions of liabilities in connection with the contribution of an associated trade or business, provided that the partnership continues to carry on that trade or business after the contribution. The proposed regulations provide that, for this purpose, a trade or business generally does not include the activity of acquiring, holding, or disposing of financial instruments, unless such activity is carried on by an entity registered with the Securities and Exchange Commission as a management company under the Investment Company Act of 1940, as amended (15 U.S.C. 80a).

The exception for entities registered as management companies was intended to apply narrowly to master-feeder partnerships; however, it appears that the exception could apply to a broader range of entities, some of which could be carrying on the types of transactions that section 309 of the Act and these regulations were intended to address. Consequently, the Treasury Department and the IRS have removed the exception for entities registered as management companies.

The Treasury Department and the IRS do not believe that eliminating the exception will create a substantial burden for master-feeder partnerships, because interests in these partnerships are not regularly sold, and because distributions by these partnerships typically take the form of nonliquidating distributions of cash. Accordingly, master-feeder partnerships are unlikely to engage in triggering events that would implicate this regulation.

Therefore, under the final regulations, the activity of acquiring, holding, dealing in, or disposing of financial instruments is not treated as a trade or business even if engaged in by an entity registered as a management company. For assumptions of liabilities on or after June 24, 2003, and before May 26, 2005, however, entities registered as management companies may rely on the exception to the trade or business definition in the proposed regulations .

9. <u>Technical Terminations, Mergers, and Divisions</u>

Section 1.708-1(b)(4) provides that if a partnership is terminated under section 708(b)(1)(B) by a sale or exchange of an interest, the partnership is deemed to contribute all of its assets and liabilities to a new partnership in exchange for an interest in the new partnership; and, immediately thereafter, the terminated partnership is deemed to distribute interests in the new partnership to the purchasing partner and the other remaining partners.

A commentator asked whether the rules provided in §1.752-7 apply to the contribution and distribution of partnership interests deemed to occur under §1.708-1(b)(4). Rules have been added to the final regulations to clarify how the regulations apply to technical terminations and partnership mergers and divisions. These rules are designed to ensure that, after a technical termination, merger, or division, the partners that were §1.752-7 liability partners of the prior

partnership continue to be §1.752-7 liability partners of the new partnership, and that built-in loss associated with the §1.752-7 liability does not shift from one partner to another partner. In addition, these rules are designed to ensure that a deemed assumption of a liability as a result of a technical termination of a partnership does not create any new §1.752-7 liabilities that did not exist prior to the technical termination.

Accordingly, §1.752-7(b)(6)(ii) of the final regulations provides that, in determining if a deemed contribution of assets and assumption of liability as a result of a technical termination is treated as a §1.752-7 liability transfer, only liabilities that were §1.752-7 liabilities of the terminating partnership are taken into account and, then, only to the extent of the amount of the liability that was subject to §1.752-7 prior to the technical termination.

In addition, the definition of a §1.752-7 liability partner has been amended to clarify that, if, in a transaction described in §1.752-7(e)(3), a partnership (lower-tier partnership) assumes a §1.752-7 liability from another partnership (upper-tier partnership), then any partners that were §1.752-7 liability partners of the upper-tier partnership continue to be §1.752-7 liability partners of the lower-tier partnership with respect to the remaining built-in loss associated with the §1.752-7 liability at the time of the assumption of the §1.752-7 liability by the lower-tier partnership from the upper-tier partnership. Any new built-in loss associated with the §1.752-7 liability that is created on the assumption of the §1.752-7 liability from the upper-tier partnership by the lower-tier partnership is shared by all the partners of the upper-tier partnership in accordance with their interests in the upper-tier partnership, and each partner of the upper-tier partnership is treated as a §1.752-7 liability partner with respect to that new built-in loss.

The definition of §1.752-7 liability partner has also been amended to provide that, if, in a transaction described in §1.752-7(e)(3), an interest in a partnership (lower-tier partnership) that has assumed a §1.752-7 liability is distributed by a partnership (upper-tier partnership) that is the §1.752-7 liability partner with respect to that liability, then the persons receiving interests in the lower-tier partnership are §1.752-7 liability partners with respect to the lower-tier partnership to the same extent that they were prior to the distribution. In addition, §1.752-7(e)(3) has been amended to provide that a distribution of an interest in a lower-tier partnership is exempt from the application of §1.752-7(e) only if the partners that were §1.752-7 liability partners with respect to the lower-tier partnership prior to the distribution continue to be §1.752-7 liability partners with respect to the lower-tier partnership after the distribution.

10. Disguised Sale Rules

Section 707(a)(2)(B) provides that where there is a direct or indirect transfer of money or other property by a partner to a partnership and a related direct or indirect transfer of money or property by the partnership to such partner and the transfers, when viewed together, are properly characterized as a sale or exchange, such transfers shall be treated either as a transaction between the partnership and one who is not a partner, or as a transaction between two or more partners acting other than in their capacity as members of the partnership. Section 1.752-7(a)(2) of the proposed regulations provides that the assumption of a §1.752-7 liability is not treated as an assumption of a liability or as a transfer of cash for purposes of section 707(a)(2)(B). One commentator noted that the language contained in the proposed regulations was not

consistent with §1.707-5(a), which takes into account all liabilities, regardless of whether those liabilities are taken into account under section 752.

The intent of the proposed regulations under section 752 was not to override the disguised sale rules under section 707, which may include §1.752-7 liabilities as consideration. Therefore, §1.752-7(a)(2) has been removed.

11. Revisions to §1.704-1(b)(2)(iv)

Under section 704(b), a partner's distributive share of income, gain, loss, deduction, or credit (or item thereof) is determined in accordance with the partnership agreement provided that those allocations have substantial economic effect. If the allocations under the partnership agreement do not have substantial economic effect or the partnership agreement does not provide as to a partner's distributive share of partnership items, then the partner's distributive share of such items is determined in accordance with the partner's interest in the partnership (determined by taking into account all facts and circumstances).

Section 1.704-1(b) describes various requirements that must be met for partnership allocations to have substantial economic effect. Among these requirements is that (except as otherwise provided in §1.704-1(b)) the partnership agreement must provide for the determination and maintenance of capital accounts in accordance with the rules of §1.704-1(b)(2)(iv).

Section 1.704-1(b)(2)(iv)(b ) generally requires that a partner's capital account be increased by the value of property contributed by the partner to the partnership net of liabilities secured by such contributed property that the partnership is considered to assume or take subject to under section 752, and be decreased by the value of property distributed by the partnership to the partner net of liabilities secured by such distributed property that the partner is considered to assume or take subject to under section 752. Section 1.704-1(b)(2)(iv)(c) requires that a partner's capital account be increased by liabilities of the partnership that are assumed by such partner (other than liabilities described in §1.704-1(b)(2)(iv)(b)(5)), and be decreased by liabilities of the partner that are assumed by the partnership (other than liabilities described in §1.704-1(b)(2)(iv)(b)(2 )). The proposed regulations revised §1.704-1(b)(2)(iv)(b) to take into account all liabilities to which the contributed or distributed property is subject, not just liabilities described in section 752. The proposed regulations did not revise §1.704-1(b)(2)(iv)(c), because that section is not limited to assumptions of liabilities described in section 752.

A commentator suggested that, if all liabilities are covered by §1.704-1(b)(2)(iv)(b), then §1.704-1(b)(2)(iv)(c ) did not have any effect and should be removed. The final regulations do not adopt this comment, because the Treasury Department and the IRS believe that §1.704-1(b)(2)(iv)(c ) has significance even though §1.704-1(b)(2)(iv)(b) is no longer limited to liabilities described in section 752. Section 1.704-1(b)(2)(iv)(b) applies only to situations in which liabilities are assumed by the partnership or the partner in connection with the contribution or distribution of property, or contributed or distributed property is taken subject to liabilities. Section 1.704-1(b)(2)(iv)(b ) does not apply if liabilities are assumed by the partnership or a partner other than in connection with a contribution or distribution; these assumptions are covered by §1.704-1(b)(2)(iv)(c).

12. Notification upon Satisfaction of the §1.752-7 Liability

One commentator suggested that, to prevent the loss of a deduction to the §1.752-7 partner, the regulations should require the assuming partnership or partner to notify the §1.752-7 liability partner of the satisfaction of the §1.752-7 liability. The proposed regulations impose no penalty on the partnership for failure to notify the §1.752-7 liability partner. The commentator also suggested that the §1.752-7 liability partner be required to keep contact information current with the assuming partnership or partner.

The Treasury Department and the IRS do not believe that imposing additional requirements is necessary in these circumstances. It is anticipated that the §1.752-7 liability partner, upon entering the partnership, will negotiate with the partnership for the necessary notification. Therefore, this comment was not adopted.

13. Treatment of §1.752-7 Liabilities

Commentators have requested that the final regulations include guidance on the recourse or nonrecourse treatment of §1.752-7 liabilities for all purposes of subchapter K. Under the proposed regulations, a §1.752-7 liability is treated as a nonrecourse liability solely for purposes of §1.704-2, dealing with the allocation of nonrecourse deductions among the partners. The only other provision that the Treasury Department and the IRS are aware of for which the characterization of a §1.752-7 liability as recourse or nonrecourse is §1.707-5 (addressing the treatment of liabilities for purposes of the disguised sale rules of section 707 (a)(2)(B)), and §1.707-5 already provides adequate rules for determining if a §1.752-7 liability is recourse or nonrecourse. Because a §1.752-7 liability is not, by definition, a §1.752-1 liability, the recourse or nonrecourse nature of a §1.752-7 liability is not relevant for purposes of §§1.752-1 through 1.752-5. For this reason, this comment was not adopted.

14. Valuation of §1.752-7 Liabilities

Comments were received requesting that the final regulations include guidance on acceptable methods for identifying and valuing §1.752-7 liabilities, as well as identifying the appropriate discount rate for determining the liability's present value.

The Treasury Department and the IRS believe that such matters are best left to the negotiation of the financial arrangement among the parties and are beyond the scope of this regulation. In an arm's length transaction, the parties will take the potential occurrence of these obligations into account in arriving at the agreement among the parties that will govern their affairs, including the appropriate valuation methodology to apply to these obligations. Accordingly, the final regulations do not adopt this comment.

However, the final regulations clarify that, if the obligation arose under a contract in exchange for rights granted to the obligor under that contract, and those contractual rights are contributed to the partnership in connection with the partnership's assumption of the contractual obligation, then the amount of the §1.752-7 liability is the amount of cash, if any, that a willing assignor would pay to a willing assignee to assume the entire contract.

## Effective Date

The final §1.752-6 regulations apply to assumptions of liabilities by a partnership occurring after October 18, 1999, and before June 24, 2003. All of the other final regulations in this Treasury decision apply to liabilities assumed on or after June 24, 2003, except as otherwise

noted.

## Special Analyses

These final and temporary regulations are necessary to prevent abusive transactions involving transfers to partnerships and corporations of the type Section 358(h) was enacted to prevent. Accordingly, good cause is found for dispensing with notice and public procedure pursuant to 5 U.S.C. 553(b)(B) with respect to the temporary regulations, and for dispensing with a delayed effective date pursuant to 5 U.S.C. 553(d)(1) and (3) with respect to the final and temporary regulations.

It has been determined that this Treasury decision is not a significant regulatory action as defined in Executive Order 12866. Therefore, a regulatory assessment is not required. It is hereby certified that the final regulations in this document will not have a significant economic impact on a substantial number of small entities. This certification is based upon the fact that few partnerships engage in the type of transactions that are subject to these regulations (assumptions of liabilities not described in section 752(a) and (b) from a partner). In addition, available data indicates that most partnerships that engage in the type of transactions that are subject to these regulations are large partnerships. Certain broad exceptions to the application of these regulations (including a de minimis exception) further limit the economic impact of these regulations on small entities. Therefore, a Regulatory Flexibility Analysis under the Regulatory Flexibility Act (5 U.S.C. chapter 6) is not required. For the applicability of the Regulatory Flexibility Act to the temporary regulations in this document (§1.358-5T), refer to the cross-reference notice of proposed rulemaking published in the proposed rules section in this issue of the Federal Register. Pursuant to section 7805(f) of the Code, the notice of proposed rulemaking that preceded these regulations was submitted to the Chief Counsel for Advocacy of the Small Business Administration for comment on its impact on small business.

## Drafting Information

The principal author of these regulations is Laura Nash, Office of Associate Chief Counsel (Passthroughs and Special Industries), IRS. However, other personnel from the IRS and Treasury Department participated in their development.

## List of Subjects

## 26 CFR Part 1

Income taxes, Reporting and record keeping requirements.

26 CFR Part 602

Reporting and recordkeeping requirements.

## Adoption of Amendments to the Regulations

Accordingly, 26 CFR parts 1 and 602 are amended as follows:

## Part 1—Income Taxes

Paragraph 1. The authority citation for part 1 is amended by adding entries in numerical order to read, in part, as follows:

Authority: 26 U.S.C. 7805 ***

Section 1.358-5T also issued under 26 U.S.C. 358(h)(2). ***

Section 1.358-7 also issued under Public Law 106-554, 114 Stat. 2763, 2763A-638 (2001) ***

Section 1.752-1(a) also issued under Public Law 106-554, 114 Stat. 2763, 2763A-638 (2001).

Section 1.752-6 also issued under Public Law 106-554, 114 Stat. 2763, 2763A-638 (2001)

Section 1.752-7 also issued under Public Law 106-554, 114 Stat. 2763, 2763A-638 (2001). ***

Par. 2. Section 1.358-5T is added to read as follows:

§1.358-5T Special rules for assumption of liabilities (temporary).

(a) In general. Section 358(h)(2)(B) does not apply to an exchange occurring on or after June 24, 2003.
(b) Effective dates. This section applies to exchanges occurring on or after June 24, 2003.

Par. 3. Section 1.358-7 is added to read as follows:

§1.358-7 Transfers by partners and partnerships to corporations.

(a) Transfers by partners of partnership interests. For purposes of section 358(h), a transfer of a partnership interest to a corporation is treated as a transfer of the partner's share of each of the partnership's assets and an assumption by the corporation of the partner's share of partnership liabilities (including section 358(h) liabilities, as defined in paragraph (d) of this section). See paragraph (e) Example 2 of this section.

(b) Transfers by partnerships. If a corporation assumes a section 358(h) liability from a partnership in an exchange to which section 358(a) applies, then, for purposes of applying section 705 (determination of basis of partner's interest) and §1.704-1(b), any reduction, under section 358(h)(1), in the partnership's basis in corporate stock received in the transaction is treated as an expenditure of the partnership described in section 705(a)(2)(B). See paragraph (e) Example 1 of this section. This expenditure must be allocated among the partners in accordance with section 704(b) and (c) and §1.752-7(c). If a partner's share of the reduction, under section 358(h)(1), in the partnership's basis in corporate stock exceeds the partner's basis in the partnership interest, then the partner recognizes gain equal to the excess, which is treated as gain from the sale or exchange of a partnership interest. This paragraph does not apply to the extent that §1.752-7(j)(4) applies to the assumption of the §1.752-7 liability by the corporation.

(c) Assumption of section 358(h) liability by partnership followed by transfer of partnership interest or partnership property to a corporation—trade or business exception. Where a partnership assumes a section 358(h) liability from a partner and, subsequently, the partner transfers all or part of the partner's partnership interest to a corporation in an exchange to which section 358(a) applies, then, for purposes of applying section 358(h)(2), the section 358(h) liability is treated as associated only with the contribution made to the partnership by that partner. See paragraph (e) Example 2

of this section. Similar rules apply where a partnership assumes a section 358(h) liability of a partner and a corporation subsequently assumes that section 358(h) liability from the partnership in an exchange to which section 358(a) applies.

(d) Section 358(h) liabilities defined. For purposes of this section, section 358(h) liabilities are liabilities described in section 358(h)(3).

(e) Examples. The following examples illustrate the provisions of this section. Assume, for purposes of these examples, that the obligation assumed by the corporation does not reduce the shareholder's basis in the corporate stock under section 358(d). The examples are as follows:

Example 1. Transfer of partnership property to corporation.

In 2004, in an exchange to which section 351(a) applies, PRS, a cash basis taxpayer, transfers $2,000,000 cash to Corporation X, also a cash basis taxpayer, in exchange for Corporation X shares and the assumption by Corporation X of $1,000,000 of accounts payable incurred by PRS. At the time of the exchange, PRS has two partners, A, a 90% partner, who has a $2,000,000 basis in the PRS interest, and B, a 10% partner, who has a $50,000 basis in the PRS interest. Assume that, under section 358(h)(1), PRS's basis in the Corporation X stock is reduced by the accounts payable assumed by Corporation X ($1,000,000). Under paragraph (b) of this section, A's and B's bases in PRS must be reduced, but not below zero, by their respective shares of the section 358(h)(1) basis reduction. If either partner's share of the section 358(h)(1) basis reduction exceeds the partner's basis in the partnership interest, then the partner recognizes gain equal to the excess. A's share of the section 358(h) basis reduction is $900,000 (90% of $1,000,000). Therefore, A's basis in the PRS interest is reduced to $1,100,000 ($2,000,000 - $900,000). B's share of the section 358(h) basis reduction is $100,000 (10% of $1,000,000). Because B's share of the section 358(h) basis reduction ($100,000) exceeds B's basis in the PRS interest ($50,000), B's basis in the PRS interest is reduced to $0 and B recognizes $50,000 of gain. This gain is treated as gain from the sale of the PRS interest.

Example 2. Transfer of partnership interest to corporation. In 2004, A contributes undeveloped land with a value and basis of $4,000,000 in exchange for a 50% interest in PRS and an assumption by PRS of $2,000,000 of pension liabilities from a separate business that A conducts. A's basis in the PRS interest immediately after the contribution is A's basis in the land, $4,000,000, unreduced by the amount of the pension liabilities. PRS develops the land as a landfill. Before PRS has economically performed with respect to the pension liabilities, A transfers A's interest in PRS to Corporation X, in an exchange to which section 351 applies. At the time of the exchange, the value of A's PRS interest is $2,000,000, A's basis in PRS is $4,000,000, and A has no share of partnership liabilities other than the pension liabilities. For purposes of applying section 358(h), the transfer of the PRS interest to Corporation X is treated as a transfer to Corporation X of A's share of PRS assets and an assumption by Corporation X of A's share of the pension liabilities of PRS ($2,000,000). Because the pension liabilities were not assumed by PRS from A in an exchange in which the trade or business associated with the liability was transferred to PRS, the transfer of the PRS interest to Corporation X is not excepted from section 358(h) under section 358(h)(2). See paragraph (c) of this section. Under section 358(h), A's basis in the Corporation X stock is reduced by the $2,000,000 of pension liabilities.

(f) Effective date. This section applies to assumptions of liabilities by a corporation occurring on or after June 24, 2003.

Par. 4. Section 1.704-1 is amended as follows:

1. Paragraph (b)(1)(ii)(a)is amended by removing the language The at the beginning of the first sentence and adding Except as otherwise provided in this section, the in its place.

2. Paragraph (b)(2)(iv)(b) is amended by adding a sentence at the end of the paragraph.

3. Paragraph (b)(2)(iv)(b)(2) is amended by removing the language secured by such contributed property in the parenthetical.

4. Paragraph (b)(2)(iv)(b)(2) is further amended by removing the language under section 752" in the parenthetical.

5. Paragraph (b)(2)(iv)(b)(5) is amended by removing the language secured by such distributed property in the parenthetical.

6. Paragraph (b)(2)(iv)(b)(5) is further amended by removing the language under section 752" in the parenthetical.

The addition reads as follows:

§1.704-1 Partner's distributive share. *****

(b) ***

(2) ***

(iv) *** (b) *** For liabilities assumed before June 24, 2003, references to liabilities in this paragraph (b)(2)(iv)(b) shall include only liabilities secured by the contributed or distributed property that are taken into account under section 752(a) and (b). *****

## §1.704-2 [Amended]

Par. 5. In §1.704-2, paragraph (b)(3) is amended by adding the language "or a §1.752-7 liability (as defined in §1.752-7(b)(3)(i)) assumed by the partnership from a partner on or after June 24, 2003 at the end of the sentence.

Par. 6. Section 1.704-3 is amended as follows:

1. The paragraph heading for (a)(7) is revised.

2. Two sentences are added to the end of paragraph (a)(7).

3. Paragraphs (a)(8)(ii) and (iii) are removed and reserved and paragraph (a)(8)(iv) is added.

4. Paragraph (a)(12) is added.

5. Two additional sentences are added at the end of paragraph (f).

The revisions and additions read as follows:

## §1.704-3 Contributed property.

(a) ***

(7) Transfer of a partnership interest. *** This rule does not apply to any person who acquired a partnership interest from a §1.752-7 liability partner in a transaction to which paragraph (e)(1) of §1.752-7 applies. See §1.752-7(c)(1).

(8) Special rules—

(i) Disposition in a nonrecognition transaction.

*** (ii) [Reserved] (iii) [Reserved]

(iv) Capitalized amounts. To the extent that a partnership properly capitalizes all or a portion of an item as described in paragraph (a)(12) of this section, then the item or items to which such cost is properly capitalized is treated as section 704(c) property with the same amount of built-in loss as corresponds to the amount capitalized. *****

(12) §1.752-7 liabilities. Except as otherwise provided in §1.752-7, §1.752-7 liabilities (within the meaning of §1.752-7(b)(2)) are section 704(c) property (built-in loss property that at the time of contribution has a book value that differs from the contributing partner's adjusted tax basis) for purposes of applying the rules of this section. See §1.752-7(c). To the extent that the built-in loss associated with the §1.752-7 liability exceeds the cost of satisfying the §1.752-7 liability (as defined in §1.752-7(b)(3)), the excess creates a "ceiling rule" limitation, within the meaning of §1.704-3(b)(1), subject to the methods of allocation set forth in , §1.704-3(b), (c) and (d). *****

(f) Effective dates. *** Except as otherwise provided in §1.752-7(k), paragraphs (a)(8)(iv) and (a)(12) apply to §1.752-7 liability transfers, as defined in §1.752-7(b)(4), occurring on or after June 24, 2003. See §1.752-7(k).

Par. 7. Section 1.704-4 is amended as follows:

1. The paragraph heading for (d)(1) is revised.

2. Paragraphs (d)(1)(ii) and (iii) are removed and reserved and paragraph (d)(1)(iv) is added.

3. Paragraph (g) is revised.

The additions and revisions read as follows:

§1.704-4 Distribution of contributed property.

(d) Special rules—

(1) Nonrecognition transactions, installment obligations, contributed contracts, and capitalized costs—

(i) Nonrecognition transactions.

***

(ii) [Reserved]

(iii) [Reserved]

(iv) Capitalized costs. Property to which the cost of section 704(c) property is properly capitalized is treated as section 704(c) property for purposes of section 704(c)(1)(B) and this section to the extent that such property is treated as section 704(c) property under §1.704-3(a)(8)(iv). See §1.737-2(d)(3) for a similar rule in the context of section 737.
*****

(g) Effective dates. This section applies to distributions by a partnership to a partner on or after January 9, 1995, except that paragraph (d)(1)(iv) applies to distributions by a partnership to a partner on or after June 24, 2003.

Par. 8. Section 1.705-1 is amended by adding paragraph (a)(8) to read as follows:

§1.705-1 Determination of basis of partner's interest.

(a)

***

(8) For basis adjustments necessary to coordinate sections 705 and 358(h), see §1.358-7(b). For certain basis adjustments with respect to a §1.752-7 liability assumed by a partnership from a partner, see §1.752-7. *****

Par. 9. Section 1.737-2 is amended as follows:

1. The paragraph heading for (d)(3) is revised.

2. Paragraphs (d)(3)(ii) and (iii) are removed and reserved and paragraph (d)(3)(iv) is added.

The additions and revisions read as follows:

§1.737-2 Exceptions and special rules.

(d) ***

(3) Nonrecognition transactions, installment sales, contributed contracts, and capitalized costs- - (i) Nonrecognition transactions. *** (ii) [Reserved] (iii) [Reserved]

(iv) Capitalized costs. Property to which the cost of section 704(c) property is properly capitalized is treated as section 704(c) property for purposes of section 737 to the extent that such property is treated as section 704(c) property under §1.704-3(a)(8)(iv). See §1.704-4(d)(1) for a similar rule in the context of section 704(c)(1)(B). *****

Par. 10. Section 1.737-5 is revised to read as follows:

§1.737-5 Effective dates.

Sections 1.737-1, 1.737-2, 1.737-3, and 1.737-4 apply to distributions by a

partnership to a partner on or after January 9, 1995, except that §1.737-2(d)(3)(iv) applies to distributions by a partnership to a partner on or after June 24, 2003.

Par. 11. Section 1.752-0 is amended as follows:

1. The section heading and introductory text of §1.752-0 are revised.

2. An entry for §1.752-1(a)(4) is added.

3. Entries for , , §1.752-1(a)(4)(i), (ii), (iii), and (iv) are added.

4. Entries for §1.752-6 and §1.752-7 are added.

The revision and additions read as follows:

§1.752-0 Table of contents.

This section lists the major paragraphs that appear in §§1.752-1 through 1.752-7.

§1.752-1 Treatment of partnership liabilities.

(a) ***

(4) Liability defined.

(i) In general.
(ii) Obligation.
(iii) Other liabilities.
(iv) Effective date.

*****

§1.752-6 Partnership assumption of partner's section 358(h)(3) liability after October 18, 1999, and before June 24, 2003.

(a) In general.
(b) Exceptions.
(1) In general.
(2) Transactions described in Notice 2000-44.
(c) Example.
(d) Effective date.
(1) In general.
(2) Election to apply §1.752-7.

§1.752-7 Partnership assumption of partner's §1.752-7 liability on or after June 24, 2003.

(a) Purpose and structure.
(b) Definitions.
(1) Assumption.
(2) Adjusted value. (3) §1.752-7 liability.

(i) In general.

(ii) Amount and share of §1.752-7 liability.

(iii) Example. (4) §1.752-7 liability transfer.

(i) In general.

(ii) Terminations under section 708(b)(1)(B). (5) §1.752-7 liability partner.

(i) In general.

(ii) Tiered partnerships.

(A) Assumption by a lower-tier partnership.

(B) Distribution of partnership interest.

(6) Remaining built-in loss associated with a §1.752-7 liability.

(i) In general.

(ii) Partial dispositions and assumptions. (7) §1.752-7 liability reduction.

(i) In general.

(ii) Partial dispositions and assumptions.

(8) Satisfaction of §1.752-7 liability.

(9) Testing date.

(10) Trade or business.

(i) In general.

(ii) Examples.

(c) Application of section 704(b) and (c) to assumed §1.752-7 liabilities.

(1) In general.

(i) Section 704(c).

(ii) Section 704(b).

(2) Example.

(d) Special rules for transfers of partnership interests, distributions of partnership assets, and assumptions of the §1.752-7 liability after a §1.752-7 liability transfer.

(1) In general.

(2) Exceptions.

(i) In general.

(ii) Examples.

(e) Transfer of §1.752-7 liability partner's partnership interest.

(1) In general.

(2) Examples.

(3) Exception for nonrecognition transactions.

(i) In general.

(ii) Examples.

(f) Distribution in liquidation of §1.752-7 liability partner's partnership interest.

(1) In general.

(2) Example.

(g) Assumption of §1.752-7 liability by a partner other than §1.752-7 liability partner.

(1) In general.

(2) Consequences to §1.752-7 liability partner.

(3) Consequences to partnership.

(4) Consequences to assuming partner.

(5) Example.

(h) Notification by the partnership (or successor) of the satisfaction of the §1.752-7 liability.

(i) Special rule for amounts that are capitalized prior to the occurrence of an event described in paragraphs (e), (f), or (g).

(1) In general.

(2) Example.

(j) Tiered partnerships.

(1) Look-through treatment.
(2) Trade or business exception.
(3) Partnership as a §1.752-7 liability partner.
(4) Transfer of §1.752-7 liability by partnership to another partnership or corporation after a transaction described in paragraphs (e),(f), or (g).
(i) In general.
(ii) Subsequent transfers.
(5) Example.
(k) Effective dates.
(1) In general.
(2) Election to apply this section to assumptions of liabilities occurring after October 18, 1999 and before June 24, 2003.
(i) In general.
(ii) Manner of making election.
(iii) Filing of amended returns.
(iv) Time for making election.

Par. 12. In §1.752-1, paragraph (a)(4) is added to read as follows:

## §1.752-1 Treatment of partnership liabilities.

(a) ***

(4) Liability defined—

(i) In general. An obligation is a liability for purposes of section 752 and the regulations thereunder ( §1.752-1 liability), only if, when, and to the extent that incurring the obligation—
(A) Creates or increases the basis of any of the obligor's assets (including cash);
(B) Gives rise to an immediate deduction to the obligor; or
(C) Gives rise to an expense that is not deductible in computing the obligor's taxable income and is not properly chargeable to capital.

(ii) Obligation. For purposes of this paragraph and §1.752-7, an obligation is any fixed or contingent obligation to make payment without regard to whether the obligation is otherwise taken into account for purposes of the Internal Revenue Code. Obligations include, but are not limited to, debt obligations, environmental obligations, tort obligations, contract obligations, pension obligations, obligations under a short sale, and obligations under derivative financial instruments such as options, forward contracts, futures contracts, and swaps.

(iii) Other liabilities. For obligations that are not §1.752-1 liabilities, see §§1.752-6 and 1.752-7.

(iv) Effective date. Except as otherwise provided in §1.752-7(k), this paragraph (a)(4) applies to liabilities that are incurred or assumed by a partnership on or after June 24, 2003.

*****

## §1.752-5(a) [Amended]

Par. 13. In §1.752-5, paragraph (a) is amended by removing the language Unless at the beginning of the first sentence and adding Except as otherwise provided in §§1.752-1 through 1.752-4, unless in its place.

Par. 14. Section 1.752-6 is added to read as follows:

§1.752-6 Partnership assumption of partner's section 358(h)(3) liability after October 18, 1999, and before June 24, 2003.

(a) In general. If, in a transaction described in section 721(a), a partnership assumes a liability (defined in section 358(h)(3)) of a partner (other than a liability to which section 752(a) and (b) apply), then, after application of section 752(a) and (b), the partner's basis in the partnership is reduced (but not below the adjusted value of such interest) by the amount (determined as of the date of the exchange) of the liability. For purposes of this section, the adjusted value of a partner's interest in a partnership is the fair market value of that interest increased by the partner's share of partnership liabilities under §§1.752-1 through 1.752-5.

(b) Exceptions—

(1) In general. Except as provided in paragraph (b)(2) of this section, the exceptions contained in section 358(h)(2)(A) and (B) apply to this section.

(2) Transactions described in Notice 2000-44. The exception contained in section 358(h)(2)(B) does not apply to an assumption of a liability (defined in section 358(h)(3)) by a partnership as part of a transaction described in, or a transaction that is substantially similar to the transactions described in, Notice 2000-44 (2000-2 C.B. 255). See §601.601(d)(2) of this chapter.

(c) Example. The following example illustrates the principles of paragraph (a) of this section:

Example. In 1999, A and B form partnership PRS. A contributes property with a value and basis of $200, subject to a nonrecourse debt obligation of $50 and a fixed or contingent obligation of $100 that is not a liability to which section 752(a) and (b) applies, in exchange for a 50% interest in PRS. Assume that, after the contribution, A's share of partnership liabilities under §§1.752-1 through 1.752-5 is $25. Also assume that the $100 liability is not associated with a trade or business contributed by A to PRS or with assets contributed by A to PRS. After the contribution, A's basis in PRS is $175 (A's basis in the contributed land ($200) reduced by the nonrecourse debt assumed by PRS ($50), increased by A's share of partnership liabilities under §§1.752-1 through 1.752-5 ($25)). Because A's basis in the PRS interest is greater than the adjusted value of A's interest, $75 (the fair market value of A's interest ($50) increased by A's share of partnership liabilities ($25)), paragraph (a) of this section operates to reduce A's basis in the PRS interest (but not below the adjusted value of that interest) by the amount of liabilities described in section 358(h)(3) (other than liabilities to which section 752 (a) and (b) apply) assumed by PRS. Therefore, A's basis in PRS is reduced to $75.

(d) Effective date—

(1) In general. This section applies to assumptions of liabilities occurring after October 18, 1999, and before June 24, 2003.

(2) Election to apply §1.752-7. The partnership may elect, under §1.752-7(k)(2), to apply the provisions referenced in §1.752-7(k)(2)(ii)to all assumptions of liabilities by the partnership occurring after October 18, 1999, and before June 24, 2003. Section 1.752-7(k)(2) describes the manner in which the election is made.

## §1.752-6T [Removed]

Par. 15. Section 1.752-6T is removed.

Par. 16. Section 1.752-7 is added to read as follows:

§1.752-7 Partnership assumption of partner's §1.752-7 liability on or after June 24, 2003.

(a) Purpose and structure. The purpose of this section is to prevent the acceleration or duplication of loss through the assumption of obligations not described in §1.752-1(a)(4)(i) in transactions involving partnerships. Under paragraph (c) of this section, any such obligation that is assumed by a partnership from a partner in a transaction governed by section 721(a) is treated as section 704(c) property. Paragraphs (e), (f), and (g) of this section provide rules for situations where a partnership assumes such an obligation from a partner and, subsequently, that partner transfers all or part of the partnership interest, that partner receives a distribution in liquidation of the partnership interest, or another partner assumes part or all of that obligation from the partnership. These rules prevent the duplication of loss by prohibiting the partnership and any person other than the partner from whom the obligation was assumed from claiming a deduction, loss, or capital expense to the extent of the built-in loss associated with the obligation. These rules also prevent the acceleration of loss by deferring the partner's deduction or loss attributable to the obligation (if any) until the satisfaction of the §1.752-7 liability (within the meaning of paragraph (b)(8) of this section). Paragraph (d) of this section provides a number of exceptions to paragraphs (e), (f), and (g) of this section, including a de minimis exception. Paragraph (i) provides a special rule for situations in which an amount paid to satisfy a §1.752-7 liability is capitalized into other partnership property. Paragraph (j) of this section provides special rules for tiered partnership transactions.

(b) Definitions. For purposes of this section, the following definitions apply:

(1) Assumption. The principles of §1.752-1(d) and (e) apply in determining if a §1.752-7 liability has been assumed.

(2) Adjusted value. The adjusted value of a partner's interest in a partnership is the fair market value of that interest increased by the partner's share of partnership liabilities under §§1.752-1 through 1.752-5.

(3) §1.752-7 liability—

(i) In general. A §1.752-7 liability is an obligation described in §1.752-1(a)(4)(ii) to the extent that either —

(A) The obligation is not described in §1.752-1(a)(4)(i); or

(B) The amount of the obligation (under paragraph (b)(3)(ii) of this section) exceeds the amount taken into account under §1.752-1(a)(4)(i).

(ii) Amount and share of §1.752-7 liability. The amount of a §1.752-7 liability (or, for purposes of paragraph (b)(3)(i) of this section, the amount of an obligation) is the amount of cash that a willing assignor would pay to a willing assignee to assume the §1.752-7 liability in an arm's-length transaction. If the obligation arose under a contract in exchange for rights granted to the obligor under that contract, and those contractual rights are contributed to the partnership in connection with the partnership's assumption of the contractual obligation, then the amount of the §1.752-7 liability or obligation is the amount of cash, if any, that a willing assignor would pay to a willing assignee to assume the entire contract. A partner's share of a partnership's §1.752-7 liability is the amount of deduction that would be allocated to the partner with respect to the §1.752-7 liability if the partnership disposed of all of its assets, satisfied all of its liabilities (other than §1.752-7 liabilities), and paid an unrelated person to assume all of its §1.752-7 liabilities in a fully taxable arm's-length transaction (assuming such payment would give rise to an immediate deduction to the partnership).

(iii) Example. In 2005, A, B, and C form partnership PRS. A contributes $10,000,000 in exchange for a 25% interest in PRS and PRS's assumption of a debt obligation. The debt obligation was issued for cash and the issue price was

equal to the stated redemption price at maturity ($5,000,000). The debt obligation bears interest, payable quarterly, at a fixed rate of interest, which was a market rate of interest when the debt obligation was issued. At the time of the assumption, all accrued interest has been paid. Prior to the partnership assuming the obligation, interest rates decrease, resulting in the debt obligation bearing an above-market interest rate. Assume that, as a result of the decline in interest rates, A would have had to pay a willing assignee $6,000,000 to assume the debt obligation. The assumption of the debt obligation by PRS from A is treated as an assumption of a §1.752-1(a)(4)(i) liability in the amount of $5,000,000 (the portion of the total amount of the debt obligation that has created basis in A's assets, that is, the $5,000,000 that was issued in exchange for the debt obligation ) and an assumption of a §1.752-7 liability in the amount of $1,000,000 (the difference between the total obligation, $6,000,000, and the §1.752-1(a)(4)(i)liability, $5,000,000).

(4) §1.752-7 liability transfer—

(i) In general. Except as provided in paragraph (b)(4)(ii) of this section, a §1.752-7 liability transfer is any assumption of a §1.752-7 liability by a partnership from a partner in a transaction governed by section 721(a).

(ii) Terminations under section 708(b)(1)(B). In determining if a deemed contribution of assets and assumption of liability as a result of a technical termination is treated as a §1.752-7 liability transfer, only §1.752-7 liabilities that were assumed by the terminating partnership as part of an earlier §1.752-7 liability transfer are taken into account and, then, only to the extent of the remaining built-in loss associated with that §1.752-7 liability.

(5) §1.752-7 liability partner—

(i) In general. A §1.752-7 liability partner is a partner from whom a partnership assumes a §1.752-7 liability as part of a §1.752-7 liability transfer or any person who acquires a partnership interest from the §1.752-7 liability partner in a transaction to which paragraph (e)(3) of this section applies.

(ii) Tiered partnerships—

(A) Assumption by a lower-tier partnership. If, in a §1.752-7 liability transfer, a partnership (lower-tier partnership) assumes a §1.752-7 liability from another partnership (upper-tier partnership), then both the upper-tier partnership and the partners of the upper-tier partnership are §1.752-7 liability partners. Therefore, paragraphs (e) and (f) of this section apply on a sale or liquidation of any partner's interest in the upper-tier partnership and on a sale or liquidation of the upper-tier partnership's interest in the lower-tier partnership. See paragraph (j)(3) of this section. If, in a §1.752-7 liability transfer, the upper-tier partnership assumes a §1.752-7 liability from a partner, and, subsequently, in another §1.752-7 liability transfer, a lower-tier partnership assumes that §1.752-7 liability from the upper-tier partnership, then the partner from whom the upper-tier partnership assumed the §1.752-7 liability continues to be the §1.752-7 liability partner of the lower-tier partnership with respect to the remaining built-in loss associated with that §1.752-7 liability. Any new built-in loss associated with the §1.752-7 liability that is created on the assumption of the §1.752-7 liability from the upper-tier partnership by the lower-tier partnership is shared by all the partners of the upper-

tier partnership in accordance with their interests in the upper-tier partnership, and each partner of the upper-tier partnership is treated as a §1.752-7 liability partner with respect to that new built-in loss. See paragraph (e)(3)(ii), Example 3 of this section.

(B) Distribution of partnership interest. If, in a transaction described in §1.752-7(e)(3), an interest in a partnership (lower-tier partnership) that has assumed a §1.752-7 liability is distributed by a partnership (upper-tier partnership) that is the §1.752-7 liability partner with respect to that liability, then the persons receiving interests in the lower-tier partnership are §1.752-7 liability partners with respect to the lower-tier partnership to the same extent that they were prior to the distribution.

(6) Remaining built-in loss associated with a §1.752-7 liability. (i) In general. The remaining built-in loss associated with a §1.752-7 liability equals the amount of the §1.752-7 liability as of the time of the assumption of the §1.752-7 liability by the partnership, reduced by the portion of the §1.752-7 liability previously taken into account by the §1.752-7 liability partner under paragraph (j)(3) of this section and adjusted as provided in paragraph (c) of this section and §1.704-3 for—

(A) Any portion of that built-in loss associated with the §1.752-7 liability that is satisfied by the partnership on or prior to the testing date (whether capitalized or deducted); and

(B) Any assumption of all or part of the §1.752-7 liability by the §1.752-7 liability partner (including any assumption that occurs on the testing date).

(ii) Partial dispositions and assumptions. In the case of a partial disposition of the §1.752-7 liability partner's partnership interest or a partial assumption of the §1.752-7 liability by another partner, the remaining built-in loss associated with §1.752-7 liability is pro rated based on the portion of the interest sold or the portion of the §1.752-7 liability assumed.

(7) §1.752-7 liability reduction—

(i) In general. The §1.752-7 liability reduction is the amount by which the §1.752-7 liability partner is required to reduce the basis in the partner's partnership interest by operation of paragraphs (e), (f), and (g) of this section. The §1.752-7 liability reduction is the lesser of —

(A) The excess of the §1.752-7 liability partner's basis in the partnership interest over the adjusted value of that interest (as defined in paragraph (b)(2) of this section); or

(B) The remaining built-in loss associated with the §1.752-7 liability (as defined in paragraph (b)(6) of this section without regard to paragraph (b)(6)(ii) of this section).

(ii) Partial dispositions and assumptions. In the case of a partial disposition of the §1.752-7 liability partner's partnership interest or a partial assumption of the §1.752-7 liability by another partner, the §1.752-7 liability reduction is pro rated based on the portion of the interest sold or the portion of the §1.752-7 liability assumed.

(8) Satisfaction of §1.752-7 liability—In general. A §1.752-7 liability is treated

as satisfied (in whole or in part) on the date on which the partnership (or the assuming partner) would have been allowed to take the §1.752-7 liability into account for federal tax purposes but for this section. For example, a §1.752-7 liability is treated as satisfied when, but for this section, the §1.752-7 liability would give rise to—

(i) An increase in the basis of the partnership's or the assuming partner's assets (including cash);

(ii) An immediate deduction to the partnership or to the assuming partner;

(iii) An expense that is not deductible in computing the partnership's or the assuming partner's taxable income and not properly chargeable to capital account; or

(iv) An amount realized on the sale or other disposition of property subject to that liability if the property was disposed of by the partnership or the assuming partner at that time.

(9) Testing date. The testing date is—

(i) For purposes of paragraph (e) of this section, the date of the sale, exchange, or other disposition of part or all of the §1.752-7 liability partner's partnership interest;

(ii) For purposes of paragraph (f) of this section, the date of the partnership's distribution in liquidation of the §1.752-7 liability partner's partnership interest; and

(iii) For purposes of paragraph (g) of this section, the date of the assumption (or partial assumption) of the §1.752-7 liability by a partner other than the §1.752-7 liability partner.

(10) Trade or business—

(i) In general. A trade or business is a specific group of activities carried on by a person for the purpose of earning income or profit, other than a group of activities consisting of acquiring, holding, dealing in, or disposing of financial instruments, if the activities included in that group include every operation that forms a part of, or a step in, the process of earning income or profit. Such group of activities ordinarily includes the collection of income and the payment of expenses. The group of activities must constitute the carrying on of a trade or business under section 162(a) (determined as though the activities were conducted by an individual).

(ii) Examples. The following examples illustrate the provisions of this paragraph (b)(10):

Example 1. Corporation Y owns, manages, and derives rental income from an office building and also owns vacant land that may be subject to environmental liabilities. Corporation Y contributes the land subject to the environmental liabilities to PRS in a transaction governed by section 721(a). PRS plans to develop the land as a landfill. The contribution of the vacant land does not constitute the contribution of a trade or business because Corporation Y did not conduct any significant business or development activities with respect to the land prior to the contribution.

Example 2. For the past 5 years, Corporation X has owned and operated gas stations in City A, City B, and City C. Corporation X transfers all of the assets associated with the operation of the gas station in City A to PRS for interests in PRS and the assumption by PRS of the §1.752-7 liabilities associated with that gas station. PRS continues to operate the gas station in City A after the contribution. The contribution of the gas station to PRS constitutes the contribution of a trade or business.

Example 3. For the past 7 years, Corporation Z has engaged in the manufacture and sale of household products. Throughout this period, Corporation Z has

maintained a research department for use in connection with its manufacturing activities. The research department has 10 employees actively engaged in the development of new products. Corporation Z contributes the research department to PRS in exchange for a PRS interest and the assumption by PRS of pension liabilities with respect to the employees of the research department. PRS continues the research operations on a contractual basis with several businesses, including Corporation Z. The contribution of the research operations to PRS constitutes a contribution of a trade or business.

(c) Application of section 704(b) and (c) to assumed §1.752-7 liabilities—

(1) In general—

(i) Section 704(c). Except as otherwise provided in this section, sections 704(c)(1)(A) and (B), section 737, and the regulations thereunder, apply to §1.752-7 liabilities. See §1.704-3(a)(12). However, §1.704-3(a)(7) does not apply to any person who acquired a partnership interest from a §1.752-7 liability partner in a transaction to which paragraph (e)(1) of this section applies.

(ii) Section 704(b). Section 704(b) and §1.704-1(b) apply to a post-contribution change in the value of a §1.752-7 liability. If there is a decrease in the value of a §1.752-7 liability that is reflected in the capital accounts of the partners under §1.704-1(b)(2)(iv)(f), the amount of the decrease constitutes an item of income for purposes of section 704(b) and §1.704-1(b). Conversely, if there is an increase in the value of a §1.752-7 liability that is reflected in the capital accounts of the partners under §1.704-1(b)(2)(iv)(f), the amount of the increase constitutes an item of loss for purposes of section 704(b) and §1.704-1(b).

(2) Example. The following example illustrates the provisions of this paragraph (c):

Example—

(i) Facts. In 2004, A, B, and C form partnership PRS. A contributes Property 1 with a fair market value and basis of $400X, subject to a §1.752-7 liability of $100X, for a 25% interest in PRS. B contributes $300X cash for a 25% interest in PRS, and C contributes $600X cash for a 50% interest in PRS. Assume that the partnership complies with the substantial economic effect safe harbor of §1.704-1(b)(2). Under §1.704-1(b)(2)(iv)(b), A's capital account is credited with $300X (the fair market value of Property 1, $400X, less the §1.752-7 liability assumed by PRS, $100X). In accordance with §§1.752-7(c)(1)(i) and 1.704-3, the partnership can use any reasonable method for section 704(c) purposes. In this case, the partnership elects the traditional method under §1.704-3(b) and also elects to treat the deductions or losses attributable to the §1.752-7 liability as coming first from the built-in loss. In 2005, PRS earns $200X of income and uses it to satisfy the §1.752-7 liability which has increased in value to $200X. Assume that the cost to PRS of satisfying the §1.752-7 liability is deductible by PRS. The $200X of partnership income is allocated according to the partnership agreement, $50X to A, $50X to B, and $100X to C.

| A | | B | | C | | |
|---|---|---|---|---|---|---|
| Book | Tax | Book | Tax | Book | Tax | |
| $300 | $400 | $300 | $300 | $600 | $600 | Initial Contribution |

| | | | | | | |
|---|---|---|---|---|---|---|
| 50 | 50 | 50 | 50 | 100 | 100 | Income |
| (25) | (125) | (25) | (25) | (50) | (50) | Satisfaction of Liability |
| ---- | ----- | ---- | ---- | ---- | ---- | |
| $325 | $325 | $325 | $325 | $650 | $650 | |

(ii) Analysis. Pursuant to paragraph (c) of this section, $100X of the deduction attributable to the satisfaction of the §1.752-7 liability is specially allocated to A, the §1.752-7 liability partner, under section 704(c)(1)(A) and §1.704-3. No book item corresponds to this tax allocation. The remaining $100X of deduction attributable to the satisfaction of the §1.752-7 liability is allocated, for both book and tax purposes, according to the partnership agreement, $25X to A, $25X to B, and $50X to C. If the partnership, instead, satisfied the §1.752-7 liability over a number of years, the first $100X of deduction with respect to the §1.752-7 liability would be allocated to A, the §1.752-7 liability partner, before any deduction with respect to the §1.752-7 liability would be allocated to the other partners. For example, if PRS were to satisfy $50X of the §1.752-7 liability, the $50X deduction with respect to the §1.752-7 liability would be allocated to A for tax purposes only. No deduction would arise for book purposes. If PRS later paid a further $100X in satisfaction of the §1.752-7 liability, $50X of the deduction with respect to the §1.752-7 liability would be allocated, solely for tax purposes, to A and the remaining $50X would be allocated, for both book and tax purposes, according to the partnership agreement. Under these circumstances, the partnership's method of allocating the built-in loss associated with the §1.752-7 liability is reasonable.

(d) Special rules for transfers of partnership interests, distributions of partnership assets, and assumptions of the §1.752-7 liability after a §1.752-7 liability transfer—

(1) In general. Except as provided in paragraphs (d)(2) and (i) of this section, paragraphs (e), (f), and (g) of this section apply to certain partnership transactions occurring after a §1.752-7 liability transfer.

(2) Exceptions—

(i) In general. Paragraphs (e), (f), and (g) of this section do not apply—

(A) If the partnership assumes the §1.752-7 liability as part of a contribution to the partnership of the trade or business with which the liability is associated, and the partnership continues to carry on that trade or business after the contribution (for the definition of a trade or business, see paragraph (b)(10) of this section); or

(B) If, immediately before the testing date, the amount of the remaining built-in loss with respect to all §1.752-7 liabilities assumed by the partnership (other than §1.752-7 liabilities assumed by the partnership with an associated trade or business) in one or more §1.752-7 liability transfers is less than the lesser of 10% of the gross value of partnership assets or $1,000,000.

(ii) Examples. The following examples illustrate the principles of this paragraph (d)(2):

Example 1. For the past 5 years, Corporation X, a C corporation, has been engaged in Business A and Business B. In 2004, Corporation X contributes Business A, in a transaction governed by section 721(a), to PRS in exchange for a PRS interest and the assumption by PRS of pension liabilities with respect to the employees engaged in Business A. PRS plans to carry on Business A after the contribution. Because PRS has assumed the pension liabilities as part of a contribution to PRS of the trade or business with which the liabilities are associated, the treatment of the pension liabilities is not affected by paragraphs (e), (f), and (g) of this section with respect to

any transaction occurring after the §1.752-7 liability transfer of the pension liabilities.

Example 2.

(i) Facts. The facts are the same as in Example 1, except that PRS also assumes from Corporation X certain pension liabilities with respect to the employees of Business B. At the time of the assumption, the amount of the pension liabilities with respect to the employees of Business A is $3,000,000 (the A liabilities) and the amount of the pension liabilities associated with the employees of Business B (the B liabilities) is $2,000,000. Two years later, Corporation X sells its interest in PRS to Y for $9,000,000. At the time of the sale, the remaining built-in loss associated with the A liabilities is $2,100,000, the remaining built-in loss associated with the B liabilities is $900,000, and the gross value of PRS's assets (excluding §1.752-7 liabilities) is $20,000,000. Assume that PRS has no §1.752-7 liabilities other than those assumed from Corporation X.

PRS Balance Sheet at Time of X's Sale of PRS Interest
(in millions)

| Assets | Liabilities | |
|---|---|---|
| $20 | | Gross Assets (including Business A) |
| | ($2.1) | A Liabilities |
| | ( 0.9) | B Liabilities |

(ii) Analysis. The only liabilities assumed by PRS from Corporation X that were not assumed as part of Corporation X's contribution of Business A were the B liabilities. Immediately before the testing date, the remaining built-in loss associated with the B liabilities ($900,000) was less than the lesser of 10% of the gross value of PRS's assets ($2,000,000) or $1,000,000. Therefore, paragraph (d)(2)(i)(B) of this section applies to exclude Corporation X's sale of the PRS interest to Y from the application of paragraph (e) of this section.

(e) Transfer of §1.752-7 liability partner's partnership interest—

(1) In general. Except as provided in paragraphs (d)(2), (e)(3), and (i) of this section, immediately before the sale, exchange, or other disposition of all or a part of a §1.752-7 liability partner's partnership interest, the §1.752-7 liability partner's basis in the partnership interest is reduced by the §1.752-7 liability reduction (as defined in paragraph (b)(7) of this section). No deduction, loss, or capital expense is allowed to the partnership on the satisfaction of the §1.752-7 liability (within the meaning of paragraph (b)(8) of this section) to the extent of the remaining built-in loss associated with the §1.752-7 liability (as defined in paragraph (b)(6) of this section). For purposes of section 705(a)(2)(B) and §1.704-1(b)(2)(ii)(b) only, the remaining built-in loss associated with the §1.752-7 liability is not treated as a nondeductible, noncapital expenditure of the partnership. Therefore, the remaining partners' capital accounts and bases in their partnership interests are not reduced by the remaining built-in loss associated with the §1.752-7 liability. If the partnership (or any successor) notifies the §1.752-7 liability partner of the satisfaction of the §1.752-7 liability, then the §1.752-7 liability partner is entitled to a loss or deduction. The amount of that deduction or loss is, in the case of a partial satisfaction of the §1.752-7 liability, the amount that the partnership would, but for this section, take into account on the partial satisfaction of the §1.752-7 liability (but not, in total, more than the §1.752-7 liability reduction) or, in

the case of a complete satisfaction of the §1.752-7 liability, the remaining §1.752-7 liability reduction. To the extent of the amount that the partnership would, but for this section, take into account on the satisfaction of the §1.752-7 liability, the character of that deduction or loss is determined as if the §1.752-7 liability partner had satisfied the liability. To the extent that the §1.752-7 liability reduction exceeds the amount that the partnership would, but for this section, take into account on the satisfaction of the §1.752-7 liability, the character of the §1.752-7 liability partner's loss is capital.
(2) Examples. The following examples illustrate the principles of paragraph (e)(1) of this section:

Example 1.

(i) Facts. In 2004, A, B, and C form partnership PRS. A contributes Property 1 with a fair market value of $5,000,000 and basis of $4,000,000 subject to a §1.752-7 liability of $2,000,000 in exchange for a 25% interest in PRS. B contributes $3,000,000 cash in exchange for a 25% interest in PRS, and C contributes $6,000,000 cash in exchange for a 50% interest in PRS. In 2006, when PRS has a section 754 election in effect, A sells A's interest in PRS to D for $3,000,000. At the time of the sale, the basis of A's PRS interest is $4,000,000, the remaining built-in loss associated with the §1.752-7 liability is $2,000,000, and PRS has no liabilities (as defined in §1.752-1(a)(4)). Assume that none of the exceptions of paragraph (d)(2) of this section apply and that the satisfaction of the §1.752-7 liability would have given rise to a deductible expense to A. In 2007, PRS pays $3,000,000 to satisfy the liability.

PRS Balance Sheet (in millions)

| Assets | | | Liabilities/Equity | | |
|---|---|---|---|---|---|
| Value | Basis | | Value | Basis | |
| $5 | $4 | Property 1 | | | |
| $9 | $9 | Cash | | | |
| | | | $2 | - | §1.752-7 Liability |
| | | | | | Partner's Equity: |
| | | | $3 | $4 | A |
| | | | $3 | $3 | B |
| | | | $6 | $6 | C |

(ii) Sale of A's PRS interest. Immediately before the sale of the PRS interest to D, A's basis in the PRS interest is reduced (to $3,000,000) by the §1.752-7 liability reduction, i.e., the lesser of the excess of A's basis in the PRS interest ($4,000,000) over the adjusted value of that interest ($3,000,000), $1,000,000, or the remaining built-in loss associated with the §1.752-7 liability, $2,000,000. Therefore, A neither realizes nor recognizes any gain or loss on the sale of the PRS interest to D. D's basis in the PRS interest is $3,000,000. D's share of the adjusted basis of partnership property, as determined under §1.743-1(d), equals D's interest in the partnership's previously taxed capital of $2,000,000 (the amount of cash that D would receive on a liquidation of the partnership, $3,000,000, increased by the amount of tax loss that would be allocated to D in the hypothetical transaction, $0, and reduced by the amount of tax gain that would be allocated to D in the hypothetical transaction, $1,000,000). Therefore, the positive basis adjustment under section 743(b) is $1,000,000.

Computation of §1.752-7 Liability Reduction (in millions)

| | | |
|---|---|---|
| 1. | Basis of A's PRS interest | $4 |
| 2. | Less adjusted value of A's PRS interest | (3) |
| 3. | Difference | $1 |
| 4. | Remaining built-in loss | |

```
     from §1.752-7 liability                              2
                                                          -
5. §1.752-7 liability reduction
      (lesser of 3 or 4)                                 $1
Gain/Loss on Sale of A's PRS Interest (in millions)
---------------------------------------------------
1.  Amount realized on sale                              $3
2.  Less basis of PRS interest
          Original                                        4
          §1.752-7 liability reduction                    1
                                                          -
```

(iii) Satisfaction of §1.752-7 liability. Neither PRS nor any of its partners is entitled to a deduction, loss, or capital expense upon the satisfaction of the §1.752-7 liability to the extent of the remaining built-in loss associated with the §1.752-7 liability ($2,000,000). PRS is entitled to a deduction, however, for the amount by which the cost of satisfying the §1.752-7 liability exceeds the remaining built-in loss associated with the §1.752-7 liability. Therefore, in 2007, PRS may deduct $1,000,000 (cost to satisfy the §1.752-7 liability, $3,000,000, less the remaining built-in loss associated with the §1.752-7 liability, $2,000,000). If PRS notifies A of the satisfaction of the §1.752-7 liability, then A is entitled to an ordinary deduction in 2007 of $1,000,000 (the §1.752-7 liability reduction).

```
PRS's Deduction on Satisfaction of Liability (in millions)
----------------------------------------------------------
1. Amount paid by PRS to satisfy §1.752-7 liability     $3
2. Remaining built-in loss for §1.752-7 liability       (2)
3. Difference                                           $1
```

Example 2. The facts are the same as in Example 1 except that, at the time of A's sale of the PRS interest to D, PRS has a nonrecourse liability of $4,000,000, of which A's share is $1,000,000. A's basis in PRS is $5,000,000. At the time of the sale of the PRS interest to D, the adjusted value of A's interest is $4,000,000 (the fair market value of the interest ($3,000,000), increased by A's share of partnership liabilities ($1,000,000)). The difference between the basis of A's interest ($5,000,000) and the adjusted value of that interest ($4,000,000) is $1,000,000. Therefore, the §1.752-7 liability reduction is $1,000,000 (the lesser of this difference or the remaining built-in loss associated with the §1.752-7 liability, $2,000,000). Immediately before the sale of the PRS interest to D, A's basis is reduced from $5,000,000 to $4,0000,000. A's amount realized on the sale of the PRS interest to D is $4,000,000 ($3,000,000 paid by D, increased under section 752(d) by A's share of partnership liabilities, or $1,000,000). Therefore, A neither realizes nor recognizes any gain or loss on the sale. D's basis in the PRS interest is $4,000,000. Because D's share of the adjusted basis of partnership property is $3,000,000 (D's share of the partnership's previously taxed capital, $2,000,000, plus D's share of partnership liabilities, $1,000,000), the basis adjustment under section 743(b) is $1,000,000.

```
          PRS Balance Sheet (in millions)
     --------------------------------
     Assets                Liabilities/Equity
     ------                ------------------
Value     Basis            Value      Basis
-----     -----            -----      -----
$ 5          $ 4    Property 1
$13          $13    Cash
                      $4          -          Nonrecourse Debt
                      $2          -          §1.752-7 Liability
                                             Partner's Equity:
                      $3         $5            A
```

| | | |
|---|---|---|
| $3 | $4 | B |
| $6 | $8 | C |

Computation of §1.752-7 Liability Reduction (in millions)

| | |
|---|---|
| 1. Basis of A's PRS interest | $5 |
| 2. Less adjusted value of A's PRS interest | |
| Value of PRS interest | 3 |
| A's share of nonrecourse debt | 1 |
| Total | (4) |
| 3. Difference between 1 and 2 | 1 |
| 4. Remaining built-in loss from §1.752-7 liability | 2 |
| 5. §1.752-7 liability reduction (lesser of 3 or 4) | $1 |

Gain/Loss on Sale of A's PRS Interest (in millions)

| | |
|---|---|
| 1. Amount realized on sale | |
| Value of PRS interest | $3 |
| A's share of nonrecourse debt | 1 |
| Total | $4 |
| 2. Less basis of PRS interest | |
| Original | $5 |
| §1.752-7 liability reduction | $1 |
| Difference | ($4) |
| 3. Gain/Loss | 0 |

Example 3. The facts are the same as in Example 1, except that the satisfaction of the §1.752-7 liability would have given rise to a capital expense to A or PRS. Neither PRS nor any of its partners are entitled to a capital expense upon the satisfaction of the §1.752-7 liability to the extent of the remaining built-in loss associated with the §1.752-7 liability ($2,000,000). PRS may, however, increase the basis of appropriate partnership assets by the amount by which the cost of satisfying the §1.752-7 liability exceeds the remaining built-in loss associated with the §1.752-7 liability. Therefore, in 2007, PRS may capitalize $1,000,000 (cost to satisfy the §1.752-7 liability, $3,000,000, less the remaining built-in loss associated with the §1.752-7 liability, $2,000,000) to the appropriate partnership assets. If A is notified by PRS that the §1.752-7 liability has been satisfied, then A is entitled to a capital loss in 2007 as provided in paragraph (e)(1) of this section, the year of the satisfaction of the §1.752-7 liability.

(3) Exception for nonrecognition transactions—

(i) In general. Paragraph (e)(1) of this section does not apply where a §1.752-7 liability partner transfers all or part of the partner's partnership interest in a transaction in which the transferee's basis in the partnership interest is determined in whole or in part by reference to the transferor's basis in the partnership interest. In addition, paragraph (e)(1) of this section does not apply to a distribution of an interest in the partnership (lower-tier partnership) that has assumed the §1.752-7 liability by a partnership that is the §1.752-7 liability partner (upper-tier partnership) if the partners of the upper-tier partnership that were §1.752-7 liability partners with respect to the lower-tier partnership prior to the distribution continue to be §1.752-7 liability partners with respect to the lower-tier partnership after the distribution. See paragraphs (b)(4)(ii) and (j)

(3) of this section for rules on the application of this section to partners of the §1.752-7 liability partner.
(ii) Examples. The following examples illustrate the provisions of this paragraph (e)(3):

Example 1. Transfer of partnership interest to lower-tier partnership.

(i) Facts. In 2004, X contributes undeveloped land with a value and basis of $2,000,000 and subject to environmental liabilities of $1,500,000 to partnership LTP in exchange for a 50% interest in LTP. LTP develops the land as a landfill. In 2005, in a transaction governed by section 721(a), X contributes the LTP interest to UTP in exchange for a 50% interest in UTP. In 2008, X sells the UTP interest to A for $500,000. At the time of the sale, X's basis in UTP is $2,000,000, the remaining built-in loss associated with the environmental liability is $1,500,000, and the gross value of UTP's assets is $2,500,000. The environmental liabilities were not assumed by LTP as part of a contribution by X to LTP of a trade or business with which the liabilities were associated. (See paragraph (b)(10)(ii), Example 1 of this section.)
(ii) Analysis. Because UTP's basis in the LTP interest is determined by reference to X's basis in the LTP interest, X's contribution of the LTP interest to UTP is exempted from the rules of paragraph (e)(1) of this section. Under paragraph (j)(1) of this section, X's contribution of the LTP interest to UTP is treated as a contribution of X's share of the assets of LTP and UTP's assumption of X's share of the LTP liabilities (including §1.752-7 liabilities). Therefore, X's transfer of the LTP interest to UTP is a §1.752-7 liability transfer. The §1.752-7 liabilities deemed transferred by X to UTP are not associated with a trade or business transferred to UTP for purposes of paragraph (d)(2)(i)(A) of this section, because they were not associated with a trade or business transferred by X to LTP as part of the original §1.752-7 liability transfer. See paragraph (j)(2) of this section. Because none of the exceptions described in paragraph (d)(2) of this section apply to X's taxable sale of the UTP interest to A in 2008, paragraph (e)(1) of this section applies to that sale.

Example 2. Transfer of partnership interest to corporation. The facts are the same as in Example 1, except that, rather than transferring the LTP interest to UTP in 2005, X contributes the LTP interest to Corporation Y in an exchange to which section 351 applies. Because Corporation Y's basis in the LTP interest is determined by reference to X's basis in that interest, X's contribution of the LTP interest is exempted from the rules of paragraph (e)(1) of this section. But see section 358(h) and §1.358-7 for appropriate basis adjustments.

Example 3. Partnership merger. (i) Facts . In 2004, A, B, C, and D form equal partnership PRS1. A contributes Blackacre with a value and basis of $2,000,000 to PRS1 and PRS1 assumes from A $1,500,000 of pension liabilities unrelated to Blackacre. B, C, and D each contribute $500,000 cash to PRS1. PRS1 uses the cash contributed by B, C, and D ($1,500,000) to purchase Whiteacre. In 2006, PRS1 merges into PRS2 in an assets-over merger under §1.708-1(c)(3). Assume that, under §1.708-1(c), PRS2 is the surviving partnership and PRS1 is the terminating partnership. At the time of the merger, the value of Blackacre is still $2,000,000, the remaining built-in loss with respect to the pension liabilities is still $1,500,000, but the value of Whiteacre has declined to $500,000.

(ii) Deemed assumption by PRS2 of PRS1 liabilities. Under §1.708-1(c)(3), the merger is treated as a contribution of the assets and liabilities of PRS1 to PRS2, followed by a distribution of the PRS2 interests by PRS1 in liquidation of PRS1. Because PRS2 assumes a §1.752-7 liability (the pension liabilities) of PRS1, PRS1 is a §1.752-7 liability partner of PRS2. Under paragraph (b)(5)(ii)(A) of this section, A is also §1.752-7 liability partner of PRS2 to the extent of the remaining $1,500,000 built-in loss associated with the pension liabilities. B, C, and D are not §1.752-7 liability partners with respect to PRS1. If the amount of the pension liabilities had increased between the date of PRS1's assumption of those liabilities from A and the date of the merger of PRS1 into PRS2, then B, C, and D

would be §1.752-7 liability partners with respect to PRS2 to the extent of their respective shares of that increase. See paragraph (b)(5)(ii) of this section.
(iii) Deemed distribution of PRS2 interests. Paragraph (e)(1) does not apply to PRS1's deemed distribution of the PRS2 interests, because, under paragraph (b)(5)(ii)(B) of this section, all of the partners that were §1.752-7 liability partners with respect to PRS2 before the distribution, i.e., A, continue to be §1.752-7 liability partners after the distribution. After the distribution, A's share of the pension liabilities now held by PRS2 will continue to be $1,500,000.

Example 4. Partnership division; no shifting of §1.752-7 liability. The facts are the same as in Example 3, except that PRS1 does not merge with PRS2, but instead contributes Blackacre to PRS2 in exchange for PRS2 interests and the assumption by PRS2 of the pension liabilities. Immediately thereafter, PRS1 distributes the PRS2 interests to A and B in liquidation of their interests in PRS1. The analysis is the same as in Example 3. After the assumption of the pension liabilities by PRS2, A is a §1.752-7 liability partner with respect to PRS2. After the distribution of a PRS2 interest to A, A continues to be a §1.752-7 liability partner with respect to PRS2, and the amount of A's built-in loss with respect to the §1.752-7 liabilities continues to be $1,500,000. Therefore, paragraph (e)(1) of this section does not apply to the distribution of the PRS2 interests to A and B.

Example 5. Partnership division; shifting of §1.752-7 liability. The facts are the same as in Example 4, except that PRS1 distributes the PRS2 interests not to A and B, but to C and D, in liquidation of their interests in PRS1. After this distribution, A does not continue to be a §1.752-7 liability partner of PRS2, because A no longer has an interest in PRS2. Therefore, paragraph (e)(1) of this section applies to the distribution of the PRS2 interests to C and D.

(f) Distribution in liquidation of §1.752-7 liability partner's partnership interest—

(1) In general. Except as provided in paragraphs (d)(2) and (i) of this section, immediately before a distribution in liquidation of a §1.752-7 liability partner's partnership interest, the §1.752-7 liability partner's basis in the partnership interest is reduced by the §1.752-7 liability reduction (as defined in paragraph (b)(7) of this section). This rule applies before section 737. No deduction, loss, or capital expense is allowed to the partnership on the satisfaction of the §1.752-7 liability (within the meaning of paragraph (b)(8) of this section) to the extent of the remaining built-in loss associated with the §1.752-7 liability (as defined in paragraph (b)(6) of this section). For purposes of section 705(a)(2)(B) and §1.704-1(b)(2)(ii)(b) only, the remaining built-in loss associated with the §1.752-7 liability is not treated as a nondeductible, noncapital expenditure of the partnership. Therefore, the remaining partners' capital accounts and bases in their partnership interests are not reduced by the remaining built-in loss associated with the §1.752-7 liability. If the partnership (or any successor) notifies the §1.752-7 liability partner of the satisfaction of the §1.752-7 liability, then the §1.752-7 liability partner is entitled to a loss or deduction. The amount of that deduction or loss is, in the case of a partial satisfaction of the §1.752-7 liability, the amount that the partnership would, but for this section, take into account on the partial satisfaction of the §1.752-7 liability (but not, in total, more than the §1.752-7 liability reduction) or, in the case of a complete satisfaction of the §1.752-7 liability, the remaining §1.752-7 liability reduction. To the extent of the amount

that the partnership would, but for this section, take into account on satisfaction of the §1.752-7 liability, the character of that deduction or loss is determined as if the §1.752-7 liability partner had satisfied the liability. To the extent that the §1.752-7 liability reduction exceeds the amount that the partnership would, but for this section, take into account on satisfaction of the §1.752-7 liability, the character of the §1.752-7 liability partner's loss is capital.

(2) Example. The following example illustrates the provision of this paragraph (f):

Example.

(i) Facts. In 2004, A, B, and C form partnership PRS. A contributes Property 1 with a fair market value and basis of $5,000,000 subject to a §1.752-7 liability of $2,000,000 for a 25% interest in PRS. B contributes $3,000,000 cash for a 25% interest in PRS, and C contributes $6,000,000 cash for a 50% interest in PRS. In 2012, when PRS has a section 754 election in effect, PRS distributes Property 2, which has a basis and fair market value of $3,000,000, to A in liquidation of A's PRS interest. At the time of the distribution, the fair market value of A's PRS interest is still $3,000,000, the basis of that interest is still $5,000,000, and the remaining built-in loss associated with the §1.752-7 liability is still $2,000,000. Assume that none of the exceptions of paragraph (d)(2) of this section apply to the distribution and that the satisfaction of the §1.752-7 liability would have given rise to a deductible expense to A. In 2013, PRS pays $1,000,000 to satisfy the entire §1.752-7 liability.

PRS Balance Sheet (in millions)

| Assets | | | Liabilities/Equity | | |
|---|---|---|---|---|---|
| Value | Basis | | Value | Basis | |
| $5 | $5 | Property 1 | | | |
| $9 | $9 | Cash | | | |
| | | | $2 | - | §1.752-7 Liability |
| | | | | | Partner's Equity: |
| | | | $3 | $5 | A |
| | | | $3 | $3 | B |
| | | | $6 | $6 | C |

(ii) Liquidation of A's PRS interest. Immediately before the distribution of Property 2 to A, A's basis in the PRS interest is reduced (to $3,000,000) by the §1.752-7 liability reduction, i.e., the lesser of the excess of A's basis in the PRS interest ($5,000,000) over the adjusted value ($3,000,000) of that interest ($2,000,000) or the remaining built-in loss associated with the §1.752-7 liability ($2,000,000). Therefore, A's basis in Property 2 under section 732(b) is $3,000,000. Because this is the same as the partnership's basis in Property 2 immediately before the distribution, the partnership's basis adjustment under section 734(b) is $0.

Computation of §1.752-7 Liability Reduction (in millions)

| | |
|---|---|
| 1. Basis of A's PRS interest | $5 |
| 2. Less adjusted value of A's PRS interest | (3) |
| 3. Difference | $2 |
| 4. Remaining built-in loss from §1.752-7 liability | 2 |
| 5. §1.752-7 liability reduction | |

| | |
|---|---|
| (lesser of 3 or 4) | $2 |

(iii) Satisfaction of §1.752-7 liability. PRS is not entitled to a deduction, loss, or capital expense on the satisfaction of the §1.752-7 liability to the extent of the remaining built-in loss associated with the §1.752-7 liability ($2,000,000). Because this amount exceeds the amount paid by PRS to satisfy the §1.752-7 liability ($1,000,000), PRS is not entitled to any deduction for the §1.752-7 liability in 2013. If, however, PRS notifies A of the satisfaction of the §1.752-7 liability, A is entitled to an ordinary deduction in 2013 of $1,000,000 (the amount paid in satisfaction of the §1.752-7 liability) and a capital loss of $1,000,000 (the remaining §1.752-7 liability reduction).

| PRS's Deduction on Satisfaction of Liability (in millions) | |
|---|---|
| Amount paid by PRS to satisfy §1.752-7 liability | $1 |
| Remaining built-in loss for §1.752-7 liability | (2) |
| Difference (but not below zero) | $0 |

(g) Assumption of §1.752-7 liability by a partner other than §1.752-7 liability partner—

(1) In general. If this paragraph (g) applies, section 704(c)(1)(B) does not apply to an assumption of a §1.752-7 liability from a partnership by a partner other than the §1.752-7 liability partner. The rules of paragraph (g)(2) of this section apply only if the §1.752-7 liability partner is a partner in the partnership at the time of the assumption of the §1.752-7 liability from the partnership. The rules of paragraphs (g)(3) and (4) of this section apply to any assumption of the §1.752-7 liability by a partner other than the §1.752-7 liability partner, whether or not the §1.752-7 liability partner is a partner in the partnership at the time of the assumption from the partnership.

(2) Consequences to §1.752-7 liability partner. If, at the time of an assumption of a §1.752-7 liability from a partnership by a partner other than the §1.752-7 liability partner, the §1.752-7 liability partner remains a partner in the partnership, then the §1.752-7 liability partner's basis in the partnership interest is reduced by the §1.752-7 liability reduction (as defined in paragraph (b)(7) of this section). If the assuming partner (or any successor) notifies the §1.752-7 liability partner of the satisfaction of the §1.752-7 liability (within the meaning of paragraph (b)(8) of this section), then the §1.752-7 liability partner is entitled to a deduction or loss. The amount of that deduction or loss is, in the case of a partial satisfaction of the §1.752-7 liability, the amount that the assuming partner would, but for this section, take into account on the satisfaction of the §1.752-7 liability (but not, in total, more than the §1.752-7 liability reduction) or, in the case of a complete satisfaction of the §1.752-7 liability, the remaining §1.752-7 liability reduction. To the extent of the amount that the assuming partner would, but for this section, take into account on the satisfaction of the §1.752-7 liability, the character of that deduction or loss is determined as if the §1.752-7 liability partner had satisfied the liability. To the extent that the §1.752-7 liability reduction exceeds the amount that the assuming partner would, but for this section, take into account on the satisfaction of the §1.752-7 liability, the character of the §1.752-7 liability partner's loss is capital.

(3) Consequences to partnership. Immediately after the assumption of the §1.752-7

liability from the partnership by a partner other than the §1.752-7 liability partner, the partnership must reduce the basis of partnership assets by the remaining built-in loss associated with the §1.752-7 liability (as defined in paragraph (b)(6) of this section). The reduction in the basis of partnership assets must be allocated among partnership assets as if that adjustment were a basis adjustment under section 734(b).

(4) Consequences to assuming partner. No deduction, loss, or capital expense is allowed to an assuming partner (other than the §1.752-7 liability partner) on the satisfaction of the §1.752-7 liability assumed from a partnership to the extent of the remaining built-in loss associated with the §1.752-7 liability. Instead, upon the satisfaction of the §1.752-7 liability, the assuming partner must adjust the basis of the partnership interest, any assets (other than cash, accounts receivable, or inventory) distributed by the partnership to the partner, or gain or loss on the disposition of the partnership interest, as the case may be. These adjustments are determined as if the assuming partner's basis in the partnership interest at the time of the assumption were increased by the lesser of the amount paid (or to be paid) to satisfy the §1.752-7 liability or the remaining built-in loss associated with the §1.752-7 liability. However, the assuming partner cannot take into account any adjustments to depreciable basis, reduction in gain, or increase in loss until the satisfaction of the §1.752-7 liability.

(5) Example. The following example illustrates the provisions of this paragraph (g):

Example.

(i) Facts. In 2004, A, B, and C form partnership PRS. A contributes Property 1, a nondepreciable capital asset with a fair market value and basis of $5,000,000, in exchange for a 25% interest in PRS and assumption by PRS of a §1.752-7 liability of $2,000,000. B contributes $3,000,000 cash for a 25% interest in PRS, and C contributes $6,000,000 cash for a 50% interest in PRS. PRS uses the cash contributed to purchase Property 2. In 2007, PRS distributes Property 1, subject to the §1.752-7 liability to B in liquidation of B's interest in PRS. At the time of the distribution, A's interest in PRS still has a value of $3,000,000 and a basis of $5,000,000, and B's interest in PRS still has a value and basis of $3,000,000. Also at that time, Property 1 still has a value and basis of $5,000,000, Property 2 still has a value and basis of $9,000,000, and the remaining built-in loss associated with the §1.752-7 liability still is $2,000,000. Assume that none of the exceptions of paragraph (d)(2)(i) of this section apply to the assumption of the §1.752-7 liability by B and that the satisfaction of the §1.752-7 liability by A would have given rise to a deductible expense to A. In 2010, B pays $1,000,000 to satisfy the entire §1.752-7 liability. At that time, B still owns Property 1, which has a basis of $3,000,000.

PRS Balance Sheet (in millions)

| Assets Value | Assets Basis | | Liabilities/Equity Value | Liabilities/Equity Basis | |
|---|---|---|---|---|---|
| $5 | $5 | Property 1 | | | |
| $9 | $9 | Property 2 | | | |
| | | | $2 | - | §1.752-7 Liability |
| | | | | | Partner's Equity: |
| | | | $3 | $5 | A |
| | | | $3 | $3 | B |
| | | | $6 | $6 | C |

(ii) Assumption of §1.752-7 liability by B. Section 704(c)(1)(B) does not apply to the assumption of the §1.752-7 liability by B. Instead, A's basis in the PRS interest is reduced (to

$3,000,000) by the §1.752-7 liability reduction, i.e., the lesser of the excess of A's basis in the PRS interest ($5,000,000) over the adjusted value ($3,000,000) of that interest ($2,000,000), or the remaining built-in loss associated with the §1.752-7 liability as of the time of the assumption ($2,000,000). PRS's basis in Property 2 is reduced (to $7,000,000) by the $2,000,000 remaining built-in loss associated with the §1.752-7 liability. B's basis in Property 1 under section 732(b) is $3,000,000 (B's basis in the PRS interest). This is $2,000,000 less than PRS's basis in Property 1 before the distribution of Property 1 to B. If PRS has a section 754 election in effect for 2007, PRS may increase the basis of Property 2 under section 734(b) by $2,000,000.

§ 1.752-7 Liability Reduction (in millions)

| | | |
|---|---|---|
| 1. | Basis of A's PRS interest | $5 |
| 2. | Less adjusted value of A's PRS interest | (3) |
| 3. | Difference | $2 |
| 4. | Remaining built-in loss from §1.752-7 liability | 2 |
| 5. | §1.752-7 liability reduction (lesser of 3 or 4) | $2 |

A's Basis in PRS after Assumption by B (in millions)

| | | |
|---|---|---|
| 1. | Basis before assumption | $5 |
| 2. | Less §1.752-7 liability reduction | (2) |
| 3. | Basis after assumption | $3 |

PRS's Basis in Property 2 after Assumption by B (in millions)

| | | |
|---|---|---|
| 1. | Basis before assumption | $9 |
| 2. | Less remaining built-in loss from §1.752-7 liability | (2) |
| 3. | Plus section 734(b) adjustment (if partnership has a section 754 election) | 2 |
| 4. | Basis after assumption | $9 |

(iii) Satisfaction of §1.752-7 liability. B is not entitled to a deduction on the satisfaction of the §1.752-7 liability in 2010 to the extent of the remaining built-in loss associated with the §1.752-7 liability ($2,000,000). As this amount exceeds the amount paid by B to satisfy the §1.752-7 liability, B is not entitled to any deduction on the satisfaction of the §1.752-7 liability in 2010. B may, however, increase the basis of Property 1 by the lesser of the remaining built-in loss associated with the §1.752-7 liability ($2,000,000) or the amount paid to satisfy the §1.752-7 liability ($1,000,000). Therefore, B's basis in Property 1 is increased to $4,000,000. If B notifies A of the satisfaction of the §1.752-7 liability, then A is entitled to an ordinary deduction in 2010 of $1,000,000 (the amount paid in satisfaction of the §1.752-7 liability) and a capital loss of $1,000,000 (the remaining §1.752-7 liability reduction).

B's Basis in Property 1 after Satisfaction of Liability

(in millions)

| | | |
|---|---|---|
| 1. | Basis in Property 1 after distribution | $3 |
| 2. | Plus lesser of remaining built-in loss ($2) or amount paid to satisfy liability ($1) | 1 |
| 3. | Basis in Property 1 after satisfaction of liability | $4 |

(h) Notification by the partnership (or successor) of the satisfaction of the §1.752-7 liability. For purposes of paragraphs (e), (f), and (g) of this section, notification by the partnership (or successor) of the satisfaction of the §1.752-7 liability must be attached to the §1.752-7 liability partner's return (whether an original or an amended return) for the year in which the loss is being claimed and must include—

(1) The amount paid in satisfaction of the §1.752-7 liability, and whether the amounts paid were in partial or complete satisfaction of the §1.752-7 liability;

(2) The name and address of the person satisfying the §1.752-7 liability;

(3) The date of the payment on the §1.752-7 liability; and

(4) The character of the loss to the §1.752-7 liability partner with respect to the §1.752-7 liability.

(i) Special rule for amounts that are capitalized prior to the occurrence of an event described in paragraphs (e), (f), or (g)—

(1) In general. If all or a portion of a §1.752-7 liability is properly capitalized (capitalized basis) prior to an event described in paragraph (e), (f), or (g) of this section, then, before an event described in paragraph (e), (f), or (g) of this section, the partnership may take the capitalized basis into account for purposes of computing cost recovery and gain or loss on the sale of the asset to which the basis has been capitalized (and for any other purpose for which the basis of the asset is relevant), but after an event described in paragraph (e), (f), or (g) of this section, the partnership may not take any remaining capitalized basis into account for tax purposes.

(2) Example. The following example illustrates the provisions of this paragraph (i):

Example.

(i) Facts. In 2004, A and B form partnership PRS. A contributes Property 1, a nondepreciable capital asset, with a fair market value and basis of 5,000,000, in exchange for a 25% interest in PRS and an assumption by PRS of a §1.752-7 liability of $2,000,000. B contributes $9,000,000 in cash in exchange for a 75% interest in PRS. PRS uses $7,000,000 of the cash to purchase Property 2, also a nondepreciable capital asset. In 2007, when PRS's assets have not changed, PRS satisfies the §1.752-7 liability by paying $2,000,000. Assume that PRS is required to capitalize the cost of satisfying the §1.752-7 liability. In 2008, A sells his interest in PRS to C for $3,000,000. At the time of the sale, the basis of A's interest is still $5,000,000.

(ii) Analysis. On the sale of A's interest to C, A realizes a loss of $2,000,000 on the sale of the PRS interest (the excess of $5,000,000, the basis of the partnership interest, over $3,000,000, the amount realized on sale). The remaining built-in loss associated with the §1.752-7 liability at that time is zero because all of the §1.752-7 liability as of the time of the assumption of the §1.752-7 liability by the partnership was capitalized by the partnership. The partnership may not take any remaining capitalized basis into account for tax purposes.

Gain/Loss on Sale of A's PRS Interest (in millions)

| | | |
|---|---|---|
| 1. | Amount realized on sale | $3 |
| 2. | Less basis of PRS interest | |
| | Original Basis | $5 |
| | §1.752-7 liability reduction | $0 |
| | Difference | ($5) |
| 3. | Gain/Loss | ($2) |

(iii) Partial Satisfaction. Assume that, prior to the sale of A's interest in PRS to C, PRS had paid $1,500,000 to satisfy a portion of the §1.752-7 liability. Therefore, immediately before the sale of the PRS interest to C, A's basis in the PRS interest would be reduced (to $4,500,000) by the $500,000 remaining built-in loss associated with the §1.752-7 liability ($2,000,000 less the 1,500,000 portion capitalized by the partnership as that time). On the sale of the PRS interest, A realizes a loss of $1,500,000 (the excess of $4,500,000, the basis of the PRS interest, over $3,000,000, the amount realized on the sale). Neither PRS nor any of its partners is entitled to a deduction, loss, or capital expense upon the satisfaction of the §1.752-7 liability to the extent of the remaining built-in loss associated with the §1.752-7 liability ($500,000). If PRS notifies A of the satisfaction of the remaining portion of the §1.752-7 liability, then A is entitled to a deduction or loss of $500,000 (the remaining §1.752-7 liability reduction). The partnership may not take any remaining capitalized basis into account for tax purposes.

Gain/Loss on Sale of A's PRS Interest (in millions)

| | | |
|---|---|---|
| 1. | Amount realized on sale | $3 |
| 2. | Less basis of PRS interest | |
| | Original Basis | $5 |
| | §1.752-7 liability reduction | ($0.5) |
| | Difference | ($4.5) |
| 3. | Gain/Loss | ($1.5) |

(j) Tiered partnerships—

(1) Look-through treatment. For purposes of this section, a contribution by a partner of an interest in a partnership (lower-tier partnership) to another partnership (upper-tier partnership) is treated as a contribution by the partner of the partner's share of each of the lower-tier partnership's assets and an assumption by the upper-tier partnership of the partner's share of the lower-tier partnership's liabilities (including §1.752-7 liabilities). See paragraph (e)(3)(ii) Example 1 of this section. In addition, a partnership is treated as having its share of any §1.752-7 liabilities of the partnerships in which it has an interest.

(2) Trade or business exception. If a partnership (upper-tier partnership) assumes a §1.752-7 liability of a partner, and, subsequently, another partnership (lower-tier partnership) assumes that §1.752-7 liability from the upper-tier partnership, then the §1.752-7 liability is treated as associated only with any trade or business contributed to the upper-tier partnership by the §1.752-7 liability partner. The same rule applies where a partnership assumes a §1.752-7 liability of a partner, and, subsequently, the §1.752-7 liability partner transfers that partnership interest to another partnership. See paragraph (e)(3)(ii) Example 1 of this section.

(3) Partnership as a §1.752-7 liability partner. If a transaction described in paragraph (e), (f), or (g) of this section occurs with respect to a partnership (upper-tier partnership) that is a §1.752-7 liability partner of another partnership (lower-tier partnership), then such transaction will also be treated as a transaction described in paragraph (e), (f), or (g) of this section, as appropriate, with respect to the partners of the upper-tier partnership, regardless of whether the upper-tier partnership assumed the §1.752-7 liability from those partners. (See paragraph (b)(5) of this section for rules relating to the treatment of transactions by the partners of the upper-tier partnership). In such a case, each partner's share of the §1.752-7 liability reduction in the upper-tier partnership is equal to that partner's share of the §1.752-7 liability. The partners of the upper-tier partnership at the time of the transaction described in paragraph (e), (f), or (g) of this section, and not the upper-tier partnership, are entitled to the deduction or loss on the satisfaction of the

§1.752-7 liability. Similar principles apply where the upper-tier partnership is itself owned by one or a series of partnerships. This paragraph does not apply to the extent that §1.752-7(j)(4) applied to the assumption of the §1.752-7 liability by the lower-tier partnership.

(4) Transfer of §1.752-7 liability by partnership to another partnership or corporation after a transaction described in paragraph (e),(f), or (g)—

(i) In general. If, after a transaction described in paragraph (e),(f), or (g) of this section with respect to a §1.752-7 liability assumed by a partnership (the upper-tier partnership), another partnership or a corporation assumes the §1.752-7 liability from the upper-tier partnership (or the assuming partner) in a transaction in which the basis of property is determined, in whole or in part, by reference to the basis of the property in the hands of the upper-tier partnership (or assuming partner), then—

(A) The upper-tier partnership (or assuming partner) must reduce its basis in any corporate stock or partnership interest received by the remaining built-in loss associated with the §1.752-7 liability, at the time of the transaction described in paragraph (e), (f), or (g) of this section (but the partners of the upper-tier partnership do not reduce their bases or capital accounts in the upper-tier partnership); and

(B) No deduction, loss, or capital expense is allowed to the assuming partnership or corporation on the satisfaction of the §1.752-7 liability to the extent of the remaining built-in loss associated with the §1.752-7 liability.

(ii) Subsequent transfers. Similar rules apply to subsequent assumptions of the §1.752-7 liability in transactions in which the basis of property is determined, in whole or in part, by reference to the basis of the property in the hands of the transferor. If, subsequent to an assumption of the §1.752-7 liability by a partnership in a transaction to which paragraph (j)(4)(i) of this section applies, the §1.752-7 liability is assumed from the partnership by a partner other than the partner from whom the partnership assumed the §1.752-7 liability, then the rules of paragraph (g) of this section apply.

(5) Example. The following example illustrates the provisions of paragraphs (j)(3) and (4) of this section:

Example—

(i) Assumption of §1.752-7 liability by UTP and transfer of §1.752-7 liability partner's interest in UTP. In 2004, A, B, and C form partnership UTP. A contributes Property 1 with a fair market value and basis of $5,000,000 subject to a §1.752-7 liability of $2,000,000 in exchange for a 25% interest in UTP. B contributes $3,000,000 cash in exchange for a 25% interest in UTP, and C contributes $6,000,000 cash in exchange for a 50% interest in UTP. UTP invests the $9,000,000 cash in Property 2. In 2006, A sells A's interest in UTP to D for $3,000,000. At the time of the sale, the basis of A's UTP interest is $5,000,000, the remaining built-in loss associated with the §1.752-7 liability is $2,000,000, and UTP has no liabilities other than the §1.752-7 liabilities assumed from A. Assume that none of the exceptions of paragraph (d)(2) of this section apply and that the satisfaction of the §1.752-7 liability would give rise to a deductible expense to A and to UTP. Under paragraph (e) of this section, immediately before the sale of the UTP interest to D, A's basis in UTP is reduced to $3,000,000 by the $2,000,000 §1.752-7 liability reduction. Therefore, A neither realizes nor recognizes any gain or loss on the sale of the UTP interest to D. D's basis in the UTP interest is $3,000,000.

UTP Balance Sheet Immediately Before Contribution to LTP

(in millions)

| Assets Value | Assets Basis | Liabilities/Equity Value | Liabilities/Equity Basis | |
|---|---|---|---|---|
| $5 | $5 | | | Property 1 |
| $9 | $9 | | | Property 2 |
| | | | | §1.752-7 Liability |
| | | $2 | | Assumed from A |
| | | $1.5 | | Additional |
| | | $3.5 | | Total |
| | | | | Partner's Equity: |
| | | $2.625 | $3 | D (25%) |
| | | $2.625 | $3 | B (25%) |
| | | $5.25 | $6 | C (50%) |
| | | $10.5 | $12 | Total Equity |

UTP's Basis in LTP Immediately After Contribution (in millions)

| | | |
|---|---|---|
| 1. | Basis in assets | $14 |
| 2. | Less remaining built-in loss at time of A's sale | ($ 2) |
| 3. | UTP's basis in LTP | $12 |

Gain/Loss on Sale of A's PRS Interest to D (in millions)

| | | |
|---|---|---|
| 1. | Amount realized on sale | $3 |
| 2. | Less basis of PRS interest | |
| | Original | $5 |
| | §1.752-7 liability reduction | ($2) |
| | Difference | ($3) |
| 3. | Gain/Loss | $0 |

(ii) Assumption of §1.752-7 liability by LTP from UTP. In 2008, at a time when the estimated amount of the §1.752-7 liability has increased to $3,500,000, UTP contributes Property 1 and Property 2, subject to the §1.752-7 liability, to LTP in exchange for a 50% interest in LTP. At the time of the contribution, Property 1 still has a value and basis of $5,000,000 and Property 2 still has a value and basis of $9,000,000. UTP's basis in LTP under section 722 is $14,000,000. Under paragraph (j)(4)(i) of this section, UTP must reduce its basis in LTP by the $2,000,000 remaining built-in loss associated with the §1.752-7 liability (as of the time of the sale of the UTP interest by A). The partners in UTP are not required to reduce their bases in UTP by this amount. UTP is a §1.752-7 liability partner of LTP with respect to the entire $3,500,000 §1.752-7 liability assumed by LTP. However, as A is no longer a partner of UTP, none of the partners of UTP (as of the time of the assumption of the §1.752-7 liability by LTP) are §1.752-7 liability partners of LTP with respect to the $2,000,000 remaining built-in loss associated with the §1.752-7 liability (as of the time of the sale of the UTP interest by A). The UTP partners (as of the time of the assumption of the §1.752-7 liability by LTP) are §1.752-7 liability partners of LTP with respect to the $1,500,000 increase in the amount of the §1.752-7 liability of UTP since the assumption of that §1.752-7 liability by UTP from A.

UTP Balance Sheet Immediately Before Contribution to LTP

(in millions)

| Assets | | Liabilities/Equity | | |
|---|---|---|---|---|
| Value | Basis | Value | Basis | |
| $5 | $5 | | | Property 1 |
| $9 | $9 | | | Property 2 |
| | | | | §1.752-7 Liability |
| | | $2 | | Assumed from A |
| | | $1.5 | | Additional |
| | | ---- | | |
| | | $3.5 | | Total |
| | | | | Partner's Equity: |
| | | $2.625 | $3 | D (25%) |
| | | $2.625 | $3 | B (25%) |
| | | $5.25 | $6 | C (50%) |
| | | ----- | --- | |
| | | $10.5 | $12 | Total Equity |

UTP's Basis in LTP Immediately After Contribution (in millions)

| | | |
|---|---|---|
| 1. | Basis in assets | $14 |
| 2. | Less remaining built-in loss at time of A's sale | ($ 2) |
| | | ----- |
| 3. | UTP's basis in LTP | $12 |

(iii) Sale by UTP of LTP interest. In 2010, UTP sells its interest in LTP to E for $10,500,000. At the time of the sale, the LTP interest still has a value of $10,500,000 and a basis of $12,000,000, and the remaining built-in loss associated with the §1.752-7 liability is $3,500,000. Under paragraph (e) of this section, immediately before the sale, UTP must reduce its basis in the LTP interest by the §1.752-7 liability reduction. Under paragraph (a)(4) of this section, the remaining built-in loss associated with the §1.752-7 liability is $1,500,000 (remaining built-in loss associated with the §1.752-7 liability, $3,500,000, reduced by the amount of the §1.752-7 liability taken into account under paragraph (j)(4) of this section, $2,000,000). The difference between the basis of the LTP interest held by UTP ($12,000,000) and the adjusted value of that interest ($10,500,000) is also $1,500,000. Therefore, the §1.752-7 liability reduction is $1,500,000 and UTP's basis in the LTP interest must be reduced to $10,500,000. In addition, UTP's partners must reduce their bases in their UTP interests by their proportionate shares of the §1.752-7 liability reduction. Thus, the basis of each of B's and D's interest in UTP must be reduced by $375,000 and the basis of C's interest in UTP must be reduced by $750,000. In 2011, D sells the UTP interest to F.

Computation of §1.752-7 Liability Reduction (in millions)

| | | |
|---|---|---|
| 1. | Basis of UTP's LTP interest | $12 |
| 2. | Less adjusted value of UTP's LTP interest | ($10.5) |
| | | ------- |
| 3. | Difference between 1 and 2 | $ 1.5 |
| 4. | Remaining built-in loss from §1.752-7 liability | $ 1.5 |
| | | ----- |
| 5. | §1.752-7 liability reduction (lesser of 3 or 4) | $ 1.5 |

Gain/Loss on Sale of UTP's PRS Interest to E (in millions)

| | | |
|---|---|---|
| 1. | Amount realized on sale | $10.5 |
| 2. | Less basis of PRS interest | |
| | Original | $12 |
| | §1.752-7 liability reduction | ($ 1.5) |
| | | ------ |

```
        Difference                                    ($10.5)
                                                      =======
3.  Gain/Loss                                          $ 0
Partner's Bases in UTP Interests after Sale of LTP Interest
------------------------------------------------------------
(in millions)
                                    B           C          D
                                    -           -          -
Basis prior to sale                $3          $6         $3
Share of §1.752-7 liability
  Reduction                      ($0.375)    ($0.75)    ($0.375)
                                 --------    -------    --------
Basis after sale                  $2.625      $5.25      $2.625
```

(iv) Deduction, expense, or loss associated with the §1.752-7 liability by LTP. In 2012, LTP pays $3,500,000 to satisfy the §1.752-7 liability. Under paragraphs (e) and (j)(4) of this section, LTP is not entitled to any deduction with respect to the §1.752-7 liability. Under paragraph (j)(3) of this section, UTP also is not entitled to any deduction with respect to the §1.752-7 liability. If LTP notifies A, B, C and D of the satisfaction of the §1.752-7 liability, then A is entitled to a deduction in 2012 of $2,000,000, B and D are each entitled to deductions in 2012 of $375,000, and C is entitled to a deduction in 2012 of $750,000.

(k) Effective dates—

(1) In general. This section applies to §1.752-7 liability transfers occurring on or after June 24, 2003. For assumptions occurring after October 18, 1999, and before June 24, 2003, see §1.752-6. For §1.752-7 liability transfers occurring on or after June 24, 2003 and before May 26, 2005, taxpayers may rely on the exception for trading and investment partnerships in paragraph (b)(8)(ii) of 1.752-7 (2003-28 I.R.B. 46; 68 FR 37434).

(2) Election to apply this section to assumptions of liabilities occurring after October 18, 1999 and before June 24, 2003—

(i) In general. A partnership may elect to apply this section to all assumptions of liabilities (including §1.752-7 liabilities) occurring after October 18, 1999, and before June 24, 2003. Such an election is binding on the partnership and all of its partners. A partnership making such an election must apply all of the provisions of §1.752-1 and §1.752-7, including §1.358-5T, §1.358-7, §1.704-1(b)(1)(ii) and (b)(2)(iv)(b ), §1.704-2(b)(3), , §1.704-3(a)(7), (a)(8)(iv), and (a)(12), §1.704-4(d)(1)(iv), §1.705-1(a)(8), §1.732-2(d)(3)(iv), and §1.737-5.

(ii) Manner of making election. A partnership makes an election under this paragraph (k)(2) by attaching the following statement to its timely filed return: [Insert name and employer identification number of electing partnership] elects under §1.752-7 of the Income Tax Regulations to be subject to the rules of §1.358-5T, §1.358-7, §1.704-1(b)(1)(ii) and (2)(iv)(b ), §1.704-2(b)(3), , §1.704-3(a)(7), (a)(8)(iv), and (a)(12), §1.704-4(d)(1)(iv), §1.705-1(a)(8), §1.732-2(d)(3)(iv), and §1.737-5 with respect to all liabilities (including §1.752-7 liabilities) assumed by the partnership after October 18, 1999 and before June 24, 2003. In the statement, the partnership must list, with respect to each liability (including each §1.752-7 liability) assumed by the partnership after October 18, 1999 and before June 24, 2003—

(A) The name, address, and taxpayer identification number of the partner from whom the liability was assumed;

(B) The date on which the liability was assumed by the partnership;
(C) The amount of the liability as of the time of its assumption; and
(D) A description of the liability.

(iii) Filing of amended returns. An election under this paragraph (k)(2) will be valid only if the partnership and its partners promptly amend any returns for open taxable years that would be affected by the election.

(iv) Time for making election. An election under this paragraph (k)(2) must be filed with any timely filed Federal income tax return filed by the partnership on or after September 24, 2003 and on or before December 31, 2005.

## Part 602—OMB Control Numbers Under The Paperwork Reduction Act

Par. 7. The authority for part 602 continues to read as follows:

Authority: 26 U.S.C.7805.

Par. 8. In §602.101, paragraph (b) is amended by adding an entry to the table in numerical order to read as follows:

§602.101 OMB Control numbers. *****

(b) *** ________________________________CFR part or section where Current OMB identified and described control No. *****

1.752-7..............................................1545-1843 *****

Mark E. Matthews,

Deputy Commissioner for Services and Enforcement.

Approved: May 16, 2005.

Eric Solomon,

Acting Deputy Assistant Secretary of the Treasury.

© 2008 Thomson/RIA. All rights reserved.