LIMITED LIABILITY COMPANY AGREEMENT

OF

PSM FARMS, LLC

Limited Liability Company Agreement (this "Agreement"), dated as of April 10, 2000, by and among Mr. Harry D. Murphy, Mr. Marc D. Murphy, and Mr. Stratton K. Murphy as members of the Company (as hereafter defined) (collectively referred to as "Members").

In order to form a limited liability company under the laws of the State of Delaware under the name of PSM Farms, LLC (the "Company"), the parties agree as follows:

ARTICLE ONE

Organization

1.1 The parties hereto hereby form a limited liability company pursuant to the provisions of the Delaware Limited Liability Company Act, 6 Del. C. § 18-101, et seq., as amended from time to time (the "Delaware Act"). The rights and liabilities of the Members shall be as provided in said Delaware Act, except as herein otherwise expressly provided.

1.2 The name of the Company shall be PSM Farms, LLC.

1.3 The Company shall maintain a registered office at the Corporation Service Company, 1013 Centre Road, Wilmington, Delaware 19805. The Members shall have the right to change such registered office at any time or from time to time.

1.4 The Company is formed for the object and purpose of, and the nature of the business to be conducted and promoted by the Company is, engaging in any lawful act or activity for which limited liability companies may be formed under the Delaware Act and engaging in any and all activities necessary, convenient, desirable or incidental to the foregoing.

1.5 The Members have caused a Certificate of Formation of the Company to be filed with the Secretary of State of Delaware.

1.6 The Members shall cause the Company to be qualified, formed or registered under assumed or fictitious name statutes or similar laws in any jurisdiction in which the Company transacts business in which such qualification, formation or registration is required or desirable. Each of the Members, as an authorized person within the meaning of the Delaware Act, shall execute, deliver and file any certificates (and any amendments and/or restatements thereof) necessary for the Company and the Fund to qualify to do business in a jurisdiction in which the Company and/or the Fund may wish to conduct business.

ARTICLE TWO

Members and Capital

2.1 The name and address of each of the Members of the Company is as follows:

Mr. Harry D. Murphy
c/o Murphy Family Farms
4134 U.S. Highway #117
Rose Hill, North Carolina 28458

Mr. Marc D. Murphy
c/o Murphy Family Farms
4134 U.S. Highway #117
Rose Hill, North Carolina 28458

Mr. Stratton K. Murphy
c/o Murphy Family Farms
4134 U.S. Highway #117
Rose Hill, North Carolina 28458

2.2 Any contributions, in cash or other property, made by the Members to the Company are set out on Schedule A.

ARTICLE THREE

Rights and Duties of the Members

3.1 (a) The Members are hereby vested with the full, exclusive and complete right, power and discretion to operate, manage and control the affairs of the Company and to make all decisions affecting the Company affairs. A majority-in-interest of the Members shall have the right to admit additional members to the Company and to designate one or more persons as officers of the Company to carry out any powers of the members to the fullest extent permitted by law, as each may be amended from time to time.

(b) The Members shall have full, exclusive and complete discretion to manage and control the business and affairs of the Company, to make all decisions affecting the business and affairs of the Company and to take all such actions as it deems necessary or appropriate to accomplish the purpose of the Company as set forth herein. The Members shall be the sole persons with the power to bind the Company, except and to the extent that such power is expressly delegated to any other person by the Members. No such delegation shall cause a Member to cease to be a Member of the Company. There shall not be a "manager" (within the meaning of the Act) of the Company.

(c) The Members may appoint individuals with such titles as it may elect, including the titles of President, Vice President, Treasurer and Secretary, to act on behalf of the Company with such power and authority as the Members may delegate in writing to any such person

(d) Meetings of the Members may be called at any time by any Member Notice of any meeting shall be given to all Members not less than two (2) days nor more than thirty (30) days prior to the date of such meeting. Each Member may authorize any person to act for it by proxy on all matters in which a Member is entitled to participate, including waiving notice of any meeting, or voting or participating at a meeting. Every proxy must be signed by the Member or its attorney-in-fact.

(e) Each meeting of the Members shall be conducted by the Member with the greatest interest in the Company or by such other person that such Member may designate The Members shall establish all other provisions relating to meetings of Members, including notice of the time, place or purpose of any meeting at which any matter is to be voted on by any Members, waiver of any such notice, action by consent without a meeting, the establishment of a record date, quorum requirements, voting in person or by proxy or any other matter with respect to the exercise of any such right to vote and in the absence of such direction, the Act shall govern

3.2 No Member shall have the right to withdraw from the Company or to demand a return of its capital contribution from the Company without the consent of a majority-in-interest of the Members. No Member shall have the right to transfer, sell, assign, pledge to hypothecate its interest in the Company without the consent of the other Members, which consent may be withheld in each other Member's sole discretion. No assignee of a Member shall have the right to be admitted as a Member without the consent of the other Members

ARTICLE FOUR

Allocations and Distributions

Except as may be required under the regulations promulgated under Section 704(b) of the Internal Revenue Code of 1986, all items of income, gain, loss and deduction and all credits of the Company shall be allocated to the Members in the proportion to their respective Distribution Percentages, as designated on Exhibit B annexed hereto, which Distribution Percentages shall initially be in proportion to the Member's cash capital contributions to the Company as set forth in Exhibit A.

ARTICLE FIVE

Term

The term of the Company shall commence on the date of this Agreement and shall be perpetual or continue in full force and effect until December 31, 2055, unless the Company is previously dissolved in accordance with the Delaware Act or at the election of a majority-in-interest of the Members

ARTICLE SIX

Miscellaneous

6.1 This Agreement and the Certificate of Formation constitute the complete and exclusive statement of agreement among the Members with respect to the subject matter herein and therein and replace and supersede all prior written and oral agreements among the Members To the extent that any provision of the Certificate of Formation conflicts with any provision of this Agreement, the Certificate of Formation shall control.

6.2 Subject to the provisions of this Agreement relating to transferability, this Agreement will be binding upon and inure to the benefit of the Members, and their respective successors and assigns

6.3 All pronouns shall be deemed to refer to the masculine, feminine, or neuter, singular or plural, as the context in which they are used may require. All headings herein are inserted only for convenience and ease of reference and are not to be considered in the interpretation of any provision of this Agreement. Numbered or lettered articles, sections and subsections herein contained refer to articles, sections and subsections of this Agreement unless otherwise expressly stated In the event any claim is made by any Member relating to any conflict, omission or ambiguity in this Agreement, no presumption or burden of proof or persuasion shall be implied by virtue of the fact that this Agreement was prepared by or at the request of a particular Member or its counsel.

6.4 If any provision of this Agreement or the application of such provision to any person or circumstance shall be held invalid, the remainder of this Agreement or the application of such provision to persons or circumstances other than those to which it is held invalid shall not be affected thereby Neither the failure of nor any delay on the part of any party hereto in exercising any right, power or privilege hereunder shall preclude other or further exercise thereof; nor shall any waiver of any right, power, privilege or default hereunder constitute a waiver of any right, power, privilege or default or constitute a waiver of any other default of the same or of any other term or provision.

6.5 Any notice to be given or to be served upon the Company or any party hereto in connection with this Agreement must be in writing (which may include facsimile) and will be deemed

to have been given and received when delivered to the address specified by the party to receive the notice Such notices will be given to a Member at the address specified in Exhibit A hereto Any party may, at any time by giving five (5) days' prior written notice to the other Members, designate any other address in substitution of the foregoing address to which such notice will be given

6.6 All amendments to this Agreement will be in writing and signed by all of the Members

6.7 This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument

6.8 The remedies under this Agreement are cumulative and shall not exclude any other remedies to which any person may be lawfully entitled.

6.9 This Agreement shall be governed by and construed and enforced under the laws of the State of Delaware

6.10 Nothing herein shall be construed to be to the benefit of or enforceable by any third party including, but not limited to, any creditor of the Company

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written

Harry D. Murphy
Mr Harry D Murphy

Marc D Murphy
By: [signature] Attorney-in-Fact
Mr Marc D. Murphy

Stratton K Murphy
By: [signature] Attorney-in-Fact
Mr Stratton K. Murphy

Exhibit A
(as of ______________, 2000)

| Name and Address of Members | Capital Contribution |
|---|---|
| Mr. Harry D. Murphy<br>c/o Murphy Family Farms<br>4134 U.S. Highway #117<br>Rose Hill, North Carolina 28458 | |
| Mr. Marc D. Murphy<br>c/o Murphy Family Farms<br>4134 U.S. Highway #117<br>Rose Hill, North Carolina 28458 | |
| Mr. Stratton K. Murphy<br>c/o Murphy Family Farms<br>4134 U.S. Highway #117<br>Rose Hill, North Carolina 28458 | |

Exhibit B
(as of ____________, 2000)

| Name and Address of Members | Distribution Percentage |
|---|---|
| Mr. Harry D. Murphy<br>c/o Murphy Family Farms<br>4134 U.S. Highway #117<br>Rose Hill, North Carolina 28458 | 33 a % |
| Mr. Marc D. Murphy<br>c/o Murphy Family Farms<br>4134 U.S. Highway #117<br>Rose Hill, North Carolina 28458 | 33 a % |
| Mr. Stratton K. Murphy<br>c/o Murphy Family Farms<br>4134 U.S. Highway #117<br>Rose Hill, North Carolina 28458 | 33 a % |