**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**Nos. 06-245T, 06-246T, and 06-247T**
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE THE EXPERT REPORT AND OPINIONS OF STUART A. SMITH**

Plaintiffs MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC file this Opposition to the Defendant's Motion to Exclude the Expert Report and Opinions of Stuart A. Smith, and in support thereof, show to the Court as follows:

## I. <u>INTRODUCTION</u>

The Government complains that Mr. Smith's report and testimony offer impermissible legal analyses and opinions that should be excluded. A plain reading of Mr. Smith's report, however, reveals no such legal analysis or opinion. To the contrary, Mr. Smith limits his opinion to the character and quality of the tax opinions received by the parties in these cases. This is directly relevant to (1) whether an element of reasonable cause under I.R.C. § 6664 was present; and (2) whether an element of negligence under I.R.C. § 6662 was present. The courts,

including this Court, have routinely recognized these inquires as *questions of fact*, the answers to which will assist the trier of fact in determining the applicability of accuracy-related penalties, a hotly contested issue in these proceedings. Accordingly, Mr. Smith's report and testimony are relevant and admissible, which should prompt this Court to deny the Government's Motion.

## II. ARGUMENT

### A. The sole issue before this Court is whether Mr. Smith's report and testimony will assist the trier of fact.

The Federal Rules of Evidence generally provide a two-part test in determining the admissibility of expert testimony: the witness must be (1) qualified, and (2) capable of assisting the trier of fact.[1]

The Government (rightfully) does not challenge Mr. Smith's credentials or qualifications to render his opinion. Thus, the first prong of this test is deemed satisfied. The Government limits its challenge to whether Mr. Smith's testimony will assist this Court in resolving any factual issue.[2]

### B. Mr. Smith's report and testimony address the quality of tax advice, which is a fact issue that, once resolved, will facilitate this Court's determination of accuracy-related penalties.

The federal courts routinely allow expert opinions to assist the trier of fact in determining questions of *fact*.[3] This includes expert testimony on facts that relate to whether a particular

---

[1] Fed. R. Evid. 704(a), 702; *see also Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207, 1211 (D.C. Cir. 1997).

[2] Government's Motion at 19.

[3] *Burkhart*, 112 F.3d at 1207; *Arkanase v. Fatjo*, 130 F.3d 657, 672 (5th Cir. 1997); *Huddleston v. Herman & McClean*, 640 F.2d 534 552 (5th Cir. Unit A 1981).

legal standard is satisfied.[4] In fact, the Advisory Committee Notes to Rule 704 expressly state that this type of expert testimony is proper and allowable.[5]

In these cases, the Government contends (among other things) that two legal standards were not satisfied. First, it argues that the parties did not satisfy the reasonable-cause standard under I.R.C. § 6664, which is an affirmative defense to the Government's proposed imposition of accuracy-related penalties under I.R.C. § 6662.[6] Second, the Government argues that the parties failed to overcome the standard to avoid the negligence penalty under I.R.C. § 6662.[7] As set forth below, a question of fact relevant to both of these legal standards is the quality of tax advice received by the taxpayers. Thus, Mr. Smith's report and testimony regarding the quality of tax advice addresses a fact issue which will help this Court render a determination whether these penalty standards were satisfied.

*1. Quality of advice is an element of the reasonable-cause determination, which the U.S. Supreme Court and this Court have both recognized is a question of fact.*

Mr. Smith opines solely on the quality of the tax advice received by the parties in these cases. This is an element of the I.R.C. § 6664 reasonable-cause defense, and thus, a question of fact upon which expert testimony is proper.

The U.S. Supreme Court has held that "whether the elements that constitute 'reasonable cause' are *present* in a given situation is a question of fact, but what elements *must* be present to

---

[4] *Burkhart*, 112 F.3d at 1212-13; *see also Montgomery v. Aetna*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("An expert may testify as to his opinion on an ultimate issue of fact . . . An expert may not, however, merely tell the jury what result to reach.").

[5] Advisory Committee Note to Fed. R. Evid. 704 (the question "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed).

[6] *See* MURFAM Farms, LLC FPAA, Ex. A at App. PL SS APP00011; PSM Farms, LLC FPAA, Ex. B at App. PL SS APP00022; Murphy Pork Partners, LLC FPAA, Ex. C at App. PL SS APP00035; *see also* Defendant's Answer to MURFAM's Complaint at 22; Defendant's Answer to PSM's Complaint at 23-24; Defendant's Answer to Murphy Pork's Complaint at 23-24.

[7] *Id.*

constitute 'reasonable cause' is a question of law."[8] Thus, an opinion as to whether an element of "reasonable cause" is present would be a "permissible factual opinion."[9] The Regulations under I.R.C. § 6664 elaborate on the various elements of a reasonable-cause defense, which may include the taxpayer's reasonable reliance in good faith on the opinion of a professional tax advisor.[10] In this regard, the federal courts have made clear that the "validity of [taxpayer's] good faith reliance defense rests on the *quality and objectivity* of professional advice which they obtained. These questions generate *issues of fact* suitable for trial."[11]

Mr. Smith's opinions embrace this distinction in the law, and reside on the side of permissible expert testimony. In both his report and his deposition, Mr. Smith declared that he was not opining on the correct tax treatment of the transactions at issue, nor was he opining on whether accuracy-related penalties should be imposed in these cases. Rather, Mr. Smith repeatedly stated that he was opining solely on whether the tax opinions in these cases are of the character and quality upon which taxpayers, such as the taxpayers in these cases, could rely.[12] This testimony on the quality of tax advice relates to a *fact* issue that the courts have determined is relevant to the taxpayer's good-faith reliance defense. Accordingly, it represents testimony as to an element of reasonable cause, which is appropriate subject matter for expert opinion testimony.

2. *Quality of advice is also an element of the negligence-penalty determination, which this Court has likewise determined is a question of fact*

---

[8] *United States v. Boyle*, 469 U.S. 241, n.8 (1985); *see also Valley Ice & Fuel Co., Inc. v. United States*, 30 F.3d 635, 640 (employing the Supreme Court's analysis in *Boyle*)
[9] *See Burkhart* at 1213
[10] Treas. Reg. § 1.6664-4(c)(1)
[11] *Swayze v. United States*, 785 F.2d 715, 719 (9th Cir. 1986) (emphasis added); *see also, Klamath Strategic Investment Fund, LLC v. United States*, 472 F. Supp. 2d 885, 904 (2007)
[12] Mr. Smith's Report at 2; Mr. Smith's Deposition at p. 77 lns. 14-17 (Earlier in his deposition testimony, Mr. Smith clarified that his mission was "as a tax lawyer who's seen lots of these opinions, who understands the standards that the ... profession imposes and the more elaborate standards that the Treasury has in Circular 230 was to consider whether these opinions were objectively reasonable and were of the character and quality that taxpayers could rely on.")

Mr. Smith's opinion on the quality of the tax advice is also relevant to whether the taxpayers, in obtaining such advice, satisfy the standard to avoid the negligence penalty under I.R.C. § 6662. This, too, is a question of fact, upon which expert testimony is proper. The Court's recent opinion in *Allison v. United States*[13] is on point. There, the Court ruled the taxpayer's negligence in underpaying its taxes was a *question of fact*, which depended in part on the *quality* of the tax advice the taxpayer received.[14] The Court adopted the reasoning of the Tenth Circuit, and to a lesser degree the Second Circuit, both of which had reached similar conclusions.

Mr. Smith's report and testimony fall squarely within the holdings of *Allison* and its underlying authorities. His opinion on the quality of the tax opinions should therefore be accepted as permissible testimony relevant to the factual issue of whether a taxpayer acted negligently for purposes of I.R.C. § 6662.

**C. The Government's attempts to taint Mr. Smith's report and testimony as excludable legal analysis are *fallacious*.**

The Government's entire argument relies on a single, flawed premise: Mr. Smith is offering improper legal analysis and conclusions. In his report and deposition testimony, however, Mr. Smith made clear that he is offering no such legal opinions. Rather, he is opining solely on the quality of the tax advice received by the parties in these cases, which, as discussed in the preceding sections, is testimony on relevant questions of fact.[15]

---

[13] 80 Fed. Cl. 568 (2008).

[14] *Allison v. United States*, 80 Fed. Cl. 568, 583 (2008) ("The ultimate question of a taxpayer's negligence in underpaying taxes would seem to be, as a subset of negligence generally, a question of fact")

[15] The Government has filed notice with this Court of the *Stobie Creek* decision, wherein Judge Miller excluded the reports of Mr. Ira Sheppard and Mr. Stuart A. Smith. *Stobie Creek Investments, L.L.C. v. United States*, 2008 WL 902960, *1 (Fed. Cl. April 1, 2008). Plaintiffs point out, however, that the *Stobie Creek* plaintiffs attempted to admit expert testimony on issues broader than the fact issues that Plaintiffs have outlined in this motion. Plaintiffs further believe that the collective defense of Mr. Sheppard's report and Mr. Smith's report, the former of which addressed legal issues, may have influenced the court's decision to exclude Mr. Smith's report. Moreover, to the extent that this Court determines that Mr. Smith's report in these cases addresses questions of law outside the questions of fact outlined in this Motion, Plaintiffs forego any argument for the inclusion of such expert testimony in these proceedings.

1. *Mr. Smith does not offer an opinion as to the correctness of the substantive legal analysis in the tax opinions.*

The Government misguidedly claims that Mr. Smith is opining on the substantive merits of the transactions at issue. The Government spends an extended portion of its Motion detailing Mr. Smith's references to I.R.C. § 752 and the regulations thereunder and his testimony in the *Klamath* case.[16] Based on these discussions, the Government complains that Mr. Smith is engaging in improper legal analysis regarding the correctness of the advice in the tax opinions.[17]

This argument is simply without merit. Mr. Smith unequivocally addressed the Government's concern in the opening section of his report, wherein he clearly states that he "will not attempt to determine the 'correct' substantive tax treatment of the complex transaction in question."[18] Further, Mr. Smith reviewed the tax opinions' legal analysis solely to determine whether the arguments presented were "objectively reasonable", i.e., *could* they be correct and whether the analyses addressed all material tax issues and complied with the standards imposed by Circular 230.[19] These inquires were necessary to Mr. Smith's factual conclusion regarding the quality of the tax opinions.

2. *Mr. Smith does not offer an opinion as to whether the Plaintiffs reasonably relied upon the tax opinions.*

The Government further mischaracterizes Mr. Smith's report by claiming that he improperly opined on whether the Plaintiffs acted reasonably.[20] While Mr. Smith acknowledges that the tax opinions were of sufficient quality that the Plaintiffs *could* have relied upon them, at no point does Mr. Smith opine that the Plaintiffs did in fact rely upon them.[21] By the same

[16] Government Motion at 5-9.
[17] *Id.* at 9 ("The treatment of contingent liabilities under Section 752 is one of the ultimate issues in this case and Mr. Smith's interpretation and opinion regarding this ultimate issue is improper."); *see also* FED. R. EVID. 702 ("Opinion testimony that is otherwise admissible . . . is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.")
[18] Mr. Smith's Report at 2.
[19] *Id.*
[20] Government Motion at 15.
[21] Mr. Smith's Report at 17.

token, Mr. Smith also does not opine that taxpayer's reliance on tax opinions would qualify as *reasonable* reliance.

*3. Mr. Smith's Report does not offer an opinion as to what law applies in determining whether a taxpayer can reasonably rely on legal advice*

The Government puffs that Mr. Smith's report opines as to "what law applies in determining whether Plaintiffs can reasonably rely on legal advice as a defense to the application of accuracy-related penalties."[22] A thorough review of Mr. Smith's report and deposition testimony, however, reveals no such opinion. The Government by extension argues that Mr. Smith is improperly opining on what elements *must* be present in order to establish a reliance on counsel reasonable cause defense. Far from this assertion, however, Mr. Smith's Report merely puts forth evidence that an element of that defense – the quality of the tax advice received – was present, which the Supreme Court has correctly identified as a question of fact.

*4. Mr. Smith does not opine that Circular 230 controls the determination of reasonable reliance on legal advice for purposes of I.R.C. § 6664.*

The Government's confusion reaches its peak in its final argument: that the court should exclude Mr. Smith's Report because it "is opining on the wrong law."[23] This argument fails for at least three reasons. First, as discussed above, Mr. Smith is opining on whether an element of reasonable cause is present (i.e., quality of tax advice), which is a factual, not legal, issue. Secondly, Mr. Smith offers no opinion regarding what law controls the "reasonable reliance" subset of the I.R.C. § 6664 "reasonable cause defense." Lastly, Mr. Smith does not suggest in any way that Circular 230 is the legal standard by which this Court should determine the existence of reasonable cause. Rather, Mr. Smith references the Circular 230 standards only in

---

[22] *Id.* at 4.
[23] Government Motion at 17.

his evaluation of the *quality* of the tax opinions to demonstrate that such opinions were "objectively reasonable."[24]

It was both proper and relevant for Mr. Smith to employ the Circular 230 standards in evaluating the quality of the tax opinions in these cases. The IRS employs nearly identical standards to evaluate tax advice in connection with alleged tax shelter transactions for purposes of developing the taxpayer's reasonable-cause defense.

The Internal Revenue Manual directs agents during an examination to determine: (1) whether the opinion obtained identifies and ascertains the facts and determines which are relevant; (2) whether pertinent facts are assumed and, if so, the reasonableness of the assumptions; (3) whether the opinion relates the applicable law to the relevant facts; and (4) whether the opinion considers "all material Federal tax issues."[25] These factors mirror the standards set forth in Circular 230, and thus coincide with the standards that Mr. Smith applied in evaluating the quality of the tax opinions in these cases.[26] In fact, the language "all material Federal tax issues" is directly imported from Section 10.33(a) of Circular 230, which states that "the practitioner must ascertain that all material Federal tax issues have been considered."[27]

Moreover, it is noteworthy that the IRS has institutionally recognized the link between Circular 230 and the I.R.C. § 6664 reasonable-cause standard as it relates to the quality of tax advice. In a December 2003 Penalty Policy Statement, the then-IRS Commissioner Mark Everson declared that the amendments to Circular 230 dealing with tax shelter opinions "will

---

[24] Mr. Smith's report at 7.

[25] Internal Revenue Manual, 10 – Audit Techniques – Development of Potential Penalty Issues for Tax Shelter Cases. *See* Ex. E at App. PL. SS APP 00066-67.

[26] *See* Circular 230 §10.33. As Smith describes in his Report, §10.33 sets forth 5 standards for issuing a tax opinion which include: "(1) Factual Matters ... the practitioner is to make inquiry into all relevant facts and be satisfied that material facts are adequately and completely described ... (2) Relate Law to Facts ... The Practitioner is also to relate the law to the actual facts ... (3) Identification of all Material Issues ... (4) Opinion On Each Material Issue ... (5) Overall Evaluation ... the practitioner is to provide an overall evaluation whether the material tax benefits in the aggregate more likely than not will be realized." Mr. Smith's Report at 7-16.

[27] *See also* Circular 230 § 10.33(a)(4) (to the extent possible, the practitioner must provide a more-likely-than-not opinion on each material Federal tax issue).

provide taxpayers with critical information to evaluate the *quality and reliability* of the advice they receive" for purposes of avoiding penalties under I.R.C. § 6662 (emphasis added).[28]

## III. CONCLUSION

Plaintiffs agree with the Government that expert testimony on a question of law is generally not permissible. And thus, Plaintiffs do not dispute the breadth of legal authority cited by the Government in support thereof. But this truism is not being tested here, as Mr. Smith is not opining on a legal question. The Government glosses over the exclusive issue upon which Mr. Smith opines: the nature and quality of the tax advice embodied in the tax opinions received by the parties in these cases. As set forth above, this opinion is directly relevant to a question of fact inherent in two disputed legal issues before this Court: the existence of reasonable cause and the absence of negligence. Because Mr. Smith's report will facilitate this Court in resolving both of these issues, it should be deemed admissible under the Federal Rules. Accordingly, the Government's Motion is without merit and should be denied.

Respectfully submitted,

By: s/Joel N. Crouch
Joel N. Crouch
State Bar No. 05144220

MEADOWS, COLLIER, REED,
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile

jcrouch@meadowscollier.com

ATTORNEYS FOR PLAINTIFFS

[28] Internal Revenue Manual, 10 – Audit Techniques – Development of Potential Penalty Issues for Tax Shelter Cases, Ex E at App. PL SS APP00080

**CERTIFICATE OF SERVICE**

I hereby certify that on April ___, 2008, a copy of the foregoing Plaintiffs' Opposition to Defendant's Motion to Exclude the Expert Report and Opinions of Stuart A. Smith was served upon counsel listed below via electronic means.

Dennis M. Donohue, Esq.
United States Department of Justice
Tax Division
P.O. Box 26
Ben Franklin Station
Washington DC 20044
(202) 616-3366

s/Joel N. Crouch
Joel N. Crouch