Notice 2000-44 Case

Internal Revenue Service
JFK PO Box 9112
Stop 41100
Boston MA 02203

Department of the Treasury

Refer To SE S E TS NAA-1

Taxpayer Identifying Number

Name of Partnership PSM Farms, LLC

Partnership Identifying Number 56-2198330

Tax Year Ended December 27, 2000

Date DEC 1 5 2005

Date FPAA Mailed to the Tax Matters Partner DEC 1 5 2005

Tax Matters Partner
PSM Farms, LLC
% Harry D Murphy
4134 US Highway #117
Rose Hill, NC 28458

Person to Contact Mr J Heinlin
Employee Number 04-03576

Contact Hours 8 00 AM - 4 30 PM (Monday - Friday)

Contact Telephone Number (617) 316-2421
(not a toll free number)

# NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice

We are proposing adjustments to the partnership items of the partnership and the tax year shown above We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership (The TMP is the partner designated by the partnership to deal with the IRS ) He/she is also authorized to act for the partners who are not entitled to receive this notice Any partner who wants a copy of the examination report should request it from the TMP If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter

Taxable Years Ending Before August 6, 1997

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments,* is a summary of the proposed adjustments to the partnership return You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item

Taxable Years Ending After August 5, 1997

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts,* is a summary of the proposed adjustments to the partnership return You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item



EXHIBIT
tabbies
B

You have three options available to you

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f) Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note. If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review You can file your petition for readjustment of partnership items with.

1. the United States Tax Court,
2. the United States Court of Federal Claims, or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax You must deposit the appropriate amount with the IRS on or before the day you file your petition

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit The law allows the Service to bill you 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter

If you have any questions, please write to the person whose name and address are shown in the heading of this letter If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation

Sincerely,

Deborah L. Bennett

Deborah L. Bennett
Technical Services TM - Acting, North Atlantic

Enclosures
Form 870-P/Form 870-PT
Copy of this letter

Letter 1830 (DO) (Rev. 3-2001)
Catalog Number 61242U

FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (Rev 8-2004) | DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE<br>**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO<br>SE S E TS NAA-1 |
|---|---|---|
| Taxpayer(s) name(s), address and ZIP code<br>Tax Matters Partner<br>PSM Farms, LLC<br>% Harry D. Murphy<br>4134 US Highway #117<br>Rose Hill, NC 28458<br><br>Taxpayer Identifying Number. | Name of Partnership<br>PSM Farms, LLC<br><br>Taxpayer Identifying Number<br>56-2198330<br><br>Name of Tax Matters Partner: | Tax Year(s) Ended:<br>December 27, 2000 |

**Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**
**&**
**Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts**

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with section 6224(b) and 6213(d), also waive the restrictions provided by sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf The one-year extension of the period of limitations on assessment under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| Signature of taxpayer | Date Signed |
|---|---|
| Signature of taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| PSM Farms, LLC | 12/27/2000 | | |
| TAXPAYER IDENTIFYING NUMBER: 56-2198330 | | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| Net Loss from Form 4797 | $738,000 00 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | $738,000 00 | | |
| OTHER ADJUSTMENTS | | | |
| A ORDINARY DIVIDENDS – (Sch. K-1, Line 4b) | | | |
| (1) ADJUSTMENT | $(60 00) | | |
| (2) AS REPORTED | $60 00 | | |
| (3) CORRECTED | $0 00 | | |
| B NET SHORT TERM GAIN – ( SCH K-1, LINE 4D) | | | |
| (1) ADJUSTMENT | $(11,560 00) | | |
| (2) AS REPORTED | $11,560 00 | | |
| (3) CORRECTED | $0 00 | | |

REMARKS

Reference Exhibit A attached.

Accuracy Penalties under IRC Section 6662 are included as a partnership level determination See Exhibit A, paragraph /6 for a description of the penalties.

Form 870-PT, Other Adjustments (Continued)

Page ___ of ___

| NAME OF PARTNERSHIP<br>PSM Farms, LLC<br>TAXPAYER IDENTIFYING NUMBER 56-2198330 | TAX YEAR(S) ENDED<br>12/27/2000 | | |
|---|---|---|---|
| C INVESTMENT INCOME INCLUDED ON LINES 4a, 4b, 4c, and 4d. (SCH K-1, LINE 14(b)(1) | | | |
| (1) ADJUSTMENT | $(60 00) | | |
| (2) AS REPORTED | $60 00 | | |
| (3) CORRECTED | $0 00 | | |
| D TAX EXEMPT INTEREST INCOME – (SCH K-1, LINE 19) | | | |
| (1) ADJUSTMENT | $(9,836 00) | | |
| (2) AS REPORTED | $9,836 00 | | |
| (3) CORRECTED | $0 00 | | |
| E ) CAPITAL CONTRIBUTIONS (SCH M-2, LINE 2) | | | |
| (1) ADJUSTMENT | * | | |
| (2) AS REPORTED | * | | |
| (3) CORRECTED | * | | |
| F DISTRIBUTIONS OF PROPERTY OTHER THAN MONEY (SCH K-1, LINE 23) | | | |
| (1) ADJUSTMENT | * | | |
| (2) AS REPORTED | * | | |
| (3) CORRECTED | * | | |
| G DISTRIBUTIONS OF MONEY – (SCH K-1, LINE 22) | | | |
| (1) ADJUSTMENT | * | | |
| (2) AS REPORTED | * | | |
| (3) CORRECTED | * | | |
| H OUTSIDE PARTNERSHIP BASIS | | | |
| (1) ADJUSTMENT | * | | |
| (2) AS REPORTED | * | | |
| (3) CORRECTED | * | | |

REMARKS

* Reference Exhibit A attached.

Accuracy Penalties under IRC Section 6662 are included as a partnership level determination See Exhibit A, paragraph [illegible] for a description of the penalties

In Re: PSM Farms, LLC
Tax Year Ending December 27, 2000

## EXPLANATION OF ITEMS

1a. Net Loss from Form 4797 $738,000.00

It is determined that the net loss from form 4797 is $0 00 in lieu of the amount of ($738,000 00) Reference Exhibit A attached hereto

A. Ordinary Dividends (Sch. K-1, Line 4b) ($60.00)

It is determined that ordinary dividends is $0 00 in lieu of the amount of $60 00 Reference Exhibit A attached hereto

B. Net Short Term Gain (Sch K-1, Line 4d) ($11,560.00)

It is determined that net short gain is $0 00 in lieu of the amount of $11,560 00 Reference Exhibit A attached hereto.

C. Investment Income Included on lines 4a, 4b, 4c, and 4d. (Sch. K-1, Line 19) ($60.00)

It is determined that investment income is $0 00 in lieu of the amount of $60.00 Reference Exhibit A attached hereto

D. Tax Exempt Interest Income – (Sch K-1, Line 19) ($9,836.00)

H. Outside Partnership Basis

It is determined that the outside partnership basis is disallowed Reference Exhibit A attached hereto.

EXHIBIT A – Explanation of Items
PSM Farms, LLC
FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT LETTER
Tax Year Ended 12/27/2000 TIN: 56-2198330

1 It is determined that neither PSM Farms, LLC (PSM Farms) nor its purported partners have established the existence of PSM Farms as a partnership as a matter of fact

2 Even if PSM Farms existed as a partnership, the purported partnership was formed and availed of solely for purposes of tax avoidance by artificially overstating basis in the purported partnership interests of its purported partners The formation of PSM Farms, the acquisition of any interest in the purported partnership by the purported partners, the purchase of offsetting options, the transfer of offsetting options to a purported partnership in return for a purported partnership interest, the purchase of assets by the purported partnership, and the distribution of those assets to PSM, Inc in complete liquidation of the purported partnership interests, and the subsequent sale of those assets to generate a loss, all within a period of less than 9 months, had no business purpose other than tax avoidance, lacked economic substance, and, in fact and substance, constitutes an economic sham for federal income tax purposes. Accordingly, the purported partnership and the transactions described above shall be disregarded in full and: (1) any purported losses resulting from these transactions are not allowable as deductions and (2) increases in basis of assets are not allowed to eliminate gain for federal income tax purposes.

3 It is determined that PSM Farms was a sham, lacked economic substance and, under § 1 701-2 of the Income Tax Regulations, was formed and availed of in connection with a transaction or transactions in taxable year 2000 a principal purpose of which was to reduce substantially the present value of its purported partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code It is consequently determined that

a PSM Farms is disregarded and that all transactions engaged in by the purported partnership are treated as engaged in directly by its purported partners This includes the determination that the assets purportedly acquired by PSM Farms, including but not limited to foreign currency options, were acquired directly by the purported partners.

b the foreign currency options, purportedly contributed to or assumed by PSM Farms, are treated as never having been contributed to or assumed by said purported partnership and any gains or losses purportedly realized by PSM Farms on the options are treated as having been realized by its partners

c the purported partners of PSM Farms should be treated as not being partners in PSM Farms

d contributions to PSM Farms, a purported partnership, will be adjusted to reflect clearly the purported partnership's or purported partners' income

4 It is determined that the obligations under the sold option positions transferred to PSM Farms constitute liabilities for purposes of Treasury Regulation §1 752-6, the assumption of which by PSM Farms shall reduce the purported partners' bases in PSM Farms in the amounts of $11,640,000 for Harry D Murphy, $6,111,000 for Marc D Murphy, and $6,111,000 for Stratton K Murphy, but not below the fair market value of the purported partnership interests.

5 It is determined that neither PSM Farms nor its purported partners entered into the options positions, acquired North Carolina State bonds, or purchased stock with a profit motive for purposes of § 165(c)(2).

6 It is also determined the economically offsetting option positions constitute an arrangement under §465(b)(4) to limit the exposure to risk of loss and that neither PSM Farms nor its purported partners established any other amounts considered to be at risk for purposes of §465 that would allow the purported partners to deduct losses arising from or in connection with PSM Farms.

7 It is determined that, even if the foreign currency options are treated as having been contributed to PSM Farms, the amount treated as contributed by the purported partners under section 722 of the Internal Revenue Code is reduced by the amounts received by the contributing partners from the contemporaneous sales of the call options to the same counter-party Thus, the basis of the contributed options is reduced, both in the hands of the contributing partners and PSM Farms Consequently, any corresponding claimed increases in the outside basis in PSM Farms resulting from the contributions of the foreign currency options are disallowed

8 It is determined that the adjusted bases of the purchased option positions and other contributions purportedly contributed by the purported partners to PSM Farms have not been established under I R C § 723 It is consequently determined that the purported

partners of PSM Farms have not established adjusted bases in their respective purported partnership interests in an amount greater than zero (-0-)

9 It is further determined that, in the case of a sale, exchange, or liquidation of PSM Farms purported partners' partnership interests, neither the purported partnership nor its purported partners have established that the bases of the purported partners' partnership interests were greater than zero for purposes of determining gain or loss to such purported partners from the sale, exchange, or liquidation of such purported partnership interest

10 Accuracy-Related Penalties

It is determined that the adjustments of partnership items of PSM Farms are attributable to a tax shelter for which no substantial authority has been established for the position taken, and for which there was no showing of reasonable belief by the purported partnership or its partners that the position taken was more likely than not the correct treatment of the tax shelter and related transactions. In addition, all of the underpayments of tax resulting from those adjustments of partnership items are attributable to, at a minimum,

(1) substantial understatements of income tax, (2) gross valuation misstatement(s), or (3) negligence or disregarded rules or regulations There has not been a showing by the purported partnership or any of its purported partners that there was reasonable cause for any of the resulting underpayments, that the purported partnership or any of its purported partners acted in good faith, or that any other exceptions to the penalty apply It is therefore determined that, at a minimum, the accuracy-related penalty under Section 6662(a) of the Internal Revenue Code applies to all underpayments of tax attributable to adjustments of partnership items of PSM Farms The penalty shall be imposed on the components of underpayment as follows.

A a 40 percent penalty shall be imposed on the portion of any underpayment attributable to the gross valuation misstatement as provided by Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h) of the Internal Revenue Code

B a 20 percent penalty shall be imposed on the portion of the underpayment attributable to negligence or disregard of rules and regulations as provided by Sections 6662(a), 6662(b)(1), 6662(c) of the Internal Revenue Code

C a 20 percent penalty shall be imposed on the underpayment attributable to the substantial understatement of income tax as

provided by sections 6662(a), 6662(b)(2), and 6662(d) of the Internal Revenue Code

D a 20 percent penalty shall be imposed on the underpayment attributable to the substantial valuation misstatement as provided by Sections 6662(a), 6662(b)(3), and 6662(e) of the Internal Revenue Code

It should not be inferred by the determination of the Accuracy Related Penalty in this notice that fraud penalties will not be sought on any portion of an underpayment subsequently determined to be attributable to fraud or that prosecution for criminal offenses will not be sought under IRC § 7201, 7206 or other provisions of federal law if determined to be appropriate

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To: PSM Yorms, LLC

Street, Apt No., or PO Box No.

City, State, ZIP+4

7004 2890 0004 4083 3699