**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**Nos. 06-245T, 06-246T, and 06-247T**
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,**<br>**By and Through Wendell H. Murphy, Jr.,**<br>**a Partner Other Than Tax Matters Partner,** | §<br>§<br>§<br>§ |
| **PSM FARMS, LLC,**<br>**By and Through Stratton K. Murphy,**<br>**a Partner Other Than Tax Matters Partner,** | §<br>§<br>§<br>§ |
| **MURPHY PORK PARTNERS, LLC**<br>**By and Through Wendell H. Murphy, Jr.**<br>**a Partner Other Than Tax Matters Partner,** | §<br>§<br>§<br>§ |
| **Plaintiffs,** | §<br>§ |
| **v.** | §<br>§ |
| **UNITED STATES OF AMERICA,** | §<br>§ |
| **Defendant.** | § |

---

# DECLARATION OF JOHN LINDQUIST

JOHN A. LINDQUIST, pursuant to 28 U.S.C. Section 1746, hereby declares under penalty of perjury as follows:

1. I am an attorney of the Washington D.C. office of the United States Department of Justice, Tax Division, co-counsel for Defendant, the United States of America ("United States") in these proceedings.

2. I submit this Declaration in support of United States' Opposition to Plaintiffs' motion for summary judgment as to the validity of Treasury Regulations § 1.752-6.

3. Government exhibits 1 through 39 are being filed concurrently herewith in the United States' Appendix of Exhibits. In addition, the tax returns marked as government exhibits 40 through 45 are being separately filed under seal. All of these documents were produced in the course of discovery in the above-referenced matter. The source and bates numbers of these documents are described in the United States' Appendix of Exhibits.

4. Government Ex. 1 is a true and correct copy of an email dated October 18, 1999, from Craig Brubaker of Deutsche Bank Alex Brown ("DBAB") to Erwin Mayer, an attorney with J&G, concerning a "format "similar to the treasury short routine for a digital swap transaction," providing him with a list of the steps required to execute a "digital swap" and samples of some of the form documents that would be required by DB to implement the strategy. This document was produced to the United States by DB in response to the United States' document subpoena to DB bates marked DB-DOJ-COBRA-0030051 to DB-DOJ-COBRA-0030061.

5. Attached hereto as Exs. 2 and 3 are true and correct copies of two email dated October 22, 1999, from Paul Daugerdas of J&G separately forwarding to both E&Y and BDO Seidman LLP [identified by email as miwolves@mediaone.net] email with the subject line "Draft Implementation Steps" with identical attachments entitled "Currency Linked Digital Swap Transaction Steps for Implementation With Deutsche Bank AG London (DBAG) and Deutsche Banc Alex. Brown (DBAB)." The first email was produced to the United States by JG in response to the United States' document subpoena to JG bates marked JG-NC064506 to JG-

NC064509. The second email was produced to the United States by E&Y in response to the United States' document subpoena to E&Y bates marked DOJ-007914 to DOJ-007917.

6. The second email to E&Y contains an followup internal E&Y email from Brian Vaughn which states:

> Let's take the checklist provided by J&G and modify it to our use. We need to have National on sales call and insert EY responsibilities where needed. Also please insert concurring opinion from Locke Lidell & Sapp. The checklist is a great tool as we move forward. I will thank Paul for his input.

Govt. Ex. 2, at DOJ-007914.

7. Government Ex. 4 is a true and correct copy of an internal E&Y email dated October 22, 1999, from Brian Vaughn with the subject line "COBRA pricing" in which Vaughn reports, inter alia, his recent communications with Dan Brooks of DB regarding the design of the proposed COBRA product. This document was produced to the United States by E&Y in response to the United States' document subpoena to E&Y bates marked DOJ-0004412003EY001767.

8. Government Ex. 5 is a true and correct copy of an internal E&Y email dated October 26, 1999, under the subject line "Product," from Brian Vaughn of E&Y listing as open issues with respect to the planned Cobra Strategy, the engagement letter, the technical memo from J&G, the fee scale, settlement options if audited, and identification of qualified candidates. This document was produced to the United States by E&Y in response to the United States' document subpoena to E&Y bates marked DOJ-000441.

9. Government Ex. 6 is a true and correct copy of a facsimile dated October 27, 1999, (totaling 23 pages), from Paul Daugerdas of J&G to Robert "Bob" Coplan, Richard Shapiro, and Ray Knight, all of E&Y, transmitting a J&G memorandum dated October 1999 on the "Tax

Consequences of Contribution of Option Spread to Partnership or Corporation." This document was produced to the United States by E&Y in response to the United States' document subpoena to E&Y bates marked 2003EY001516 - 2003EY001538.

10. Government Ex. 7 is a true and correct copy of a Facsimile (101 pages) dated November 5, 1999, transmitting a J&G opinion on the COBRA product, marked "DRAFT." This document was produced to the United States by J&G in response to the United States' document subpoena bates marked DOJ008601 to DOJ008702.

11. Government Ex. 8 is a true and correct copy of an E&Y email dated 10/9/99 from Coplan of E&Y to VIPER members, subject line "Reliance on tax opinion - cases" with attachment "tax opinions neg.doc." The attached memo contains the following conclusion:

> These cases emphasize that reliance on an advisor's tax opinion may not be reasonable if the advisor has a direct or indirect interest in the investment. If the opinion originates from an interested party, a taxpayer, particularly one with sophisticated knowledge of business transactions, would be well-advised to seek additional input from another, independent tax advisor.

This document was produced to the United States by J&G in response to the United States' document subpoena bates marked 2003EY007852 to 2003EY007854.

12. Government Ex. 9 is a true and correct copy of an E&Y email dated November 11, 1999, from Melinda Merck of E&Y to the members of E&Y's VIPER and Quckstrike Teams, under subject line "Revised COBRA Spreadsheets and Slides", with copies attached. This document was produced to the United States by E&Y in response to the United States' document subpoena bates marked 2003EY003750 - 2003EY003767.

13. Government Ex. 10 is a true and correct copy of an email dated November 12, 1999, from Robert Coplan of E&Y to Paul Daugerdas of J&G regarding the role of Brown & Wood

("B&W"), forwarding Daugerdas a copy of a B&W opinion which Coplan wrote describes the basis option spread strategy, but which has not yet be tailored for the particular structure of COBRA. This document was produced to the United States by J&G in response to the United States' document subpoena bates marked JG-NC047817 to JG-NC047855.

14. Government Ex. 11 is a true and correct copy of an email E&Y email dated November 15, 1999, from Richard Shapiro to E&Y's "Quickstrike Team" re "Implementation of COBRA strategy" in which Shapiro wrote:

> As a result of further discussions with J&G and DB today, we have concluded that in general the most viable structure for the COBRA strategy will involve the use of ONLY 2 currencies, eve with more than 2 partners. The use of fewer currencies results in a higher probability of making a profit at the partnership level, while still providing diversification.

This document was produced to the United States by E&Y in response to the United States' document subpoena bates marked 2003EY000864 and 2003EY105642.

15. Government Ex. 12 is a true and correct copy of an internal E&Y email dated November 18, 1999, from Carl Rhodes of E&Y, distributing the following documents attached thereto, with the instruction that they are needed for implementation and should be customized for the client:

a. COBRA Client Nondisclosure Letter;

b. J&G Nondisclosure agreement

c. Revised Client COBRA Presentation;

d. COBRA Engagement Letter 11-17-99; and

e. J&G Client Information Questionaire.

This document was produced by Ernst & Young bates marked as DOJ-001008 through DOJ-001031.

16. Government Ex. 13 is a true and correct copy of an email dated December 27, 1999 from David Parse of Deutsche Bank ("DB") to Carrie Yackee of DB forwarding an attached list named "Paul D 1999 Digital Options Ma.." This document was produced to the United States by DB in response to the United States' document subpoena bates marked from DB-DOJ-COBRA-00044432 through DB-DOJ-COBRA-00044466. I have reorganized the bates-numbered pages of the attachment so that the each transaction, read from left to right, is now visible sequentially.

The attachment to this email lists 105 DB transactions implemented in November and December 1999, which is followed by a list of the COBRA transactions, referenced as "EY", which were implemented through DB during this same time period. In each of the first 105 DB transactions, the listed "Premium" is equal to 1% of the listed "Trade." In each of the listed "EY" transactions the listed "Premium" is equal to 5% of the listed Trade.

17. Government Ex. 14 is a true and correct copy of a 3 page internal J&G fax dated December 28, 1999, from Patrick O'Daniel to Paul Daugerdas of J&G forwarding an attachment entitled "Revised Legal Fee Allocation Ernst & Young Client Transactions" listing the allocation of J&G's 3% cut from the 1999 COBRA transactions as between J&G, Scheef & Stone, and B&W. This document was produced by J&G in response to the United States' document subpoena to J&G, bates marked as JG-NC055932 to JG-NC055934.

18. Government Ex. 15 is a true and correct copy of an email dated February 22, 2000, from Melinda Merk of Ernst & Young, LLP ("E&Y") to Amy Keating of E&Y providing Ms. Keating

with an attached list. The attached list detailing the following information for each of 15 listed COBRA transactions:

a) the names of the clients, the name of the E&Y contact;
b) the "Account Name" for each of the Limited Liability Companies, Partnership(s), and S-Corporation(s) used in each of these transactions;
c) the "DBAB Account No." for each of these accounts;
d) the Date that each of the associated entities were formed;
e) the jurisdiction in which each of the associated entities were formed;
f) the Federal Employment Identification Number or FEIN for each of these entities; and
g) the date upon which an S-Corporation election was filed on behalf of each of the S-Corporations involved in each of these transactions.

This document was produced to the United States by E&Y in response to the United States' document subpoena bates marked from DOJ 0000851 to DOJ 000853.

19. Government Ex. 16 is a true and correct copy of an internal E&Y chain email dated June 7, 2001, regarding the difference between COBRA and J&G's 1% net premium with respect to its OPS product, stating,

> We would not have signed off on the "ignored opinion letter fee deal" with a 1% investment in 1999.

This document was produced E&Y in response to the United States' document subpoena to E&Y bates marked as DOJ-049188 to DOJ-049180.

20. Government Exs. 17, 18, 19 and 20, are true and correct copies of various versions of a document entitled "COBRA Action Work Plan" which appear to have been used by E&Y to implement the COBRA transactions. These documents were produced by E&Y in response to the United States' document subpoena to E&Y bates marked as DOJ03781 to DOJ03785, DOJ054573 to DOJ054577, DOJ 001091 to DOJ-001095, and DOJ004024 to DOJ004028.

21. Attached hereto as Ex. 21 is a true and correct copy of an email dated November 10, 1999, from Melinda Merck of E&Y to the members of E&Y's VIPER tax products team, including Ray Knight and Kenneth Hughes, with an attached COBRA Client Information Questionaire form, directing that it is to completed for each individual taxpayer and faxed to J&G. This document was produced by Ernst & Young bates marked as 2003EY003742 - 2003EY003743.

22. Government Ex. 37 is an E&Y facsimile (seven pages) dated November 13, 1999, from Ray Knight of E&Y to Paul Daugerdas of J&G, forwarding filled-in COBRA Client Information Questionaire for six (6) of the individual participants, including Jerry Zucker and James Boyd. This document was produced by J&G in response to the United States' document subpoena to J&G bates marked as JG-CL0241055, JG-CL0241056, JG-CL0231041, JG-CL015536, JG-CL01555323, JG-CL0148038, and JG-CL0148037. Government Ex. 22 contains true and correct copies of completed COBRA Client Information Questionaires for other COBRA participants. These documents were also produced by J&G in response to the United States' document subpoena to J&G.

23. Government Ex. 23 is a true and correct copy of a fax dated October 22, 199 from Grady P. Dickens of the law firm Scheef & Stone, LLP, forwarding to Paul M. Daugerdas of J&G, for review and approval, a copy of E&Y's proposed nondisclosure agreement form for the COBRA strategy. This document was produced by J&G in response to the United States' document subpoena bates marked CANC00121 to CANC00122.

24. Government Ex. 24 is an internal E&Y email dated October 29, 1999, from Robert Coplan, stating that a nondisclosure agreement is required by E&Y with respect to the COBRA

strategy. This document was produced by E&Y in response to the United States' document subpoena bates marked 2003EY001760.

25. Government Ex. 25 is a true and correct copy of an email dated March 8, 2000, from Donna Guerin of J&G to Amy Keating of E&Y, confirming that J&G wanted for its files copies of the tax returns prepared by E&Y reporting the COBRA transactions. This document was produced E&Y in response to the United States' document subpoena to E&Y bates marked as DOJ-032014.

26. Government Ex. 26 is a true and correct copy of an internal E&Y chain-email dated May 8, 2001, regarding "Cobra Transaction Feedback", stating, *inter alia*:

> Our decision to use a coordinated preparation of transaction tax returns was well received. Our clients liked the fact that we were paying close attention to coordinating the reporting of similar transactions and achieving efficiency in determining proper wording and disclosure issues. This was a major task by the compliance people involved and for Bob Coplan to review all of them.

This document was produced E&Y in response to the United States' document subpoena to E&Y bates marked as DOJ-031731.

27. Government Ex. 27 is a true and correct copy of an internal E&Y email dated January 6, 2000, from Robert Coplan to the members of E&Y's VIPER and Quick strike Teams , including Ray Knight, regarding a January 5th Meeting regarding VIPER Strategies and stating:

> After lengthy discussions of the issues involved in the meeting on COBRA, the conclusion reached by Mike Kelly, Ron Friedman and others yesterday was that the firm would not market this strategy in 2000. The primary reasons for this involved the perceived changes in the landscape now being faced by tax-advantaged strategies after the issuance of Notice 99-59 last month and the publication of the PWC BOSS opinion and scathing commentary of BOSS in tax Notes.

> We are well aware that many of you had tee'd up COBRA opportunities late last year for execution in 2000. It will be necessary to advise these clients ASAP that we have decided not to sell this strategy. We should indicate to these clients that the issuance of Notice 99-59 on December 3, 1999 signals the increased level of scrutiny that will be brought to bear on transactions like BOSS, that generate permanent ordinary losses, and the heightened penalty risk that will be faced by clients (and our firm) after issuance fo the Notice. **Specifically, it is not uncommon for the IRS to follow up the issuance of a Notice with the the [sic] issuance of regulations that adopt the Notice publication date as the effective date of the regulation. Thus, transactions done in 2000 bear a higher risk of being attacked and of being subjected to penalties than ones done before the issuance of the Notice. This explanation of our decision should not raise questions about the 16 transactions that were completed in November 1999.**

[emphasis supplied.] This document was produced by E&Y in response to the United States' document subpoena to E&Y bates marked as 2003EY001046-2003EY001047.

28. Government Ex. 28 is a true and correct copy of an internal DB email dated July 20, 2000, forwarding documents, including DB Memo entitled "Binary Options Strategy: Credit Risk Mgmt PBA Summary" prepared by Chuck Binder MD and SCO PBAE&Y, in which Binder wrote:

> Strike on both options are about the same. Any spread must fall within DB's ability to set a bid/ask spread. Both options must either payoff or not. Market risk/ops risk on execution is for account of GCI desk executing.

Ex. 28 at DB-DOJ-COBRA-00030723. This document was produced by DB in response to the United States' document subpoena to DB bates marked as DB-DOJ-COBRA-00030714 to DB-DOJ-COBRA-00030751.

29. Government Ex. 29 is a true and correct copy of an internal E&Y email dated December 5, 1999, from Robert "Bob" Coplan of E&Y to members of the E&Y's "Quick strike Team"

regarding E&Y's plan to continue to market COBRA in 2000, which Coplan wrote, *inter alia*:

> We are carefully reviewing the possibility of joining with a promoter for 2000 other than Jenkens & Gilchrist with whom to implement COBRA. We have not previously worked with this promoter before, but they have been selling the transaction before in a manner compatible with the economics we have instituted. Advantages of changing to the new promoter would include: 1) a higher fee for E&Y (2%) and a lower overall fee for the transaction (4%) allowing the client to have a greater probability of profiting on the option trade.

This document was produced E&Y in response to the United States' document subpoena to E&Y bates marked as 2003EY000866 - 2003EY000867.

30. Government Ex. 30 is a true and correct copy of an internal E&Y email, with attachment, dated December 11, 1999, from Robert Haynie of E&Y with subject line "COBRA - Latest Slides" forwarding a revised COBRA Powerpoint for 2000. This document was produced by E&Y in response to the United States' document subpoena to E&Y bates marked as DOJ 00395 to DOJ 00398.

31. Government Ex. 31 contains true and correct copies of E&Y engagement letters dated December 13, 1999, with respect to the implementation of the COBRA strategy by eight members of the Murphy family. These documents were produced by E&Y in response to the United States' document subpoena to E&Y.

32. As summarized in the following table, these engagement letters reflect, in the aggregate a planned $90MM COBRA transaction, with a with to E&Y equal to 2% of the desired tax loss. The first eight of these engagement letters state that the stated E&Y fee is on "a total amount investment in the Partnership by you and other individual(s) in the amount of $5.32 million." This $5.32 million appears to be composed of E&Y's 2% fee, a net premium of 5% and an

additional 2%. The next three engagement letters state that the stated E&Y fee is on "a total amount investment in the Partnership by you and other individual(s) in the amount of $980,000."

| Ex. # | Name of EY Client | Name of LLC | % Ownership | Desired Loss | EY Fee @2% | Options Cost @ 5% | Add @ 2% | Cash Needs |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| 31.01 | Wendell H. Murphy | WHM | 35.53% | $27,000,000.00 | **$540,000.00** | $1,350,000.00 | $540,000.00 | $1,890,000.00 |
| 31.02 | Stratton K. Murphy | SKM | 3.95% | $3,000,000.00 | **$60,000.00** | $150,000.00 | $60,000.00 | $210,000.00 |
| 31.03 | Wendell H. Murphy Jr. | WHMJ | 25.00% | $19,000,000.00 | **$380,000.00** | $950,000.00 | $380,000.00 | $1,330,000.00 |
| 31.04 | Harry ("Pete") D. Murphy | HDM | 7.89% | $6,000,000.00 | **$120,000.00** | $300,000.00 | $120,000.00 | $420,000.00 |
| 31.05 | Marc D. Murphy | MDM | 3.95% | $3,000,000.00 | **$60,000.00** | $150,000.00 | $60,000.00 | $210,000.00 |
| 31.06 | Wendy M. Crumpler | WMC | 6.58% | $5,000,000.00 | **$100,000.00** | $250,000.00 | $100,000.00 | $350,000.00 |
| 31.07 | Joyce M. Norman | JMN | 13.16% | $10,000,000.00 | **$200,000.00** | $500,000.00 | $200,000.00 | $700,000.00 |
| 31.08 | Angela N. Brown | ANB | 3.95% | $3,000,000.00 | **$60,000.00** | $150,000.00 | $60,000.00 | $210,000.00 |
| | | Total | 100.00% | $76,000,000.00 | $1,520,000.00 | $3,800,000.00 | $1,520,000.00 | **$5,320,000.00** |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| 31.09 | Stratton K. Murphy | SKM | 25.61% | $3,500,000.00 | **$70,000.00** | $175,000.00 | $70,000.00 | $245,000.00 |
| 31.10 | Harry ("Pete") D. Murphy | HDM | 48.78% | $7,000,000.00 | **$140,000.00** | $350,000.00 | $140,000.00 | $490,000.00 |
| 31.11 | Marc D. Murphy | MDM | 25.61% | $3,500,000.00 | **$70,000.00** | $175,000.00 | $70,000.00 | $245,000.00 |
| | | Total | 100.00% | $14,000,000.00 | $280,000.00 | $700,000.00 | $280,000.00 | **$980,000.00** |
| | | | | | | | | |
| | | TOTAL | | $90,000,000.00 | $1,800,000.00 | $4,500,000.00 | $1,800,000.00 | $6,300,000.00 |

33. Government Ex. 32 includes true copies of Addenda to the E&Y engagement letters dated December 13, 1999, signed by some of the Murphy participants in the COBRA strategy which provide, *inter alia*, that

> The client will to hold Ernst & Young or all successors and assigns responsible for any penalties assessed by the Internal Revenue Service due to entering the COBRA strategy.

34. As summarized below, the confirmations issued by DB for these COBRA transactions reflect that the aggregate amount of the Murphy COBRA transactions was increased from $90MM to $100.3MM:

| Party B | FX | First Digital - Party B Initial Exchange | First Digital - Party A Final Exchange | Second Digital p Party A Initial Exchange | Second Digital - Party B Final Exchange | First Range Level | Second Range Level | Net Premium / Loss | Net Payoff | Payoff Return | Net Premium |
|---|---|---|---|---|---|---|---|---|---|---|---|
| WHMJ Ventures, LLC | USD/CHF | 17,300,000 | 34,600,000 | 16,781,000 | 33,432,250 | 1.5839 | 1.5837 | 3.00% | 1,167,750 | 2.25 | 519,000 |
| WHMJ Ventures, LLC | USD/CHF | 4,000,000 | 8,000,000 | 3,880,000 | 7,730,000 | 1.5839 | 1.5837 | 3.00% | 270,000 | 2.25 | 120,000 |
| JMN Ventures | USD/CHF | 9,700,000 | 19,400,000 | 9,409,000 | 18,745,250 | 1.5839 | 1.5837 | 3.00% | 654,750 | 2.25 | 291,000 |
| WDM LLC | USD/CHF | 2,000,000 | 4,000,000 | 1,940,000 | 3,865,000 | 1.5839 | 1.5837 | 3.00% | 135,000 | 2.25 | 60,000 |
| ANB LLC | USD/CHF | 3,000,000 | 6,000,000 | 2,910,000 | 5,797,500 | 1.5839 | 1.5837 | 3.00% | 202,500 | 2.25 | 90,000 |
| MDM Ventures | USD/CHF | 6,300,000 | 12,600,000 | 6,111,000 | 12,174,750 | 1.5839 | 1.5837 | 3.00% | 425,250 | 2.25 | 189,000 |
| SKM Ventures | USD/CHF | 6,300,000 | 12,600,000 | 6,111,000 | 12,174,750 | 1.5839 | 1.5837 | 3.00% | 425,250 | 2.25 | 189,000 |
| WHM, LLC | EUR/USD | 26,400,000 | 52,800,000 | 25,608,000 | 51,018,000 | 0.9207 | 0.9205 | 3.00% | 1,782,000 | 2.25 | 792,000 |
| WMC LLC | EUR/USD | 5,300,000 | 10,600,000 | 5,141,000 | 10,242,250 | 0.9207 | 0.9205 | 3.00% | 357,750 | 2.25 | 159,000 |
| WHM, LLC | EUR/USD | 8,000,000 | 16,000,000 | 7,760,000 | 15,460,000 | 0.9207 | 0.9205 | 3.00% | 540,000 | 2.25 | 240,000 |
| WDM LLC | EUR/USD | 12,000,000 | 24,000,000 | 11,640,000 | 23,190,000 | 0.9207 | 0.9205 | 3.00% | 810,000 | 2.25 | 360,000 |
| Total | | 100,300,000 | | | | | | | | | 3,009,000 |

See Plaintiffs' Exs. A15 to A24, Plaintiff's Appendix, pp. 45-71. These confirmations further reflect that term of the digital options contracts was increased from 30 days to 90 days. These confirmations further reflect that the net premium paid to DB was reduced from 5% to 3% of the desired loss, and that the possible net payoff was also reduced from 2.5 times the net premium (or 2.5:1) to 2.25 times the net premium (or 2.25:1).

35. Government Ex. 33 includes true and correct copies of letters dated June 5, 2000 and August 29, 2000, to the IRS applying for Employer Identification Numbers ("EIN") for the entities created to implement the Murphy COBRA transactions. In these letters the participant's

in-house accountant, Brewer Ezzell, notifies the IRS that the limited liability companies WHM, SKM, WHMJ, HDM, MDM, WMC, JMN and ANB are all "disregarded entities," that Murphy Family Farms, LLC, Murphy Pork Partners, LLC, and PSM Farms, LLC, were all "partnerships," and that MURFAM, Inc., Murphy Pork, Inc., and PSM, Inc. , are all S-Corporations. These documents further represent that WHM, SKM, WHMJ, HDM, MDM, WMC, JMN, ANB, Murphy Family Farms, LLC, Murphy Pork Partners, LLC, and PSM Farms, LLC started business on April 10, 2000. These documents were produced by plaintiff.

36. Government Exs. 34 and 35 are summary spreadsheets prepared for the members of the Murphy family detailing their planned income and capital gains from the sale of their family businesses to be off-set by the planned tax losses from their COBRA transaction. These documents were produced by the plaintiff.

37. Government Ex. 36 contains true and correct copies of E&Y invoices dated April 27, 2000, addressed to each of the individual participants in the Murphy COBRA transaction aggregating $2,006,000, equal to 2% of the aggregate tax losses to be generated by their COBRA transactions. Government Ex. 36 also contains true and correct copies of E&Y invoices to the S-Corporations aggregating $94,000. These documents were obtained by the IRS from E&Y.

38. Government Ex. 37 contains true and correct copies of Proskauer & Rose invoices dated May 17, 2000 and September 14, 2000, addressed each of the individual participants in the Murphy COBRA transaction aggregating $407,500. These documents were obtained by the IRS from E&Y.

39. The steps to the implementation of the Murphy transaction otherwise follow the same structure as the 1999 COBRA transactions. See Expert Report prepared by Government Expert David LaRue, Ph.D. See pp.15-78, Dkt. 46-6, pp.21-84 of 233, Pltf's. App. Ex. 3, pp.104-167.

40. The reporting of the claimed tax losses from the Murphy COBRA transactions is detailed in the Expert Report prepared by Government Expert David LaRue, Ph.D., pp.78-279, Dkt. 46-6, pp.84-184 of 233, Pltf's. App. Ex. 3, pp.167-190.

41. Copies of the filed tax returns for the year 2000 are marked as Govt. Exs. 38 to 51 for the three purported partnerships (Govt. Exs. 38-40), the three purported S-Corporations (Govt. Exs.41-43, and the eight individual participants (Govt. Exs. 44-51). These tax returns are being separately filed under seal.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this April 23, 2008.

JOHN A. LINDQUIST
Trial Attorney
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2008, I electronically filed the foregoing **DECLARATION OF JOHN LINDQUIST** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

s/ John A. Lindquist
John A. Lindquist
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892