# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## Nos. 06-245T, 06-246T, and 06-247T
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC** | § |
| **By and Through Wendell H. Murphy, Jr.** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

**UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT REPORT AND OPINIONS OF STUART A. SMITH**

DENNIS M. DONOHUE
Chief Senior Litigation Counsel
U.S. Department of Justice, Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492
E-mail: dennis.donohue@usdoj.gov

# TABLE OF CONTENTS


**I.** **The Plaintiffs' Assertion that Smith's Report and Testimony are Relevant for Purposes of the Penalty Issues Completely Contradicts Their Arguments Underlying Their Attempt to Exclude the Government's Expert, Dr. David LaRue**. 2

**II.** **The Court of Federal Claims Recently Excluded Smith's Report and Testimony Because Smith's Opinions Merely Applied the Law to Facts and Did Not Assist the Trier of Fact as Required Under Rule 702 of the Federal Rules of Evidence** . . . . . . 3

**III.** **Smith's Legal Opinions Are Improper** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**A.** **Introduction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**B.** **Treasury Circular 230 Has No Applicability to this Case** . . . . . . . . . . . . . . . . 8

**C.** **Smith Applies the Wrong Law to the Facts** . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**D.** **Smith Is Also Providing Impermissible Legal Opinion Regarding the Reasonableness of the Taxpayers' Conduct** . . . . . . . . . . . . . . . . . . . . . . . . . 10

**E.** **Smith Is Not Providing Any Testimony as to Predicate Facts** . . . . . . . . . . . . 11

**F.** **Plaintiff's Reliance on the Internal Revenue Manual Is Meritless** . . . . . . . . 12

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

### FEDERAL CASES

*American Farm Lines v. Black Ball Freight Service*, 397 U.S. 532 (1970) . . . . . . . . . 12

*Keado v. United States*, 853 F.2d 1209 (5th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Klamath Strategic Investment Fund, LLC v. United States*, 472 F. Supp. 2d 885 (E.D. Tex. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7

*Long Term Capital Holdings v. United States*, 330 F. Supp. 2d 122 (D. Conn. 2004), *aff'd* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Moore v. Ashland Chemical Inc.*, 151 F.3d 269 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . 1

*United States v. Boyle*, 469 U.S. 241 (1985), "' . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9, 10

*United States v. Caceres*, 440 U.S. 741 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

### DOCKETED CASES

*Stobie Creek Investments, L.L.C. and JFW Enterprises, Inc. v. United States*, Nos. 05-748T (April 1, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4, 5,6, 7

### FEDERAL STATUTES

31 C.F.R. § 10.0 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Evid. 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,4, 11

Fed. R. Evid. 703 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

I.R.C. § 6662 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

I.R.C. § 6664 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 8,12

I.R.C. § 6664(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Treas. Reg. § 1.6664-4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Treas. Reg. § 1.6664-4(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

Treas. Reg. § 1.6664-4(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Treas. Reg. § 1.6664-4(c)(1)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Treas. Reg. § 1.6664-4(c)(1)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Treas. Reg 1.6664-b(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Treasury Circular 230, 31 C.F.R. §§ 10.0-.93 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,6 7,8, 9,11, 12

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**Nos. 06-245T, 06-246T, and 06-247T**
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC** | § |
| **By and Through Wendell H. Murphy, Jr.** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

**UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT REPORT AND OPINIONS OF STUART A. SMITH**

No matter how many times plaintiffs make statements to the contrary, Smith offers nothing more than legal analysis and legal opinion. Mr. Smith is not a part of the plaintiffs' legal team and, even if he were, plaintiffs are not free to have him take the witness stand and testify about the law in this case. The burden to show that Smith should not be excluded is on plaintiffs[1] and plaintiffs fall far short of meeting that burden.

[1] *See, e.g.*, *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

## I. The Plaintiffs' Assertion that Smith's Report and Testimony are Relevant for Purposes of the Penalty Issues Completely Contradicts Their Arguments Underlying Their Attempt to Exclude the Government's Expert, Dr. David LaRue.

The plaintiffs assert, on page 1 of their Response,[2] that Smith's opinion regarding the character and quality of the tax opinions received by the taxpayers in these cases is directly relevant to (i) whether an element of reasonable cause under I.R.C. § 6664 was present, and (2) whether an element of negligence under I.R.C. § 6662 was present. The plaintiffs even characterize the applicability of accuracy-related penalties as a "hotly contested issue in these proceedings."[3]

The plaintiffs' assertion that Smith's report and testimony are relevant to the determination of whether accuracy related penalties are applicable and the characterization of the applicability of penalties as a "hotly contested issue" completely contradicts their arguments in their Motion to Exclude Government Expert David LaRue (DE #46). In that motion, the plaintiffs urge this Court to exclude the Government's expert, David LaRue.

In arguing that Dr. LaRue should be excluded, the plaintiffs state:

> Experts must offer opinions on issues that are relevant to the litigation. If issues an expert opines about are not relevant, then they should be excluded because they cannot possibly be helpful to the factfinder. In this case, the Adequate Disclosure Issues and the Risk of Audit Issues are both irrelevant to the issues that the Court must determine at trial ***because penalties are not at issue in this case*.**[4]

---

[2]The Plaintiffs' Opposition to Defendant's Motion to Exclude the Expert Report and Opinions of Stuart A. Smith will be referred to as the "Plaintiffs' Response" or the "Response."

[3]Plaintiffs' Response, p. 2.

[4]Plaintiffs' Memorandum In Support of Motion to Exclude Government Expert David LaRue, p. 14 (footnotes omitted)(emphasis added).

In their memorandum in support of their motion to exclude Dr. LaRue, the plaintiffs state that "penalties are not at issue in this case." Yet, in their Response, the plaintiffs now claim that Smith's report and opinions are relevant to the issue of whether accuracy related penalties are applicable, even characterizing penalties as a "hotly contested issue in these proceedings."

The plaintiffs' position regarding the applicability of penalties can be described as inconsistent at best and misleading at worst. Apparently, the plaintiffs believe penalties are applicable in this case solely based on whether they are seeking to exclude the government's expert or defend its own expert against exclusion. The plaintiffs cannot have it both ways – they cannot assert that penalties are at issue when seeking to inject relevance into Smith's report, yet at the same time urge that penalties are completely irrelevant when attempting to exclude the Government's expert. The Court should dismiss the plaintiffs' "heads I win, tails you lose" analysis.

## II. The Court of Federal Claims Recently Excluded Smith's Report and Testimony Because Smith's Opinions Merely Applied the Law to Facts and Did Not Assist the Trier of Fact as Required Under Rule 702 of the Federal Rules of Evidence.

The Court of Federal Claims, in *Stobie Creek Investments, L.L.C. and JFW Enterprises, Inc. v. United States*, Nos. 05-748T & 07-520T (April 1, 2008), recently issued an order excluding Smith's report and testimony because Smith's opinions were ones of law or the application of law to facts and did not assist the court as required for expert reports under Rule 702 of the Federal Rules of Evidence.[5] Smith's report in *Stobie Creek* is virtually identical to his report in this matter; accordingly, the *Stobie Creek* court's analysis in excluding Smith is

---

[5]Immediately after the issuance of the *Stobie Creek* opinion, the United States filed a "Notice of Recent Authority" attaching the *Stobie Creek* opinion (DE #52).

germane to this proceeding.

The court in *Stobie Creek* describes Smith's report as follows:

> Smith's expert report is founded on his extensive experience as a tax lawyer for over forty years. The Smith report concludes that the opinion letter provided to Jeffrey Welles by Jenkens & Gilchrist, P.C., is of the quality and character upon which taxpayers such as Welles could reasonably rely in preparing their tax returns. The report includes an exhaustive analysis of Treasury Circular 230, 31 C.F.R. §§ 10.0-.93, and a recitation of how the Jenkens & Gilchrist opinion letter fulfills the requirements established by Treasury Circular 230. The Smith report also includes a thorough description of the transactions and opinion letters that were the subject of Klamath Strategic Investment Fund, LLC v. United States, 472 F. Supp. 2d 885 (E.D. Tex. 2007), a case in which he testified as an expert witness.

This description of Smith's report is equally applicable to this matter as Smith offers virtually identical opinions, including (i) the conclusion that the opinion letters of Proskauer Rose LLP[6] are of the character and quality upon which taxpayers such as the plaintiffs[7] could reasonably rely in preparing their tax returns on the basis of the conclusions reached in these letters, (ii) a detailed recitation of how the opinion letters fulfill the requirements established by Treasury Circular 230, and (iii) a lengthy description of Klamath case.

Not unlike the plaintiffs here, the plaintiffs in *Stobie Creek* argued that Smith's testimony "bear[s] on ultimate issues of fact on which expert testimony is appropriate and will assist the

---

[6]Proskauer Rose LLP will be referred to as "Proskauer Rose."

[7]As Smith notes in his report, he opines on three opinion letters issued by Proskauer Rose to (1) HDM, LLC; MDM Ventures, LLC; and SKM Ventures, LLC; (2) WMC, LLC; WHM Ventures, LLC; WHMJ Ventures, LLC; JMN Ventures, LLC; and ANB, LLC; and (3) HDM, LLC; WHM Ventures, LLC, and WHMJ, LLC. *See* Expert Report of Stuart A. Smith dated May 30, 2007 ("Smith Report"), Gov. Ex. 1, p. 1 (Smith's Report was attached as part of the Government's opening brief). These opinion letters analyzed the Federal tax consequences of certain partnership transactions engaged in by Wendy M. Crumpler, Wendell H. Murphy, Wendell H, Murphy, Jr., Joyce Murphy Norman, Angela N. Brown, Harry D. Murphy, Marc D. Murphy, and Stratton K. Murphy. *Id.* For convenience, these entities and individuals will be referred to collectively as the "plaintiffs."

Court in determining issues central to this action. . . . The reports and testimony of the two experts 'satisf[y] the *liberal* requirements of Federal Rule of Evidence 702.'" (emphasis in original). As here, the plaintiffs there argued that they"proffer the expert opinion evidence not as addressing 'pure questions of law,' but, rather, mixed questions of fact and law 'relevant to Defendant's assertion of penalties and the potential application of the reasonable cause exception to Plaintiffs.'" Also like the plaintiffs here, the plaintiffs in *Stobie Creek* argued that Smith would "provide an expert evaluation of the contents of the Jenkens & Gilchrist opinion to standards and practices regarding tax opinions."

The Court of Federal Claims rejected these various arguments, first noting that under *United States v. Boyle*, 469 U.S. 241, 249 n.8 (1985), "'[w]hether the elements that constitute 'reasonable cause' are *present* in a given situation is a question of fact, but what elements *must* be present to constitute 'reasonable cause' is a question of law.'" With this distinction firmly in mind, the court stressed that the plaintiffs' "characterization [of Smith's testimony as limited to opinions on standards and practice ] precisely encapsulates the problem. The expert reports are lengthy legal analyses of past precedent, complemented by arguments attempting to persuade the court that plaintiffs reasonably relied on the legal opinions in a law firm's tax opinion letter." The court concluded that such an analysis constituted opinions either on pure legal issues or the application of law to facts. As such, Smith's testimony therefore could not be admitted under Fed. R. Evid. 702.

As to the fact that Smith offered similar expert testimony in *Klamath*, the Court also dismissed this argument:

> The court is not swayed by plaintiffs' argument that Mr. Smith's expert report and testimony should be admitted because Mr. Smith offered similar expert testimony in

> Klamath, 472 F. Supp. 2d at 901, and the trial court deemed his testimony admissible and persuasive. It is also irrelevant that in Klamath the Government filed no motion to exclude Mr. Smith's testimony or that the Government was represented by the same counsel as in this case. The Klamath court did not address any of the authorities that this court regards as dispositive, nor does defendant's later epiphany in this lawsuit to object to Mr. Smith's testimony detract from its right to seek exclusion.

Smith's report in this case is virtually identical to his report in *Stobie Creek* and he is offering identical opinions. The plaintiffs' attempt to downplay the significance of the *Stobie Creek* decision by relegating their minimal discussion of the opinion to a short footnote buried in the middle of its Response.[8] Incredibly, the plaintiffs intimate that the court was somehow "influenced" by the collective defense of Smith's report and the report of Ira Shepard: "Plaintiffs further believe that the collective defense of Mr. Sheppard's report and Mr. Smith's report, the former of which addressed legal issues, *may have influenced the court's decision to exclude Mr. Smith's report*."[9] This argument is a non-starter: the court in *Stobie Creek* very carefully addressed Mr. Shepard's and Mr. Smith's reports separately in its opinion and provided explanation and analysis as to why each report should be excluded. The court was not influenced by the collective defense of Mr. Shepard's and Mr. Smith's report and the plaintiffs' suggestion to the contrary rings hollow.

## III. Smith's Legal Opinions Are Improper.

### A. Introduction

Smith's opinion – based on his research of the law he deems applicable – is legal argument dressed up as an opinion of an expert witness. Smith intends to testify that plaintiffs

---

[8] *See* Plaintiffs' Response, p. 5, n.15.

[9] *Id.* (emphasis added).

could reasonably rely upon the opinion letters received from Proskauer Rose because those letters, according to his analysis, meet the requirements of Treasury Circular 230, a set of rules issued by the Secretary of Treasury, and set forth in the Code of Federal Regulations. Not only is this opinion a legal conclusion, it is a conclusion based on the wrong law.

The issue Smith was asked to opine on was "to address the question whether the opinion letters of [Proskauer Rose] are of the quality and character upon which [the plaintiffs] could reasonably rely in preparing their tax returns."[10] On that issue, Smith's report summarizes his opinion as follows: "I am of the opinion that [the opinion letters of Proskauer Rose] are of the character and quality upon which taxpayers such as [the plaintiffs] could reasonably rely in preparing their tax returns on the basis of the conclusions reached in the letters."[11]

As the plaintiffs unsuccessfully attempted in *Stobie Creek*, the plaintiffs in this case charge the United States with mischaracterizing Smith's report and testimony. In essence, the plaintiffs argue that Smith is merely opining on the quality of the tax opinions, which are elements of reasonable cause under I.R.C. § 6664 and the negligence penalty under I.R.C. § 6662. Specifically plaintiffs assert that Smith was solely opining on the hypothetical question of "whether the tax opinions in these cases are of the character and quality upon which taxpayers, such as the taxpayers in these cases, could rely."[12] As noted by the court in *Stobie Creek*, however, Smith is in fact analyzing the law and applying it to his understanding of the facts. He provides exhaustive analyses of Treasury Circular 230 and whether the opinion letters satisfy the

---

[10] *See* Smith Report, Gov. Ex. 1, p. 1.

[11] *Id.* p. 2.

[12] *Id* (emphasis in original).

standards established by Circular 230. Smith's report is essentially a detailed legal analysis of Treasury Circular 230, the standards established thereunder, and whether the law firm opinion letters satisfied these standards. Additionally, Smith throws in self-serving legal analysis of the *Klamath* decision. Similar to the court's characterization in *Stobie Creek*, Smith's report in this case is nothing but "lengthy analyses of past precedent, complemented by arguments attempting to persuade the court that plaintiffs reasonably relied on the legal opinions in a law firm's tax opinion letter."

**B. Treasury Circular 230 Has No Applicability to this Case**

Moreover, the fundamental premise of Smith's legal opinions is fatally flawed. Smith opines that because the Proskauer Rose tax opinions meet the standards enunciated under Treasury Circular 230, these opinions are ones upon which a taxpayer could reasonably rely. Since there is no symmetry between Circular 230 and the applicable regulations under § 6664, this premise is certainly wrong. In fact, Treasury Circular 230 has no relevance to this case, as Smith himself should realize.[13] The relevant law for an "advice of counsel" defense to penalties, the only available defense to accuracy-related penalties based on "advice of others," is provided by § 6664(c) of the Code, and more specifically, Treas. Reg. § 1.6664-4(c) and related case law.[14]

---

[13]Treasury Circular 230 contains only "the rules governing the recognition of attorneys, certified public accountants, enrolled agents and other persons representing clients before the Internal Revenue Service." 31 C.F.R. § 10.0 (1994). There is no issue in this case involving a practitioner's right to practice before the IRS.

[14]Treas. Reg 1.6664-b(1) specifically states that "[r]eliance on an information return, *professional advice*, or other facts, however, constitutes reasonable cause and good faith if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith. (*See paragraph (c) of this section for certain rules relating to reliance on the advice of others*.) (Emphasis added.)" *See also, Long Term Capital Holdings v. United States*, 330 F. Supp. 2d 122,

For instance, Treas. Reg. § 1.6664-4(c)(1) sets forth basic threshold requirements for the defense of reliance on the professional advice, including requirements that: (i) the advice must be based on all the pertinent facts and circumstances, and the law as it relates to those facts and circumstances;[15] (ii) the advice must take into account the taxpayer's purpose for entering into the transaction and for structuring it in a particular manner;[16] and (iii) the advice cannot be based on unreasonable factual or legal assumptions.[17] Smith makes no attempt to analyze this applicable regulation – nor could he. And Smith cannot, as an "expert witness," testify as to what the relevant law is for a reasonable cause defense, or that it should include an application of Circular 230. The legal requirements or "elements" for a reasonable cause defense are questions of law solely for this Court to determine, and are not proper subjects of "expert" testimony.[18]

### C. Smith Applies the Wrong Law to the Facts

Not only is Circular 230 irrelevant to the determination of any reasonable cause defense asserted by the COBRA partnerships, Smith's application of the Circular clearly impinges on the role of this Court, just as his application of any legal rules to the facts of this case would. In his report, Smith sets forth the "five elements" he believes are required by § 10.33 of Circular

---

204-211 (D. Conn. 2004), *aff'd* (unpublished order) (2d Cir. Sept. 27, 2005) (holding that two legal opinions allegedly relied upon by the taxpayer did not constitute a defense to penalties because they failed, *inter alia*, to address the applicable law).

[15]Treas. Reg. § 1.6664-4(c)(1)(i).

[16]*Id*.

[17]Treas. Reg. § 1.6664-4(c)(1)(ii). That regulation expressly provides that the advice must not be based on an "inaccurate representation or assumption as to the taxpayer's purposes for entering into a transaction."

[18]*See United States v. Boyle*, 469 U.S. 241, 249 n. 8 (1985).

230 for a "tax shelter opinion."[19] He then proceeds to determine whether the opinion letters satisfy these requirements. But, as discussed above, the standard in the applicable Treasury Regulations are far different than the standards in Circular 230. Thus, Smith is not just providing legal analysis – because he is applying law to the facts – he is applying incorrect law to the facts.

As an example of Smith's application of the wrong law, Smith assumes that the factual representations of the letter are reasonable because nothing about these factual representations appear unreasonable. He says that is all Circular 230 requires.[20] Whatever the merits of that legal conclusion, Treas. Reg. § 1.6664-4(c) requires that professional advice cannot be based on *unreasonable factual* or legal assumptions. That standard is altogether different and far more exacting than simply looking at whether a factual representation *appears* reasonable. Under the regulation, the representation must not just appear reasonable; it must, in fact, *be* reasonable. And, as we will show at trial, many of these factual representations were not reasonable.[21]

### D. Smith Is Also Providing Impermissible Legal Opinion Regarding the Reasonableness of the Taxpayers' Conduct.

As one of multiple bases for the United States's argument that Smith's proposed

[19]Smith Report, Gov. Ex 1, pp. 7-8.

[20]*Id.* pp. 8-9.

[21]For example, even a cursory investigation of the facts underlying the Proskauer Rose opinions would have revealed (i) that the opinions were written by law firms which promoted the COBRA Transaction and had a significant stake in the outcome of the Transaction (thus creating a significant conflict of interest); (ii) there was no reasonable possibility of a profit on the COBRA Transaction, and thus, the assumption in the opinions that the Transaction had a reasonable possibility of profit was unreasonable; and (iii) the assertion that the COBRA Transaction was not pre-planned was completely false, as the promotional materials underlying the COBRA Transaction reveal that these Transactions were meticulously pre-planned from the outset.

testimony is nothing more than legal opinion, the United States cited case law that the reasonableness of conduct is a legal issue which is to be determined by the court.[22] Plaintiffs subtly attempt to distinguish this settled case law, stating

> [w]hile Mr. Smith acknowledges that the tax opinions were of sufficient quality that the Plaintiffs *could* have relied upon them, at no point does Mr. Smith opine that the Plaintiffs did in fact rely on them. By the same token, Mr. Smith does not opine that the taxpayer's reliance on tax opinions would qualify as *reasonable* reliance.[23]

Plaintiffs are merely splitting hairs. While it is true that Smith stops just short of concluding that plaintiffs acted reasonably, his conclusion that it *would have been* reasonable for plaintiffs to rely on the legal opinions is tantamount to such an opinion and thus usurps the role of the Court.

**E. Smith Is Not Providing Any Testimony as to Predicate Facts.**

Plaintiffs claim that Smith may provide testimony as to the facts relating to the reasonable cause defense. However, Smith is not testifying as to predicate facts. He is testifying on what law applies here (he says Circular 230), and that the application of that law to the facts (i.e., the two legal opinions) itself requires a separate legal analysis of the legal authorities cited in those opinions. Pointedly, the Court, as the arbiter of law, will apply the correct law (i.e., Treas. Reg. § 1.6664-4 and not Circular 230), and then determine the application of the facts of the plaintiffs' alleged reliance on professional advice to that law.

Smith's repeated attempts to opine on the law by citing, analyzing and applying the Internal Revenue Code, Treasury Regulations under the Internal Revenue Code and case law

---

[22]*See* United States' Memorandum In Support of Its Motion to Exclude the Expert Report and Opinions of Stuart A. Smith, pp. 14-16.

[23]Plaintiffs' Response, p. 6.

must be rejected. Such legal testimony will not assist the trier of fact.[24] Not only does the Court not need Smith's help in this case, the help he offers is in the form of impermissible legal testimony.

**F. Plaintiff's Reliance on the Internal Revenue Manual Is Meritless.**

Finally, the plaintiffs attempt to argue that it was "both proper and relevant for Mr. Smith to employ the Circular 230 standards in evaluating the quality of the tax opinions" because the IRS employs nearly identical standards to evaluate tax advice given in connection with alleged tax shelter transactions. The plaintiffs then list the guidelines outlined in the Internal Revenue Manual for purposes of evaluating tax advice.

The plaintiffs' argument that the Circular 230 standards are mirrored in the standards outlined in the Internal Revenue Manual is without merit for two reasons. First, the plaintiffs' comparison of Circular 230 and the Internal Revenue Manual is erroneous because the procedures and rules adopted by the IRS are not law.[25] Second, the guidelines cited by plaintiffs actually more closely mirror the standards outlined in the Treasury Regulations underlying I.R.C. § 6664 than those outlined in Circular 230. For example, the Internal Revenue Manual directs agents to determine whether pertinent facts are assumed, and if so, the *reasonableness of the assumptions*. As with the Treasury Regulations underlying I.R.C. § 6664, the Internal Revenue Manual directs that agents actually conduct an investigation of the reasonableness of the facts and assumptions underlying tax shelter opinions. Significantly, Smith did not conduct

---

[24]*See* Fed.R.Evid. 702.

[25]*See American Farm Lines v. Black Ball Freight Service*, 397 U.S. 532, 538-39 (1970); *United States v. Caceres*, 440 U.S. 741, 752-53 (1979); *Keado v. United States*, 853 F.2d 1209, 1214 (5th Cir. 1988).

*any* investigation of the facts underlying the opinions and therefore did not follow the guidelines outlined in either the Treasury Regulations under I.R.C. § 6664 or the Internal Revenue Manual. Rather, Smith actually applied the standards outlined in Circular 230 in conducting his analysis and any assertion by the plaintiffs to the contrary is just wrong.

**CONCLUSION**

Plaintiffs have not carried their burden of showing that Smith should not be excluded from testifying in the instant case. Simply put, Smith does not offer any "scientific, technical or other specialized knowledge" that will assist this Court determine a "*fact* in issue."[26] Smith offers nothing other than impermissible discussions of law, and applications of his view of the law to the alleged facts. Presentation of this legal argument – in the guise of purported "expert legal testimony" – will only waste time and unduly delay the trial in this case. More importantly, by offering this so-called "evidence," plaintiffs improperly attempt to usurp the role of this Court. Plaintiffs' desperate attempt to bolster their weak case through improper legal testimony must be rejected. Smith's opinions are inadmissible as expert testimony, and the Court should exclude Smith from offering his legal analysis and legal opinions at trial.

Respectfully submitted,

/s/ Dennis M. Donohue

DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6492 (Fax 2504)
E-mail: dennis.donohue@usdoj.gov

[26]See Fed. R. Evid. 703.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2008, I electronically filed the foregoing **UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT REPORT AND OPINIONS OF STUART A. SMITH** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

/s/ Dennis M. Donohue
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov