**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**Nos. 06-245T, 06-246T, and 06-247T**
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC** | § |
| **By and Through Wendell H. Murphy, Jr.** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

# UNITED STATES' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MELVIN F. JAGER

DENNIS M. DONOHUE
Chief Senior Litigation Counsel
U.S. Department of Justice, Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

## TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

APPENDIX.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Jager's Report Should Be Excluded Because It Is Untimely . . . . . . . . . . . . . . . . . . 2

A. Jager's Report Is Not A Rebuttal Report . . . . . . . . . . . . . . . . . . . . . . . . . 2

B. Assuming Plaintiffs Are Correct That Whether COBRA Has Characteristics Of A Trade Secret Is Relevant To The Economic Substance Determination, This Issue Should Have Been Disclosed In The Plaintiffs' Initial Reports . . . . . . . . . . . . . . . . . . . . . . . .
.5

II. Jager's Report Is No More Than Legal Arguments Dressed Up As Expert Testimony. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES

**Federal Cases** **Page(s)**

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*STS Software Systems, Ltd., et al. v. Witness Systems, Inc.*,
2008 U.S. Dist. LEXIS 17667 (N.D.Ga. March 6, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*TC Systems Inc. Et al. v. Teleport Communications-New York*,
213 F.Supp.2d 171 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## Nos. 06-245T, 06-246T, and 06-247T
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC** | § |
| **By and Through Wendell H. Murphy, Jr.** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

## APPENDIX

| | | |
|---|---|---|
| Exhibit 1 | Declaration of David M. Steiner In Support of United States' Motion To Exclude The Expert Testimony of Melvin F. Jager. | Pages 001-000 |
| Exhibit 2 | Declaration of A. Lawrence Kolbe,, May 16, 2008. | Pages 000-000 |

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## Nos. 06-245T, 06-246T, and 06-247T
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC** | § |
| **By and Through Wendell H. Murphy, Jr.** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

## UNITED STATES' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MELVIN F. JAGER

Plaintiffs' Response to the United States' motion to exclude the report of Melvin F. Jager ("Jager") fails to rebut the points made by the Government. As such, the United States respectfully requests that the Court enter an order excluding the report and testimony of Jager.

## INTRODUCTION

Pursuant to the Court's order of May 17, 2007, the parties exchanged initial expert

reports on June 1, 2007, and rebuttal expert reports on July 2, 2007. Plaintiffs submitted the report of Melvin F. Jager, an attorney, on July 2, 2007. Although Jager's report was served on the date for rebuttal reports, Jager's report is not a rebuttal report, nor could it be, because Jager made no attempt, and did not, in fact, rebut any of the opinions and analyses of the Government's initial expert reports. Nor had he even read their reports. Jager's report is not even styled as a rebuttal report, but rather simply as "Expert Report of Melvin F. Jager". Moreover, Jager's report deals with an issue not dealt with in the Government's expert reports, *i.e.*, does the COBRA strategy constitute some kind of intellectual property right under intellectual property law. Even under the strained assumption that the issue of whether the COBRA tax strategy constitutes some kind of intellectual property is somehow relevant to this case, Jager's report is untimely because his report should have been submitted as an initial report. Additionally, Jager's expert report amounts to nothing more than legal analysis and legal opinions. Jager's expert witness testimony is therefore improper for multiple reasons and should be excluded.

It is plaintiffs' burden to demonstrate that the Jager Report is admissible. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993). Plaintiffs have manifestly failed to do so.

## ARGUMENT

### I. Jager's Report Should be Excluded Because It is Untimely

#### A. Jager's Report Is Not a Rebuttal Report.

As mentioned above, by order of this Court, the parties exchanged initial expert reports on June 1, 2007, and exchanged rebuttal reports on July 2, 2007. Plaintiffs served Jager's report on the United States on July 2, 2007. Jager's report, however, is not a rebuttal report, nor is it so styled. It does not address any issue brought up in the Government's expert reports.

To support its contrary position, plaintiffs rely upon the Jager Report's conclusion that the COBRA tax strategy has characteristics of a trade secret and that the fees paid by the taxpayers to the COBRA promoters are analogous to licensing fees paid for an intellectual property right.[1] Based on this premise, plaintiffs argue that the COBRA fees are therefore solely attributable to the tax-benefit component of the COBRA transactions.[2] Thus, plaintiffs claim that Mr. Jager directly rebuts the United States' expert reports of Dr. Kolbe and Dr. ReRosa which "factor[ed] in professional fees, rather than excluding them in their entirety" in their determination as to whether the COBRA transaction had a reasonable possibility of economic profit.[3]

But nothing in the Jager report contradicts or rebuts any aspect of the Kolbe and DeRosa expert reports As Dr. Kolbe stated in his attached Declaration: " it was not possible to enter the COBRA transactions without paying professional fees for both [the tax-benefit and claimed economic-benefit] features of the COBRA transaction. Absent the fees, neither benefit could be obtained, because the transactions could not go forward."[4] As he further observes:

> In my report, I was asked to determine whether absent potential tax benefits, the COBRA transactions could produce a reasonable probability of economic profit taking into account all transaction costs. Since ...the fees are inextricably linked to the COBRA transactions, they are plainly "transaction costs." Hence the fees are an essential element of any economic analysis of the reasonableness of profit of the COBRA transactions, regardless of their label and regardless of whether they are viewed as costs associated with the tax-benefit component rather than the

---

[1]Plaintiffs' Response to Government's Motion to Exclude Expert Report and Testimony of Melvin F. Jager ("P. Response") at 4-7.

[2]P. Response at 4.

[3]P. Response at 6-7.

[4]Declaration of A. Lawrence Kolbe ("Kolbe.Dec.") at 3.

economic-benefit component of the transactions.[5]

Therefore, a re-labeling of the fees as "compensation for a trade secret for how to save taxes" could not and did not contradict the economic analyses and conclusions in his report.

As Dr. Kolbe states, "if re-labeling the fees to advisors and attorneys in arrangements such as the COBRA transactions rendered the fees irrelevant to an analysis of the transactions' profitability apart from tax, it would essentially always be possible to design such transactions so that their profitability apart from tax was no different from that of other investments." Kolbe .Dec. at 4. In other words, by simply re-labeling fees as payments for intellectual property, taxpayers could eliminate the economic substance doctrine as a legal concept. As Dr. Kolbe concludes:

> In short, had I been informed before writing my report that the fees to advisors and attorneys were payments for intellectual property in the form of a trade secret for how to save taxes, I would have changed none of my economic analyses or conclusions, although I presumably would have used different words to describe the fees. Thus, nothing in the Jager Report is inconsistent with the economic analyses and conclusions in my report. Put another way, the Jager Report does not rebut my report in any way.

Kolbe. Dec. at 4.

This same above analysis applies equally to Dr. DeRosa's report because he was given the very same instructions as Dr. Kolbe. That is, he was also asked to determine whether absent potential tax benefits, the COBRA transactions could produce a reasonable possibility of economic profit *taking into account all transaction costs*.[6] Therefore, for the reasons stated

---

[5]Kolbe.Dec. at 3-4.

[6]Declaration of David Steiner, ¶4.

above, the Jager Report is irrelevant and makes no difference to the analysis and conclusions of the expert reports of Dr. Kolbe and Dr. DeRosa. In no way can Mr. Jager's report be classified as rebuttal to the Government's expert reports.

### B. Assuming Plaintiffs are Correct That Whether COBRA Has Characteristics of a Trade Secret Is Relevant to the Economic Substance Determination, This Issue Should Have Been Disclosed in the Plaintiffs' Initial Reports.

Assuming, however, *arguendo*, that plaintiffs are correct that whether COBRA has characteristics of a trade secret is relevant to the economic profit analysis of Dr Kolbe and Dr. DeRosa, this *intellectual property* question is a *major* issue in this litigation. That being the case, plaintiffs should have disclosed the Jager Report on June 1, 2007, as an initial report. If a determination as to whether the COBRA strategy has characteristics of a trade secret is relevant as to whether the COBRA transaction has economic substance, then that is a matter for initial reports because "[a] rebuttal expert report is not the proper place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice." *STS Software Systems, Ltd., et al. v. Witness Systems, Inc.*, 2008 U.S. Dist. LEXIS 17667 at 5 (N.D.Ga. March 6, 2008)(internal quotation marks omitted). Plaintiffs' initial expert reports never even hinted that plaintiff would argue that COBRA was intellectual property and that therefore, assuming that this is the case, fees should be allocated to tax benefits only. RCFC 37(c)(1) requires that, if such expert disclosure is not given initially, as RCFC 26(a) requires, then the Court must strike such a report. This is because:

> [Plaintiffs'] experts could have included their opinions [on the matters contained in the so-called rebuttal reports] in their initial reports, but they failed to do so. The Court notes that [Defendant] will suffer

> prejudice as a result of the untimely disclosure of these opinions because [Defendant's] experts did not have an opportunity to respond to the new opinions submitted in [Plaintiffs'] rebuttal reports.

*STS Softeware Systems*, 2008 U.S. Dist. LEXIS 17667 at 8.

The same is true here. If Dr. Kolbe is wrong that the issue of whether or not COBRA is a trade secret is somehow relevant to his profit analysis of the transaction, then this is a major issue which plaintiff should have disclosed in initial expert disclosures. Had plaintiffs done so, the United States could have engaged experts to determine whether a tax shelter strategy, especially one which the Government considers to be abusive, can qualify as a trade secret. Thus, the Court should exclude the report and testimony of Mr. Jager because it is either irrelevant or, if it is relevant, because the United States should have had the opportunity to rebut it.

The unreported cases plaintiffs cite are simply inapposite. They stand for the proposition that while a rebuttal expert will usually be familiar with the expert reports he is rebutting, such is not necessarily the case providing that the expert really does rebut the initial report and is on the same subject-matter. As described above and in the Government's initial brief, such is not the case here. The Jager Report does not at all rebut the DeRosa Report or the Kolbe Report. If, on the other hand, the Jager Report is relevant, it is an entirely new subject matter. For example, in the only reported case which plaintiffs cite for this argument, the court found that the complaining party was not prejudiced because "[p]laintiffs could have anticipated the need for an engineer to testify regarding the construction and operation of telecommunications utilities." *TC Systems Inc. Et al. v. Teleport Communications-New York*, 213 F.Supp.2d 171, 180 (S.D.N.Y. 2002). Here, however, there is no possible way that the United States could have anticipated that plaintiffs would argue that the COBRA tax strategy, a transaction which the Government views

as an abusive tax shelter, had the characteristics of intellectual property and that this was a major issue in this litigation. As far as we can tell, the argument is novel, unprecedented in the case law, and, in our view absurd.

**II. Jager's Report Is No More than Legal Arguments Dressed up as Expert Testimony**

The United States, in its initial brief, argued that the Jager Report was in fact for all intents and purposes a legal brief by a patent attorney and, as such, was inadmissible. Plaintiffs do not disagree with the general principle that experts cannot opine on legal issues, and spends much time saying so. *See* P. Response at 7-10. Plaintiffs argue, however, that Jager was not opining on the law. Plaintiffs do so by making the following deceptively-worded statement:

> In fact, the Jager Report as well as Mr. Jager's deposition testimony make clear that he was not expressing a legal opinion that the Investment and Tax Strategies in this case constitute intellectual property–specifically trade secrets. [7] Instead, Mr. Jager simply utilizes his specialized training and experience to conclude that the COBRA strategy had the essential *characteristics* of a trade secret–a factual determination. His report concludes that the "key characteristics" of a trade secret are (I) novelty, (ii) secrecy, (iii) security and (v) value.

P. Response at 10.

Firstly, as we pointed out in our initial brief, this "training and experience" of which plaintiff speaks is purely legal. Jager's entire experience is that of a patent attorney. Secondly, Jager's opinion as to what are the "essential characteristics of a trade secret" is – and can only be described as – one of pure law. Thirdly, as we also fully explained in our initial brief, Jager's utilization of his legal training to determine if COBRA has what he claims to be the 'key

---

[7] As the United States stated in its initial brief, it is not at all clear that Mr. Jager is not in fact opining that COBRA is a trade secret. D. Brief at 3-4.

characteristics' of a trade secret constitutes his attempt to apply his scant understanding[8] of the facts of this case to the law of trade secrets. In short, Jager's report is a general legal brief on the law of intellectual property and, more specifically, the application of trade secret law to his understanding of the COBRA facts. As such, his report is purely legal analysis. Therefore, his proposed testimony on the legal analysis and opinions described in his report is wholly improper. In an apparent desire to find legal citations to support its position, plaintiffs argue that "the Government's objection to Mr. Jager's opinion as to valuation must be rejected on more fundamental grounds. Expert testimony regarding valuation and pricing is routinely admitted in a myriad of legal contexts. . . ." P. Response at 11-12. Plaintiffs then cite cases to support this contention. There is nothing "fundamental" at all here. Of course a court can permit experts to testify as to valuation. The United States never argued otherwise. Plaintiffs are simply erecting a straw-man and knocking it down. There is nothing intrinsically wrong with an expert testifying on valuation. The problem is this particular "expert," Mr. Jager, is simply offering his analysis of law and the application of law to facts. He is not testifying as a valuation expert.

In conclusion, the Jager Report in no way helps the Court as it invades the judicial province. The Jager Report should be stricken

**CONCLUSION**

The Jaeger Report is not a rebuttal report since it does not respond to any issue addressed in the expert reports of the United States. Instead it is a new report and, as such, is untimely and should be excluded. In any event, plaintiff is simply trying to improperly influence the Court by

[8]As pointed out in the United States's initial brief, Mr. Jager knew little of COBRA and such understanding that he did have was seriously flawed. D. Brief at 5.

presenting ordinary legal argument dressed up as "expert" testimony. Instead of filing a brief to argue for its interpretation of the law, plaintiffs are trying to use an expert witness to convince the Court that COBRA was a trade secret – apparently in a misguided attempt to justify the taxpayers paying huge fees on the purchase of COBRA. Assuming, arguendo, that the issue of whether or not COBRA is a trade secret has relevance to any issue in this case, the obvious strategy is the hope that the Court will give plaintiffs' legal argument more weight if the argument is presented through an "expert opinion." The Court should not allow plaintiffs to thwart the Court's role and should preclude plaintiff from introducing Jager's untimely expert report and accompanying testimony at trial.

Respectfully submitted,

/s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16th, 2008, I electronically filed the foregoing **UNITED STATES' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF MELVIN F. JAGER** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

s/ David M. Steiner
David M. Steiner
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892