# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## Nos. 06-245T, 06-246T, and 06-247T
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC** | § |
| **By and Through Wendell H. Murphy, Jr.** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

## UNITED STATES' MOTION FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFFS' REPLY TO UNITED STATES' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The United States moves this Court to enter an order allowing the government to file a sur-reply to Plaintiffs' Reply to the United States' Opposition to Plaintiffs' Motion for Partial Summary Judgment as to the validity of Treas. Reg. § 1.752-6. In support of its Motion, the United States asserts the following:



1307616.1

1. On March 7, 2008, plaintiffs moved for partial summary judgment as to the validity of Treas. Reg. § 1.752-6.

2. On March 17, 2008, the parties jointly moved to extend the response date for this and various other motions to April 21.

3. On March 24, 2008, the Court granted the joint motion to extend the response deadlines.

4. On April 21, 2008, the United States filed its Response to Plaintiffs' Motion.

5. The following day, on April 22, 2008, the United States District Court for the District of Colorado entered a decision in *Sala v. United States*, No. 05-cv-00636-LTB, 2008 WL 1836693 (D. Colo. April 22, 2008), determining that Treas. Reg. § 1.752-6 was invalid. In so holding, the court accepted a litany of taxpayer arguments on the issue, including, *inter alia*, (1) that Section 309(c) of the Community Renewal Tax Relief Act of 2000 (the "Act"), was of extremely narrow scope, and specifically that because "[I.R.C.] § 358(h)(3) *applies* only to liabilities assumed in"exchanges involving corporations, the authorizing language in Act Section 309(c) could only refer to contingent liabilities assumed in a *corporate exchange*, and therefore did not apply to *partnerships* unless the partnership is a corporate shareholder, *Id*. at *28 (emphasis in quote added); (3) that Treas. Reg. § 1.752-6 does not contain comparable rules to I.R.C. § 358(h); (4) that the abuse which Treas. Reg. § 1.752-6 is designed to combat is not the type of abuse contemplated by Act Section 309(c); (5) that Treas. Reg. § 1.752-6 was an improper "make-weight regulation" and an "obvious effort to bootstrap the government's litigating position with respect to so-called 'Son of Boss' cases,"*Id*. at *30; (6) that Treas. Reg. § 1.752-6 does not address the "acceleration and duplication" of losses mentioned in Act Section

309(c) because the transactions described in Notice 2000-44 do not involve accelerated or duplicated losses; and (7) even went so far to criticize the recent decision of *Cemco Investors, LLC v. United States*, 515 F.3d 749 (7th Cir. 2008) where the Seventh Circuit rejected without discussion many of the same arguments that *Sala* accepted. *Id*. at *30.

6. On April 24, 2008, the parties jointly moved to extend the reply dates for this and various other motions to May 16, 2008.

7. On April 28, 2008, the Court granted the joint motion to extend the reply deadlines.

8. On May 16, 2008, plaintiffs filed their Reply Memorandum in this matter, which relies heavily on the *Sala* case and attached it as an exhibit. In that memorandum, plaintiffs extensively quote from or paraphrase significant parts of the *Sala* decision, including presenting some of the essential *Sala* conclusions in graphic detail in bullet form. P. Reply Brief at 11.

9. Because it was issued one day after the filing of our opposition memorandum, the United States has not had the opportunity to respond to the *Sala* decision. Given that much of plaintiffs' Reply Memorandum is devoted to a discussion of *Sala* and its tortured legal analysis, which the United States considers as deeply flawed, we respectfully submit that we should be afforded the opportunity to respond to this recent decision. A sur-reply is certainly appropriate where a reply raises new issues not previously raised. *See Standard Federal Bank v. United States*, 51 Fed. Cl. 695, 701 (2002). This is, of course, true here.

10. Moreover, we believe the Court would greatly benefit if we are permitted leave to respond to the legal analysis of the *Sala* decision. For example, plaintiffs argue that the *Sala* court determined that I.R.C. § 358(h)(3) only *applies* to liabilities assumed in an exchange to

which section 351, 354, 355, 356, or 361 applies. According to plaintiffs, based on this premise, the court in *Sala* reasoned that, because all these sections involve corporate exchanges, the Section 309 grant of authority could only relate to contingent liabilities assumed in a corporate exchange P. Reply Mem. at 11. What plaintiffs and the *Sala* court overlook, however, is that the terms of Act Section 309(c) do not refer to liabilities to which § 358(h) *applies*; rather, this statute refers to liabilities *described in* § 358(h)(3). This is no insignificant drafting difference. *See Busse v. Comm'r*, 479 F.2d 1147 (7th Cir. 1973) (exception in former § 483(f)(4) for transfers "described in section 1235(a)" did not require that the transfer so *described* also be a transfer to which the capital gain rule of § 1235 *applied*), *aff'g* 58 T.C. 389 (1972); *see also Paxton v. Comm'r*, 53 T.C. 202 (1969) (same). In short, the statutory term "described" has a different and more focused meaning than the word "applies," which the *Sala* court failed to appreciate. For this reason, as well as various others which we could present in a tightly-focused sur-rely, we respectfully believe that the *Sala* decision is wrong, and that the Court would greatly benefit by hearing our response to this decision issued one day after we filed our opposition to plaintiff's motion for partial summary judgment.

11. Additionally, there is another important reason justifying the United States filing a sur-reply. On May 12, 2008, the United States Court of Appeals for the Fifth Circuit decided *Kornman & Associates Inc. v. United States*, ___ F.3d ___, No. 06-11422, 2008 WL 2009848 (5th Cir., May 12, 2008), in which the court upheld the district court's grant of summary judgment, affirming the government's Notice of Final Partnership Administrative Adjustments in a tax shelter matter similar to the COBRA shelter at bar and discussing the cases cited in the memoranda of the parties to this matter. This decision was issued almost three weeks after we

filed our opposition memorandum on April 21, 2008.

12. Plaintiffs mention *Kornman* in its Reply Memorandum, but gives it only passing reference in a footnote. P. Reply Brief at 12, n38.

13. As with the *Sala* decision, the Government never had the opportunity to discuss *Kornman*. *Kornman* held that an obligation to close a short-sale constitutes a liability under IRC § 752 and, therefore, did not reach the question of the validity of Treas. Reg. § 1.752-6. However, the Fifth Circuit did make many comments highly relevant to plaintiffs' motion for partial summary judgment. For example, both plaintiffs and the *Sala* court relied heavily on *Klamath Strategic Inv. Fund, LLC v. United States*, 440 F.Supp.2d 608 (E.D. Tex. 2006), *cross-appeals docketed*, Nos. 07-40861, 07-40915 (5th Cir. Sept. 7, 2007, Sept. 19, 2007). *Sala* relied on *Klamath*, which in turn relied on *Snap-Drape, Inc. v. Commissioner*, 98 F.3d 194, 197 (5th Cir. 1996) for the proposition that, while "legislative" regulations are entitled to full *Chevron* deference, "interpretive" regulations are given less deference. Notwithstanding that the Seventh Circuit held that Treas. Reg. § 1.752-6 is legislative and valid, *Cemco*, 515 F.3d at 752-53, *Sala* followed *Klamath* and found the regulation to be "interpretive." *Kornman*, however, while not reaching this issue, did note that, subsequent to its decision in *Snap-Drape*, other circuits have held that **all** Treasury Regulations, whether "legislative" or "interpretive", are entitled to full *Chevron* deference. *Kornman*, 2008 WL 2009848 at *9, n.10.

13. Particularly relevant to the instant motion involving the validity of Treas. Reg. § 1.752-6 , the Fifth Circuit began its analysis as following:

> Before we begin our excursion into Subchapter K, we would be remiss if we did not comment on the elephant in the room. The Trust acknowledges that it only suffered a $200,000 economic loss in connection with these transactions, yet it claimed a $102.6 Million tax

> loss on its return. The Trust used this fake loss in 1999 to offset over $2 Million in legitimate income and capital gains. . . . The Appellants' premeditated attempt to transform this wash transaction (for economic purposes) into a windfall (for tax purposes) is reminiscent of an alchemist's attempt to transmute lead into gold.

*Kornman*, 2008 WL 2009848, at *10.

14. The same kind of fake loss is at issue here and thus we respectfully submit the Court would also greatly benefit from our analysis of *Kornman* and where it may have some applicability to this case.

Therefore, the United States respectfully requests that the Court grant its motion for leave to file a sur-reply to Plaintiff's Reply to Plaintiff's Motion for Partial Summary Judgment.

Respectfully submitted,

s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

## CERTIFICATE OF CONFERENCE

On May 19, 2008, I spoke to Mr. Anthony Daddino, an attorney for Plaintiff and asked if Plaintiff would oppose the government's motion for leave to file a sur-reply. Mr. Daddino informed me that Plaintiff would oppose the motion.

s/ David M. Steiner
David M. Steiner
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892

## CERTIFICATE OF SERVICE

I hereby certify that on May 23rd, 2008, I electronically filed the foregoing **UNITED STATES' MOTION FOR LEAVE TO FILE A SUR-REPLY** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

s/ David M. Steiner
David M. Steiner
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892