**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**Nos. 06-245T, 06-246T, and 06-247T**
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

**PLAINTIFFS' MOTION TO CONFIRM JURISDICTION**

Plaintiffs file this Motion to Confirm Jurisdiction and respectfully request that the Court enter an order confirming that it has jurisdiction to consider and determine the reasonable-cause defenses of Plaintiffs' managing members to the Government's proposed accuracy-related penalties under Section 6662.[1] Alternatively, Plaintiffs request that this Court stay these proceedings until September 22, 2008, at which time the managing members intend to file with this Court refund suits relating to penalties, which they propose to join with these TEFRA proceedings.

[1] Unless otherwise noted, all references to "Section" refer to a section of the Internal Revenue Code of 1986, as amended.

## I. ISSUE PRESENTED

Section 6226(f) grants this Court jurisdiction to consider and determine accuracy-related penalties in a partnership proceeding. This grant includes jurisdiction over any partnership-level penalty defenses, including the reasonable-cause defense under Section 6664. Because a partnership can only act through its managing members, the federal courts have logically construed Section 6226(f) as conferring jurisdiction in a partnership proceeding over the reasonable-cause defenses of the partnership's managing members. Here, *every* member of the Plaintiffs is a *managing* member. Accordingly, does this Court have jurisdiction to hear and adjudicate these members' reasonable-cause penalty defenses?

**Short Answer**: **Yes**. The plain language of Section 6226(f) dictates, and interpreting case law confirms, that the reasonable-cause defenses of managing members of a partnership are properly determined in a partnership proceeding. Because *every* member of the Plaintiffs is a managing member, this Court has jurisdiction over all of their reasonable-cause defenses. [2]

## II. CASE BACKGROUND

In December 2005, the IRS issued FPAAs against Murphy Pork Partners, LLC, PSM Farms, LLC, and MURFAM Farms, LLC (collectively, the "Partnerships") for their tax year ended December 27, 2000.[3] The FPAAs proposed adjustments to the Partnerships' Form 1065 returns for tax year 2000, as well as accuracy-related penalties under Section 6662. In support of these penalties, the IRS alleged (among other things) that "there has not been a showing by the

[2] Plaintiffs assert that this Court has jurisdiction over the reasonable-cause defenses of all partners of a partnership, including non-managing partners, notwithstanding the language of Treasury Regulation 301.6221-1T. Because all of the members in these cases are managing members, however, it is not necessary to address the validity of Treasury Regulation 301.6211-1T at this time. Plaintiffs reserve the right to submit briefing on this issue should it become necessary.

[3] *See* Exhibit A, MURFAM FPAA; Exhibit B, PSM Farms FPAA; and Exhibit C, Murphy Pork FPAA.

Partnership or any of its Partners that there was reasonable cause for any of the resulting underpayments, that the Partnership or any of its Partners acted in good faith, or that any other exceptions to the penalty apply."[4]

In response, every member of the Partnerships remitted the jurisdictional deposit required under Section 6226(e) and on March 28, 2006, three complaints challenging the FPAAs were filed with this Court. The Complaints sought a reversal of all of the FPAA adjustments, including the proposed imposition of penalties. Specifically, the Complaints asserted that the members of the Partnerships are not subject to penalties under Section 6662 because "there was reasonable cause for any underpayment and the Partners acted in good faith as contemplated by Code Section 6664(c)(1)."[5]

## III. ARGUMENT

### A. This Court has jurisdiction to consider and determine in this TEFRA proceeding the reasonable-cause defenses of the managing members of Plaintiffs.

1. This Court has jurisdiction over penalties proposed against the Partnerships and defenses thereto, including any reasonable-cause defenses.

There is no question that this Court has jurisdiction over accuracy-related penalties in this TEFRA proceeding. Section 6221 expressly provides that "the tax treatment of any partnership item (and the ***applicability of any penalty***... which relates to an adjustment to a partnership item) shall be determined at the partnership level" (emphasis added).[6] Section 6226(f) coextensively declares that the court in a TEFRA proceeding shall have jurisdiction over all partnership items, including the applicability of any penalties:

---

[4] *Id.*
[5] MURFAM Complaint at ¶ 98; MPP Complaint at ¶ 92; PSM Farms Complaint at ¶ 93.
[6] 26 U.S.C. § 6221.

> A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the ***applicability of any penalty***, addition to tax, or additional amount which relates to an adjustment to a partnership item.[7] (emphasis added)

It is equally accepted that jurisdiction over the *applicability* of any penalty includes the determination of any partnership defenses to such penalties, including a reasonable-cause defense. Indeed, every court that has addressed the issue has adopted the basic premise that the partnership may assert its defenses to penalties in a TEFRA proceeding.[8]

2. This Court likewise has jurisdiction over the reasonable-cause defenses of the managing members of the Partnerships because their actions form the foundation of the Partnerships' reasonable-cause defenses.

The federal courts unanimously agree that reasonable-cause defenses of managing partners are properly considered in a TEFRA proceeding because their actions are core to the determination of the partnership's reasonable-cause defense.[9] For example, in *Klamath*, the court ruled that "…the reasonable cause exception may be considered at the partnership-level if it involves actions by the managing member partner."[10] The court went on to hold that partners in that case acted in good faith and with reasonable cause, and thus, established a reasonable-cause defense to penalties.[11]

A more recent example is the Court of Federal Claims decision in *Stobie Creek Investments, LLC*. There, the court agreed that the reasonable-cause defense of a partnership's

[7] 26 U.S.C. § 6226(f) (emphasis added).
[8] *See generally Klamath Strategic Investment Fund, LLC v. United States*, 472 F. Supp. 2d 885 (E.D. Tex. 2007), reconsid. denied, 2007 WL 1051766 (E.D. Tex. 2007*); Santa Monica Pictures v. Comm*., 89 T.C.M. (CCH) 1157, 2005 WL 1111682, 94-112 (2005); *Stobie Creek Investments, LLC v. United States*, 101 AFTR 2d 2008-1151 (Ct. Fed. Cl. 2008).
[9] *See id*.
[10] *Klamath Strategic Investment Fund, LLC*, 472 F. Supp. 2d at 904.
[11] *Id.*

general partner can be considered and decided at the partnership level.[12] In making this determination, the court noted that "[d]etermination of whether the partnership can avail itself of the 'reasonable cause' defense may turn on the same facts as a determination of whether the partnership's general partner can substantiate a 'reasonable cause' defense."[13] Yet another example is *Santa Monica Pictures*, where the Tax Court considered the experience of the tax matters partner and the opinions he relied upon as such in determining the applicability of defenses to accuracy-related penalties.[14]

*Jade Trading LLC* is consistent with this analysis.[15] None of the partners raising a reasonable-cause defense in that case was a managing partner, and therefore the court determined that it did not have jurisdiction over such defenses in the TEFRA litigation.[16] The Court distinguished *Klamath* on this basis, finding that "none of the Ervin LLCs were the managing members…."[17]

The DOJ Tax Division and the IRS have joined the unanimity on this issue. Both divisions have publicly expressed their opinion that the court in a TEFRA proceeding has jurisdiction over the reasonable-cause defenses of the partnerships' managing partners. For example, in *Stobie Creek*, the DOJ Tax Division made the following statement:

> [I]f an individual partner is the partnership's general partner, that partner's partner-level reasonable cause defense may be disposed of by the determination of the partnership-level reasonable cause defense, which is based on the actions of that partner because he or she was the general partner.[18]

---

[12] *Stobie Creek Investments, LLC v. United States*, 101 AFTR 2d 2008-1151 (Ct. Fed. Cl. 2008).
[13] *Id.*
[14] *Santa Monica Pictures*, 2005 WL 1111682 at 100-104.
[15] *Jade Trading LLC v. Comm.,* 80 Fed. Cl. 11 (Fed. Cl. 2007).
[16] *Id.* at 49.
[17] *Id.* at 49.; Plaintiffs contend that the Ohio district court's decision in *AWG Leasing Trust v. United States*, 101 AFTR 2d 2008-XXXX, 05/28/2008 also supports Plaintiff's position.
[18] *Jade Trading,* 80 Fed. Cl. 11, Def.'s Brief filed Feb. 11, 2008. A copy of the brief is attached as Exhibit D.

Likewise, in widely-circulated field guidance, the IRS National Office stated that partner-level penalties of the general partner should be decided in a partner-level proceeding:

> Good faith and reasonable cause of individual investors pursuant to I.R.C. § 6664 would be the type of partner level defense that can be raised in a subsequent partner-level refund suit. ***However, to the extent that the taxpayer effectively acted as a general partner and the intent of the general partner is determined at the partnership level, it is likely that such partnership level determination may also dispose of partner-level defenses under the unique facts of each case.***[19]

3. Because *every* member was a managing member, this Court has jurisdiction to determine the reasonable-cause defenses of *all* of the members of the Partnerships.

The Partnerships were ***member-managed*** limited liability companies. In other words, the Partnerships were managed solely by the collective action of the members. There were no general partners, managers, directors or officers. Rather, the governing agreement[20] for each Partnership expressly vested, in each of its members and in equal shares, the power and authority to manage the business and affairs of the Partnership:

> The Members are hereby vested with the full, exclusive and complete right, power and discretion to operate, manage and control the affairs of the Company and to make all decisions affecting the Company affairs . . . The Members shall have full, exclusive and complete discretion to manage and control the business and affairs of the Company, to make all decisions affecting the business and affairs of the Company and to take all such actions as it deems necessary and appropriate to accomplish the purpose of the Company as set forth herein.[21]

---

[19] *See* Industry Specialization Program Coordinated Issue, *Notional Principal Contracts*, 2005 WL 43711 (Jan. 6, 2005) (emphasis added); *see also* Industry Specialization Program Coordinated Issue, "*Basis Shifting" Tax Shelter*, 2002 WL 32351285 (Dec. 3, 2002) (emphasis added). Copies of the documents are attached as Exhibit E and Exhibit F, respectively.

[20] *See* Limited Liability Company Agreement of MURFAM Farms, LLC dated April 10, 2000 ("MURFAM LLC Agreement"), attached as Exhibit G; Limited Liability Company Agreement of PSM Farms, LLC dated April 10, 2000 ("PSM Farms LLC Agreement"), attached as Exhibit H; Limited Liability Company Agreement of Murphy Pork Partners, LLC dated April 10, 2000 ("MPP LLC Agreement"), attached as Exhibit I.

[21] *See* Exhibit G, MURFAM LLC Agreement at ¶¶ 1.6, 1.7; Exhibit H, PSM Farms LLC Agreement at ¶¶ 1.6, 1.7; and Exhibit I, MPP LLC Agreement at ¶¶ 1.6, 1.7.

These agreements establish that *every* member served as a manager and thus was a "managing member" of the Partnership in which he or she owned an interest. Consistent with this Court's decisions in *Stobie Creek* and *Jade Trading*, as well as *Klamath* and the *Santa Monica*, this Court has jurisdiction over the reasonable-cause defenses of *all* of the Partnerships' members in this TEFRA proceeding.

**B. Alternatively, this Court should stay these proceedings until September 22, 2008, at which time the members of the Partnerships intend to file refund suits for penalties already paid and move to join the suits with these TEFRA proceedings.**

If the Court determines that it does not have jurisdiction to consider the managing members' reasonable-cause defenses, Plaintiffs request that the Court stay these proceedings until September 22, 2008, at which time the members will file refund suits relating to the accuracy-related penalties at issue in these cases.

The IRS previously assessed against the individual members the penalties proposed by the FPAAs.[22] Despite concerns over the legality of the IRS' actions,[23] the members paid the assessed penalties and filed claims for refund with the IRS on March 21, 2008. [24] By no later than September 22, 2008, the members intend to file suit with this Court for a return of their penalty payments.[25] The Partners further intend to move this Court to join the refund suits with these TEFRA proceedings.

This brief hiatus would be justified on at least two grounds. First, it presents no prejudice to the Government. Second, it creates a judicially efficient result. Section 7491(c) places the burden of production on the Government regarding a partnership's liability for penalties where

---

[22] In fact, the IRS has already assessed the collective amount of tax, penalties and interest that would be assessed against the individual members of the Partnerships if the FPAAs were sustained in their entirety.
[23] Plaintiffs believe that the IRS' assessments against the members of the Partnerships (as described in footnote 23 above) were improper because they relate solely to the FPAAs and occurred while these TEFRA proceedings were pending.
[24] *See* Claims for Refund (without supporting exhibits), attached as Exhibit J through Exhibit Q.
[25] Pursuant to Code Section 6532(a), the Partners can file suits for refund in this Court when either 1) their claims are denied, or 2) more than 6 months has passed since the date the claims were filed, whichever occurs earlier.

the partnership claims a reasonable-cause defense to such penalties.[26] The Government will necessarily present the Court with evidence of the subjective intent of the managing members, [27] including their reasonable reliance on existing law and tax professionals to satisfy this burden. Indeed, the Government has already conducted substantial discovery aimed at determining whether the individual partners acted in "good faith" based upon "reasonable cause."[28] Consideration of the Partners' partner-level reasonable cause defenses would therefore conserve judicial resources and avoid the need for duplicative proceedings at the partner level.

## IV. CONCLUSION

The Internal Revenue Code confers jurisdiction over partnership penalties and defenses thereto in a TEFRA proceeding. In determining the partnership's reasonable-cause defense, the federal courts have held (with the blessing of DOJ Tax Division and the IRS) that TEFRA jurisdiction covers the reasonable-cause defenses of the partnership's managing partners, as it is through these partners that the partnership acts. Here, *every* member is a managing member of the Partnership in which he or she held an interest. Accordingly, this Court has jurisdiction to hear and adjudicate *all* of the managing members' reasonable-cause defenses. Alternatively, this Court should stay these proceedings for a few months until the managing members file their refund suits relating to penalties, which they propose to join with these TEFRA proceedings.

[26] 26 U.S.C. § 7491(c).
[27] *See* Treas. Reg. § 1.6664-4(d).
[28] Defendant has engaged in substantial discovery regarding the reasonable-cause penalty defenses for both the Partnership and the Partners, having (i) deposed every Partner and asked questions designed to develop the factors relevant to the reasonable-cause determination, see Treas. Reg. § 1.6664-4(b)(1), (ii) deposed Stuart Smith, who is offering expert testimony on the nature and quality of the tax opinions, which is another relevant factor in the reasonable-cause determination, and (iii) propounded a number of interrogatories related to reasonable-cause defenses, including an interrogatory that asks directly, "If you contend the penalties asserted in the FPAA should not be asserted, describe all legal theories and principal facts (including expert witness testimony) supporting your contention and identify all principal documents that support your contention." *See* United States' Interrogatories (No. 71 through 95) at Interrogatory No. 93, attached as Exhibit R.

Respectfully submitted,

By: s/Joel N. Crouch
Joel N. Crouch
Texas State Bar No. 05144220

MEADOWS, COLLIER, REED,
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile

jcrouch@meadowscollier.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

On this the 3rd day of June, 2008, counsel for Plaintiffs contacted counsel for the United States, David Steiner, regarding the relief sought in this Motion. Counsel for the United States stated that it is opposed to the granting of this Motion.

s/Anthony P. Daddino

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2008, a copy of the foregoing Motion was served upon counsel listed below via electronic means.

Dennis Donahue
John Lindquist
David M. Steiner
United States Department of Justice
Tax Division
P.O. Box 55 Ben Franklin Station
Washington, D.C. 20044

Joseph Pitzinger, Esq.
United States Department of Justice
Tax Division
717 North Harwood
Suite 400
Dallas, Texas 75201

***Attorneys for the United States***

s/Joel N. Crouch
Joel N. Crouch