**MEADOWS, COLLIER, REED, COUSINS & BLAU, L.L.P.**
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
901 MAIN STREET, SUITE 3700
DALLAS, TEXAS 75202
(214) 744-3700
www.meadowscollier.com

JOEL N. CROUCH, P.C. - Partner
DIRECT DIAL (214) 749-2456
jcrouch@meadowscollier.com

FAX (214) 747-3732
WATS (800) 451-0093

March 20, 2008

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Department of the Treasury
Internal Revenue Service
Atlanta, GA 39901-0002

Re: Wendell H. Murphy, Jr. & Wendy F. Murphy
Social Security Nos.:

Dear Sir/Madam:

Enclosed for filing please find Taxpayer's Form 843 Claim for Refund and Request for Abatement of previously-paid penalties and interest for tax year 2000.

If you have any questions or concerns, please contact the undersigned. A duly executed Power of Attorney authorizing the undersigned's representation is enclosed.

Very truly yours,

JOEL N. CROUCH, P.C.

By: [signature]
Joel N. Crouch, President

JNC/kme/364087
Enclosures

**EXHIBIT K**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
ATLANTA GA 39901-0002

(JNC M646A401 WHMJR & WFM 2000 843)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RECEIVED

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(*Transfer from service label*) 7007 0710 0000 3842 0070

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

7007 0710 0000 3842 0070

| | |
|---|---|
| Postage | $ 4.60 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 9.40 |

Postmark Here

Sent To / Street, Apt. No.; or PO Box No. / City, State, ZIP+4:

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
ATLANTA GA 39901-0002

(JNC M646A401 WHMJR & WFM 2000 843)

PS Form ... Instructions

Form **843** (Rev November 2005)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

► See separate instructions.

OMB No 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a*
*Do not use Form 843 if your claim is for—*
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel, or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290*

Type or print

| | |
|---|---|
| Name of claimant<br>Wendell H., Jr. and Wendy F. Murphy | Your SSN or ITIN |
| Address (number street and room or suite no)<br>P.O. Box 1087 | Spouse's SSN or ITIN |
| City or town state and ZIP code<br>Rose Hill, North Carolina 28458 | Employer identification number (EIN) |
| Name and address shown on return if different from above | Daytime telephone number |

1 **Period**. Prepare a separate Form 843 for each tax period
From January 1, 2000 to December 31, 2000

2 Amount to be refunded or abated
$6,607,108.00

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☒ Penalty—IRC section ► 6662

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays
☐ A penalty or addition to tax as a result of erroneous advice from the IRS

b Dates of payment ►

5 **Explanation and additional claims**. Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax If you need more space, attach additional sheets

See Attachment.

**Signature**. If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title

Under penalties of perjury, I declare that I have examined this claim including accompanying schedules and statements and, to the best of my knowledge and belief it is true correct and complete

* [signature] Date 03-17-08
Signature (Title if applicable Claims by corporations must be signed by an officer)

[signature] Date 03-17-08
Signature

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions

Form 843 (Rev 11-2005)

ISA
STF FED1524F

**ATTACHMENT TO IRS FORM 843 FILED BY:**

**WENDELL H. MURPHY, JR.**
**WENDY F. MURPHY**

---

## I. SUMMARY OF CLAIM FOR REFUND

The IRS Form 843 to which this Attachment relates is being filed by Wendell H. Murphy, Jr. ("Mr. Murphy") and Wendy F. Murphy ("Ms. Murphy") (collectively, the "Murphys") for the 2000 federal income tax year. This refund claim relates to the payment of penalties that the IRS prematurely and wrongfully assessed against the Murphys for tax year 2000.

## II. BACKGROUND

Mr. Murphy participated in transactions in tax year 2000 that the IRS has identified as Notice 2000-44 transactions. The transactions involved two partnerships, MURFAM Farms, LLC ("MURFAM") and Murphy Pork Partners, LLC ("MPP") (collectively, the "Partnerships"). On December 15, 2005 and December 16, 2007, the IRS issued Notices of Final Partnership Administrative Adjustment ("FPAA") to MPP and MURFAM, respectively, wherein it proposed adjustments to each Partnership's Form 1065 return for tax year ending December 27, 2000 as well as the imposition of accuracy-related penalties under IRC Sec. 6662.

The partners of MURFAM and MPP, including Mr. Murphy (collectively, the "Partners"), remitted to the IRS the jurisdictional deposit under IRC Sec. 6226 and filed complaints with the Court of Federal Claims challenging the respective FPAAs issued to the Partnerships (the "Complaints"). Copies of the Complaints are attached as Exhibits "A" and "B." These TEFRA proceedings are currently pending.

On July 3, 2006, while the TEFRA proceedings were pending, the IRS assessed tax, penalties and interest in the collective amount of $6,607,108, which the Murphys believe is the collective amount of tax, penalties and interest that would arise if the FPAAs were sustained in their entirety. The amount of the IRS penalty was $1,427,188, and was satisfied in part by (i) Mr. Murphy's existing jurisdictional deposit, and (ii) a tax overpayment for tax year 2005 in the amount of $802,768, which the IRS unilaterally carried back to tax year 2005. The IRS also assessed accrued interest with respect to this penalty amount, which was also satisfied from the aforementioned sources. The satisfaction of the assessed penalty and interest thereon is referred to herein as the "Payment."

The Murphys contend that the IRS' summary assessment, in its entirety, was improper because the items giving rise to the assessment were being litigated (and are currently being litigated) in TEFRA proceedings in the Court of Federal Claims. The Murphys believe that the Court of Federal Claims has exclusive jurisdiction over whether they are entitled to any return of their jurisdictional deposit, and that it is neither necessary nor appropriate to file a refund claim with the IRS for a return of the deposit monies. In the event the Court of Federal Claims' jurisdiction is limited to the underlying tax, and that the IRS may assess penalties relating to the FPAAs while the TEFRA proceedings are pending, all of which the Murphys contest, the Murphys hereby file this refund claim with respect to the Payment.

Under all circumstances, however, the Murphys hereby claim a full refund of the entire amount of their jurisdictional deposit that the IRS applied against its erroneous assessments against the Murphys' Form 1040 for tax year 2000. The facts giving rise to such refund claims are the same as those set forth in the Complaints.

## III. BASES FOR REFUND

The Complaints attached hereto as Exhibits A and B, and their attachments, are hereby incorporated by reference in their entirety and shall form part of this refund claim. All of the facts, issues and arguments raised therein are hereby adopted as facts, issues and arguments in support of this refund claim.

All capitalized items otherwise not defined herein shall have the meaning assigned to such terms in the attached Complaints.

1. *The Payment should be refunded because the Murphys are not subject to penalties under IRC Sec. 6662 for tax year 2000.*

The Murphys are not subject to penalties under IRC Sec. 6662 because they properly reported on the relevant tax year 2000 returns, including their 2000 Form 1040 return, the tax treatment of the items challenged in the FPAAs.

Alternatively, the Murphys are not subject to penalties under IRC Sec. 6662 because for any underpayment ultimately determined, there was reasonable cause for such underpayment and the Murphys acted in good faith as contemplated by IRC Sec. 6664(c)(1).

The Partners and the Partnerships sought and reasonably relied in good faith upon the advice, counsel and guidance of competent tax professionals, including but not limited to professionals at Proskauer Rose LLP and Ernst & Young, LLP, in determining the federal income tax consequences and proper reporting obligations relative to the Transactions before filing their respective federal income tax returns. The Partners were introduced to the Transactions by their long-time advisor Ernst & Young, LLP, which presented the Transactions as sound and legal business investments, both before and after tax considerations were taken into account. Ernst & Young, LLP ultimately provided advice regarding all aspects of the Transactions, including profit potential, investment strategy, choice of entities, business

structure, and accounting and tax reporting. The Partners at all times considered Ernst & Young, LLP to be a qualified and independent professional entity having no interest in the Transactions other than in the capacity of providing professional investment, accounting and tax advice. At the suggestion of Ernst & Young, LLP, the Partners obtained written legal opinions from Proskauer Rose LLP on December 29, 2000 (the "Opinions"), wherein Proskauer Rose LLP opined, on a more-likely-than-not basis, as to the federal income tax consequences of the Transactions. The conclusions set forth in the Opinions provided the bases for the manner in which the Transactions were reported for federal income tax purposes.

Alternatively, the Murphys are not subject to accuracy-related penalties under IRC Sec. 6662 because any tax liability ultimately determined is not attributable to: (a) negligence or disregard of rules or regulations; (b) any substantial understatement of income tax; or (c) any substantial or gross valuation misstatement under Chapter 1 of the Internal Revenue Code. By way of illustration, and not limitation, the Murphys are not subject to these penalties because:

a. Any understatement ultimately determined is attributable to items for which the relevant facts were adequately disclosed in the Partnerships' and the Murphys' federal tax return or in a statement attached thereto, and there is a reasonable basis for the tax treatment of such items.

b. Any understatement ultimately determined is attributable to the tax treatment of items for which there is or was substantial authority for such treatment, and, furthermore, the Murphys reasonably believed that the tax treatment of such items by them was more-likely-than-not the proper treatment.

2. ***Any understatement determined is limited to a 20% penalty.***

Moreover, in the event it is ultimately determined that accuracy-related penalties under IRC Sec. 6662 apply to any understatement determined for tax year 2000, the penalty is limited to a 20% penalty. The 40% penalty under IRC Sec. 6662(h) is only applicable if the underpayment of tax is "attributable to one or more gross valuation misstatements." If the

Government prevails in these cases, the Transactions' tax benefits will be totally disregarded. In *Heasley v. Commissioner* the Fifth Circuit made clear that,

> "[w]henever the I.R.S. totally disallows a deduction or credit, the IRS may not penalize the taxpayer for a valuation overstatement included in the deduction or credit. In such a case, the underpayment is not attributable to a deduction valuation overstatement. Instead, it is attributable to claiming an improper deduction or credit."

*Heasley v. Commissioner*, 902 F.2d 380, 383 (5th Cir. 1990); *see also Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004).

At least one district court has recently extended this holding to a TEFRA proceeding where the IRS totally disallowed the tax benefits of a transaction involving an alleged misstatement of basis. *Klamath Strategic Investment Fund, LLC v. United States*, 472 F. Supp. 2d 885 (E.D. Tex. 2007). As set forth in the FPAAs, the IRS has alleged the same type of basis misstatement in these cases. Accordingly, if the Transactions at issue in these cases are disregarded and a resulting underpayment is ultimately determined, the 40% penalty does not apply.

## IV. CONCLUSION

For the reasons stated above, the Murphys are entitled to and hereby request a refund of the Payment.