# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**Nos. 06-245T, 06-246T, and 06-247T**
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC** | § |
| **By and Through Wendell H. Murphy, Jr.** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

---

## UNITED STATES' INTERROGATORIES (NOS. 71 THROUGH 95)

---

Pursuant to Fed.R.Civ.Pro. 26 and 33, the United States hereby asks you to answer the following interrogatories fully, in writing, and under oath. The United States requests further that you serve your answers upon the United States within 30 days of service of these interrogatories.

**EXHIBIT R**

## INTERROGATORIES

71. State each factual or legal issue you contend are dependent upon the value of the options on their contribution date to MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention, and identify all principal documents that support your contention.

ANSWER:

72. If you contend the option transactions had a reasonable possibly of profit in the hands of MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

73. If you contend the amount of the fees relating to the COBRA transaction paid to any third party or the treatment of the same fees on the tax returns of the S Corporations, partnerships or individual partners, are at issue in this case, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

74. If you contend MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC were formed for a legal purpose under state law and are partnerships in fact and not a factual sham, describe all legal theories and principal facts (including expert witnesses testimony) for such contention, including any theories and factual support for any claim that the partnerships were organized for other reasons than the sole purpose of avoiding federal and state income taxes and identify all principal documents that support your contention.

ANSWER:

**75.** Assuming MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC are legal partnerships under state law, if you contend MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC were not formed and availed of for other than the sole purpose of tax avoidance by artificially overstating basis in the partnership interest of its partners, describe all legal theories and facts (including expert witnesses testimony) for your contention and identify all principal documents that support your contention.

ANSWER:

76. If you contend the purchase of the offsetting option transactions and their contribution to MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC had economic substance and were not an economic sham describe all legal theories and principal facts

(including expert witnesses testimony) for such contention, and identify all documents that support your contention.

ANSWER:

77. If you contend the offsetting option transactions, viewed objectively, had a reasonable possibility of profit (other than in the hands of MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC inquired about in Interrogatory No. 72), describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

78. If you contend that absent the tax benefits, there were reasonable expectations that the LLCs or the purported partnerships would realize a profit in excess of the fees and transaction costs associated with the COBRA transactions, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

79. If you contend the offsetting option transactions had a non tax business purpose other than the creation of income tax losses, describe all legal theories and principal facts (including

expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

80. If you contend MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC had a non-tax business purpose, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

81. If you contend MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC (as defined under §1.701-2 of Income Tax Regulations) were not formed and availed of in connection with a transaction or transactions in taxable year 2000, a principal purpose of which was to reduce substantially the present value of its partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

82. If you contend that the obligations under the short positions (written call options) transferred to MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC do not constitute liabilities for purposes of Treasury Regulation §1.752-6T, the assumption of which by

the partnership should reduce the purported partners' bases in the partnership, but not below the fair market value of the purported partnership interest, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

83. If you contend that MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC and their partners entered into the option(s) positions or purchased the foreign currency or stock with a profit motive for purposes of §165(c)(2), describe all legal theories and principal factual support (including expert witnesses testimony) for such contention, and identify all documents that support your contention.

ANSWER:

84. If you contend that the offsetting (long and short) options are " separate" positions and not in substance a "single" position, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

85. What do you contend can be established under Section 723 as the adjusted bases of the long call positions (purchased call options), and the adjusted bases of any other contributions purportedly contributed by the partners to MURFAM Farms, LLC, PSM Farms, LLC, and

Murphy Pork Partners, LLC, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

86. If you contend that, in the cases of a sale, exchange, or liquidation of MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC, or the partners' partnership interests, either the purported partnerships or their purported partners have established that the bases of the partners' partnership interests were greater than zero for purposes of determining gain or loss to such partners from the sale, exchange, or liquidation of such partnership interest, state what you contend the purported partnerships or their purported partners have established the basis of the partnerships' or partners' partnership interest are, and describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER

87. If you contend the step transaction doctrine is not applicable in this case, requiring that the individual steps of the COBRA transaction be collapsed, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

88. If you contend MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC were used for other than the conduits to create an artificially inflated basis in the purported partners' partnership interests, which inflated basis could, in turn, then be allocated to property distributed to the purported Subchapter S corporations upon the prearranged dissolution of the purported partnerships, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER

89. If you contend the creation of the disregarded entities, the partnerships and the S Corporations and the contribution of the long and short offsetting options to the partnerships and the liquidation of the partnerships and the distribution of the partnerships' property on the liquidation of the partnerships to the purported subchapter S corporation were not prearranged and therefore can not be disregarded under the step transaction doctrine, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

90. If you contended in any attempt to obtain compensation or damages from the promoters or other third parties in connection with your participation in the COBRA transactions, that the documentation for the offsetting option transactions may not reflect the reality of these

transactions, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention *or* that you presented to the promoters or other third parties in pressing your attempt, and identify all principal documents that support your contention.

ANSWER:

91. If you contend that the documentation for the offsetting option transactions may not reflect the reality of these transactions, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

92. If you contend that the partners, partnerships or disregarded entities (LLCs) were at risk, in whole or in part, within the "at risk" rules of §465, for the short option(s) sold to Deutsche Bank, state the amount you contend was at risk under the "at risk" rules of §465 and describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

93. If you contend the penalties asserted in the FPAA should not be asserted, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

94. If you contend MURFAM Farms, LLC, PSM Farms, LLC, and Murphy Pork Partners, LLC or their partners had a reasonable belief the positions taken on the Form 1065 partnership returns and Form 1120S Subchapter S returns were more likely than not the correct treatment of the tax shelter and related transactions, describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

95. Do you contend that the COBRA transaction which you entered into is not a "tax shelter" within the meaning of Section 6662(d)(2)(C)? If you contend that the COBRA transaction which you entered into is not a "tax shelter" within the meaning of Section 6662(d)(2)(C), describe all legal theories and principal facts (including expert witnesses testimony) supporting your contention and identify all principal documents that support your contention.

ANSWER:

Respectfully submitted,

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

JONATHAN L. BLACKER
Attorney, Tax Division
Texas State Bar No. 00796215
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9765
(214) 880-9741 (FAX)
E-mail: Jonathan.Blacker2@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' Interrogatories has been made on the 25th day of September 2007, by mailing a copy of the interrogatories in hard copy to counsel for Mr. Woods, Joel Crouch, and by mailing a hard copy thereof to:

Joel N. Crouch
Meadows, Collier, Reid,
Cousins and Blau L.L.P.
901 Main Street, Suite 3700
Dallas Texas 75202

F. Anthony Paganelli
Sommer Barnard, P.C.
One Indiana Square, Ste. 3500
Indianapolis, IN 46204

Dennis M. Donohue
John A. Lindquist
David M. Steiner
Trial Attorney, Tax Division
U.S. Dept. of Justice
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044

Jonathan L. Blacker
Trial Attorney, Tax Division
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, TX 75201
(214) 880-9765