**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**Nos. 06-245T, 06-246T, and 06-247T**
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC** | § |
| **By and Through Wendell H. Murphy, Jr.** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE UNITED STATES' NOTICE OF RELEVANT LAW REVIEW ARTICLE**

The United States opposes defendants' motion to strike the government's Notice of Relevant Law Review Article. Plaintiffs grossly mischaractarize the article as "the equivalent of opinion testimony . . . which is . . . unforgivably tardy (more than one year after the exchange of expert reports). . . ." This is simply incorrect. The noticed article is in no way, shape, or form an expert report. The government's attorneys in this matter did not hire the article's authors or in

any way encourage the writing of this article. Nor does this article deal with the specific facts of the COBRA transactions at issue. Rather, the article deals with a broad array of legal issues, some of which are now pending before the Court. Most particularly, this article directly addresses arguments made by the plaintiffs in their Motion for Partial Summary Judgment in which plaintiffs seek to have the Court declare Treas. Reg. § 1.752-6 invalid. For example, the article states:

> In challenging the validity of the retroactive regulations, taxpayers have advanced various arguments, some of them hovering on the borderline between the creative and the frivolous. For example, in one case involving an offsetting-option shelter, the taxpayers argued that the retroactive regulations went beyond the Congressional directive to prevent "acceleration or duplication" of losses and reached transactions that create as "single" artificial loss; unfortunately, they neglected to point out that the transactions did in fact result in duplication of loss – once at the partnership level when the options expired and again on sale of the inflated-basis property. Similarly, attempts to confine the Congressional directive to transactions involving liabilities transferred by partnerships to corporations contradict the plain language of the directive and undermine its evident purpose. A more insidious line of argument suggests that contingent-liability shelters would have withstood scrutiny under prior law had the retroactive regulations not abruptly changed the prevailing understanding of § 752 liabilities reflected in *Helmer*. This line of argument misrepresents the state of prior law by ignoring the Service's policy-based definition of § 752 liabilities as well as the partnership anti-abuse rule and the longstanding doctrine of economic substance. Moreover, it distracts attention from the scope of the Congressional directive and portrays the retroactive regulations as an unprincipled attempt by the government to bolster its litigating position.[1]

This analysis is directly relevant to the arguments plaintiffs make in their motion for partial summary judgment. Moreover, plaintiffs' argument that the noticed article intrudes upon

[1] Burke, Karen C. and McCouch, Grayson M.P., "Cobra Strikes Back: Anatomy of a Tax Shelter" San Diego Legal Studies Paper No. 08-23, at 38-39 (June 19, 2008)(footnotes omitted).

the function of the Court insofar as it provides "testimony on legal issues" is not well taken. The article provides no testimony at all, but rather legal analysis. Such analysis would indeed be improper if the noticed article were, as plaintiffs attempt to mischaracterize it, an expert report. Such is not the case. The article is not an expert report, but independent and scholarly analysis, the writing of which was not sought or encouraged in any way by the government. Plaintiffs are absolutely right that the time for expert reports has passed. Therefore, plaintiffs' alternative request for "the opportunity to offer opinion testimony by other respected members of the tax community" is inappropriate. The time for either party to seek out and hire others to write analysis for this case has long since passed. If, however, either party becomes aware of published authority or analysis directly relevant to the legal issues presented on plaintiff's motion, not only does the party have the right to notify the Court, the party may have an obligation to so notify the Court. The Court should be made aware of any authority which will assist it in the resolution of pending legal issues. *See, e.g.*, Federal Rule of Appellate Procedure 28(j).[2] Therefore, in the event that plaintiffs find any recent scholarly articles, unsolicited by plaintiffs, which state that courts should find Treas. Reg. § 1.752-6 invalid, by all means plaintiffs should bring such articles to the Court's attention.

---

[2] While appellate courts have wide discretion in what they may accept as authority under Rule 28(j), the proffered material must be relevant, as this article undoubtedly is. If, however, the proffered material is irrelevant, the Court should reject it. For example, if the proffered material consists of unpublished views of a governmental agency on the law, the Court should give it no weight. *See United States v. Lachman*, 387 F.3d 42, 53-54 (1st Cir. 2004) (no weight given to the affidavit of former Dept. of Commerce official, proffered under Rule 28(j), giving his opinion of the meaning of "specially designed" as used in 15 C.F.R. § 399.1, supp. 1 (1988) because unpublished views of agency officials are irrelevant to a court's interpretation of a regulation).

Respectfully submitted,

s/ Dennis M. Donohue
DENNIS M. DONOHUE
Attorney of Record

U.S. Department of Justice - Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2008, I electronically filed the foregoing Opposition to Plaintiffs' Motion to Strike with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

s/ David M. Steiner
David M. Steiner
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892