**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**Nos. 06-245T, 06-246T, and 06-247T**
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

**NOTICE OF RELEVANT JUDICIAL DECISION**

PLEASE TAKE NOTICE THAT on July 8, 2008, the Massachusetts federal district court in *Fidelity Internat'l Currency Advisor A Fund, LLC v. United States*, Case No. 05cv40151-FDC, issued two rulings that are relevant to matters pending before this Court.

First, the district court allowed, in part, the expert testimony of Stuart Smith. *See* Ex. A, 22:19 – 24:11. Mr. Smith proffered testimony—analogous to the testimony he offers here—that the tax opinions rendered by law firms in that case were objectively reasonable, complied with professional requirements of the tax profession and the specific requirements of Treasury Circular 230, and constituted opinions upon which a taxpayer could reasonably rely. The court ruled that it would permit Mr. Smith to testify on whether the tax opinions were objectively reasonable and whether the opinions satisfy professional requirements and Circular 230, but it

would restrict testimony on whether a taxpayer could reasonably rely on the opinions. The court noted that if it agreed with Mr. Smith's conclusion that the tax opinions were objectively reasonable, then "it's a small inference from which - - for which I don't need expert assistance that it would be reasonable for a taxpayer to rely on those opinions." *Id*. at 24: 4-8.

Second, the district court limited the expert testimony of David LaRue. *See* Ex. A, 13:1–15:7. LaRue intended to offer—as he purports to offer here—testimony on the manner in which the transactions were reported on the relevant tax returns and whether that reporting was designed to reduce or minimize the actual or perceived risk of detection and audit by the IRS. The court expressed concern over LaRue's use of the word "design" and thusly excluded his testimony on intent: "I'm going to permit him to testify in general terms as to the effect, or likely effect, of how the transaction was reported, but not to the *purpose* of how it was reported" (emphasis added)." *Id*. at 14: 21-24.

The judge presiding over the *Fidelity* case, Judge Saylor, issued these rulings from the bench during a status conference. A copy of the status conference transcript is attached as Exhibit A.

Respectfully submitted,

By: s/Joel N. Crouch
Joel N. Crouch
Texas State Bar No. 05144220

MEADOWS, COLLIER, REED,
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile

jcrouch@meadowscollier.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2008, a copy of the foregoing Notice was served upon counsel listed below via electronic means.

Dennis Donahue
John Lindquist
David M. Steiner
United States Department of Justice
Tax Division
P.O. Box 55 Ben Franklin Station
Washington, D.C. 20044

Joseph Pitzinger, Esq.
Jonathan Blacker, Esq.
United States Department of Justice
Tax Division
717 North Harwood
Suite 400
Dallas, Texas 75201

***Attorneys for the United States***

s/Joel N. Crouch
Joel N. Crouch