# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## Nos. 06-245T, 06-246T, and 06-247T
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC** | § |
| **By and Through Wendell H. Murphy, Jr.** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

---

**UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO CONFIRM JURISDICTION**

---

DENNIS M. DONOHUE
Chief Senior Litigation Counsel
U.S. Department of Justice, Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii - iv

APPENDIX.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. THIS COURT'S JURISDICTION IS LIMITED TO THE DETERMINATION OF PARTNERSHIP ITEMS AND THE APPLICABILITY OF ANY PENALTIES AND DOES NOT INCLUDE PARTNER-LEVEL DEFENSES OF INDIVIDUAL PARTNERS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. THE COURT SHOULD DENY PLAINTIFFS' ALTERNATIVE REQUEST FOR A STAY PENDING REFUND SUITS WHICH PLAINTIFFS WILL SEEK TO JOIN WITH THESE TEFRA ACTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III. THIS TEFRA ACTION IS NOT A SUIT FOR REFUND OF TAXES UNDER THE COURT'S JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV. EVEN IF THIS COURT HAD JURISDICTION TO DETERMINE PARTNER-LEVEL DEFENSES IN THIS ACTION, THE INDIVIDUAL PLAINTIFFS ARE NOT PARTICIPATING PARTIES . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

### FEDERAL CASES

*ACM P'ship v. Comm'r*,
157 F.3d 231(3d Cir. 1998). . . . . . . . . . 6

*Adkison v. Commissioner*,
129 T.C. 97 (2007). . . . . . . . . . 10

*Agro Science Co. v. Comm'r*,
934 F.2d 573(5th Cir. 1991). . . . . . . . . . 6

*Callaway v. Commissioner*,
231 F.3d 106 (2d Cir. 2000). . . . . . . . . . 12

*Cemco Investors, LLC v. United States*,
515 F.3d 749 (7th Cir. 2008). . . . . . . . . . 5

*Draper v. United States*,
62 Fed.Cl. 409 (2004). . . . . . . . . . 8

*Jade Trading LLC v. United States*,
80 Fed.Cl. 11 (2007). . . . . . . . . . 4

*Klamath Strategic Investment Fund, LLC v. United States*,
440 F.Supp.2d 608 (E.D. Tex. 2006), *cross-appeals docketed*,
Nos. 07-40861, 07-40915 (5th Cir. Sept. 7, 2007, Sept. 19, 2007). . . . . . . . . . 5

*Long Term Captital Holdings, LP v. United States*,
330 F.Supp.2d 122 (D. Conn. 2004),
*aff'd*, 2005 WL 2365336 (2d Cir. 2005). . . . . . . . . . 3, 4

*Murphy Pork Partners, LLC, v. United States*,
Fed. Cl. 06-247. . . . . . . . . . 7

*Santa Monica Pictures LLC v. Commissioner*,
89 T.C.M. (CCH) 1157 (2005), 2005 WL 1111792. . . . . . . . . . 4

*Simon v. Comm'r*,
830 F.2d 499 (3d Cir. 1987). . . . . . . . . . 6

*Stobie Creek Investments, LLC v. United States*,
101 A.F.T.R.2d 2008-1151 (Fed.Cl. March 10, 2008). . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 11, 12, 13

*Tallal v. Commissioner*,
778 F.2d 275 (5th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Dalm*,
494 U.S. 596 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**FEDERAL STATUTES**

26 U.S.C. ("IRC") § 6231(a)(2)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
28 U.S.C. § 1491. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12
28 U.S.C. § 1508. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11
IRC § 6221. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
IRC § 6225(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
IRC § 6226(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 12
IRC § 6230. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11
IRC § 6662. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3
IRC § 6664(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
IRC § 7422(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**FEDERAL REGULATIONS**

Treas. Reg. § 301.6221-1T. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 11

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## Nos. 06-245T, 06-246T, and 06-247T
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC** | § |
| **By and Through Wendell H. Murphy, Jr.** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

---

**APPENDIX TO UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO CONFIRM JURISDICTION**

---

| # | Description | Pages |
|---|---|---|
| A1 | Various pages of the Deposition of Wendell H. Murphy, Sr. | 001-004 |

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## Nos. 06-245T, 06-246T, and 06-247T
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC** | § |
| **By and Through Wendell H. Murphy, Jr.** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

## UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO CONFIRM JURISDICTION

Plaintiffs move for an order confirming this Court's jurisdiction to consider and determine the reasonable-cause defenses of the individual partners to asserted accuracy-related penalties under IRC § 6662 or, in the alternative, to stay this action. Plaintiffs argue that all the individual partners are managing partners, and, accordingly, may raise reasonable-cause defenses in this partnership-level proceeding. While the United States agrees that the managing partners



3479945.1

of the partnerships may raise partnership-level reasonable-cause defenses in this consolidated proceeding, the question of whether all of the individual partners are in reality managing partners is an issue of fact which can not be properly decided in plaintiffs' self-styled Motion to Confirm Jurisdiction. Moreover, even if it were proven true at trial that all of the individual partners were managing partners, such managing partners could only assert reasonable-cause defenses which would constitute partnership-level defenses. They could not raise any defenses (based on reasonable-cause or other grounds) that were strictly partner-level defenses.

Finally, plaintiffs' alternative request that Court should stay this case until their individual claims for refund would permit them to file separate refund actions for the penalties is equally meritless because their refund claims were filed prematurely. Claims for refunds raising partner-level defenses to the penalties can only be filed after the Internal Revenue Service has issued notices of computational adjustment to the partners. Only then will the such claims rise to the level of a justiciable case or controversy.

For the reasons set forth below, the United States therefore respectfully requests that the Court deny plaintiffs' motion.

## ARGUMENT

## I.

## THIS COURT'S JURISDICTION IS LIMITED TO THE DETERMINATION OF PARTNERSHIP ITEMS AND THE APPLICABILITY OF ANY PENALTIES AND DOES NOT INCLUDE PARTNER-LEVEL DEFENSES OF INDIVIDUAL PARTNERS

Congress empowered this Court to "determine all partnership items of the partnership" and "the applicability of any penalty, addition to tax or additional amount which relates to an adjustment to a partnership item" in a partnership-level proceeding. IRC § 6226(f). That grant of jurisdiction follows the general scheme of subchapter C of Chapter 63, which provides that "the tax treatment of any partnership item (and the applicability of any penalty . . . which relates to a partnership item) shall be determined at the partnership level." IRC § 6221. Thus, there is no dispute that this Court has jurisdiction to determine all the partnership items of the partnerships and the "applicability of any penalty" in the FPAAs in this TERFA action.

In the FPAAs, the IRS not only made determinations adjusting the partnership items for the partnerships, but also determined that certain specific penalties were "applicable" at the partnership level to those partnership adjustments under IRC § 6662. The United States agrees that the Court has jurisdiction to determine whether the partnerships themselves have partnership-level reasonable cause defenses to any of the penalties, as provided in IRC § 6664(c). For example, in *Long Term Capital Holdings, LP v. United States*, 330 F.Supp.2d 122, 205 (D. Conn. 2004), *aff'd*, 2005 WL 2365336 (2d Cir. 2005), the court considered the partnership's reasonable cause defense, and concluded that reasonable cause was not proven in that partnership-level case. In doing so, it looked to the partnership's actions, through the general partner. As the court stated, "[t]he entity level inquiry relevant to this TEFRA proceeding is

whether Long Term had reasonable cause for and acted in good faith with respect to claiming approximately $100 million in losses. . . ." *Id.* at 205.

Similarly, in *Santa Monica Pictures LLC v. Commissioner*, 89 T.C.M. (CCH) 1157 (2005), 2005 WL 1111792, the court determined only the partnership's defenses, and looked to the actions of the partnership, through its managing member. The court found that, at the partnership level, the reasonable cause defense of the partnership was not proven. 2005 WL 1111792, at 2 and 112. Plaintiffs misread *Santa Monica Pictures* when they claim that the case supports a finding that individual partners may assert their individual defenses in a partnership-level proceeding (*see* Motion at 5). Indeed, the court in *Santa Monica* said just the opposite:

> Consequently, we have jurisdiction in this partnership-level proceeding to decide issues relating to the sec. 6662 penalties that respondent determined. Partner-level defenses, however, must be asserted in a separate refund action following assessment and payment.

2005 WL 1111792 at 124, n. 187.

This Court also addressed and decided the issue in *Jade Trading LLC v. United States*, 80 Fed.Cl. 11 (2007), a similar tax shelter case. In *Jade*, this Court expressly held that it lacked jurisdiction over partner-level reasonable cause claims, and that such claims could only be presented in a separate partner-level refund case. *Id.* at 59. As the Court stated, "[t]his is consistent with TEFRA's purpose of litigating all common partnership items at the partnership-level and deferring the unique individual defenses to the partner-level proceeding." *Id.* at 59-60.

This Court has also recently rejected a similar attempt by the partners of an alleged partnership involved in a similar tax shelter to have the Court declare that it had jurisdiction to determine individual reasonable-cause defenses in *Stobie Creek Investments, LLC v. United States*, 101 A.F.T.R.2d 2008-1151 (Fed.Cl. March 10, 2008). In that case, the Court recognized

that, notwithstanding that it would be more judicially efficient to decide the applicability of partner-level defenses in the TEFRA action, the Court could not do so because "the scope of judicial review is explicit." *Id.* at 2008-1152-53.

Plaintiffs also rely on *Klamath Strategic Inv. Fund, LLC v. United States*, 440 F.Supp.2d 608 (E.D. Tex. 2006), *cross-appeals docketed*, Nos. 07-40861, 07-40915 (5th Cir. Sept. 7, 2007, Sept. 19, 2007). This Court, however, has wisely refused to follow *Klamath*:

> [F]irst, because TEFRA itself plainly delineates two judicial proceedings-one at the partnership level, the other at the partner level; and second, because Judge Frank H. Easterbrook in *Cemco Investors, LLC v. United States*, [515 F.3d 749 (7th Cir. 2008)], just issued a withering rejection of the attempt of a federal court in another judicial circuit to declare the applicable implementing regulation invalid in *Klamath*. . . .

*Stobie Creek*, 101 A.F.T.R.2d at 2008-1152. This Court went on to state that "the court declines to put its head in the *Klamath* noose now established by the Seventh Circuit in *Cemco*. . . ." *Id.* at 2008-1154.

As this Court stated in *Stobie Creek*, Treas. Reg. § 301.6221-1T(c) "carries forward TEFRA's bifurcation of partnership-level determinations and partner-level proceedings." *Id.* at 2008-1153. This regulation states:

> Penalties determined at the partnership level (partnership taxable years ending after August 5, 1997). Any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item shall be determined at the partnership level. Partner-level defenses to such items can only be asserted through refund actions following assessment and payment. Assessment of any penalty, addition to tax, or additional amount that relates to the adjustment to a partnership item shall be made based on partnership-level determinations. Partnership-level determinations include all the legal and factual determinations that underlie the determination of any penalty, addition to tax, or additional amount, other than partner-level defenses specified in paragraph (d) of this section.

As this Court stated:

> Subsection (d) limits "[P]artnership-level defenses . . . to those that are personal to the partner or are dependent upon the partner's separate return and cannot be determined at the partnership level." *Id.* § 301.6221-1(d). The section 6664(c)(1) reasonable cause exception is listed as an example of a defense that cannot be determined at the partnership level. *Id.*

*Stobie Creek*, 101 A.F.T.R.2d 2008-1153.

Plaintiffs attempt to distinguish their cases from the above-referenced cases by claiming that, according to the documents establishing the purported partnerships, each of the partners was a managing partner. In *Stobie Creek*, the Court held that the "determinations of whether the partnership can avail itself of the 'reasonable cause' defense may turn on the same facts as a determination of whether the partnership's general partner can substantiate a 'reasonable cause defense.'" Id at 1152. Quoting from the government's brief, the Court noted that the United States agreed with this position. *Stobie Creek*, 101 A.F.T.R.2d 2008-1152. Indeed, it is well settled that the determination of a partnership's motives is determined by reference to the "individuals [who] control the partnership activities." [1]

Who controls the activities of the purported partnership is, however, strictly an issue of fact. Unlike *Stobie Creek*, where it was undisputed as to who was the general partner, plaintiffs' allegation that all of the individual partners here constituted the managing partners of the partnerships is highly suspect. The depositions of these partners revealed that they were not at all

[1]*Agro Science Co. v. Comm'r*, 934 F.2d 573, 576 (5th Cir. 1991). *See also, ACM P'ship v. Comm'r*, 157 F.3d 231, 258 n.53 (3d Cir. 1998) *Tallal v. Comm'r*, 778 F.2d 275, 276 (5th Cir. 1985); *Simon v. Comm'r*, 830 F.2d 499, 507 (3d Cir. 1987).

knowledgeable regarding the purported business purpose and/or activities of the partnerships.[2] This issue, as well as all other fact issues in this litigation, will have to be resolved at trial. It is certainly not appropriate to be decided by a party's motion prior to trial.

Moreover, it is worth noting that in a case such as *Stobie Creek* where it was undisputed as to who was the managing partner, the Court could without reservation hold that it could look to the activities of that specific partner in order to determine whether the partnership itself has any reasonable-cause defenses. *Id* at 1152. Such findings would then be a basis of collateral estoppel to any subsequent refund action that this partner might thereafter separately file. Plaintiffs in the cases at bar, however, may not sidestep this issue of fact as to who was the managing partner or partners of their partnerships or circumvent the limited jurisdiction of the Court in this partnership-level judicial proceeding simply by denominating by fiat each partner a managing partner. In such a case as these at bar, who made what decisions is a factual matter.

**II.**

[2] For example, according to the Complaint in *Murphy Pork Partners, LLC, v. United States*, 06-247, Wendell Murphy owned over 57% of the partnership through his wholly owned LLC, WHM Ventures, LLC, and was Tax Matters Partner. Complaint ¶¶ 3 and 4. His deposition, however revealed that he had never heard of Murphy Pork Partners, LLC, and did not know what WHM Ventures, LLC, was. Deposition of Wendell H. Murphy, Sr. ("WHM Dep.") at pp. 70-71. His deposition demonstrates that he knew nothing of what the partnerships were doing and he relied entirely on Ernst & Young. Mr. Murphy did not rely or even see the Proskauer Rose letter supposedly blessing the COBRA transaction. WHM Dep. At 79-81. In fact, neither Mr. Murphy nor anyone in his family even understood the COBRA transaction. WHM Dep. at 30-33. *See* Appendix annexed hereto.

**THE COURT SHOULD DENY PLAINTIFFS' ALTERNATIVE REQUEST FOR A STAY PENDING REFUND SUITS WHICH PLAINTIFFS WILL SEEK TO JOIN WITH THESE TEFRA ACTIONS**

As an alternative, plaintiffs ask that this Court stay the proceedings until September 22, 2008, when they plan to file refund suits which they will seek to join with these cases. As the United States stated in the Joint Preliminary Status Reports in these matters, "Defendant takes the position that Taxpayers' suits could not be properly joined in consolidated with [these cases]." JPSR (f).

This Court will not have subject-matter jurisdiction over these suits. The Court's jurisdiction to entertain a suit for the refund of taxes depends on the filing of a valid claim for refund. IRC § 7422(a); *United States v. Dalm*, 494 U.S. 596, 601-02 (1990); *Draper v. United States*, 62 Fed.Cl. 409, 411-12 (2004). To be valid, the taxpayer must timely file the claim. *Dalm*, 494 U.S. at 602; *Draper*, 62 Fed.Cl. At 411. For the reasons explained below, the claims for refund described in plaintiffs' motion would not be timely.

On page seven of their motion, plaintiffs argue that the IRS improperly assessed the tax, penalties and interest due from the partners based on the determinations in the FPAA. To begin with, the assessments were proper. The Tax Court is generally the only prepayment forum for litigating tax disputes, and the TEFRA provisions of the Code are no exception. Section 6225 prohibits the assessment and collection of amounts attributable to adjustments to partnership items until the Service issues an FPAA and, if a proceeding is begun in Tax Court, until the decision of the Tax Court in the partnership-level proceeding has become final. Because plaintiffs filed suit in the Court of Federal Claims rather than the Tax Court, the partners were required to deposit amounts equal to the tax adjustments determined in the FPAAs and the

Service was not prohibited from assessing those amounts. *See* §§ 6226(e) and 6225(a)(1).

Even though the tax, penalties, and interest have been assessed and paid, however, the claims for refund filed by the partners in these cases were premature and therefore are invalid. Section 6230(c) allows a partner to file a claim for refund on the ground that the Service erroneously imposed a penalty following partnership level proceedings. Such a claim must be filed "within 6 months after" the Service mails the notice of computational adjustment to the partner. *See* Section 6230(c)(1)(C) and (c)(2)(A). The Service made assessments against the partners in these cases, but the Service will not mail notices of computational adjustment to the partners until after the partnership-level proceedings have concluded.

After this case is completed, the individual partners could eventually file refund cases, if the IRS erroneously implements this Court's determination of the alleged partnerships' items in the computational adjustments which the IRS will send out at the conclusion of this litigation, or if any of the individual partners wishes to assert partner-level defenses to the payment of penalties. *See* 26 U.S.C. § 6230(c)(1) and (c)(4) and 6231(a)(2)(B). This case, however, is only a proceeding to determine the partnership items of the partnerships and the applicability of any penalties at the partnership level.

Because no notices of computational adjustment have been mailed, the partners' claims for refund were not filed within six months after the mailing of the notices of computational adjustments. Each partner's claim will not crystallize into a justiciable case or controversy until the underlying partnership-level proceeding is final and the Service has issued to the partners notices of computational adjustment. *See Adkison v. Commissioner*, 129 T.C. 97, 105-06 (2007)(interpreting identical language for claims for refund to raise an innocent spouse issue

following partnership-level proceedings).

## III.

## THIS TEFRA ACTION IS NOT A SUIT FOR REFUND OF TAXES UNDER THE COURT'S JURISDICTION

It appears that plaintiffs are effectively attempting to turn this TEFRA partnership-level litigation into a refund action. This they cannot do. Plaintiffs filed these cases, and the Court has jurisdiction, under 28 U.S.C. § 1508, which grants the Court of Federal Claims "jurisdiction to hear and to render judgment upon any petition under section 6226 . . . of the Internal Revenue Code." In Section 6226(f) of the Code, Congress gave this Court limited jurisdiction:

> [T]o determine all partnership items of the partnership for the taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount, which relates to an adjustment to a partnership item.

Nothing in Sections 1508 or 6226(f) grants this Court any additional jurisdiction in these cases to order a refund of any taxes paid or collected. Indeed, because partnerships are pass-thru entities, and do not pay income taxes, a refund is not possible in this TEFRA proceeding. A refund is possible only to the partners, against whom the IRS will make computational adjustments based on the result of this case. *See* IRC §§ 6230(c) and 6231(a)(6) and (a)(10).

To be sure, as noted, the TEFRA partnership provisions permit the IRS to assess and collect the amounts due as a result of the adjustment of partnership items and application of penalties in an FPAA, and to do so even though a partnership has filed a TEFRA action in a district court or the Court of Federal Claims. The TEFRA provisions restrict assessment and

collection only if the partnership files its case in the Tax Court. *See* IRC §§ 6225(a), 6230(a)(1), and 6231(a)(6) and (a)(10). Pursuant to these provisions, the IRS has assessed and collected amounts due from the partners of the alleged partnerships in these cases. The IRS, however, has issued no computational adjustments and, as just discussed, any refund suits would be premature. *See* IRC §§ 6230(c)(1)(C) and 6230(c)(2)(A).

Indeed, this Court rejected the very same argument in *Stobie Creek*, stating:

> Finally, plaintiffs ask for leave to amend their complaint to seek a refund under 28 U.S.C. § 1491(a)(1) (2000), the Court of Federal Claims' general jurisdictional statute. Because the IRS has seized refunds for tax year 2006, which plaintiffs duly have sought to curtail, plaintiffs contend that they have perfected refund claims. The Court of Federal Claims cannot turn this partnership-level proceeding under TEFRA's scripted procedures into a refund action. Partnership-level proceedings under TEFRA do not result in refunds; rather, they normalize in one proceeding the tax treatment of partnership items for all partners' return. TEFRA creates a self-contained two-tiered process that provides for determination in a partner-level proceeding of defenses to penalties applicable to the partners. The Tucker Act refund action is available should the involved partner entities or entities or entities whose tax liabilities flow therefrom challenge the IRS's computational adjustments to their eventual income tax liabilities. I.R.C. §§ 6230(c)(1), (4), 6231 (a)(2)(A), (B).

*Stobie Creek*, 101 A.F.T.R.2d 2008-1154-55.

In sum, this is not a refund case, and could not be a refund case over which this Court would exercise jurisdiction under IRC § 1491(a)(1). If this were a proper taxpayer refund suit, brought by the individuals who actually paid the taxes, this Court could not readust the partnership items of the alleged partnerships. *See* IRC § 6230(c)(4) and Treas. Reg. § 301.6221-1(a). A case cannot be both a partnership-level proceeding under IRC § 6226 and 28 U.S.C. § 1508 and a taxpayer refund action under 28 U.S.C. § 1491. *See, e.g.*, *Callaway v. Commissioner*, 231 F.3d 106, 108 (2d Cir. 2000).

After this case is completed, the individual partners could eventually file refund cases, if

the IRS erroneously implements this Court's determination of the alleged partnerships' items in the computational adjustments which the IRS will send out at the conclusion of this litigation, or if any of the individual partners wishes to assert partner-level defenses to the payment of penalties. *See* 26 U.S.C. § 6230(c)(1) and (c)(4) and 6231(a)(2)(B). This case, however, is only a proceeding to determine the partnership items of the partnerships and the applicability of any penalties at the partnership level.

**IV.**

**EVEN IF THIS COURT HAD JURISDICTION TO DETERMINE PARTNER-LEVEL DEFENSES IN THIS ACTION, THE INDIVIDUAL PLAINTIFFS ARE NOT PARTICIPATING PARTIES**

The individual partners are parties to the TEFRA action according to IRC §§ 6226(c)(1) and 6228(a)(4)(ii). RCFC App. F contains the rules for partners wishing to participate in partnership actions. Rule 4(b) prescribes that a partner who wishes to participate in a partnership action, apart from the particular partner who filed the complaint, shall file a notice of election. Rule 6(b) stipulates that the parties to the proceeding are "the partner who filed the complaint and such other partners who have filed . . . a notice of election. . . ." The partners herein filed no such notices. *Stobie Creek*, while acknowledging that there may be some inconsistency between Rule 2, which establishes the statutory primacy of the identity of the parties, and Rules 4 and 6, stated that:

> [I]t does not create any right to demand partner-level defense determinations as part of the partnership-level judicial proceedings. Although individual plaintiff LLCs may stipulate with the IRS to be bound by findings in the partnership-level proceedings insofar as they relate to the imposition of penalties on individual partners, a partner cannot obtain a ruling that would foreclose the Government from challenging in any later partner-level proceeding the defense that an

> individual partner's reliance on [the one and only managing partner] (including his actions and whatever he relied upon) was reasonable.

*Stobie Creek*, 101 A.F.T.R.2d 2008-1154.

Once again, plaintiffs cannot circumvent the requirement of bifurcated hearings by denominating by fiat all the partners as managing partners. What management, if any, any particular partner performed is a fact question for trial, and any subsequent refund actions would have to take place in another proceeding.

**CONCLUSION**

For the reasons described above, this Court lacks subject-matter jurisdiction over partner-level reasonable cause defenses. Moreover, any refund claims before the conclusion of this TEFRA matter are premature. The United States respectfully requests that the Court deny plaintiffs' motion.

Respectfully submitted,

/s/ Dennis M. Donohue
DENNIS M. DONOHUE
CHIEF SENIOR LITIGATION COUNSEL
OFFICE OF CIVIL LITIGATION
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6492
Facsimile: (202) 307-2504
E-mail: dennis.donohue@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 1st, 2008, I electronically filed the foregoing **UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO CONFIRM JURISDICTION** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

s/ David M. Steiner
David M. Steiner
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892