# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## Nos. 06-245T, 06-246T, and 06-247T
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC** | § |
| **By and Through Wendell H. Murphy, Jr.** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

## NOTICE OF RELEVANT JUDICIAL DECISION

**PLEASE TAKE NOTICE THAT** in the spirit of Federal Rule of Appellate Procedure Rule 28(j), the United States hereby informs the Court that, on July 31, 2008, The United States Court of Federal Claims entered a final decision in the matter of *Stobie Creek Investments, LLC, v. United States*, Nos. 05-748T and 07-520T (Fed.Cl. July 31, 2008), which involved an issue as to the validity of that Treas. Reg. § 1.752-6 (the "Regulation"). The Court held that the

Regulation was invalid as applied retroactively. The Court determined that Section 309 of the Community Renewal Tax Relief Act of 2000 did not authorize the Regulation because, in the Court's view, the Regulation did not address either acceleration or duplication of losses. Therefore, the Court found that the Regulation was not owed *Chevron* deference.

The United States respectfully disagrees with the Court's holding regarding the Regulation. The Regulation can indeed apply, as here, to a circumstance where losses are duplicated, once at the partnership level when the options expire or are terminated and again on the sale of the property whose inflated basis is derived from the long option. Even, if, however, Section 309 did not authorize the Regulation and the Regulation were therefore interpretive, it is the position of the United States, for the reasons outlined in Part G of the United States' Sur-Reply Memorandum, DE #72, the Regulation is nevertheless entitled to *Chevron* deference. The Court may wish the parties to address this issue in supplemental briefs.

A copy of the decision in annexed hereto.

Respectfully submitted,

s/ Dennis M. Donohue
DENNIS M. DONOHUE
Attorney of Record

U.S. Department of Justice - Tax Division
Post Office Box 403
Ben Franklin Station
Washington, D.C. 20044
(202) 307-6492

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2008, I electronically filed the foregoing Notice with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Joel N. Crouch
Texas State Bar No. 05144220
Meadows, Collier, Reed
Cousins & Blau, L.L.P.
901 Main Street, Suite 3700
Dallas, Texas 75202

s/ David M. Steiner
David M. Steiner
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-5892