**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**Nos. 06-245T, 06-246T, and 06-247T**
**(Consolidated)**

| | |
|---|---|
| **MURFAM FARMS, LLC,** | § |
| **By and Through Wendell H. Murphy Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **PSM FARMS, LLC,** | § |
| **By and Through Stratton K. Murphy,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **MURPHY PORK PARTNERS, LLC,** | § |
| **By and Through Wendell H. Murphy, Jr.,** | § |
| **a Partner Other Than Tax Matters Partner,** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| **Defendant.** | § |

**PLAINTIFFS' REPLY TO UNITED STATES' OPPOSITION TO ITS MOTION TO CONFIRM JURISDICTION**

There is little disagreement among the parties about this Court's jurisdiction. Relying on essentially the same authorities, both Plaintiffs and the Government agree that the Court has jurisdiction in these TEFRA proceedings over the reasonable-cause defenses of the managing members of the Partnerships. The only issue is the identity of the managing members. The undisputed LLC agreements for the Partnerships settle this issue, which unequivocally name all of the members as managers of their Partnerships. Even if the members delegated their managerial duties to others, as the Government contends, the acts committed by the delegates are imputed to the members under basic agency principles. Thus, under all circumstances, the

members are the managers *in fact* of the Partnerships, and consequently there is no issue preventing this Court from confirming jurisdiction.

The Government's opposition to Plaintiffs' alternate request for a stay likewise falls flat. It does not dispute the equities supporting the stay; rather, the Government argues that the members' refund claims are premature under IRC § 6230(c), which delays certain refund suits until after the TEFRA proceeding. But IRC § 6230(c) only postpones refund suits related to *partnership* items. The members' refund claims relate to *affected* items, and thus may be pursued under the traditional refund rules. Moreover, the Government's assertion that this Court lacks jurisdiction in a TEFRA proceeding to order a refund is irrelevant because this Court's jurisdiction over the anticipated refund suits will rest on 28 U.S.C. § 1491, which does authorize the Court to issue a refund.

## I. This Court has jurisdiction over the managing members' reasonable-cause defenses, regardless of whether they managed the Partnerships directly or through others.

The parties agree on the basic parameters of this Court's jurisdiction as it relates to penalties:

- The determination of penalties, and any Partnership defenses thereto, is properly considered in these TEFRA proceedings.[1]
- The Partnerships may raise in these proceedings a reasonable-cause defense under IRC § 6664(c).[2]
- The Partnerships' reasonable-cause defense turns on the same facts as the managing members' reasonable-cause defenses because the Partnerships acted through their managers.[3]
- The managing members may raise their reasonable-cause defenses in these TEFRA proceedings.[4]

[1] Opposition at 3.
[2] *Id*.
[3] *Id*. at 6.
[4] Opposition at 2. The Government attempts to split hairs by arguing that the managing members may only assert reasonable-cause defenses that constitute "partnership-level defenses." *Id*. In essence, the Government envisions that the managing members have two reasonable-cause defenses: one for the partnership and one for them individually. While this could be an issue where the managing general partner is also a limited partner, such dual-

The parties diverge, however, on the application of these principles to the facts of these cases. The Government argues that the members' potential delegation of their managerial duties creates an issue as to who *in fact* managed the Partnerships, which prevents this Court from confirming jurisdiction.[5]

Basic agency principles dispel this argument. It is undisputed that the LLC agreements governing the Partnerships named each member as a manager and vested the members with the "full, exclusive and complete right, power and discretion to operate, manage and control the affairs of the Company and to make all decisions affecting the Company affairs."[6] Even if the members delegated that authority, the acts of the delegate are imputed to the managing members under agency principles, with the members being treated as having committed the acts themselves.[7] Thus, under all circumstances, the managing members are treated as the managers *in fact* of the Partnerships.

Moreover, where, as here, the documents creating the partnership are crystal clear about each participant's status, the federal courts have refused to look behind the agreements to ferret-out hypothetical relationships:

---

capacity facts are not present here. Each Partnership has only a single class of ownership, and all owners are member-managers with equal authority.

[5] Opposition at p. 6-7.

[6] *Id.*; *see also* Plaintiffs' Motion, Exhibit G, MURFAM LLC Agreement at ¶¶ 1.6, 1.7, Exhibit H, PSM Farms LLC Agreement at ¶¶ 1.6, 1.7, and Exhibit I, MPP LLC Agreement at ¶¶ 1.6, 1.7.

[7] *See* RESTATEMENT (THIRD) OF AGENCY §§ 6.01; 6.02; 6.03; 7.03; 7.04; *see generally Pointer v. Comm'r*, 419 F.2d 213, 216 (9th Cir. 1969) ("It is well settled that a taxpayer may engage in business through the activities of his agent, and that in such a case, the acts of the agent are imputable to the principle [sic]"); *Brauschard v. Comm'r*, 279 F.2d 115, 118 (6th Cir. 1960) (same); *see also Boeing v. Comm'r*, 168 F. Supp. 762, 769 (Cl. Ct. 1958) (notwithstanding the taxpayer's practice to transact his affairs through others, the court held that the taxpayer was engaged in a real-estate business based on the principle that "one may conduct his business through others").

> Weiner asks the Court to deem an entity not designated as a partner in any partnership documents to be a partner for IRC purposes. This approach is rejected. As noted above, ***there is no legal justification for the Court to create a rule that requires scrutiny and weighing of complex, fact-intensive issues when the documents creating the partnership are crystal clear about each participant's status***.[8]

Accordingly, there is no issue preventing this Court from confirming jurisdiction over the reasonable-cause defenses of the managing members.[9]

## II. This Court's jurisdiction over the anticipated refund suits will be valid because the underlying refund claims address *affected* items that may be brought under traditional refund procedures outside of IRC § 6230(c).

Plaintiffs have alternatively requested a brief stay of these proceedings until such time that the managing members may timely file their refund suits relating to the FPAA penalties.

The Government does not dispute the equities supporting the stay, and thus presumably agrees that the stay would (i) not prejudice the Government, (ii) conserve judicial resources, and (iii) avoid a duplicative proceeding at the partner level based on the same facts addressed in these TEFRA proceedings. Nevertheless, the Government opposes the stay on the grounds that the refund claims are premature and thus invalid. This argument relies on IRC § 6230(c), which delays any refund claim by a partner relating to *partnership* items until after the TEFRA

[8] *See Weiner v. U.S.*, 255 F. Supp. 2d 624, 650 (S.D. Tex. 2002) (emphasis added).

[9] The Government, in closing, squabbles that not all of the managing members have formally elected to become participating parties in these TEFRA proceedings. Opposition at p. 12. The managing members, however, were automatically admitted as parties to this TEFRA proceeding pursuant to IRC § 6226(c). Their status as a party is further established by RCFC Appendix F, Rule (2)(c)(1) and the Complaints, which identified each member as "a proper party to this proceeding." Moreover, the Complaints provided detailed information about the managing members, which confirmed at the onset their active participation in these proceedings. This information included each members' (i) social security number, (ii) mailing address, (iii) relationship to the entities involved in the transactions at issue, and (iv) significantly, the details surrounding each member's jurisdictional tax deposit, including a copy of the deposit mailed to IRS. *See* Section I of the MURFAM Complaint, PSM Farms Complaint, and Murphy Pork Partners Complaint. Accordingly, to the extent any procedural irregularities exist, it should not disturb this Court's determination of jurisdiction, and the managing members will promptly move this Court to cure any issues.

proceeding is completed and IRS issues a notice of computational adjustments.[10] In essence, the Government argues that IRC § 6230(c) provides the exclusive procedures for the managing members to bring their refund claims, and that the traditional refund procedures under IRC §§ 6511 and 7422 (currently being pursued) are not available to them.[11]

The effect of IRC § 6230(c) hinges on the nature of the managing members' refund claims – i.e., whether they relate to *partnership* items or *affected* items.[12] IRC § 6230(c) only displaces the traditional refund procedures for claims based on *partnership* items.[13] It does not prevent taxpayers from pursuing their refund rights under the traditional refund procedures relating to *affected* items.

This Court made this point clear in *McGann v. U.S.*[14] The taxpayers in that case brought a refund claim relating to the IRS' assessment of interest under former IRC § 6621, which imposed a higher-than-normal interest rate for tax-motivated transactions. As it does here, the Government argued that IRC § 6320(c)(2) provided the exclusive refund procedure, under which the taxpayer's refund claim was not untimely.[15] The taxpayers claimed that IRC § 6230(c)(2) did not apply and that their refund claim was timely under the traditional refund rules (i.e., § 6511).[16] The Court of Federal Claims ruled in favor of the taxpayer.[17] The Court found that the

---

[10] Opposition at 9.
[11] *Id*.
[12] A *partnership item* is an item required to be taken into account, or more appropriately determined, at the partnership level. IRC § 6231(a)(3). An *affected item* means any item to the extent such item is affected by a partnership item. *Id*. § 6231(a)(5).
[13] IRC §§ 6230(d)(6), 6511(g), and 7422(h). All of these provisions are expressly limited to partnership items and do not reference affected items.
[14] 76 Fed. Cl. 745 (2007).
[15] *McGann v. U.S.*, 76 Fed. Cl. at 750-751.
[16] *Id* at 751.
[17] *Id*. at 761.

taxpayer's claim related to an *affected* item, not a partnership item, and therefore IRC § 6230(c)(2) did not apply.[18]

Turning to the facts at hand, the Government's argument presupposes that the managing members' refund claims relate to *partnership* items. Plaintiffs agree with this premise, which is the foundation for its request for this Court to confirm jurisdiction over the managing members' reasonable-cause defenses in these TEFRA proceedings. Provided the Court likewise agrees, then the request for a stay, and the Government's IRC § 6230(c) challenge thereto, is a moot point. This Court will have jurisdiction over such partnership items in the TEFRA proceedings, and the managing members will forgo pursuit of their penalty refunds at this time.

If, on the other hand, the refund claims relate to *affected* items, then IRC § 6230(c) does not apply, and the managing members are free to pursue (as they are) their refund rights via the traditional refund procedures. The only remaining issue is whether the members complied with those procedures. Although this issue is not currently before the Court, Plaintiffs note that the undisputed facts show that the managing members have thus far satisfied the rules under IRC §§ 6511 and 7422(a): (1) the IRS assessed penalties against the members arising from the FPAA adjustments; (2) the members have paid that assessment; and (3) the members have filed refund claims with the IRS. The members further intend to comply with IRC § 6532(a) and refrain from filing refund suits until six months after the filing date of their refund claims (i.e., on or about September 22, 2008).

[18] *Id*. at 758. The Tax Court has reached this same conclusion. In *Woody v. Commissioner*, 95 T.C. 193 (1990), the IRS issued an affected-items notice of deficiency following the conclusion of a TEFRA proceeding. When the taxpayer filed Tax Court petitions in response to these notices, the taxpayer also claimed an overpayment relating to an affected item. The IRS argued that IRC § 6230(c) provided the exclusive means for pursuing a claimed overpayment attributable to affected items; and therefore, the Tax Court did not have jurisdiction over the taxpayer's overpayment claim. Rejecting the IRS' argument, the Tax Court held it had overpayment jurisdiction under IRC § 6512(b) over affected items. *Id*. at 209.

The Government's reliance on *Adkison v. Commissioner* is misplaced. In that case, the Tax Court found that the taxpayer's stand-alone innocent-spouse claim had not yet matured because one of three events had not occurred: (1) the related-partnership proceeding had not been completed, (2) the IRS had not yet issued a notice of computation adjustment, and (3) the *IRS had not yet initiated collection action*.[19] Here, the Government concedes that the IRS has assessed and collected penalties from the members.[20] The members' refund rights have therefore vested and may be pursued under the traditional refund procedures. Moreover, the idea that there is no justiciable controversy is absurd, given that the IRS has assessed and collected the FPAA penalties which the members believe they do not owe. It is hard to imagine how this Government taking does not create a controversy.

## III. This Court will have jurisdiction over the anticipated refund suits under 28 U.S.C. § 1491 and thus need not rely on its TEFRA jurisdiction to order a refund.

The Government further charges that a stay of these proceedings would be futile because this Court does not have jurisdiction under 28 U.S.C. § 1508 to order a refund in a TEFRA proceeding.[21] This is a true statement, but totally irrelevant. This Court will have jurisdiction over the anticipated refund suits under 28 U.S.C. § 1491, pursuant to which the Court is authorized to order a refund. It need not rely on its TEFRA jurisdiction.

The Government misreads *Callaway v. Commissioner*, which only stands for the general proposition that subchapters B and C of the Internal Revenue Code have mutually exclusive jurisdiction over nonpartnership and partnership items, respectively.[22] *Callaway* did not address—let alone profess limits on—a court's ability to consolidate cases where, as will be the case here, the court has valid jurisdiction over both a TEFRA proceeding and an independent-

---

[19] *Adkinson v. Comm'r*, 129 T.C. 97, 106 (2007).
[20] Opposition at 9.
[21] Opposition at 11.
[22] *Callaway v. Comm'r*, 231 F.3d 106, 108 (2d Cir. 2000).

but-related refund proceeding. Plaintiffs are aware of no such limits on the Court's authority, and note that at least one other federal court has determined it has the authority to (and did) consolidate under such circumstances.[23]

## V. Conclusion

The Government agrees that this Court has jurisdiction in these TEFRA proceedings over the reasonable-cause defenses of those who managed the Partnerships, but questions the identity of those persons. The undisputed LLC agreements governing the Partnerships settle this issue by naming every member as a manager of their Partnership. The fact that the members possibly delegated their managerial authority to others is irrelevant because the acts of the delegate are imputed to the members under basic agency principles. Thus, under all circumstances, the members were the managers *in fact* of the Partnerships. And consequently there is no issue preventing this Court from confirming its jurisdiction over the managing members' reasonable-cause defenses.

The Government's opposition to Plaintiffs' alternative request for a stay of the TEFRA proceedings is likewise meritless. IRC § 6230(c) only limits refund claims based on *partnership* items, and assuming this Court reaches Plaintiffs' alternative request, the members' refund claims necessarily relate to *affected* items. Moreover, this Court will have independent jurisdiction over the anticipated refund suits pursuant to its normal refund jurisdiction and need not rely on its TEFRA jurisdiction.

For these reasons, and the reasons fully articulated in Plaintiffs' Motion to Confirm Jurisdiction, this Court should grant Plaintiffs' Motion.

[23] *See Rawls Holdings, L.P. v. United States*, Case No. 5:06-cv-00202-FB (W.D. Tex), Order of Consolidation, dated April 4, 2007. A copy of the court's order, together copies of the parties' supporting motions, are attached to this Reply as Exhibit A.

Respectfully submitted,

By: s/Joel N. Crouch
Joel N. Crouch
Texas State Bar No. 05144220

MEADOWS, COLLIER, REED,
COUSINS & BLAU, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile

jcrouch@meadowscollier.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2008, a copy of the foregoing Reply was served upon counsel listed below via electronic means.

Dennis Donahue
John Lindquist
David M. Steiner
United States Department of Justice
Tax Division
P.O. Box 55 Ben Franklin Station
Washington, D.C. 20044

Joseph Pitzinger, Esq.
United States Department of Justice
Tax Division
717 North Harwood
Suite 400
Dallas, Texas 75201

***Attorneys for the United States***

s/Joel N. Crouch
Joel N. Crouch