# In the United States Court of Federal Claims

Nos. 06-245T, 06-246T, and 06-247T
(CONSOLIDATED)

(Filed: October 31, 2008)

| | |
|---|---|
| ****************************************** | * |
| | * |
| **MURFAM FARMS, LLC,** | * |
| By and Through Wendell H. Murphy, Jr., | * |
| A Partner Other than Tax Matters Partner, | * |
| | * |
| **PSM FARMS, LLC,** | * |
| By and Through Stratton K. Murphy, | * |
| a Partner Other than Tax Matters Partner, | * |
| | * |
| **MURPHY PORK PARTNERS, LLC,** | * |
| By and Through Wendell H. Murphy, Jr., | * |
| A Partner Other than Tax Matters Partner, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES**, | * |
| | * |
| Defendant. | * |
| | * |
| ****************************************** | * |

## ORDER DENYING MOTION TO CONFIRM JURISDICTION

On July 3, 2008, Plaintiffs filed a motion requesting that this Court issue an order confirming that it has jurisdiction to hear, in this proceeding, the managing partners' reasonable cause defenses to the Government's accuracy-related penalties that it imposed on Plaintiffs pursuant to Section 6662 of the Internal Revenue Code. Section 6226(f) gives this Court jurisdiction "to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment of a partnership item." Section 6621 provides that "the tax treatment of any partnership item (and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item) shall be determined at the partnership level."

1

Plaintiffs argue that reasonable cause defenses of managing partners of a partnership are encompassed within this grant of jurisdiction to determine partnership items in a partnership proceeding, including the "applicability of any penalty." The lead case that Plaintiffs cite in support of their argument is *Klamath Strategic Investment Fund, LLC v. United States*, 472 F. Supp. 2d. 885, 903 (E.D. Tex 2007), which specifically held that "the reasonable cause exception may be considered at the partnership-level if it involves actions by the managing member partner." Plaintiffs argue that other cases, including one decided in this Court, support their contention that managing partners can assert reasonable cause defenses in partnership proceedings. *See Stobie Creek Invest,, LLC v. United States*, 101 AFTR 2d 2008-1151 (Fed. Cl. 2008); *Santa Monica Pictures v. Comm'n.*, 89 T.C.M. (CCH) 1157, 2005 WL 1111682, 94-112 (2005).

Plaintiffs argue that *all* of the partners in the partnerships were managing partners, thus entitling all partners to assert reasonable cause defenses in this proceeding. In support of their argument, Plaintiffs allege that each partnership was a member-managed limited liability company. More specifically, Plaintiffs allege that the governing agreement of each partnership vested in each individual member, in equal shares, the power and authority to manage the business and affairs of the partnership. *See* Pl.'s Mot. at 6.

Defendant opposes Plaintiff's motion. Defendant argues that, in general, individual partners may not assert partner-level defenses in a partnership proceeding. With respect to the activities of managing partners at the partnership level, Defendant argues that the issue of control of the partnership's business activities is an issue of fact. Specifically, Defendant argues that, in reality, the partners did not have equal control over the partnership and that they were not necessarily knowledgeable of the business activities of the partnerships. It cites deposition testimony from Wendell Murphy, the tax matters partner and the owner of 57% of Murphy Pork Partners, LLC, (through his wholly-owned WHM Ventures, LLC), who stated that he had not heard of either of those two entities. Murphy Dep. at 70-71.

In light of this evidence, the Court is not willing to accept at face value the governing agreements' characterization of every member partner as a manager. Instead, it believes that a full exploration of each partners' involvement in, and knowledge of, the transactions conducted by the alleged partnerships is warranted at trial. Thus, any ruling on whether this Court has jurisdiction to hear the partners' reasonable-cause defenses at the partnership level is premature. Based on the deposition testimony of Mr. Murphy offered by Defendant, the Court finds that there is a genuine issue of material fact as to the identity of the managing member partners, and therefore DENIES Plaintiff's motion.[1]

                                               s/ Edward J. Damich
                                               EDWARD J. DAMICH
                                               Chief Judge

---

[1] The Court denies, as moot, Plaintiffs' request, in the alternative, to stay proceedings because it appears the individual partners have filed their refund action complaints within the past few weeks.