# In the United States Court of Federal Claims

Nos. 06-245T, 06-246T, and 06-247T
(Consolidated)

(Filed: October 2, 2009)

****************************************  *
                                          *
**MURFAM FARMS, LLC,**                    *
**By and Through Wendell H. Murphy, Jr.,**  *
**A Partner Other than Tax Matters Partner,**  *
                                          *
**PSM FARMS, LLC,**                       *
**By and Through Stratton K. Murphy,**    *
**a Partner Other than Tax Matters Partner,**  *
                                          *
**MURPHY PORK PARTNERS, LLC,**            *
**By and Through Wendell H. Murphy, Jr.,**  *
**A Partner Other than Tax Matters Partner,**  *
                                          *
              Plaintiffs,                 *
                                          *
      v.                                  *
                                          *
**THE UNITED STATES**,                    *
                                          *
              Defendant.                  *
                                          *
****************************************  *

## ORDER

On August 21, 2009, three motions to participate, pursuant to Rule 4 of Appendix F of the Rules of the United States Court of Federal Claims ("RCFC"), were filed by members of the Murphy family. First, Wendell H. Murphy, Wendy Crumpler, Joyce Minchew, and Angela Brown filed a motion to participate in *MURFAM Farms, LLC v. United States*, No. 06-245. Second, Harry D. Murphy and Marc D. Murphy filed a motion to participate in *PSM Farms LLC v. United States*, No. 06-246. Third, Harry D. Murphy and Wendell H. Murphy file a motion to participate in *Murphy Pork Partners, LLC v. United States*, No. 06-247. The movants claim to be "partners" of the plaintiff in the proceeding in which they seek to participate. Each movant claims to be a party to these proceedings in accordance with I.R.C. § 6226(c).

None of the movants filed motions to participate within the time period of RCFC App. F, Rule 4(b), and are seeking leave of the Court to file out of time, in accordance with Rule 4(c) of Appendix F. Rule 4(c) provides that the Court may grant leave, out of time, for a partner to

participate in his respective partnership proceeding upon a showing of sufficient cause.  As sufficient cause, the movants point to this Court's October 31, 2008 Order denying Plaintiffs' motion to confirm jurisdiction to hear the reasonable-cause penalty defenses of all Plaintiffs' members.  In their motion, Plaintiffs alleged that the members' penalty defenses were partnership items insofar as each "partner" of the Plaintiffs were member-managed LLCs.  The Court denied the motion on the grounds that this allegation was a genuine issue of material fact and that "a full exploration of each partner's involvement in, and knowledge of, the transactions conducted by the alleged partnerships is warranted at trial."  Movants argue that to insure that they are fully heard on these issues, it is necessary for them to participate in these proceedings.  They further argue that their participation will not prejudice the Government insofar as the complaints allege that each Murphy is a proper party to these proceedings pursuant to Section 6226(c) of the Code.

Defendant opposes the motion.  First, they argue that the movants are inexcusably late.  Second, Defendant argues that the formal participation of the movants in these proceedings is unnecessary because they will be, whether the motions are granted or not, testifying as to their involvement in and knowledge of the transactions at issue in these proceedings.

While the Court is rather surprised by the very long delay in the filing of these motions, ultimately, it is of the view that the participation of the movants will not unduly prejudice the Government insofar as it has been aware for a long time that, by hook or by crook, the Plaintiffs want the Court to adjudicate the reasonable-cause defenses of the partners in the partnership proceedings.  Moreover, the trial is not scheduled for many months in advance.  While it is true that the partners will be able to testify at trial, the Court is of the view that the "full exploration" of the movants' involvement in the transactions at issue would be best served by their formal participation in the partnership proceedings, lest any legitimate angle or argument not be explored as a consequence of their formal absence.

By allowing the parties to participate in these proceedings, the Court should not be construed in any way as opining on whether it is indeed appropriate to adjudicate the movants' reasonable-cause defenses in the partnership proceedings or on the merits of Defendant's pending motions to dismiss in the Murphy family's income tax refund proceedings.

The Motions to Participate are hereby GRANTED.

s/ Edward J. Damich
EDWARD J. DAMICH
Judge